IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| CYNTHIA K. HAYNES (a/k/a Cynthia K. Randolph), individually and under the Missouri Wrongful Death Statute <br><br> Plaintiff, <br><br> vs. <br><br> JENNIFER WILLIAMS, individually, et al. <br><br> Defendants. | Case No: 1:21-CV-00160-ACL |

**WILLIAMS DEFENDANTS' MOTION TO DISMISS COUNTS I - IV**
**OF PLAINTIFF'S AMENDED COMPLAINT**

Come Now Defendants, Jennifer Williams and Jennifer Williams, d/b/a Williams Law, by and through undersigned counsel, and respectfully move for the entry of an Order dismissing Plaintiff's Amended Complaint with prejudice, pursuant to Federal Rules of Civil Procedure 12(b)(6) and Local Rule 4.01.  In support of the Motion to Dismiss, Williams states as follows:

**INTRODUCTION**[1]

1.     This action arises out of a state-court divorce and child custody case.  Before the resolution of the divorce and custody matters, Plaintiff's minor daughter, M.H., committed suicide. Plaintiff Cynthia K. Haynes ("Plaintiff"), individually, and as a class member under the Missouri Wrongful Death Statute, brings her Amended Complaint for Damages against Defendants Jennifer Williams, individually, and Jennifer Williams d/b/a Williams Law (collectively hereinafter, "Williams"), Williams; former employer, Spain Miller Galloway & Lee, LLC ("Spain, Miller"),

---

[1] The facts and allegations included in the "Background" section of the Motion are taken from the Amended Complaint. Additionally, Williams respectfully ask that the Court take judicial notice of all records from the Haynes's divorce, custody, and criminal cases which are cited to in the Amended Complaint. (Amended Complaint, ¶¶ 36, 37, 42, 166).

Bernice Haynes, and Charles Haynes. At all times relevant herein, Williams served as a statutorily mandated court appointed guardian ad litem ("GAL").

2. As set forth below, and as discussed in greater detail in Williams' Memorandum of Law in Support of the Motion to Dismiss, filed contemporaneously herewith, and incorporated herein, Counts I through IV of Plaintiff's Amended Complaint should be dismissed with prejudice pursuant to Fed R. Civ. P. 12(b)(6) because those counts fail to state a claim for which relief can be granted.

3. In Count I of the Amended Complaint, Plaintiff alleges, as a member of the wrongful death class, that Williams "violated her duties and acted outside the scope of her duties as a GAL." (Amended Complaint, ¶¶ 189, 195). Plaintiff alleges the following conduct by Williams constituted violations of her GAL duties and/or fell outside the scope of her GAL duties:

- Threatening M.H. with foster care placement and other undesirable custodial arrangements if members of the Haynes family testified against Charles during his criminal prosecution;
- Threatening M.H. that if M.H. did not reunify with Charles she would face foster care placement or other undesirable custodial arrangements;
- Advocating for M.H.'s reunification with Charles;
- Testifying at Charles's sentencing favorably to Charles seeking to have him placed on probation;
- Failing to realize that her perception that S.H. and M.H. were "highly sexualized" was the direct result of sexual abuse by Charles;
- Failing to seek appropriate healthcare for M.H. to combat her mental health issues;
- Failing to report to the Divorce and Juvenile Courts that M.H. was sexually, physically, and emotionally abused;
- Failing to protect M.H. from sexual abuse at Grandmother Haynes's home;
- Failing to hotline sexual, physical and emotional abuse M.H. suffered in the custody of Grandmother Haynes under §210.115 R.S.Mo.;
- Willfully insisting on M.H. having interactions and exposure to Charles and Grandmother Haynes;
- Promoting false allegations that mother committed "educational neglect" of M.H. and failing to protect M.H. from those false allegations;
- Instructing medical personnel to deny mother access to M.H. while she was hospitalized;" and,

- Seeking placement of S.H. and M.H. into foster care based on false allegations of "educational neglect."

(Amended Complaint at ¶195). Plaintiff alleges the acts and omissions of Williams "caused or contributed to cause M.H." to suffer, resulting in her suicide and wrongful death. (*Id.* at ¶196).

4. In Counts II and III, Plaintiff alleges ( again, as a member of the wrongful death class), that Williams served as M.H.'s "personal attorney" in the Haynes's divorce and juvenile cases. (*Id.* at ¶¶ 202, 211).² In Count II, Plaintiff alleges, Williams, as M.H.'s personal attorney, failed to exercise the requisite standard of care ordinarily exercised by "attorneys representing minors in family courts and juvenile proceedings…" (*Id.* at ¶ 204). In Count III, Plaintiff alleges that Williams breached fiduciary duties owed to M.H. and violated the Missouri Rules of Professional Conduct ("MRPC"). (*Id.* at ¶¶ 213 –15). Plaintiff alleges that Williams engaged in the following acts and omissions as M.H.'s "personal attorney":

- Threatening M.H. with foster care placement and other undesirable custodial arrangements if members of the Haynes family testified against Charles during his criminal prosecution;
- Threatening M.H. with foster care placement and other undesirable custodial arrangements if M.H. told Plaintiff about Williams' threats and M.H.'s conversations with M.H.'s with Williams;
- Promoting false allegations that Plaintiff committed "educational neglect" of M.H. and failing to protect M.H. from those false allegations;

---

² As support for the Amended Complaint's contention that Williams was appointed to serve as the "personal attorney of M.H." Plaintiff directs this Court to review "[a] copy of the January 30, 2017 Order Appointing Williams as a Personal Attorney for M.H. and her sister S.H. is attached as Exhibit 2." (Amended Complaint, ¶202, Exhibit 2 to the Amended Complaint). But it must be noted that Exhibit 2 is styled as "Order for Appointment of **Guardian Ad Litem**." (*Id.* at Exhibit 2)(emphasis added). Moreover, the plain language of the Order makes clear that the Order was entered pursuant to Sections 452.423 and 452.490 R.S.Mo. (*Id.* at Exhibit 2). These are references to Missouri's statutory scheme for the appointment of **GAL's**. Based on all of the information that Plaintiff has included in the pleadings, this court is not required to "draw unreasonable inferences" and find that the Williams was appointed to serve as anything *but* a "**GAL**" during the Haynes divorce. *See Brown v. Medtronic, Inc.*, 628 F.3d 451, 461 (8th Cir. 2010)("For the purpose of analyzing a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff is the master of his own complaint, and we are not required, even at this preliminary stage, to draw unreasonable inferences from documents the plaintiff makes a part of the complaint" as a whole, not the plausibility of each individual allegation" ); *Zolteck Corp. v. Structural Polymer Grp.*, 592 F.3d 893, 896 n.4 (8th Cir. 2010)(noting that in evaluating a motion to dismiss, the court must assess the "plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation.").

3

- Advocating for M.H. to be placed with Grandmother Haynes and for Grandmother Haynes to supervise Charles' time with M.H. knowing that Grandmother Haynes was unable to do competently;
- Ignoring M.H.'s wishes not to have any contact with Charles and Grandmother Haynes;
- Ignoring the recommendations of M.H.'s health care providers and DFS that M.H. should not have contact with Charles;
- Ignoring the written findings of M.'s own pediatrician that M.H. had been sexually abused by their father;
- Misrepresenting to the Divorce Court that Plaintiff consented to M.H.'s foster care placement in 2017;
- Refusing and failing to communicate with M.H.;
- Refusing to protect M.H. from bullying at school;
- Disclosing confidential information to Grandmother Haynes and Charles that was learned from M.H.;
- Instructing medical personnel to deny Plaintiff access to M.H. while she was hospitalized" without having the property authority to do so;
- Failing to withdraw from the representation of M.H. in the Haynes divorce when faced with conflicts of interests in serving as a GAL in the Juvenile and Divorce cases, as well as serving as M.H.'s personal attorney, all while advocating for Charles's interests;
- Placing Charles's interests above M.H.'s by advocating for Charles to have custody and visitation with M.H.;
- Advocating for M.H. to be placed with Grandmother Haynes;
- Testifying at Charles' sentencing proceedings seeking Charles's probation;"
- Failing to advise M.H. and Plaintiff to seek an ethics opinion and to seek an informed written consent from M.H. and Plaintiff with respect to Williams' conflicting representation of M.H. in Williams' role as her GAL and in her role as M.H.'s personal attorney;
- Not reporting to the Divorce Court that Charles sexually abused M.H. and that Grandmother Haynes failed to supervise Charles;
- Collecting compensation from Charles and Grandmothers Haynes in violation of the MRPC 4-1.8(f);
- Implying to the criminal court in Charles's criminal proceedings that it was M.H.'s and S.H.'s fault that Charles was convicted based on Williams' personal opinion that M.H. and S.H. were too "sexualized for their age;" and,
- Failing to realize that the reason Williams believed M.H. and S.H. were "too sexualized for their age" was because they had been sexually abused by their father.

(*Id.* at ¶¶ 204; 215).  Plaintiff contends the forgoing conduct, allegedly done in her capacity as M.H.'s personal attorney, "caused or contributed to cause" M.H. to commit suicide. (*Id.* at ¶¶ 205; 216).

4

5. In Count IV, Plaintiff alleges that Williams owed Plaintiff an individual duty of care. (*Id.* at ¶ 222). Plaintiff alleges that she was injured when Williams acted outside of her duties as GAL in the divorce in a variety of ways causing her to suffer emotions pain. Plaintiff's individual allegations against Williams are substantially similar to the allegations asserted in Counts I thru III. (*Id.* at ¶ 227).

6. In Counts I through III, Plaintiff, on behalf of the wrongful death class, seeks damages in connection with M.H.'s emotional anguish, the reasonable and necessary expenses for funeral and related charges; and future earnings, wealth, and/or support from M.H.  (*Id.* at ¶¶ 198, 207, 218).  In Count IV, Plaintiff, individually, claims that she has personally sustained, and will continue to sustain in the future, damages, including the "past present and future loss of love, affection, care and companionship of her daughters, painful and stressful litigation for six years, significant medical expenses, and significant legal fees and court expenses." (*Id.* at ¶ 229)

## **LEGAL STANDARD**

7. "To survive a motion to dismiss, a Complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of a complaint and eliminate those actions "which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)).

8. To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. *Iqbal,*. 556 U.S. at 679.  First, the Court must identify the allegations in the Complaint that are not entitled to the assumption of truth. *Id.*

at 664.  These include "legal conclusions" and "threadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  *Id.* at 678.  Second, the Court must determine whether the Complaint states a plausible claim for relief.  *Id.* at 679.  This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id*.  The plaintiff is required to plead facts that show more than the "mere possibility of misconduct."  *Id*.  The Court must review the factual allegations in the Complaint "to determine if they plausibly suggest an entitlement to relief."  *Id.* at 681.  When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred.  *Id.*at 682.

## SUMMARY OF ARGUMENT

9. Counts I through IV of the First Amended Complaint should be dismissed because Williams is entitled to "quasi-judicial immunity" because the conduct that forms the basis of Plaintiff's claims concern discretionary actions that fell within the scope of Williams' duties as a statutorily mandated appointed GAL in the Haynes's divorce and juvenile cases.  *State ex rel. Bird v. Weinstock*, 864 S.W.2d 376 (Mo. Ct. App. 1993).  *Duesenberg v. Duesenberg*, 592 S.W.3d 374 (Mo. Ct. App. 2019); *Tolu v. Reid*, 2021 WL 6122562, at *1 (Mo. Ct. App. 2021).

10. Additionally, Counts II and III should be dismissed because Plaintiff has not sufficiently alleged that Williams owed a duty of care to foresee or prevent M.H.'s suicide.  Plaintiff does not allege that Williams (her alleged "personal attorney") had or should have had the expertise or professional skills needed to foresee that M.H. would commit suicide. *See e.g.*, *Cleveland v. Rotman*, 297 F.3d 569, 573 (7th Cir. 2002); *Snyder v. Baumecker*, 708 F. Supp. 1451, 1463 (D.N.J. 1989); *Worsham v. Nix*, 2004 OK CIV APP 2, 83 P.3d 879, 886 (June 3, 2003);

6

*McPeake v. William T. Cannon, Esquire, P.C*., 553 A.2d 439, 442-443 (Pa. Super. Ct. 1989); *McLaughlin v. Sullivan,* 461 A.2d 123, 126 - 128 (N.H. 1983).

11. Further, it would be very burdensome for an attorney to have the duty to foresee and avoid a client's suicide, and this could deter attorneys from representing individuals who have mental health issues.  *See e.g.*, *Cleveland,* 297 F.3d 569, 573 (7th Cir. 2002); *Snyder v. Baumecker*, 708 F. Supp. at 1463 (D.N.J. 1989); (June 3, 2003); *McPeake*, 553 A.2d at 439, 443 (Pa. Super. Ct. 1989); *McLaughlin,* 461 A.2d at 128 (N.H. 1983).

12. Finally, Count IV also fails because even if Williams' acts and omissions *were* outside the scope of her GAL duties, Plaintiff has not sufficiently alleged that Williams owed *Plaintiff* a duty of care based on the purported "attorney-client relationship" Williams had with M.H.  Notably, all of the authority that Plaintiff cites in the Amended Complaint to support the contention that Williams owed Plaintiff a duty is unavailing, incorrect, and of no moment.  *See e.g., In re Krigel*, 480 S.W.3d 294, 299 (Mo. 2016)(finding that a private attorney violated the Missouri Rules of Professional Conduct during a custody and termination of parental rights proceeding in a disciplinary opinion) *Donahue v. Shughart, Thomson & Kiroy, PC*, 900 S.W.2d 624, 629 (Mo. banc 1995)(recognizing that an attorney may owe a duty to a third-party for purposes of a civil lawsuit where the client specifically intended that the attorney's services would benefit the third-party); *Kennedy v. Kennedy*, 819 S.W.2d 406, 410 (Mo. App. E.D. 1991)(holding that plaintiff sufficiently stated a civil claim against a private attorney that was retained to disrupt a business transaction involving third-parties; *Deutsch v. Wolf*, 994 S.W.2d 561, 571 (Mo. 1999)(finding that Trust beneficiaries could bring civil claims against accountant and Trustee for mishandling Trust funds).

## CONCLUSION

13. As set forth above, and as discussed in greater detail in Williams' Memorandum of Law in Support of the Motion to Dismiss, Plaintiff's claims in Counts I - IV both individually and on behalf of M.H., fail to state a claim pursuant to Rule 12(b)(6) as they are barred by quasi-judicial immunity because each act of alleged misconduct by Williams relates to and is within the scope of her duties as GAL. Counts II and III, which are premised on the faulty notation that Williams was personal attorney for M.H., also fail as a matter of law because a lawyer has no duty to foresee or prevent a client's suicide. Finally Count IV also fails as a matter of law because Williams owed no duty to Plaintiff Haynes individually or as a third party.

WHEREFORE, Defendants Jennifer Williams and Jennifer Williams, d/b/a Williams Law, by and through undersigned counsel, and respectfully move for the entry of an Order dismissing Plaintiff's Amended Complaint with prejudice pursuant to Rule 12(b) for failure to state a claim for which relief can be granted, and for any such further relief as the Court deems just and proper.

Respectfully submitted,

ROBERTS PERRYMAN, P.C.

By:  /s Susan M. Dimond
Richard C. Wuestling, #30773MO
Susan M. Dimond, #57434MO
Dustin L. Goldberger, #70080MO
1034 S. Brentwood, Suite 2100
St. Louis, Missouri 63117
Phone: (314) 421-1850
Fax: (314) 421-4346
rwuestling@robertsperryman.com
sdimond@robertsperryman.com
dgoldberger@robertsperryman.com

***Attorneys for Defendants Jennifer Williams and Jennifer Williams d/b/a Williams Law***

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 18, 2022, the foregoing was electronically filed with the Clerk of the Court using CM/ECF electronic filing system which will send notification of such filing to the following and email to all counsel of record.

Laurence D. Mass laurencedmass@att.net
Evita Tolu evitatolu@outlook.com
*Attorneys for Plaintiff*

Thomas W. Collins, III tcollins@blantonlaw.com
*Attorney for Defendant Spain Miller Galloway & Lee, LLC*

John C. Steffens jsteffens@lumbaughlaw.com
*Attorney for Defendant Bernice Haynes*

                                                                       */s Susan M. Dimond*