IN THE CIRCUIT COURT OF RIPLEY COUNTY, MISSOURI

In the Marriage of: )
)
CHARLES M. HAYNES, )
)
    Petitioner, )  Cause No. 13RI-CV00554
)
v. )
)
CYNTHIA K. HAYNES )
)
    Respondent. )

**FILED**
**JAN 25 2022**
SHARON R. RICHMOND
CIRCUIT CLERK
RIPLEY COUNTY, MISSOURI

### ORDER TO PRODUCE AND FOR PROTECTIVE ORDER

WHEREAS, Charles Michael Haynes and Cynthia Kay Haynes (collectively, the "Parties") are parties to the instant dissolution of marriage case ("Divorce Cases"), and

WHEREAS, Jennifer Williams ("Williams") was appointed by this Court, pursuant to R.S.Mo. § 452.423, to serve as Guardian Ad Litem in the Divorce Case to represent the interests of the Parties' minor children, (S.H., and M.H., deceased).

WHEREAS, Williams also served as Guardian ad Litem for the minor children in two Juvenile Court proceedings, to wit: 17RI-JU00011 and 17RI-JU00012 (collectively "Juvenile Cases");

WHEREAS, on or about June 27, 2019, the Juvenile Court terminated its jurisdiction over the Juvenile Cases;

WHEREAS on or about April 29, 2021, Williams withdrew as Guardian ad Litem in the Divorce Case;

WHEREAS, on or about December 10, 2021, Allyson Brown ("Brown"), was appointed by this Court to serve as Guardian Ad Litem and to represent the interests of the Parties' minor child, S.H.;

**Exhibit B**

WHEREAS, Williams, while serving Guardian ad Litem in the Divorce and Juvenile cases, maintained files that include records, reports, documents, and/or tangible material that relates to the Parties' minor children, the Divorce Case, and Juvenile Cases;

WHEREAS, the Missouri Supreme Court Standards for Guardians Ad Litem Standard No. 7 states:

> A guardian ad litem shall comply with all statutes, rules, and regulations relating to the receipt of confidential or privileged information received as guardian ad litem. A guardian ad litem shall not redisclose any confidential or privileged information without valid court order or as required by law except as permitted by Rule 4-1.6.

WHEREAS the "Comments" to Missouri Supreme Court Standards for Guardians Ad Litem Standard No. 7 state:

> The guardian ad litem should maintain a file consistent with the provisions of Rule 4-1.15....[o]nly the court has the authority to rule on any request concerning the handling or disposition of the file and order its release or early destruction or to rule on any request concerning the handling or disposition of the file. The guardian ad litem should not provide the file to anyone, including the child, without the consent of the court.

**IT IS HEREBY ORDERED** that the Court finds that the records, reports, documents, and/or tangible material from Williams files that relates to the Parties' minor children, the Divorce Case, and Juvenile Cases, must be produced to Brown so that Brown has the information necessary to carry out her duties and responsibilities in the Divorce Case;

**IT IS HEREBY ORDERED** that that a full and complete copy of all records and files maintained by Williams relating shall be bates labeled and designated as "**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**" and produced to Allyson Brown on or before January 28, 2022;

**IT IS HEREBY ORDERED** that the following terms and conditions shall govern the disclosure, duplication, and dissemination of any material that Williams produces to Brown that relates to the Parties' minor children, the Divorce Case, and Juvenile Cases:

1. No Protected Information shall be filed with the Court except as an exhibit in the trial of this cause.

2. Protected Information that comes into the possession of any attorney of record shall not be made available to any persons other than counsel for the parties designated and identified in this cause, employees of counsel, and expert witnesses or consultants employed or consulted by the parties to whom it is necessary that such Protected Information be made available for the purposes of this cause of action (including any appeals therefrom), and such Protected Information shall be used *solely for the purpose of this action and shall not be disclosed to any other persons for any other purposes.*

3. No Protected Information may be communicated, copied, provided, published, divulged, distributed, or disseminated to any person other than those identified above without a Court Order.

4. Any Protected Information subject to this Order or any papers incorporating such information, to be filed with the Court in this cause of action in advance of trial, shall be filed in this cause of action in advance of trial, shall be filed in a sealed envelope, bearing the caption of such action, a brief description of the pleading or other paper to which they relate and the following notice:

> **CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER:**
>
> **To be opened only by court personnel in connection with the adjudication of any issue in this litigation. Filed pursuant to Protective Order dated 1/25/2022.**

5. The production of any Protected Information pursuant to this Protective Order shall in no way constitute a waiver of any right of any party to object to the production of such documents during this cause of action or any other action.

6. The production of any Protected Information pursuant to this Protective Order shall in no way constitute a waiver of the attorney-client privilege or the work-product doctrine.

7. Insofar as the provisions of this Protective Order restrict the communication and use of Protected Information, this Order shall continue to be binding after the conclusion of this action. The Termination of this action shall not relive any person from his or her personal obligation to maintain the confidentiality of such information.

8. Any action to enforce this Protection Order may be brought in the Circuit Court of Ripley County, Missouri, which shall retain jurisdiction with respect to this Protective Order for the purpose of enforcing its terms and conditions and to enable any party herein affected to apply for such other and further orders concerning the subject matter of this Protective Order as may be necessary or appropriate.

9. Nothing in this Protective Order shall prevent any party from applying to a court of competent jurisdiction for relief from or modification of the provision of this Protective Order, or from applying to such court for further or additional Protective Orders, or from reaching agreement with the other party to amend this Protective Order in writing, subject to the approval of the Court.

10. All prior Orders and Protective Orders previously entered in this case remain in full force and effect.

**SO ORDERED:** _____
Judge Gary A. Kamp

Date: 1/25/22