# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### SOUTHEASTERN DISTRICT

| | | |
|---|---|---|
| **CYNTHIA K. HAYNES** | ) | |
| **(a/k/a Cynthia K. Randolph),** | ) | |
| **individually and under the Missouri Wrongful** | ) | |
| **Death Statute,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Cause No. 1:21-CV-00160-ACL** |
| | ) | |
| **JENNIFER WILLIAMS, individually** | ) | |
| | ) | |
| **JENNIFER WILLIAMS,** | ) | |
| **d/b/a WILLIAMS LAW** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **SPAIN, MILLER, GALLOWAY & LEE, LLC** | ) | |
| **A Missouri limited liability company,** | ) | |
| | ) | |
| **BERNICE HAYNES, individually and** | ) | |
| | ) | |
| **CHARLES HAYNES, individually** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANT BERNICE HAYNES' REPLY
## IN SUPPORT OF HER MOTION TO DISMISS

The Court should dismiss Bernice Haynes from this case, a 95-year old mother and grandmother, in poor health and devastated by the ruin of her family. This civil suit is merely an extension of an extremely contentious dissolution proceeding that is dragging into its 9th year, with at least 11 different attorneys having represented Cynthia and Charles and at least 9 different judges having been assigned. The Court should put a stop to this. Bernice did not cause her granddaughter to commit suicide.

**Proximate Cause Standard**

Cynthia cites *Kivland v. Columbia Orthopaedic Group, LLP*, 331 S.W.3d 299 (Mo. banc. 2011) and *Callahan v. Cardinal Glennon Hosp.,* 863 S.W.2d 852, 865 (Mo. banc 1993) for the proposition that the true standard is whether a particular action caused or contributed to cause an injury under the applicable Missouri Approved Instruction (MAI).  But this is misleading.  Note that both cases identify MAI as containing the correct standard, but *Kivland* still holds that proximate cause is a question for the Court.  *Kivland*, 331 S.W.3d at 309.  And while the undersigned is not aware of any Missouri cases directly on point to the instant case, the fact remains that courts remove the case from the jury when the alleged tortious action is either too remote from the alleged injury or too intertwined with other potential causes.  *See e.g. Silva v. Construction and Abatement Services, Inc.*, 238 S.W.3d 679 (Mo. App. W.D. 2007) (leaving keys in unattended automobile not proximate cause of accident caused by thief that stole automobile); *Esmond v. Bituminous Cas. Corp.*, 23 S.W.3d 748 (driver that caused plaintiff to swerve not the proximate cause of injuries to plaintiff when items in plaintiff's automobile had become unbalanced and later fell on plaintiff); *Tompkins v. Cervantes*, 917 S.W.2d 186 (Mo. App. E.D. 1996) (doctor removing himself from care of troubled child was not proximate cause of child wrecking automobile); *Logan v. Phillips*, 896 S.W.2d 38 (Mo. App. E.D. 1994) (utility provider's alleged negligence in allowing traffic light to become inoperable not the proximate cause of accident at intersection).

**Proximate Cause Fails Here**

Missing from Cynthia's analysis is a correct description of what proximate cause is.  In the literal sense, practically *anything* could have "caused or contributed to cause" this tragedy.  The bullies that Cynthia identifies in her Complaint could have caused it.  The parents of those bullies who did not raise them right, or who did not discipline them after learning of the bullying could

have caused it.  The doctors who did not do more after M.H. cut herself could have caused it.  The foster parents who had custody of M.H. for <u>much longer</u> than Bernice could have caused it.  These and more would all be within the realm of legal responsibility if there were not a limitation on causation.  But there is such a limitation.

That limitation exists in the form of proximate cause that must be determined by the Court. Proximate cause is "a limitation on liability, absolving those actors whom it we be 'unfair' to punish because of the attenuated relation which their conduct bears to the plaintiff's injury." *Tompkins*, 917 S.W.2d at 190.  And to reiterate *Callahan*, "if the facts involved an extended scenario involving multiple persons and events with potential intervening causes, then the requirement that the damages that result be the natural and probable consequence of defendant's conduct comes into play and may cut off liability."  863 S.W.2d at 865.

That statement from *Callahan* fits this case exactly.  Bernice again points the Court to the list of causes that have nothing to do with Bernice (Doc. 30, p. 8).  This list is taken <u>directly from Cynthia's own pleading and is a list which Cynthia does not dispute</u>.[1]  No jury, or court for that matter, can say what caused M.H. to commit suicide under these circumstances.

Cynthia attempts to analogize Bernice to the doctor that performed the surgery in *Kivland*. (Doc. 45, p. 2).  But this analogy fails.  The doctor is *Kivland*, Dr. Gaines, was the person that allegedly committed the direct harm (i.e. the botched surgery).  Here, Charles is alleged to have

---

[1] Cynthia states that Bernice got one fact wrong, i.e. that M.H. was placed back in Cynthia's physical custody in 2017, rather than 2018.  Bernice cited paragraph 166, which literally states "On June 27, 2018, the Juvenile Court . . . awarded physical and legal custody of M.H. and S.H. to Plaintiff."  If Cynthia was in fact awarded custody in 2017, her misstatement here compared to other portions of the Complaint is likely a product of her misuse of federal notice pleading standards.  Her 267 paragraph Complaint, which balloons to 426 pages with exhibits, is nowhere near the "short and plain statement" required by Rule 8.  Such bloated pleadings are more and more common and serve nothing other than to take up party and Court resources of time and money trying to analyze and respond to them.

committed the direct harm[2] and Bernice allegedly allowed the opportunity for that harm by allowing unsupervised visitation.  The more appropriate analogy for Bernice to *Kivland* would be attempting to hold a person liable for referring the plaintiff in *Kivland* to Dr. Gaines. "If a prior and remote cause does nothing more than give rise to an occasion by which an injury is made possible, and there intervenes between that cause and the injury a distinct and unrelated cause of injury, a negligence action does not lie, even though the 'but-for' test is satisfied." *Cervantes*, 917 S.W.2d at 191.

Cynthia also cites *Riley v. Willo Products Co.*, 2013 WL 410389 (E.D. Mo. 2013).  That case is merely a straightforward application of the *Kivland* standard in which only the suicide itself was held to be an intervening cause.  Here, as the list cited above shows, there are <u>numerous</u> other causes making Bernice's alleged conduct much too remote to hold her responsible.

Cynthia also cites *O.L. v. R.L.*, 62 S.W.3d 469 (Mo. App. W.D. 2001) and *A.R.H. v. W.H.S.*, 876 S.W.2d 687 (Mo. App. E.D. 1994), neither of which is applicable.  Both cases involve allegations by a granddaughter against a grandmother for negligent supervision that resulted in sexual abuse by a grandfather.  Both cases involve analysis of duty and/or breach. Neither case involved a suicide and neither case involved proximate cause, which is the only legal issue in dispute for purposes of the motion to dismiss.

---

[2] Cynthia asserts that Bernice "concedes" the causal connection between Charles Haynes's abuse and M.H.'s suicide." (Doc. 45, p. 4).  This is not true.  Bernice's Memorandum states "The action that **allegedly** caused the suicide is still the sexual abuse." (Doc. 30, p. 8) (emphasis added). Bernice denies that she allowed unsupervised visitation and denies that any such abuse actually occurred.  Note that despite the numerous allegations that Charles molested M.H., there is no allegation that Charles was charged and convicted of such molestation.

**Now is the time to decide**

The list of potential causes comes from Cynthia's own pleading.  So while it is possible that the list of potential causes will grow, it is not possible that the list will shrink, as Cynthia has already filed her pleading asserting the allegations are true.  The Court will therefore be faced with the same decision in the future that it is faced with now, whether at the summary judgment stage or the trial stage.

The trial in the Divorce Case has now occurred and the parties are awaiting a ruling.  *See Haynes v. Haynes*, 13RI-CV00554, Docket Sheet dated February 14 – 17, 2022.  It is possible that the end of this tragic episode is in sight.

Bernice respectfully requests that the Court grant her motion to dismiss in this case and allow the parties to work on moving on.

<div style="margin-left:40%;">

Respectfully submitted,

THE LIMBAUGH FIRM
407 N. Kingshighway, P.O. Box 1150
Cape Girardeau, MO  63702-1150
Telephone:  (573) 335-3316
Facsimile: (573) 335-1369
Email:  jsteffens@limbaughlaw.com

By     /s/ John C. Steffens
      John C. Steffens - #63267

ATTORNEYS FOR DEFENDANT BERNICE HAYNES

</div>

**CERTIFICATE OF SERVICE**

I hereby certify that on March 4, 2022, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all attorneys of record.

/s/ John C. Steffens