IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

CYNTHIA K. HAYNES (a/k/a Cynthia )
K. Randolph), individually and under )
the Missouri Wrongful Death Statute )
)
Plaintiff, )
)
vs. ) Case No: 1:21-CV-00160-ACL
)
JENNIFER WILLIAMS, individually, et al. )
)
Defendants. )

**DEFENDANT SPAIN, MILLER, GALLOWAY AND LEE, LLC'S
REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS
COUNTS I-V OF THE AMENDED COMPLAINT**

Defendant Spain, Miller, Galloway and Lee, LLC (the "Spain Law Firm"), by and through undersigned counsel, and for its Reply Brief in Support of its Motion to Dismiss Counts I–V of the Amended Complaint, states as follows:

### Introduction

Plaintiff's Memorandum in Response to Defendants Williams' and Spain-Miller's Motion to Dismiss attacks the Spain Law Firm's Motion to Dismiss on two primary grounds. First, the alleged failure to address the allegations of tampering with a witness that feature prominently in Plaintiff's Response. Second, the failure to address *Edwards v. Gerstein* which Plaintiff argues equates official immunity with quasi-judicial immunity. The second issue is a complete red herring and will be addressed first.

### Quasi-Judicial Immunity is Distinct Doctrine From Official Immunity

Plaintiff falsely asserts that quasi-judicial immunity, under which Defendants are granted immunity in this case, is identical to the doctrine of official immunity, and, thus, does not apply

1

when the official's allegedly negligent acts are "mandatory" as opposed to "discretionary." Plaintiff disingenuously quotes the Missouri Supreme Court opinion in *Edwards v. Gerstein*, 237 S.W.3d 580 (Mo. banc 2007), as support for this proposition. In *Edwards*, the Court was asked to determine whether the common-law doctrine of quasi-judicial immunity protected the members of the Board of Chiropractors from suit or if Section 331.100.5, RSMo., superseded this common-law immunity by expressly permitting suits against the members for gross negligence. *Id*. at 581. In reaching its decision, the Court relied on the reasoning set forth in *State ex rel. Golden v. Crawford*, 165 S.W.3d 147 (Mo. banc 2005), where it found that the immunity granted under Section 190.307 to 911 dispatchers superseded the common law doctrine of official immunity. In *Golden*, the Court found that the legislature clearly intended to supersede the common law doctrine of official immunity by passing a statutory immunity that permits suit only for gross negligence. *Id*. at 582. Thus, the *Edwards* Court held that the statutory immunity provided by the Legislature to the members of the Board of Chiropractors superseded the common-law quasi-judicial immunity to which they would have otherwise been entitled. *Id*. The relevant quote, taken out of context by Plaintiff, states:

> Like the statute at issue in *Golden*, the statute at issue in this case supersedes absolute common law immunities and establishes qualified statutory immunity from liability except in cases of gross negligence. Although *Golden* dealt only with official immunity and this case involves quasi-judicial immunity, the distinction is without difference because both are common law immunities subject to legislative modification.

*Id*. Thus, the Supreme never declared the quasi-judicial immunity is the same as official immunity, it merely held that by passing a statutory immunity, the Legislature can supersede quasi-judicial immunity just as it can supersede official immunity.

Quasi-judicial immunity is a separate and distinct doctrine from official immunity. Thus, Plaintiff's attempts to rely on the "mandatory" versus "discretionary" dichotomy is of no matter.

2

Even if the doctrine did apply, the entire purpose of a guardian ad litem is to exercise his or her discretion.  For example, a guardian ad litem shall, "conduct all necessary interviews with persons having contact or knowledge of the child in order to ascertain the child's wishes, feelings, attachments and attitudes," and request that a juvenile officer file a petition in the juvenile division "if the guardian ad litem believes the child alleged to be abused or neglected is in danger." Section 452.423.3.  The statute clearly requires a guardian ad litem to use his or her judgment and make a decision as to the child's wishes, as well as to whether he or she believes the child to be abused.  "A discretionary act requires the exercise of reason in the adaption of means to an end and discretion in determining how or whether an act should be done or course pursued." *Southers v. City of Farmington*, 263 S.W.3d 603, 610 (Mo. banc 2008).  "It is undisputed attorneys exercise discretion and judgment" in formulating strategies on their clients' behalf. *Laughlin v. Perry*, 604 S.W.3d 621, 628 (Mo. banc 2020).  Thus, even if quasi-judicial immunity was subject to the same "mandatory" versus "discretionary" dichotomy which applies to official immunity, Defendant Williams was clearly exercising her discretionary functions. The Court should ignore Plaintiff's disingenuous red herring argument and focus only on quasi-judicial immunity.

### The Defendants are entitled to absolute quasi-judicial immunity even for the alleged witness tampering.

Interestingly, Plaintiff fails in her 267 paragraph, 67 page, Amended Complaint to alleged that Defendant Williams committed the crime of witness tampering. It is hard to address a claim that the Plaintiff fails to make. The only reference to "tampering" is in Paragraph 165 when characterizing the letter of Dr. Marks of May 22, 2018. While Paragraph 165 includes a lengthy quote from Dr. Marks' letter is also fails to mention witness tampering. Nonetheless,

taking Plaintiff's allegations in the broadest sense, Defendants are still entitled to absolute quasi-judicial immunity for the alleged conduct.

The most recent controlling precedent in this matter is *Tolu v. Reid*, 2021 Mo. App. LEXIS 1123. In *Tolu*, Plaintiff argued that because the defendant guardian ad litem violated HIPPA, she acted outside the scope of her duties. *Id.* at 24. In rejecting Tolu's argument, the Court stated that Tolu "missed the mark." *Id.* The Court in Tolu specifically held that "violations of rules, statutes or regulations" did not negate a guardian ad litem's absolute quasi-judicial immunity. *Id.* at 24-25 citing *Moses v. Parwatikar*, 813 F.2d 891, 892 (8th Cir. 1987)(holding that absolute immunity attendant to quasi-judicial immunity is not affected by allegations of conspiracy). In fact, underpinnings of quasi-judicial are of such great social value that even wrongdoers shall escape liability. *Id.* citing *Murphy v. A.A. Mathews, a Div. of CRS Group Eng'rs, Inc.*, 841 S.W.2d 671, 674 (Mo. banc. 1992).

In *Tolu*, the handling of Dr. Reid's medical report by the defendant guardian ad litem in the divorce and custody proceeding, including providing it to another expert (allegedly in violation of HIPPA), was held to be squarely within the scope and duties of the defendant guardian ad litem; therefore, the defendant guardian ad litem was entitled to absolute quasi-judicial immunity regardless of whether she violated HIPPA.

Here, the same as in *Tolu*, Plaintiff's arguments miss the mark. Tolu argues that because Williams allegedly engaged in witness tampering, her actions were outside the scope of her duties as guardian ad litem. In the same way, Defendant Williams' alleged witness tampering which allegedly took the form of meetings and conversations with M.H., including explanations and discussions of the legal process and the potential consequences of certain events, as well as recommendations regarding custody and visitation of M.H. and S.H. were squarely within the

4

scope of her duties as the guardian ad litem. These communications, including conversations between M.H. and Defendant Williams and the resulting recommendations are within the scope of her duties as guardian ad litem and Defendant Williams is absolutely immune from this lawsuit.

The fact that Plaintiff disagrees with the contents of the meetings, communications and recommendations is the real issue in this case. Defendant Williams did not always agree with Plaintiff or bend to Plaintiff's wishes (including her attempts to disqualify Defendant Williams); therefore, Defendant Williams must have been acting unlawfully and outside the scope of her duties.

But these types of disagreements and mischaracterizations of facts is exactly the type of conduct and more importantly lawsuit that the doctrine of quasi-judicial immunity exists to defeat. In fact, the type of campaign waged by Tolu against the defendant guardian ad litem in her own divorce and custody case and this case against Defendant Williams, unmistakably demonstrate the exact fear that Courts were concerned about when extending the doctrine of judicial immunity to guardians ad litem. Dissatisfied with the actions and recommendations of the guardians ad litem, Tolu and Plaintiff turned their sights to suing their respective guardians ad litem civilly. *Tolu*, quoting *Short by Oosterhous v. Short*, 730 F. Supp. 1037, 1039 (D. Colo. 1990) stated:

> Indeed, the need for an independent guardian ad litem is particularly compelling in custody disputes. Often, parents are pitted against one another in an intensely personal and militant clash. Innocent children may be pawns in the conflict. To safeguard the best interests of the children, however, the guardian's judgment must remain impartial, unaltered by the *intimidating wrath and litigious penchant of disgruntled parents.* Fear of liability to one of the parents can warp judgment that is crucial to vigilant loyalty for what is best for the child; the guardian's focus must not be diverted to appeasement of antagonistic parents.

*Tolu* at 20-21 (emphasis added). One cannot imagine a more intimidating wrath or litigious penchant by disgruntled parents than a lawsuit in the United States District Court directly attacking the professional competency and personal ethics and morals than the one at bar. This is exactly the type of behavior that the entire doctrine of quasi-judicial immunity exists to repel. As such, Plaintiff's claims are without merit and barred by the doctrine of quasi-judicial immunity and must be dismissed as to Defendant Williams and the Spain Law Firm with prejudice.

WHEREFORE, Defendant Spain, Miller, Galloway and Lee, LLC, requests that the Court grant its Motion to Dismiss with prejudice, award the costs of suit and grant such other and further relief as the court deems just and reasonable.

**Respectfully submitted,**

BLANTON, NICKELL, COLLINS,
DOUGLAS & HANSCHEN, L.L.C.
219 South Kingshighway
Post Office Box 805
Sikeston, Missouri   63801
PHONE (573) 471-1000       FAX (573) 471-1012
EMAIL: tcollins@blantonlaw.com


By: /s/ Thomas W. Collins, III
      Thomas W. Collins, III                    46295MO

*Attorneys for Spain, Miller, Galloway & Lee, LLC*

## **CERTIFICATE OF SERVICE**

I, Thomas W. Collins, III, an attorney, hereby certify that a copy of the above and foregoing was filed electronically with the Clerk of the United States District Court for the Eastern District of Missouri – Southern Division, this 4th day of March, 2022, using the CM/ECF system. I further certify that I signed the original of this document and will keep said original for a period of not less than the maximum allowable time to complete the appellate process.

/s/ Thomas W. Collins, III
Thomas W. Collins, III