UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| CYNTHIA K. HAYNES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:21-CV-00160-ACL |
| ) | |
| JENNIFER WILLIAMS, et al. ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF GRANTING BERNICE HAYNES' MOTION TO DISMISS AND MOTION FOR RECONSIDERATION OF DISMISSING PLAINTIFF'S PERSONAL CLAIM**

COMES NOW Plaintiff and moves that this Court reconsider its dismissal of Plaintiff's claim against Defendant Bernice Haynes and its dismissal of Plaintiff's personal claim against Defendants Williams and Spain, Miller for the following reasons:

**Reconsideration of Plaintiff's claim against Defendant Bernice Haynes**

1. In its decision the Court granted Defendant Bernice Haynes' Motion to Dismiss stating that although Bernice Haynes may have created a condition for M.H.'s injury in failing to supervise her son, Defendant Charles Haynes, that was not sufficient to establish causation against her under Missouri law.

2. In making its decision the Court relied on Kivland vs. Columbia Orthpaedic Group, LLP, 331 S.W.3d 299, 306 (Mo. 2011) and Callahan v. Cardinal Glennon Hospital, 863 S.W.2d 852, 863 (Mo. 1993).

3. Kivland, *supra*, established that under Missouri law the suicide of a victim

Page 1 of 7

of a party's tortious conduct was not necessarily a separate and intervening cause in damages ensuing from the tortious act.  Rather, a court must evaluate whether the severity of the damages or injuries the tort victim incurred naturally and probably led to the victim's suicide.  The Missouri Supreme Court in Kivland, *supra*, noted that most often expert testimony will be needed to prove the causal connection between the harm endured as a result of the tortious conduct and the victim's suicide.

4. The Kivland court relied on the decision in Callahan, *supra*, in arriving at its evaluation of proximate cause.  Kivland also stated that in order to present a claim that a tortious act caused a tort victim's suicide that the trial court need not change the MAI (Missouri Improved Instructions) for wrongful death when instructing the jury on the law.  The Kivland, *supra*, case changed the law of causation in wrongful death cases resulting from suicide.

5. The Missouri Supreme Court did not change the cause of action against the tortfeasor as it existed before Kivland.  It changed the evaluation of whether the severity of the damages can lead to the tortfeasor being responsible for the victim's suicide.

6. In arriving at its decision in this case, this Court did not address those cases which analyzed whether a person with a duty to supervise a minor can be held liable for the damages caused by another tortfeasor who directly harmed the minor.  This Court did not discuss the holdings in A.R.H. vs. W.H.S., 876 S.W.2d 687 (Mo. App. E.D. 1994) and O.L. vs. R.L., 62 S.W.3d 469 (Mo. App. W.D. 2001).  The custody court ordered Defendant Bernice Haynes to supervise any visit Defendant Charles Haynes had with

M.H. and S.H.

7. In these latter two cases, Missouri Appellate courts have held that a person who has a duty to supervise a minor can be held liable for the damages caused to the minor by a third party's tortious acts. In the instant case, the third party is Defendant Charles Haynes, Defendant Bernice Haynes' son, who Plaintiff has alleged intentionally sexually abused M.H., the deceased.

8. Plaintiff alleged that as a result of that abuse, M.H. suffered much mental anguish which led to or contributed to cause her to commit suicide.

9. Applying the rulings in A.R.H., *supra*, and O.L., *supra*, to the facts of this case, Defendant Bernice Haynes should be held liable for the damages caused M.H. by Defendant Charles Haynes. Plaintiff has alleged that Defendant Bernice Haynes was ordered to supervise Defendant Charles Haynes visits with M.H. and that Defendant Bernice Haynes' failure to supervise Defendant Charles Haynes and/or to protect M.H. when Defendant Bernice Haynes had reason to know Defendant Charles Haynes was inclined to sexually abuse young females resulted in M.H. suffering the very abuse at the hands of Defendant Charles Haynes that Defendant Bernice Haynes was charged with guarding against.

10. As this Court recognized in its Opinion in deciding not to dismiss Plaintiff's claims against Defendant Charles Haynes, the severity of the damages from Defendant Charles Haynes abuse of M.H. caused or contributed to cause M.H. to take her own life. Therefore, Defendant Bernice Haynes should be held liable for the wrongful death of

M.H. just as Defendant Charles Haynes should be.

11.     As a result of Defendant Bernice Haynes' failure to supervise Defendant Charles Haynes and to protect M.H., this Court should reverse its decision dismissing Plaintiff's claim against Defendant Bernice Haynes in Count VI of the Amended Complaint and hold her to account for the damages caused by Defendant Charles Haynes' abuse of M.H.

### Reconsideration of Plaintiff's personal claim.

12.     As this Court noted, the allegations in the Amended Petition are that Defendant Williams on numerous occasions threatened Plaintiff directly, as well as M.H., that if Plaintiff or one of her daughters testified in any criminal proceedings against Defendant Charles Haynes, that Defendant Williams would cause Plaintiff to loose custodial rights of her daughters, to have her daughters placed in foster care, and/or to restrict Plaintiff's visits with her daughters once they were placed elsewhere.

13.     When dismissing Plaintiff's personal claim against Defendants Williams and Spain, Miller, this Court cites cases that a violation of ethical rules is insufficient to provide a basis for a legal cause of action against the attorney who violates the rules. It holds that *In re* Krigel, 480 S.W.3d 294, 299 (Mo. 2016) cannot provide a basis to support Plaintiff's individual cause of action against Defendants Williams and Spain, Miller.

14.     Even though *In re* Krigel is a disciplinary action, it faults the attorney, Krigel, for acting to harm the interests of an opponent party during litigation by

intentionally not informing that adverse party of what was occurring during an adoption.

15. This Court did not address the implications of other cases cited by Plaintiff in which professionals representing persons other than the one who sued them had a duty not to act tortiously toward the party who was not the professional's client.  See Deutsch vs. Wolff, 994 S.W.2d 561, 571 (Mo. 1999) and Kennedy vs. Kennedy, 819 S.W.2d 406, 410 (Mo. App. S.D. 1991).

16. Although not dealing with a GAL, those cases still have general application to professionals who have responsibilities not to act outside the scope of their representation of their clients in order to harm another party to the case they are handling.

17. With regard to the instant case, Defendant Williams, acting as a GAL had obligations to the divorce court as an agent of that court.  However, as this Court noted, it was not within the scope of Defendant Williams' duties to tamper with witnesses to the prosecution of Defendant Charles Haynes, a litigation outside the scope of the custody proceedings in Haynes vs. Haynes for which Defendant Williams was appointed GAL.

18. Based upon the general applicability of the Deutsch, *supra*, and Kennedy, *supra*, cases, this Court should reconsider its decision absolving Defendants Williams and Spain, Miller for damages incurred to Plaintiff, individually, as a result of being threatened by Defendant Williams with loss of her parental rights and/or diminishment of those rights.

19. Additionally, civil causes of action can be based on what can also be violations of criminal statutes.  For example, MAI 23.01 instructs a jury to find for a

plaintiff and against a defendant who has assaulted the plaintiff. MAI 23.02 addresses a defendant who has committed battery on the defendant. MAI 23.03 addresses causing a plaintiff apprehension or fear of physical harm. MAI 23.04 addresses false imprisonment.

20. The acts which form the basis of these civil actions can also be criminal law violations if a prosecutor chooses to bring charges. *I.e.*, see R.S. Mo.§§565.050, 565.052, 565.054, 565.056, 565.060, 565.070, & 565.130.

21. Similarly, threatening a person with severe personal consequences if that person or others in some way connected to that person testifies in a criminal proceeding is tampering with a witness as this Court has recognized.

22. As these cited causes of action supported by the cited MAIs demonstrate and as supported by Kennedy, *supra*, the person bringing suit need not have had a professional relationship with the person sued in order to maintain his/her suit.

23. In fact, in Kennedy, *supra*, the plaintiff was the party opponent of the attorney sued. That suit was validly brought for acts that the other party's attorney did. The defendant, by his actions, created a sufficient nexus between himself and the plaintiff for plaintiff to have standing to sue him.

24. Defendant Williams threatened Plaintiff directly that she would cause Plaintiff harm if Plaintiff or her daughters testified against Defendant Charles Haynes in his criminal proceedings. To recover for the emotional damages Plaintiff suffered as a result of those threats, as alleged, Plaintiff has a right to sue Defendants Williams and

Spain, Miller based on the precedents cited and the civil causes of action comparable to criminal law violations.

25.     This Court should reconsider its decision to dismiss Count IV of the Amended Complaint, Plaintiff's personal action against Defendants Williams and Spain, Miller, and reinstate it.

WHEREFORE, Plaintiff prays that this Honorable Court grant her Motions for Reconsideration and reinstate Plaintiff's claims stated in Count VI against Defendant Bernice Haynes and reinstate her claims stated in Count IV against Defendants Williams and Spain, Miller and grant such other and further relief as the Court deems just under the circumstances herein.

Respectfully submitted,

/s/  Laurence D. Mass
Laurence D. Mass, Bar # 30977 Mo.
230 S. Bemiston Avenue, Suite 1200
Saint Louis, Missouri 63105
Phone: (314) 862-3333 ext. 20
Fax: (314) 862-0605
e-mail: laurencedmass@att.net

/s/  Evita Tolu
Evita Tolu, Bar # 49878 Mo.
1 Crabapple Court
Saint Louis, Missouri 63132
Cell: (314) 323-6033
Fax:   (314) 207-0086
e-mail: evitatolu@outlook.com

Attorneys for Cynthia K. Haynes

**CERTIFICATE OF SERVICE**

It is hereby certified that on this  15th  day of June 2022, a copy of the foregoing was filed electronically with the Clerk of the Court to be served to all counsel by operation of the Court's electronic filing system.

/s/  Laurence D. Mass