UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| CYNTHIA K. HAYNES,                )                                     | |
|              )                                     | |
|     Plaintiff,                )                                     | |
|              )                                     | |
| v.                )                                     | Cause No. 1:21-CV-00160-ACL |
|              )                                     | |
| JENNIFER WILLIAMS, et al.                )                                     | |
|              )                                     | |
|     Defendants.                )                                     | |

**MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTIONS FOR RECONSIDERATION**

<u>**Reconsideration as to Dismissal of Plaintiff's claims
against Defendant Bernice Haynes**</u>

This Court granted Defendant Bernice Haynes' Motion to Dismiss based upon its decision that her actions were too remote from the injuries that M.H. suffered that led to her suicide in order to hold Defendant Bernice Haynes liable under Missouri law. In doing so, this Court reviewed causation under the decisions in <u>Kivland vs. Columbia Orthpaedic Group, LLP</u>, 331 S.W.3d 299, 306 (Mo. 2011) and <u>Callahan v. Cardinal Glennon Hospital</u>, 863 S.W.2d 852, 863 (Mo. 1993). In <u>Kivland</u> the Missouri Supreme Court decided for the first time that a person's suicide was not necessarily an intervening cause that interrupted the chain of causation from one party's tortious act to the full damages caused by the tort victim's suicide.

In <u>Kivland</u>, *supra*, the Missouri Supreme Court extended the damages in what would otherwise have been an "ordinary" medical negligence case to cover the tort

victim's suicide and the wrongful death damages that ensued from that. The orthopaedist's tortious conduct allegedly caused the victim's paralysis and unmitigated pain which naturally and probably led the victim to take his own life. In <u>Kivland</u> the connection between the tortfeasor and the victim's suicide was analyzed based upon the severity of the victim's injuries which naturally and probably led to the victim's suicide. The Supreme Court held that in such cases most generally expert testimony will be necessary to connect the severity of the damages and the mental torment caused to the tort victim that led the victim to take his/her own life. The <u>Kivland</u> case is not unlike cases in which a negligent act can in some circumstances lead to less severe injury and damages to some tort victims, but in other cases can lead to much more severe damages which can be debilitating and cause such mental distress as to cause the tort victim to take his/her own life.

 In evaluating the <u>Kivland</u> and <u>Callahan</u> cases as they apply to the instant case, this Court ignored the cases Plaintiff cited in which a person charged with supervising a minor is held liable for the damages caused by a third party. As the Court recognized in the instant case, Defendant Bernice Haynes was charged with protecting M.H. from Defendant Charles Haynes' worst inclinations. The divorce court ordered her to supervise Defendant Charles Haynes' visits with M.H. Although not yet convicted of sexually molesting M.S.H., M.H.'s stepsister, Defendant Charles Haynes had been charged with several counts of sexual molestation of M.S.H., then a minor between ages of eleven and thirteen at the time of his molestation of her.

During the custody proceedings in the Haynes vs. Haynes divorce, when placing M.H. in the primary custody of Defendant Bernice Haynes, M.H.'s grandmother and Defendant Charles Haynes' mother, the divorce court ordered that Defendant Bernice Haynes supervise Defendant Charles Haynes' visits with M.H.  Defendant Bernice Haynes acknowledged that in the past she had not supervised Defendant Charles Haynes' contact with M.H. when they were at her home and on her property and that she was on the hook, so to speak, for anything that might happen to M.H. while in her care.  Under the circumstances of that custody dispute, Defendant Bernice Haynes certainly had a duty to protect M.H.

In reaching its decision, this Court did not address the holding in A.R.H. vs. W.H.S., 876 S.W.2d 687 (Mo. App. E.D. 1994) in which a grandmother failed properly to supervise the step-grandfather to prevent him from sexually abusing the granddaughter. The grandmother in that case was charged with the duty to supervise her granddaughter's contact with her step-grandfather because the grandmother had reason to know that the step-grandfather was inclined to or was likely to harm or to sexually abuse the granddaughter.  Once that was known, or should have been known, to the grandmother, she was under a duty to protect her granddaughter.  That holding in A.R.H., *supra*, was supported by the principles enunciated in O.L. vs. R.L., 62 S.W.3d 469 (Mo. App. W.D. 2001).  In the instant case, Defendant Bernice Haynes was on notice from the beginning of her custodial period with M.H. that she had to protect M.H. from Defendant Charles Haynes.

Under the holdings of these two cases addressing negligent supervision, there is no attenuated causation considerations between the failure to supervise and the damages caused by the acts of the third party abuser. The damages for which the person charged with supervising the minor is liable are the very damages caused by the abusive tortfeasor.

In the A.R.H., *supra*, case, the damages caused by the abusive step-grandfather did not result in the victim committing suicide. However, in this case, the abusive acts of Defendant Charles Haynes did cause or contributed to cause the suicide of M.H. according to Plaintiff's allegations. If M.H. had not committed suicide, Plaintiff would have filed a suit as next friend for M.H. against Defendant Bernice Haynes seeking the damages caused by Defendant Charles Haynes to M.H.'s emotional and physical well-being as well as against Defendant Charles Haynes. That suit against Defendant Bernice Haynes would have survived under Missouri case law. Under that situation M.H. would have been entitled to her full amount of damages from both Defendant Charles Haynes and Defendant Bernice Haynes.

Under the A.R.H., *supra*, and O.L., *supra*, cases the issue of remoteness of causation has been resolved with regard to whether a person with a duty to supervise a minor can be held liable for the damages caused by the torts of an abusive third party. As long as the duty to supervise exists, as it does in this case, and the person causing the tort is the one from which the supervising party has reason to believe the minor should be protected, then the supervising party is responsible for all damages resulting from the

tortious acts of that abusive third party. The fact that in this case Defendant Charles Haynes' tortious acts led to M.H. committing suicide as opposed to M.H. surviving, but suffering severe emotional damages from the abuse, does not alter this analysis. Defendant Bernice Haynes is liable for the full extent of damages caused by Defendant Charles Haynes' abuse.

For the reasons stated in Plaintiff's Motions for Reconsideration and supported above by Plaintiff's legal argument, this Court should reconsider and reverse its decision to dismiss Plaintiff's claims against Defendant Bernice Haynes, reinstate Plaintiff's cause of action as stated in Count VI of her Amended Complaint and grant such other and further relief as the Court deems just under the circumstances herein.

### Plaintiff's personal claim.

In its decision to dismiss Plaintiff's personal claim (Count IV of the Amended Complaint), this Court stated that Plaintiff cannot base a claim against an attorney premised upon the attorney's violation of the ethical rules citing Roth vs. Le Societe Anonyme Turbomeca France, 120 S.W.3d 764, 777 (Mo. App. W.D. 2003) and Greening vs. Klamen, 652 S.W.2d 730, 734 (Mo. App. E.D. 1983). The Court also held that In re Krigel, 480 S.W.3d 294, 299 (Mo. 2016) a case upon which Plaintiff relied, being a disciplinary proceeding, could not form a basis of Plaintiff's personal claims.

However, violations of the code of ethics can also be violations of an attorney's common law duty. For example, the code of ethics prohibits an attorney from acting in conflict with her client's best interests. Missouri Rules of Professional Conduct (MRPC)

4-1.7. Yet, when an attorney acts in conflict with her client's interests, she also can be liable to her client based upon her breach of her fiduciary duties to her client. Klemme vs. Best, 941 S.W.2d 943 (Mo. 1997). If an attorney handles a case for which she is not competent, she violates MRPC 4-1.1. She can also be liable to a client if that negligence causes the client damage. See London vs. Weitzman, 884 S.W.2d 674 (Mo. App. E.D. 1994).

In the instant case, although Plaintiff did not cite an authority that a GAL threatening a third party creates a right of action for damages against the GAL, Plaintiff did cite two cases in which an attorney and an accountant could be held liable to persons who are not their client when their actions directly violate the rights of the third party. Deutsch vs. Wolff, 994 S.W.2d 561, 571 (Mo. 1999) and Kennedy vs. Kennedy, 819 S.W.2d 406, 410 (Mo. App. S.D. 1991).

In this case, Defendant Williams acted outside the scope of her authority by threatening not only M.H., but by directly threatening Plaintiff that should Plaintiff or her daughters testify against Defendant Charles Haynes in his criminal proceedings, that Plaintiff's custodial rights with her daughters would be compromised by placing them in foster care and Plaintiff's visitation would be limited. Defendant Williams acted on behalf of Defendant Charles Haynes and tampered with potential witnesses in Defendant Charles Haynes' criminal proceedings in matters outside the scope of the custody proceedings for which she was appointed as a GAL. Defendant Williams made these threats against Plaintiff, a party to that custody litigation, threatening damage to Plaintiff

for acts that she might take in an unrelated criminal prosecution against Defendant Charles Haynes.

In Missouri, a party may sue a person for damages in a civil suit for acts which can also be violations of the Missouri criminal code  See, for example, MAI 23.01 through 23.04 (assault, battery, causing apprehension, and false imprisonment) and R.S. Mo.§§565.050 through 565.070 and 565.130.  Plaintiff has pled that Defendant Williams violated Missouri criminal statutes prohibiting tampering with a witness by threatening to cause Plaintiff harm should she or her daughters testify against Defendant Charles Haynes in his criminal proceedings.  As with civil actions based on assault and battery, there need not be a professional relationship or preexisting relationship between the parties for the victim of a party's tortious action based on threats that also constitute criminal law violations to bring suit.  Based on these laws and causes of action, Plaintiff has a valid claim against Defendants Williams and Spain, Miller for her emotional distress caused by Defendant Williams' threats to Plaintiff's custodial rights.

For the above stated reasons, this Court should reconsider its dismissal of Plaintiff's personal claim against Defendants Williams and Spain, Miller, reinstate Count IV in the Amended Complaint, and grant such other and further relief as the Court deems just under the circumstances herein.

Respectfully submitted,

| | |
|---|---|
| /s/  Laurence D. Mass | /s/  Evita Tolu |
| Laurence D. Mass, Bar # 30977 Mo. | Evita Tolu, Bar # 49878 Mo. |
| 230 S. Bemiston Avenue, Suite 1200 | 1 Crabapple Court |
| Saint Louis, Missouri 63105 | Saint Louis, Missouri 63132 |
| Phone: (314) 862-3333 ext. 20 | Cell: (314) 323-6033 |
| Fax: (314) 862-0605 | Fax:   (314) 207-0086 |
| e-mail: laurencedmass@att.net | e-mail: evitatolu@outlook.com |

Attorneys for Cynthia K. Haynes

## **CERTIFICATE OF SERVICE**

It is hereby certified that on this  15th  day of June 2022, a copy of the foregoing was filed electronically with the Clerk of the Court to be served to all counsel by operation of the Court's electronic filing system.

/s/  Laurence D. Mass