UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHERN DISTRICT

| | |
|---|---|
| CYNTHIA K. HAYNES )<br>(a/k/a Cynthia K. Randolph), )<br>individually and under the Missouri Wrongful )<br>Death Statute, )<br>)<br>         Plaintiffs, )<br>)<br>v. )<br>)<br>JENNIFER WILLIAMS, individually )<br>)<br>JENNIFER WILLIAMS, )<br>d/b/a WILLIAMS LAW )<br>)<br>SPAIN, MILLER, GALLOWAY & LEE, LLC )<br>A Missouri limited liability company, )<br>)<br>BERNICE HAYNES, individually and )<br>)<br>CHARLES HAYNES, individually )<br>)<br>         Defendants. ) | Cause No. 1:21-CV-00160-ACL<br><br>JURY TRIAL DEMANDED |

**DEFENDANT BERNICE HAYNES' MEMORANDUM
IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

**I. Plaintiff's Motion for Reconsideration simply rehashes old arguments and does not identify any proper grounds for reconsideration.**

Motions for reconsideration are not identified in the Federal Rules and courts typically analyze such motions under Rule 59(e) or 60(b). The application of motions for reconsideration is very limited. "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Arnold v. ADT Sec. Services, Inc.*, 627 F.3d 716, 721 (8th Cir. 2010). In *Broadway v. Norris*, the Court stated:

> In their motion for reconsideration, **defendants did nothing more than reargue, somewhat more fully, the merits of their claim** of qualified immunity. This is not the purpose of Rule 60(b). It authorizes relief based on certain enumerated circumstances (for example, fraud, changed conditions, and the like). It is not a

vehicle for simple reargument on the merits. **This ground alone is sufficient to prevent a holding that the District Court abused its discretion in denying the motion.**

193 F.3d 987, 989-90 (8th Cir. 1999) (emphasis added); *see also Williams v. L.G. Chem, LTD*, 2022 WL 1502380, *1 (E.D. Mo. 2022) ("If a party does no more than present the same argument a second time, that ground alone is sufficient to deny the motion."); *Clark v. Mell*, 2020 WL 1640336, *1 (E.D. Mo. 2020) ("The purpose of Rule 60(b) is not to give parties an opportunity to reargue their case.").

Here, Cynthia does nothing more than make the same arguments she originally made in her Opposition to Bernice's Motion to Dismiss. Note that Cynthia's "reconsideration" arguments as to *Kivland* and *Callahan* (Doc. 63, pp. 1-2) were also made in her opposition arguments (Doc. 45, pp. 2-4). Her reconsideration arguments as to *A.R.H.* and *O.L.* (Doc. 63, pp. 3-5), were also made in her opposition arguments (Doc. 45, pp. 4-5).

Cynthia accuses the Court of ignoring the latter cases, but that is simply not true. As described below, those cases are inapplicable to any proximate cause analysis and therefore are inapplicable to the instant case. A Court's memorandum and order is not required to (and in fact should not) address each and every incorrect and/or inapplicable argument made by a party.

Because Cynthia simply makes the same arguments she previously made, her Motion for Reconsideration must be denied.

**II. Cynthia's reliance on the *A.R.H.* and *O.L.* cases is misplaced.**

Cynthia's main argument appears to be that "[i]n evaluating the Kivland and Callahan cases as they apply to the instant case, this Court ignored the cases Plaintiff cited in which a person charged with supervising a minor is held liable for the damages caused by a third party." [Doc. 63, p. 2]. Those cases are *A.R.H. v. W.H.S.*, 876 S.W.2d 687 (Mo. App. E.D. 1994) and *O.L. v. R.L.*, 62 S.W.3d 469 (Mo. App. W.D. 2001). Bernice already addressed these cases,

stating they are inapplicable in that they do not address proximate cause and do not involve suicide. [Doc. 51, p. 4].

To be sure, duty and proximate cause are distinct elements of any negligence action, as shown by the very cases to which Cynthia cites. "To make a *prima facie* case on a negligence theory, a plaintiff must plead and prove: (1) a legal duty on the part of the defendant to use ordinary care to protect the plaintiff against unreasonable risks of harm; (2) a breach of that duty; (3) a proximate cause between the breach and the resulting injury; and (4) actual damages to the plaintiff's person or property." *O.L.*, 62 S.W.3d at 474.

Neither *A.R.H.* nor *O.L.* addresses proximate cause at all. Cynthia's argument appears to be that because a duty may exist, the Court should ignore the causation analysis on which Bernice's Motion to Dismiss is based. In fact, *Kivland*, *Callahan*, and all of Missouri's negligence case law *require* this analysis. Cynthia's claim is not well taken then, when she asserts that the existence of a duty abrogates any proximate cause requirement. [Doc. 63, p. 4] ["the issue of remoteness of causation has been resolved . . ." and "As long as the duty to supervise exists . . . then the supervising party is responsible for all damages resulting from the tortious acts of that abusive third party."].

Moreover, Cynthia casually suggests that the fact that this case involves suicide, while *A.R.H.* and *O.L.* did not, is immaterial. But in the proximate cause analysis, this distinction is crucial. The event of suicide is the entire basis that frames *Kivland*. And in this case in particular the suicide is an event that cannot be proximately connected to Bernice's alleged conduct under all the circumstances. The following is a list of causes originally cited in Bernice's Memorandum in Support of her Motion to Dismiss, all of which have nothing to do with Bernice:

- M.H. knew that her father was charged with sexually abusing her step-sister in 2013.

3

- M.H. knew that her parents were in contentious divorce proceedings for almost five years prior to her death (Dec. 2013 – Nov. 2018).

- M.H. was placed into at least three different foster homes and sent to at least three separate schools, beginning in 2014, well before she was placed in Bernice's custody in December 2016.  Cynthia states this "traumatized" M.H.

- M.H. was bullied at school and called names.

- M.H. was constantly pushed and pulled by Cynthia and Charles, each of which was trying to get custody of her and each of which was allegedly badmouthing the other to M.H.

- M.H. was sent for medical and/or psychiatric help twice after cutting herself.

- M.H. told her psychiatrist she was "saddest" three years ago while in foster care and wanted "all the court to stop".

- M.H. was sent back to foster care for approximately 17 months, after living with Bernice for a little more than 30 days.

- M.H.'s father eventually pleaded guilty to sexual abuse of her step-sister.

- M.H.'s Guardian ad Litem "repeatedly threatened M.H. with her and her sister's placement in foster care if M.H., Plaintiff or M.S.H testified against her father at his criminal trial or at his sentencing."

- On November 23, 2018, M.H. told Cynthia "I am scared of going back to foster care.  I'm going to kill myself first before I go back to foster care."

- The next day, November 24, 2018, M.H. committed suicide, more than 21 months after M.H. had last been in Bernice's custody.

This is exactly the type of case governed by the statement that "If the facts involved an extended scenario involving multiple persons and events with potential intervening causes, then the requirement that the damages that result be the natural and probable consequence of defendant's conduct comes into play and may cut off liability." *Callahan v. Cardinal Glennon Hosp.* 863 S.W.2d 852, 865 (Mo. banc 1993) (emphasis added).  Nothing like this was at issue in Cynthia's duty cases.

4

In addition, Bernice notes that since the Motion to Dismiss was briefed, the court in the Divorce case issued its Judgment. In the Divorce Case, Cynthia filed a counterclaim against Bernice making various outrageous allegations, including many similar to those in this case and demanding various things from Bernice. *Haynes v. Haynes*, 13RI-CV00554, Cynthia Haynes' Counterclaim Against Intervenor Bernice Hanes dated July 26, 2021. The court's Judgment denied all relief to Cynthia, finding "Judgment is entered in favor of Intervener, Bernice Haynes and against Respondent Cynthia Haynes Randolph on all claims made by the Respondent against the Intervener in Respondent's counterclaim against the Intervener." *Haynes v. Haynes*, 13RI-CV00554, Judgment dated May 23, 2022.

It is the Court's role to determine proximate cause and such cause is lacking here. Bernice was correctly dismissed from this case.

### III. Conclusion.

For all the foregoing reasons, the Court should deny Cynthia's Motion for Reconsideration.

Respectfully submitted,

THE LIMBAUGH FIRM
407 N. Kingshighway, P.O. Box 1150
Cape Girardeau, MO  63702-1150
Telephone:  (573) 335-3316
Facsimile: (573) 335-1369
Email:  jsteffens@limbaughlaw.com

By     /s/ John C. Steffens
          John C. Steffens - #63267

ATTORNEYS FOR DEFENDANT BERNICE HAYNES

## **CERTIFICATE OF SERVICE**

     I hereby certify that on June 17, 2022, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all attorneys of record.

                                         /s/ John C. Steffens