Electronically Filed - Ripley - July 26, 2021 - 11:00 AM

IN THE RIPLEY COUNTY CIRCUIT COURT
STATE OF MISSOURI

| | | |
|---|---|---|
| In the Marriage of | ) | |
| CHARLES M. HAYNES | ) | |
|     Petitioner | ) | |
| | ) | |
| vs. | ) | Case No. 13RI-CV00554 |
| | ) | |
| CYNTHIA K. HAYNES | ) | |
|     Respondent | ) | |
| | ) | |
| BERNICE HAYNES | ) | |
|     Intervenor | ) | |
| | ) | |

## CYNTHIA HAYNES' COUNTER CLAIM AGAINST INTERVENOR BERNICE HAYNES

Comes now, Respondent, Cynthia Kay Randolph (WIFE) and MOTHER of Mikaela Haynes (deceased) and Sara Haynes, living, and for her Amended Counter Petition against, Bernice Haynes, mother of Charles Haynes (HUSBAND or FATHER) and INTERVENOR in this case, states the following:

1. Prior to her marriage to HUSBAND, WIFE was married to Paul Hogg (Hogg), her first husband.

2. WIFE had two (2) daughters with Hogg, Mindy Hogg born on May 18, 1993 and Melissa Hogg, born on January 15, 1999.

3. WIFE and Hogg divorced on May 9, 2003. WIFE was awarded physical and legal custody of Mindy and Melissa. Hogg was awarded visitation rights per the Divorce Decree, Parenting and Property Division Agreement from Ripley County Circuit Court, *Cynthia Hogg v. Paul Hogg*, Case No. CV501-325DR.[1]

---

[1] WIFE requests this Court to take a judicial notice of case *Cynthia Hogg v. Paul Hogg*, Case CV501-325DR which was adjudicated in Ripley County, Missouri.

1



4. In *Hogg* divorce, WIFE was awarded significant real and personal property.

5. WIFE married HUSBAND on May 23, 2008.

6. Two daughters, Mikaela Haynes (deceased on November 24, 2018) and Sara Haynes were born to WIFE and HUSBAND.

7. On December 1, 2013, WIFE'S daughter Melissa told her MOTHER, and Ripley County law enforcement, that her STEPFATHER, WIFE'S HUSBAND, forced Melissa to give him blowjobs and fondled her sexually many times.

8. On December 10, 2013, WIFE filed for divorce in Randolph County, Missouri and on December 17, 2013, HUSBAND filed for divorce in Ripley County, Missouri. The divorce cases were consolidated in this current case.

9. Since December 1, 2013, WIFE and HUSBAND have not lived together as a married couple.

10. HUSBAND has not contributed to maintenance of WIFE'S separate assets in any way since December 1, 2013.

11. HUSBAND has not contributed to maintenance of marital assets in any way since December 1, 2013.

12. On December 2, 2013, HUSBAND was served with a charging document in *State v. Haynes*, 13RI-CR00907.

13. On December 3, 2013, HUSBAND posted a bond, and he was released.

14. On April 3, 2014, an Amended Criminal Complaint was filed in *State v. Haynes*,

13RI-CR00907-01[2] charging HUSBAND with the following:

> Count I – Felony of Statutory Sodomy in the First Degree
> Count II – Class B felony of Child Molestation in the First Degree
> Count III – Class C Felony of Statutory Sodomy in the Second Degree
> Count IV – Class C Felony of Statutory Sodomy in the Second Degree

15. On April 3, 2014, WIFE'S daughter, Melissa, testified at her STEPFATHER'S, WIFE'S HUSBAND, preliminary hearing.

16. On May 29, 2014, HUSBAND stated to WIFE that: Melissa **"ought to be killed" "if she is not destroyed,"** "she will destroy me" [HUSBAND]. A copy of the FATHER'S audio recording can be found at https://www.youtube.com/watch?v=1umnsmMRbD8&t=59s. The audio has HUSBAND'S foul language insults of WIFE and threats towards WIFE.

17. On April 28, 2016, FATHER petitioned this Court to appoint a GAL because of the alleged educational neglect of children committed by MOTHER.

18. On May 6, 2016, Guardian ad litem, Jennifer Williams (GAL Williams), was appointed to represent the best interests of Mikaela and Sara Haynes.

19. On November 9, 2016, INTERVENOR, Bernice Haynes, filed her Motion to Intervene seeking custody of Mikaela and Sara Haynes which was granted.

20. On December 7, 2016, the Court held a hearing on FATHER'S Emergency Motion for Child Custody Pendente Lite where FATHER and INTERVENOR both alleged that MOTHER was committing educational neglect in homeschooling Mikaela and Sara Haynes.

21. At the same hearing on December 7, 2016, GAL Williams testified that she also had concerns of educational neglect by MOTHER.

---

[2] WIFE asks this Court to take a judicial notice of Ripley County Circuit Court Case *State v. Haynes*, 13RI-CR00907 and 13CR00907-01.

3

Electronically Filed - Ripley - July 26, 2021 - 11:00 AM

22. On December 22, 2016, the Court issued an Order Regarding Emergency Motion for Child Custody Pendente Lite, awarding INTERVENOR, Bernice Haynes, sole physical and legal custody of Mikaela and Sara Haynes.

23. The December 22, 2016, Court Order directed Bernice Haynes to enroll Mikaela and Sara Haynes into Doniphan Public School. "FATHER was awarded visitation and liberal supervised visitation was encouraged."

24. While at Intervenor's house, Mikaela started cutting herself. Mikaela was hospitalized at DePaul Hospital in Saint Louis, Missouri from January 29, 2017 until February 6, 2017 to treat self-harm.

25. On January 29, 2017, GAL Williams authorized DePaul Hospital personnel to provide treatment and prescription medication for Mikaela. DePaul Hospital doctors refused to release Mikaela upon discharge from the hospital to INTERVENOR, their sole legal and physical custodian, Bernice Haynes.

26. While at INTERVENOR'S house, Sara was bitten several times by INTERVENOR'S dog which required medical care and medical expenses.

27. Because of the Court Order awarding Bernice Haynes sole legal and physical custody of Sara and Mikaela Haynes, the Department of Family Services (DFS) took Mikaela and Sara Haynes into DFS custody and placed Sara with a foster family on February 3, 2017 and Mikaela on February 6, 2017.

28. In February 2017, Mikaela disclosed to DePaul Hospital doctors, the DFS and foster care parents that FATHER abused her. Both Mikaela and Sara told the DFS and their foster parents that their grandmother, Bernice Haynes, allowed their FATHER to have unsupervised time with Mikaela and Sara. Mikaela reported to the DFS that she could not sleep at night at Bernice

Haynes' house because she "never knew when dad would come in." A copy of the DFS record is available for the Court's in-camera review.

29. While in DFS custody, the Juvenile Court appointed Jerry Marks, Ph.D., and licensed clinical social worker, to conduct therapy with Mikaela and Sara. Copies of Dr. Marks' records are available for the Court's in-camera review.

30. On June 27, 2017, Mikaela and Sara were returned to MOTHER'S physical custody after DFS determined that there was no educational neglect on MOTHER'S part.

31. The DFS case, however, remained opened until June 27, 2018.

32. On September 4, 2018, FATHER pleaded to Felony C, **Statutory Sodomy Of a Minor in the Second Degree** under **RSMo 566.064.**

33. From May 6, 2016 until April 29, 2021, GAL Williams advocated for Sara and Mikaela to be reunited with their FATHER and INTERVENOR through visits and joint therapy.

34. From 2017 until present, the court appointed doctor, Jerry Marks, maintained that Mikaela and Sara should not have any contact with their FATHER until they turn eighteen (18) years old. Copies of Dr. Marks' records are available for the Court's in-camera review.

35. On November 23, 2018, Mikaela told her MOTHER that GAL Williams will be asking the Court to keep her FATHER out of jail on probation at his sentencing hearing set for November 26, 2018. Mikaela told her MOTHER that if Mikaela said anything bad about Dad to anyone, GAL Williams would recommend putting Mikaela and Sara in foster care. Mikaela told her mother and her sister Melissa, "I'm going to hang myself first, before I go back to foster care."

36. On November 24, 2018, Mikaela hung herself.

37. Because of Mikaela's death, her FATHER'S sentencing hearing set for November

26, 2018, was rescheduled to December 12, 2018.

38. On December 12, 2018, GAL Williams testified at FATHER'S sentencing proceeding. While testifying about FATHER, Mikaela and Sara's GAL Williams stated that "both of these children (Mikaela and Sara) were highly sexualized for their age."

39. On December 12, 2018, FATHER was sentenced to serve a seven (7) year term of imprisonment for sodomizing his minor stepdaughter, Melissa.

40. In December 2018, INTERVENOR left the State of Missouri and is currently residing in the State of New Jersey at 25 Ellie Place, Cape May, NJ 08204.

41. INTERVENOR exposed the children, subject of this litigation, to physical, sexual mental and financial abuse during these proceedings showing clear disregard for the children's wellbeing and their best interests.

42. In violation of the December 22, 2016 Court Order, INTERVENOR exposed the children, subject of this litigation to physical, sexual, and emotional abuse while the children were in INTERVENOR'S sole legal and physical custody.

43. INTERVENOR allowed her son, HUSBAND, to have unlimited unsupervised access to Sara and Mikaela, which resulted in harm to the children.

44. INTERVENOR while having sole legal and physical custody of Mikaela allowed her son, Mikaela's FATHER to come to Mikaela's bedroom at night and molest her.

45. Sara is doing well in MOTHER'S custody since FATHER has been incarcerated. Sara attends full time West Point Christian Academy, where she is a straight A student.

46. Sara is a physically healthy teen. Sara stays busy. Sara is involved in various after school activities. Sara recently got a first place in the Spelling Bee Contest, the first place in the Christian Character-Building Program, and the first place in Scripture Memory Contest.

Electronically Filed - Ripley - July 26, 2021 - 11:00 AM

47. Sara has a lot of friends, and she enjoys spending time with her MOTHER, sister Melissa and her maternal Grandmother.

48. INTERVENOR showed no interest in children's lives, schooling, extra-curricular activities, physical and mental health since December 1, 2013 until present. Yet, INTERVENOR, still alleges to this Court that she is a suitable custodial parent.

49. INTERVENOR has not contributed financially to support the children subject of these proceedings from December 1, 2013 until present.

50. INTERVENOR is not a suitable custodian for Sara Haynes. INTERVENOR presents danger to Sara Haynes.

51. On January 2, 2019, this Court entered an order requiring the parties not to sell, dispose of or in any manner hide, secrete, or remove any marital property from its present position, until further order of the Court.

52. From December 10, 2013 until present, INTERVENOR together with HUSBAND hid, secreted, removed, and concealed WIFE'S separate non-marital property and WIFE and HUSBAND'S marital property. HUSBAND and INTERVENOR engaged their associates and agents to conceal WIFE'S separate non-marital and marital property in violation of the Court Order and Missouri law prohibiting and condoning such conduct.

53. INTERVENOR delayed the resolution of this divorce for five (5) years filing abusive motions, fabricating educational abuse allegations in this Court, and continuing this divorce for five (5) years, resulting in significant emotional and financial losses to WIFE.

54. INTERVENOR has substantial financial resources to compensate WIFE for the injuries INTERVENOR inflicted on WIFE, and the children involved in these proceedings.

55. INTERVENOR has substantial financial resources to compensate WIFE for the

property INTERVENOR and her associates concealed, hid, squandered, and stole from WIFE in violation of the Court Orders and Missouri law.

56. INTERVENOR has substantial resources to pay WIFE'S attorney fees in these proceedings considering INTERVENOR'S misconduct in the case and her failure to protect the children while they were in INTERVENOR'S sole legal and physical custody.

57. INTERVENOR'S misconduct in this Case depleted WIFE'S financial resources.

58. On April 12, 2021, Dr. Jerry Marks reported to the court officers involved in this case that INTERVENOR is "the enabler" of HUSBAND'S sexual abuse. Dr. Jerry Marks defined the enablers as: "paternal grandmother (INTERVENOR), and aunt, the GAL, who testified as a character witness in Mr. Haynes trial and the other professionals in the community who worked on the case and did not speak up about the process."

59. Shortly after Dr. Jerry Marks' letter, GAL Williams withdrew from this case on April 29, 2021. In GAL Williams's Motion to Withdraw, she stated that "she believed that all of **the underlying custody matters were resolved due to Petitioner's incarceration.**" [emphasis added].

WHEREFORE, the premises considered, WIFE, Cynthia K. Haynes, prays that this Honorable Court hear and determine this case, and upon such hearing, requests the Court to:

a. Award to WIFE/MOTHER sole legal and physical custody of Sara Haynes;

b. Order INTERVENOR to deliver to WIFE her separate non-marital property that INTERVENOR concealed and hid;

c. Order INTERVENOR to compensate WIFE for WIFE'S separate non-marital property that INTERVENOR sold during these proceedings in violation of the Court Orders and Missouri law;

d. Order INTERVENOR to deliver to a Court appointed trustee WIFE and HUSBAND's marital property that INTERVENOR concealed from WIFE and order INTERVENOR to pay for all reasonable expenses for the inventory and storage of the property while these proceedings are pending;

e. Order INTERVENOR to pay for medical expenses for the injuries INTERVENOR inflicted on WIFE and children;

f. Order INTERVENOR to pay penalties for her misconduct during these proceedings;

g. Order INTERVENOR to pay WIFE'S attorney fees and Court costs; and

h. Make such further orders as the Court may deem just and proper.

STATE OF MISSOURI       )
                        ) SS
ST. LOUIS COUNTY        )

Cynthia K. Haynes, a/k/a Cynthia K. Randolph, of lawful age, being duly sworn upon her oath, state that I am the party in the case herein, and that the facts stated here are true.

_____
Cynthia K. Haynes a/k/a Cynthia K. Randolph

SUBSCRIBED AND SWORN to before me, a Notary Public, this 22nd day of July 2021.

_____
Eugene P. Kowalski, Notary Public
My Commission Expires:

EUGENE PATRICK KOWALSKI
Notary Public - Notary Seal
State of Missouri
Commissioned for St. Louis County
My Commission Expires: February 08, 2025
Commission Number: 17046568

/s/ Evita Tolu
Evita Tolu, MO Bar #49878
1 Crabapple Court
Saint Louis, MO 63132
(314) 323-6022 telephone
(314) 207-0086 fax
evitatolu@outlook.com
Attorney for Cynthia K. Haynes

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of July 2021, a copy of the forgoing pleading was served upon Keri Smith, the attorney of record for Charles Haynes to the above cause by operation of the Courts electronic filing system. A copy of the foregoing pleading was sent by USPS Priority mail with delivery confirmation, tracking **9405 5036 9930 0454 8843 78**, postage prepaid, to Bernice Haynes at the following address:

Bernice Haynes
25 Ellie Place
Cape May, NJ 08204

/s/ Evita Tolu
Evita Tolu