IN THE RIPLEY COUNTY CIRCUIT COURT
STATE OF MISSOURI

In the marriage of )
CHARLES MICHAEL HAYNES )
           Petitioner )
vs. ) Case No. 13RI-CV00554
)
CYNTHIA KAY HAYNES )
           Respondent )
BERNICE HAYNES )
           Intervenor )

### CYNTHIA HAYNES' MOTION FOR THE CLARIFICATION AND/OR AMENDMENT AND/OR REVISION OF THE AUGUST 27, 2021 COURT ORDERS:

1. JUDGMENT & DISMISSAL OF INTERVENOR &
2. PRETRIAL ORDER

Comes now, Respondent, Cynthia Kay Haynes (WIFE and MOTHER) and asks this Divorce Court to clarify, and/or amend, and/or revise and/or vacate the August 27, 2021, Court Order. In support of her Motion, WIFE states the following:

### FACTS

1. This is a divorce case involving WIFE, Charles Haynes (HUSBAND), and HUSBAND'S mother, Bernice Haynes (INTERVENOR) who entered her appearance in this case in 2016 to seek custody of the two (2) daughters born of WIFE'S and HUSBAND'S union: Mikaela Haynes born on August 30, 2004 (deceased on November 24, 2018) and Sara Haynes born on February 24, 2009.

2. During the course of these divorce proceedings HUSBAND and INTERVENOR engaged in concealment of WIFE'S separate nonmarital property and the marital property of WIFE and HUSBAND. The property in question is being concealed at the properties owned by INTERVENOR in the State of Missouri.

3. HUSBAND and INTERVENOR concealed WIFE'S separate non-marital property

1



PLAINTIFF'S EXHIBIT 4

and the parties' marital property in violation of Missouri law and the December 21, 2018, Court Order prohibiting the parties to conceal, dispose and waste the property in question.

4.  On January 2, 2019, the Divorce Court reaffirmed its December 21, 2018, Court Order and ordered the parties to provide access to the property and to conduct the inventory of the separate and marital assets. HUSBAND was ordered to pay for the inventory and asset evaluation. WIFE granted HUSBAND and INTERVENOR access to her residence. WIFE'S property was inventoried and photographed.

5.  INTERVENOR admitted to WIFE and to the Divorce Court that INTERVENOR had WIFE'S separate nonmarital property in INTERVENOR'S possession. HUSBAND and INTERVENOR both refused to grant WIFE access to their properties to inventory and/to remove WIFE'S separate and nonmarital property in violation of the January 2, 2019, Court Order. A list of WIFE'S separate nonmarital property concealed by INTERVENOR and HUSBAND is attached as Exhibit 1 to this Motion. A list of WIFE and HUSBAND'S marital property is attached as Exhibit 2 to this Motion.

6.  On July 26, 2021, WIFE filed a Counter Claim against INTERVENOR alleging that INTERVENOR concealed and secreted from WIFE, WIFE'S separate nonmarital assets as well as martial assets of the parties. The Counter Claim was served on INTERVENOR by Priority Mail with the receipt and tracking information.

7.  On July 26, 2021, WIFE filed an Amended Counter Claim against HUSBAND. The Counter Claim was served on HUSBAND'S attorney through the operation of the Court system.

8.  Neither HUSBAND nor INTERVENOR answered WIFE'S Counter Claims within the time allowed by the Missouri Rules of Civil Procedure.

9.  On August 27, 2021, the Divorce Court had a hearing on the pending pleadings. WIFE informed the Divorce Court that both HUSBAND and INTERVENOR were served with the

Counter Claims, and they did not file their answers. WIFE made an oral motion asking the leave of Court to file WIFE'S Counter Claims against HUSBAND and INTERVENOR and for an Order for HUSBAND and INTERVENOR to answer WIFE'S Counter Claims by September 30, 2021. The Divorce Court granted WIFE'S Motions and ordered HUSBAND and INTERVENOR to file answers to WIFE'S Counter Claims by September 30, 2021.

10. As requested by the Divorce Court after the August 27, 2021, hearing, WIFE'S attorney prepared a proposed Order memorializing the Divorce Court Orders regarding WIFE'S Motions for Leave to File Counter Claims against HUSBAND and INTERVENOR and ordering them to answer these counter claims by September 30, 2021.

11. WIFE'S attorney filed the proposed Court Order with the Court on August 30, 2021.

12. On September 1, 2021, the Divorce Court entered an order which was different from what the Court ordered on August 27, 2021, with respect to WIFE'S Counter Claims against HUSBAND and INTERVENOR.

13. WIFE also learned that the Divorce Court was open at **10:33 PM** on **August 27, 2021**, to accept INTERVENOR'S filing seeking her dismissal from this case. The Divorce Court, however, did not have time to hear WIFE'S arguments on her Motion for Partial Summary Judgment although WIFE'S Motion for Partial Summary Judgment was set for hearing a month in advance.

14. On August 27, 2021, WIFE'S attorney travelled from Saint Louis to Doniphan, Missouri, and back for a total of seven (7) hours, to argue WIFE'S Motion for the Partial Summary Judgment and Counter Claims against HUSBAND and INTERVENOR but WIFE'S attorney was not given an opportunity to present WIFE'S motions. WIFE incurred significant financial expenses because of this hearing.

15. On August 27, 2021, the Divorce Court did not have time to award to WIFE her separate nonmarital property (as WIFE requested a month in advance) so that WIFE could keep her

3

home from the real estate tax foreclosure, so that WIFE could put food on the table for her minor daughter and pay her daughter's educational and medical expenses.

16. On August 27, 2021, the Divorce Court did not have time to consider WIFE's financial situation and the fact that WIFE has been raising the parties' minor child without any support from HUSBAND since December 1, 2013 fearing daily that HUSBAND and his associates would kill WIFE and her daughter as HUSBAND threatened on numerous occasions.

17. On September 1, 2021 WIFE learned that the Divorce Court, however, found time to change its August 27, 2021 ruling with respect to WIFE'S Counter Claims against HUSBAND and INTERVENOR overnight *sua sponte* and dismissed INTERVENOR from this case without a hearing after WIFE informed the Divorce Court on August 27, 2021 that INTERVENOR has concealed, secreted and is holding WIFE'S separate nonmarital property desperately needed by WIFE to support her daughter and after WIFE received the Divorce Court's approval to proceed with her Counter Claim against INTERVENOR on concealment of WIFE'S assets.

## ARGUMENT

The overriding consideration in resolving family disputes is the welfare of the child. *In the Interest of A.S.W.*, 226 S.W.3d 151, 154. (Mo. 2007). It is the court's duty to empower the victims of domestic violence financially so that the victims can sever their financial dependency from their abusers. *State ex rel. Williams v. Marsh*, 626 S.W.2d 223, 229 (Mo. 1982). The goals of the orders pertaining to child custody, financial support, and maintenance are to aid the victims of domestic violence to stay safe and to prevent future incidents of the domestic violence. *Id.* Considering the overriding consideration in resolving WIFE and MOTHER'S request that benefits the minor child in this case, the Court should revise its August 27, 2021 Pretrial Order pertaining to WIFE'S Amended Counter Claim against HUSBAND ordering HUSBAND to answer the Amended Counter Claim and vacate and/or amend its August 27, 2021 Order & Judgment.

4

The Divorce Court's Order dismissing INTERVENOR after the Divorce Court granted WIFE Motion to proceed with WIFE'S Counter Claim against INTERVENOR for INTERVENOR'S concealment of WIFE'S separate nonmarital assets valued at $ $133,859.07 (Exhibit 1); concealment of children's property valued at $34,200.00 and concealment of the parties' marital assets valued at $ $191,560.10 (Exhibit 2) was entered in violation of the Divorce Court's Order entered in the morning of August 27, 2021 and Missouri property division statutes. This Order was granted without a hearing. It wrongfully divested WIFE of her separate nonmarital property, children's property, and WIFE'S share of the marital property which INTERVENOR has in her possession as a result of INTERVENOR'S misconduct in this case. WIFE also respectfully requests the Court to provide its findings of fact and conclusions of law supporting the Divorce Court's decision to dismiss INTERVENOR from this case and divest WIFE and the children of their property so that WIFE can pursue all legal remedies available to her.

## RELIEF SOUGHT:

WIFE asks the Divorce Court to enter an Order granting WIFE the following relief:

1. GRANT WIFE immediate access to INTERVENOR'S and HUSBAND'S properties to retrieve WIFE'S separate nonmarital property and the children's property;

2. GRANT WIFE immediate access to INTERVENOR'S and HUSBAND'S properties to photograph and inventory all marital property concealed by INTERVENOR and HUSBAND;

3. ENFORCE the previously granted order allowing WIFE to proceed with her Counter Claims against INTERVENOR and HUSBAND seeking monetary damages and attorney fees if WIFE learns that INTERVENOR and HUSBAND sold, concealed, and secreted WIFE'S separate nonmarital and children's property;

4. ORDER INTERVENOR and HUSBAND to answer WIFE's Counter Claim by September 30, 2021 as the Divorce Court ordered on August 27, 2021, as it pertains to the INTERVENOR and HUSBAND'S property concealment actions in this case and grant WIFE either a Judgment of Default if INTERVENOR and HUSBAND fail to file their Answers by September 30, 2021 and/or award WIFE full compensation and damages if INTERVENOR and/or HUSBAND sold, wasted, or disposed in any manner WIFE'S separate nonmarital property, the parties' marital property and the children's property;

5. DISMISS INTERVENOR'S child custody claims;

6. ORDER INTERVENOR and HUSBAND to answer WIFE's Amended Counter Claim by September 30, 2021, as the Divorce Court ordered on August 27, 2021, and grant WIFE **all available relief** if INTERVENOR and HUSBAND fail to answer WIFE'S Amended Counter Claim;

7. ENTER a Default Judgment against INTERVENOR in the amount of $133,859.07 for INTERVENOR'S misconduct in this case in concealing, selling, and wasting WIFE'S separate nonmarital assets and the children's assets in the amount of $ 34,200.00 in violation of the Court Orders in this case;

8. ENTER a Default Judgment against INTERVENOR in the amount of $191,560.10 (subject to marital allocation) for INTERVENOR'S misconduct in this case in concealing, selling, and wasting WIFE and HUSBAND'S marital assets in violation of this Court orders; and

9. AWARD WIFE her attorney fees considering INTERVENOR'S misconduct in this case and grant WIFE any other relief that the Divorce Court deems just and proper.

/s/ Evita Tolu
Evita Tolu, MO Bar #49878
1 Crabapple Court
Saint Louis, MO 63132
(314) 323-6022 telephone
(314) 207-0086 fax
evitatolu@outlook.com
Attorney for Cynthia K. Haynes

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of September 2021, a copy of the forgoing pleading was served upon William Halaz III, the attorney of record for Charles Haynes to the above cause by operation of the Courts electronic filing system.

/s/ Evita Tolu
Evita Tolu

6