IN THE CIRCUIT COURT OF RIPLEY COUNTY, MISSOURI
AT DONIPHAN, MISSOURI

IN RE THE MARRIAGE OF CHARLES M. HAYNES
AND CYNTHIA K. HAYNES

FILED

2021 SEP 17 AM 10: 43

SHARON R. RICHMOND
CIRCUIT CLERK
RIPLEY COUNTY, MO

| | | |
|---|---|---|
| CHARLES M. HAYNES | ) | |
| Petitioner | ) | |
| VS. | ) 13RI-CV00554 | |
| CYNTHIA K. HAYNES | ) | |
| Respondent | ) | |
| VS | ) | |
| BERNICE HAYNES | ) | |
| Intervenor | ) | |

**JUDGEMENT**

The Court considers the Respondent's objections to the dismissal of Bernice Haynes as an intervenor and does partially overrule the Respondent's objections and partially sustains the Respondent's objections. In so doing the Court notes that at the conclusion of the Court appearance on August 27, 2021, the Clerk of the Court provided the Court with a letter from Intervenor Bernice Haynes requesting removal as Intervenor and in so requesting noted that she was 95 years of age, suffered from various medical complaints and had moved out of state to New Jersey and as such was not in a position to adequately care for a teenager or young youth. The Court further notes that at the hearing the Respondent indicated that the Intervenor was in the case solely to seek custody of the minor child. Nothing was indicated about secreted assets or other issues at the hearing. No harm or prejudice will result to any party in this matter by the removal of the Intervenor from the case on all issues relating to the custody and support of the Minor child and accordingly the Court sustains the Intervenor's request to be dismissed from those considerations.

The Court did in its review of the file note that the Court overlooked the fact that in late July the Respondent did in fact file a counterclaim against the Intervenor Bernice Haynes concerning child custody and other child related matters. Due to the sustaining of the Intevenor's request to be dismissed from those issues concerning custody, any of these issues in the counterclaim will be dismissed. However, the Respondent did make allegations of the secreting of certain marital assets as well as certain damages claimed to have occurred during the time that the Intervenor, Bernice Haynes was a party and the Court will reverse its orders of releasing the Intervenor as a party in so far as all of the



PLAINTIFF'S EXHIBIT 6

non custodial matters are concerned and those matters will be taken up at the trial of this case.

The Court further notes that the Respondent complains about the Court having no time to hear the Respondent's motions. The Court either directly ruled on all motions that were noticed up or took the same under advisement. In particular the Court notes that the Respondent was given full opportunity to address her motion for partial summary judgement. Due to the length of the partial summary judgement motion (the motion being approximately 5 pages in length with over 150 pages of attachments and over 20 pages of memorandum) the Court was unable to adequately study the motion and the response of the Petitioner on August 27, 2021, and with no objections from either party took the matter under advisement for future rulings. The law is clear that the motion must stand on its face and no additional testimony shall be permitted. It is unclear just what additional evidence and matters the Respondent wished to place with the Court, especially since Counsel for the Respondent never voiced objections or indicate to the Court what additional matters she desired to cover.

Dated this 15th day of September, 2021.

_____
Judge Gary A. Kamp