IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

CYNTHIA K. HAYNES (a/k/a Cynthia K.   )
Randolph), individually and under the Missouri  )
Wrongful Death Statute   )
  )
       Plaintiff,   )
  )
vs.   )    Case No: 1:21-CV-00160-ACL
  )
JENNIFER WILLIAMS, individually, et al.   )
  )
       Defendants.   )

## WILLIAMS' ANSWER AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S AMENDED COMPLAINT

Come Now, Defendants, Jennifer Williams, individually, and Jennifer Williams, d/b/a Williams Law (collectively referenced to herein as "Williams") by and through her undersigned counsel, and for her Answer and Affirmative Defenses to Plaintiff Cynthia K. Haynes' (a/k/a Cynthia K Randolph) Amended Complaint for Damages states as follows:

### I.      JURISDICTION AND VENUE

1.      Williams states that the allegations in Paragraph No. 1 are conclusions of law.  As such, Paragraph No. 1 requires no Answer from Williams.  To the extent an Answer is required, Williams denies any and all allegations contained therein and demands strict proof thereof.

2.      Williams states that the allegations in Paragraph No. 2 are conclusions of law.  As such, Paragraph No. 2 requires no Answer from Williams.  To the extent an Answer is required, Williams denies any and all allegations contained therein and demands strict proof thereof.

### II.      PARTIES

### A.      Plaintiffs

3.      Williams admits that M.H., deceased, was the daughter of Cynthia Haynes.

Williams admits that M.H. took her life in Ripley County, Missouri.  Williams admits that M.H. was born on August 30, 2004.  Williams admits that M.H. died on November 24, 2018.  Williams states that Williams lacks sufficient information to admit or deny the remaining allegations in Paragraph No. 3. As such, Williams denies the remaining allegations in Paragraph No. 3 and demands strict proof thereof.

4.     Williams states that Williams lacks sufficient information to admit or deny the allegations in Paragraph No. 4.  As such, Williams denies any and all allegations in Paragraph No. 4 and demands strict proof thereof.

5.     Williams admits that when M.H. died, M.H. was not married and had no children and was survived by both of her parents.  Williams states that the remaining allegations in Paragraph No. 5 are conclusions of law.  To the extent an Answer is required, Williams denies the remaining allegations contained therein and demands strict proof thereof.

**B.     Defendants**

6.     Williams admits that Williams is a resident of Missouri and is an attorney licensed to practice law in the State of Missouri.  Williams denies that Williams currently practices law in the City of Poplar Bluff, Butler County, State of Missouri. Williams admits that Williams was a court appointed guardian ad litem GAL in the Divorce Case *Charles Haynes v. Cynthia Haynes*, 13RI-CV00554, Ripley County Circuit Court, Missouri.  Williams denies that Williams was also a personal attorney to M.H. in the above-referenced case.  Williams admits that Exhibit 1 is a copy of an electronic docket entry acknowledging Williams' appointment as GAL Appointment on May 6, 2016.  Williams denies that Exhibit 2 of the Amended Complaint is a full, fair, and accurate copy of a January 30, 2017 Order Appointing Williams as Personal Attorney for M.H. and S.H., and further denies that any such appointment order exists. Williams denies any and all remaining allegations in Paragraph No. 6 and demands strict proof thereof.

7.     Williams states that Williams lacks sufficient information to admit or deny the allegations in Paragraph No. 7 including all subparagraphs.  As such, Williams denies any and all allegations in Paragraph No. 7, including all subparagraphs, and demands strict proof thereof.

8.     Williams states that the allegations in Paragraph No. 8 are conclusions of law.  As such, Paragraph No. 8 requires no Answer from Williams.  To the extent an Answer is required, Williams denies any and all allegations contained therein and demands strict proof thereof.

9.     Williams admits that from December 2019 until April 29, 2021, Williams was the sole proprietor and practiced law under the fictitious name of Williams Law.  Williams states that the remaining allegations in Paragraph No. 9 are conclusions of law and are not directed against Williams.  As such, Paragraph No. 9 requires no Answer from Williams.  To the extent an Answer is required, Williams denies any and all allegations contained therein and demands strict proof thereof.

10.     Williams denies any and all allegations in Paragraph No. 10.  As further answer to Paragraph No. 10, Williams states that Williams served as GAL in the Haynes' divorce from May 6, 2016 until May 05, 2021.  Williams denies any and all remaining allegations in Paragraph No. 10 and demands strict proof thereof.

11.     Williams denies any and all allegations in Paragraph No. 11. As further answers to Paragraph No. 11, Williams was never appointed, and never agreed to serve as the  personal attorney for M.H. and S.H. during the Haynes' divorce case.

12.     Williams admits that Williams functioned for the benefit of the Court in her position as GAL. Williams admits that Williams was not M.H.'s personal attorney in any context.  Williams denies any and all remaining allegations in Paragraph No. 12 and demands strict proof thereof.

13.     Williams admits that as GAL, Williams was required to conduct all necessary interviews with persons having contact with or knowledge of the child in order to ascertain the

child's, feelings, attachments pursuant to R.S. Mo. §452.423. 3(2)  Williams denies that as GAL Williams was required to interview M.H. and SH pursuant to R.S. Mo. §452.423. 3(2), but admits that Williams conduct multiple interviews of M.H. and S.H. while serving as GAL.  Williams denies that as GAL, Williams was mandated to report all of her findings to the Divorce Court.  Williams admits that as GAL Williams was obligated to ensure compliance with all applicable laws, regulations, Missouri Rules of Professional Responsibility (MRPR) and the Missouri Supreme Court GAL Standards.  Williams admits that Exhibit 3 is a fair and accurate copy of the GAL Standards, and states that Exhibit 3 speaks for itself.

14.     Williams denies that Williams was the personal attorney for M.H. and S.H.  Williams denies any and all remaining allegations in Paragraph No. 14 and demands strict proof thereof.

15.     Williams admits that Williams was compensated as a GAL in the Divorce Case. Williams admits that she was an employee of Spain, Miller during a portion of the time Williams served as GAL.  Williams states that the remaining allegations in Paragraph No. 15 are conclusions of law.  As such, the remaining allegations in Paragraph No. 15 require no Answer from Williams. To the extent an Answer is required, Williams denies any and all remaining allegations in Paragraph No. 15 and demands strict proof thereof.

16.     Williams states that Williams lacks sufficient information to admit or deny the allegations in Paragraph No. 16 as to Bernice Haynes' citizenship and state of residency.  Williams admits that Bernice Haynes (Grandmother Haynes) is Charles Haynes' (Charles) mother who intervened in the divorce case to seek custody of M.H. and S.H.  Williams admits that the Divorce Court's December 22, 2016 Order awarded Grandmother Haynes physical custody of M.H. Williams admits that the  Divorce Court's December 22, 2016 Order states that on a temporary basis or until further order of the Court, Charles, Cynthia, and Grandmother would all share in the joint legal custody of M.H. and S.H. Further, Williams admits that the Divorce Court's December

22, 2016 Order states that "In the event of disagreement, Intervenor will be the ultimate decision maker with respect to the health, safety and welfare of the minor children." Williams denies that Exhibit 4 is a full, fair and accurate copy of the December 22, 2022 Order.  Williams denies any and all remaining allegations in Paragraph No. 16 and demands strict proof thereof.

17.      Williams states that the allegations in Paragraph No. 17 are conclusions of law.  As such, Paragraph No. 17 requires no Answer from Williams.  To the extent an Answer is required, Williams denies any and all allegations contained therein and demands strict proof thereof.

18.      Williams admits that Charles Haynes is the biological father of M.H. and S.H. Williams states that Williams lacks sufficient information to admit or deny the remaining allegations in Paragraph No. 18.  As such, Williams denies any and all allegations in Paragraph No. 18 and demands strict proof thereof.

19.      Williams admits that Charles is currently serving a term of seven years in the Farmington Correctional Facility in St. Francois County, Missouri in connection with his criminal conviction for the sexual abuse of M.S.H.  Williams states that Williams lacks sufficient information to admit or deny the allegations in Paragraph No. 19.  As such, Williams denies any and all allegations in Paragraph No. 19 and demands strict proof thereof.

### III.      STATEMENT OF FACTS

20.      Williams admits the allegations in Paragraph No. 20.

21.      Williams admits the allegations in Paragraph 21.

22.      Williams lacks sufficient information to admit or deny the allegations in Paragraph No. 22.  As such, Williams denies these allegations and demands strict proof thereof.

23.      Williams lacks sufficient information to admit or deny the allegations in Paragraph No. 23.  As such, Williams denies these allegations and demands strict proof thereof.

24.      Williams lacks sufficient information to admit or deny the allegations in Paragraph

No. 24.  As such, Williams denies these allegations and demands strict proof thereof.

25.     Williams lacks sufficient information to admit or deny the allegations in Paragraph No. 25.  As such, Williams denies these allegations and demands strict proof thereof.

26.     Williams lacks sufficient information to admit or deny the allegations in Paragraph No. 26.  As such, Williams denies these allegations and demands strict proof thereof.

27.     Williams lacks sufficient information to admit or deny the allegations in Paragraph No. 27.  As such, Williams denies these allegations and demands strict proof thereof.

28.     Williams lacks sufficient information to admit or deny the allegations in Paragraph No. 28.  As such, Williams denies these allegations and demands strict proof thereof.

29.     Williams lacks sufficient information to admit or deny the allegations in Paragraph No. 29.  As such, Williams denies these allegations and demands strict proof thereof.

30.      Williams lacks sufficient information to admit or deny the allegations in Paragraph No. 30.  As such, Williams denies these allegations and demands strict proof thereof.

31.     Williams lacks sufficient information to admit or deny the allegations in Paragraph No. 31.  As such, Williams denies these allegations and demands strict proof thereof.

32.     Williams lacks sufficient information to admit or deny the allegations in Paragraph No. 32.  As such, Williams denies these allegations and demands strict proof thereof.

33.     Williams lacks sufficient information to admit or deny the allegations in Paragraph No. 33.  As such, Williams denies these allegations and demands strict proof thereof.

34.     Williams lacks sufficient information to admit or deny the allegations in Paragraph No. 34.  As such, Williams denies these allegations and demands strict proof thereof.

35.     Williams admits that Plaintiff's daughter M.S.H. told Plaintiff and Ripley County law enforcement that Charles sexually abused M.S.H.  Williams lacks sufficient information to admit or deny the remaining allegations in Paragraph No. 35.  As such, Williams denies these

allegations and demands strict proof thereof.

36.      Williams admits that Plaintiff moved to Randolph County, Missouri and filed for divorce there in December 2013.  Williams admits that Charles filed for divorce in Ripley County, Missouri in December 2013.  Williams admits that the cases were consolidated into *Charles Haynes v. Cynthia Haynes*, Case 13RI-CV00554 (Divorce Case) which is still pending in Ripley County, Missouri.  Williams lacks sufficient information to admit or deny the remaining allegations in Paragraph No. 36.  As such, Williams denies these allegations and demands strict proof thereof.

37.      Williams admits that Charles was charged with multiple felony counts in connection with his alleged sexual abuse of his stepdaughter.  Williams lacks sufficient information to admit or deny the remaining allegations in Paragraph No. 37.  As such, Williams denies these allegations and demands strict proof thereof.

38.      Williams lacks sufficient information to admit or deny the remaining allegations in Paragraph No. 38.  As such, Williams denies these allegations and demands strict proof thereof.

39.      Williams lacks sufficient information to admit or deny the allegations in Paragraph No. 39.  As such, Williams denies these allegations and demands strict proof thereof.

40.      Williams lacks sufficient information to admit or deny the allegations in Paragraph No. 40.  As such, Williams denies these allegations and demands strict proof thereof.

41.      Williams lacks sufficient information as to the remaining allegations in Paragraph No. 41.  As such, Williams denies these allegations and demands strict proof thereof.

42.      Williams admits that Charles was charged with multiple felony counts in connection with the alleged sexual abuse of M.S.H. but lack sufficient information to admit or deny the remaining allegations in Paragraph No. 42.  As such, Williams denies any and all allegations in Paragraph No. 42. and demands strict proof thereof.

43.      Williams denies the allegations in Paragraph No. 43.

44.     Williams admits that Theodore Liszewski was representing Charles in his criminal and divorce proceedings in December 2015.  Williams denies any and all remaining allegations in Paragraph No. 44 and demands strict proof thereof.

45.     Williams admits that on April 28, 2016, Charles filed a Motion for Appointment of GAL.  Williams denies that Charles' Motion for Appointment of GAL specifically called for Williams to be appointed as GAL.  Williams admits that Charles had concerns about Plaintiff's educational neglect of M.H. and S.H.  Williams lacks sufficient information to admit or deny the allegations in Paragraph No. 45.  As such, Williams denies any and all allegations in Paragraph No. 45 and demands strict proof thereof.

46.     Williams admits that on May 6, 2016, Williams was appointed as a GAL to assist the Divorce Court and to represent the best interests of M.H. and S.H.  Williams admits that her GAL appointment followed Charles' Motion for Appointment of a GAL.  Williams admits that GALs are required to abide Missouri statutes, case precedent, Missouri Rules of Professional Responsibility (MRPR) and Supreme Court GAL Standards, but denies the excerpts in Paragraph No. 46 offer a full, fair, and accurate summation of a GAL's duties.  Williams states that Exhibit 1 speaks for itself.  Williams denies any and all remaining allegations in Paragraph No. 46 and demands strict proof thereof.

47.     Williams admits that the GAL Appointment Order ordered that Plaintiff and Charles each pay Williams $750.00 to compensate Williams for her GAL services. Williams admits that 452.423 provides that GAL's are entitled to compensation for GAL services.  Williams admits that Plaintiff paid the initial $750.00 mandated by the GAL Appointment Order. Williams denies any and all remaining allegations in Paragraph No. 47 and demands strict proof thereof.

48.     Williams lacks sufficient information to admit or deny the allegations in Paragraph No. 48.  As such, Williams denies Paragraph No. 48 and demands strict proof thereof.

49.     Williams lacks sufficient information to admit or deny the allegations in Paragraph No. 49.  As such, Williams denies Paragraph No. 49 and demands strict proof thereof.

50.     Williams lacks sufficient information to admit or deny the allegations in Paragraph No. 50.  As such, Williams denies Paragraph No. 50 and demands strict proof thereof.

51.     Williams lacks sufficient information to form answer the allegations in Paragraph No. 51.  As such, Williams denies Paragraph No. 51 and demands strict proof thereof.

52.     Williams denies any and all allegations in Paragraph No. 52 and demands strict proof thereof.

53.     Williams lacks sufficient information to admit or deny the allegations in Paragraph No. 53.  As such, Williams denies Paragraph No. 53 and demands strict proof thereof.

54.     Williams admits that on December 7, 2016, the Divorce Court heard Charles' Motion for Custody Pendente.  Williams admits that Williams had concerns about Plaintiff's educational neglect of S.H. and M.H. Williams lacks sufficient information to admit or deny the remaining allegations in Paragraph No. 54.  As such, Williams denies Paragraph No. 54 and demands strict proof thereof.

55.     Williams admits that Grandmother Haynes testified in the Divorce Case but denies that the summation of the hearing testimony in subparagraphs of Paragraph No. 55 offers a full, fair, and accurate summation of Grandmother Haynes' testimony. Williams denies any and all remaining allegations in Paragraph No. 55 and demands strict proof thereof.

56.     Williams admits that Grandmother Haynes testified in the Divorce Case. Williams denies that the summation of the hearing testimony in subparagraphs of Paragraph No. 56  offers a full, fair, and accurate summation of Grandmother Haynes' testimony. Williams denies any and all remaining allegations in Paragraph No. 56  and demands strict proof thereof.

57.     Williams admits that M.H. testified in the Divorce Case.  Williams denies that the

summation of hearing testimony in subparagraphs of Paragraph No. 57 offers a full, fair, and accurate summation of M.H.'s testimony.  Williams denies any and all remaining allegations in Paragraph No. 57 and demands strict proof thereof.

58.     Williams admits that Williams testified in the Divorce Case.  Williams denies that the summation of hearing testimony in Paragraph No. 58 offers a full, fair, and accurate summation of Williams' testimony.  Williams denies any and all remaining allegations in Paragraph No. 58 and demands strict proof thereof.

59.     Williams admits that Williams testified in the Divorce Case.  Williams denies that the summation of hearing testimony in  Paragraph No. 59 offers a full, fair, and accurate summation of Williams' testimony.  Williams denies any and all remaining allegations in Paragraph No. 59 and demands strict proof thereof.

60.     Williams lacks sufficient information to admit or deny the allegations in Paragraph No. 60.  As such, Williams denies any and all allegations in Paragraph No. 60 and demands strict proof thereof.

61.     Williams lacks sufficient information to admit or deny the allegations in Paragraph No. 61.  As such, Williams denies any and all allegations in Paragraph No. 61 and demands strict proof thereof.

62.     Williams admits that Williams testified in the Divorce Case.  Williams denies that the summation of hearing testimony in  Paragraph No. 62 offers a full, fair, and accurate summation of Williams' testimony.  Williams denies any and all remaining allegations in Paragraph No. 62 and demands strict proof thereof.

63.     Williams lacks sufficient knowledge to admit or deny that M.H. and S.H. excelled academically at the time of the hearing due to Plaintiff's refusal to provide proper documentation of homeschool efforts after repeated requests from Williams. Williams denies that Williams

declined to review testing documents.   Further, Williams states that the alleged testing documentation that Plaintiff provided to Williams was inadequate.  Williams denies that Williams relied solely on Charles' assertions about the children's schooling to make the recommendation that Plaintiff neglected M.H. and S.H.'s education.  Williams denies that Williams violated Missouri law and the Supreme Court GAL Standard 4.  Williams denies any and all remaining allegations in Paragraph No. 63 and demands strict proof thereof.

64.     Williams admits the allegations in Paragraph No. 64.  Further, Williams admits that in addition to educational neglect, Williams had additional concerns about Plaintiff's mental health, fitness as a parent, and Plaintiff's potential manipulation of the children. Williams denies any and all remaining allegations in Paragraph No. 64 and demands strict proof thereof.

65.     Williams admits that the Divorce Court issued a memorandum on December 15, 2016.  Williams denies that Exhibit 8 is a full, fair and accurate copy of the December 15, 2016 Memorandum.  Williams denies any and all remaining allegations in Paragraph No. 65 and demands strict proof thereof.

66.     Williams lacks sufficient information to admit or deny the remaining allegations in Paragraph No. 66.  As such, Williams denies these allegations and demands strict proof thereof.

67.     Williams admits that the Divorce Court's December 22, 2016 Order awarded Grandmother Haynes physical custody of M.H.   Williams admits that the Divorce Court's December 22, 2016 Order states that, on a temporary basis or until further order of the Court, Charles, Cynthia, and Grandmother would all share joint legal custody of M.H. and S.H.  Further, Williams admits that the Divorce Court's December 22, 2016 Order states that "[i]n the event of disagreement, Intervenor will be the ultimate decision maker with respect to the health, safety and welfare of the minor children."  Williams denies that Exhibit 4 is a full, fair and accurate copy of the December 22, 2016 Order.  Williams denies any and all remaining allegations in Paragraph No.

67 and demands strict proof thereof.

68.     Williams admits that the Divorce Court granted *both* Charles and Plaintiff supervised visitation of M.H. and S.H.  Williams further admits that the Divorce states that *both* Charles and Plaintiff were encouraged to have liberal supervised visitation of M.H. and S.H. at Grandmother's House.  Williams denies any and all remaining allegations in Paragraph No. 68 and demands strict proof thereof.

69.     Williams states that Williams lacks sufficient information to admit or deny the allegations in Paragraph No. 69.   As such, Williams denies any and all allegations in Paragraph No. 69 and demands strict proof thereof.

70.     Williams admits that Plaintiff claimed that Grandmother Haynes had health conditions.  Williams denies any and all remaining allegations in Paragraph No. 70.

71.     Williams admits that Plaintiff claimed that Grandmother Haynes had health conditions.  Williams denies any and all remaining allegations in Paragraph No. 71.

72.     Williams lacks sufficient information to admit or deny the allegations in Paragraph No. 72.  As such, Williams denies any and all allegations in Paragraph No. 72 and demands strict proof thereof.

73.     Williams denies any and all allegations in Paragraph No. 73 and demands strict proof thereof.

74.     Williams denies any and all allegations in Paragraph No. 74 and demands strict proof thereof.

75.     Williams states that Williams lacks sufficient information to admit or deny the allegations in Paragraph No. 75.  As such, Williams denies any and all allegations in Paragraph No. 75 and demands strict proof thereof.

76.     Williams admits that the December 22, 2016 Divorce Court Order mandated that

Grandmother Haynes enroll M.H. and S.H. in Doniphan Public School.  Williams states that Williams lacks sufficient information to form an  answer to the remaining allegations in Paragraph No. 76.  As such, Williams denies any and all allegations in Paragraph No. 76 and demands strict proof thereof.

77.    Williams lacks sufficient information to form an answer to the remaining allegations in Paragraph No. 77.  As such, Williams denies any and all allegations in Paragraph No. 77 and demands strict proof thereof.

78.    Williams states that Williams lacks sufficient information to admit or deny the allegations in Paragraph No. 78.   As such, Williams denies any and all allegations in Paragraph No. 78 and demands strict proof thereof.

79.    Williams denies any and all allegations in Paragraph No. 79 and demands strict proof thereof.

80.    Williams admits that Plaintiff provided Williams with a document labeled Wechsler Individual Assessment Test.  Williams denies that the document Plaintiff provided to Williams confirmed that M.H. was performing on all subjects on each scale either at "average to above average" or "above average to far above average" of her peers. Williams denies that Exhibit No. 10 offers a full, fair, and accurate copy of a standardized test taken by M.S.  Williams denies any and all remaining allegations in Paragraph No. 80  and demands strict proof thereof.

81.    Williams admits that Plaintiff provided Williams with a document labeled Wechsler Individual Assessment Test.  Williams admits that Plaintiff asked Williams to file the document with the Court and that Williams declined to do so stating that Plaintiff's attorney was the proper party to file the document with the Court since the test was not obtained at Williams' request and Williams had no knowledge of the source or authenticity of the records given by Plaintiff.  Williams denies any and all remaining allegations in Paragraph No. 81  and demands strict proof thereof.

82.     Williams denies that Exhibit 11 is full, fair, authenticate and accurate copy of a January 11, 2017 email from Plaintiff's attorney, Jasper Edmundson to Williams.  Williams denies any and all remaining allegations in Paragraph No. 82 and demands strict proof thereof.

83.     Williams denies that Williams told Grandmother Haynes that if Plaintiff tested S.H., Charles would get custody of S.H. and M.H. and that Plaintiff would have no more visitation with her daughters. Williams denies any and all remaining allegations in Paragraph No. 83 and demands strict proof thereof.

84.     Williams admits that Plaintiff's lawyer Jasper Edmundson asked Williams to recuse herself from the Haynes divorce case.  Williams denies that Exhibit No. 12 is a full, fair, and accurate copy of a January 9, 2017 email from Jasper Edmundson to Plaintiff.  Williams lacks sufficient information to form an  answer to the remaining allegations in Paragraph No. 84.   As such, Williams denies any and all allegations in Paragraph No. 84 and demands strict proof thereof.

85.     Williams lacks sufficient information to form an  answer to the remaining allegations in Paragraph No. 85.  As such, Williams denies any and all allegations in Paragraph No. 85 and demands strict proof thereof.

86.     Williams denies that M.H. informed Williams about Charles' making nightly visits to M.H.'s bedroom without Grandmother Haynes present. Williams denies any and all remaining allegations in Paragraph No. 86 and demands strict proof thereof.

87.     Williams denies any and all allegations in Paragraph No. 87 and demands strict proof thereof.

88.     Williams denies any and all allegations in Paragraph No. 88 and demands strict proof thereof.

89.     Williams admits that Plaintiff demanded that Williams recuse herself from the Haynes divorce case.  Williams denies the remaining allegations in Paragraph No. 89 and demands

strict proof thereof.

90.     Williams denies any and all allegations in Paragraph No. 90 and demands strict proof thereof.

91.     Williams admits that Williams asked the Divorce Court to award her additional GAL fees for her services, and that Williams' request for additional GAL fees was granted by the Court. Williams admits that Plaintiff, Charles, and Grandmother Haynes were each ordered to pay Williams $750.00.  Williams states that she lacks sufficient information to admit or deny the remaining allegations in Paragraph No. 91.  As such, Williams denies any and all allegations in Paragraph No. 91 and demands strict proof thereof.

92.     Williams states that Williams lacks sufficient information to admit or deny the allegations in Paragraph No. 92.  As such, Williams denies any and all allegations in Paragraph No. 92 and demands strict proof thereof.

93.     Williams denies any and all allegations in Paragraph No. 93 and demands strict proof thereof.

94.     Williams admits that in January 2017, M.H cut herself.  Williams states that Williams lacks sufficient information to admit or deny the remaining  allegations in Paragraph No. 94.  As such, Williams denies the remaining allegations in Paragraph No. 94 and demands strict proof thereof.

95.     Williams admits that in January 2017, M.H. cut herself.  Williams states that Williams lacks sufficient information to admit or deny the remaining  allegations in Paragraph No. 95. As such, Williams denies the remaining allegations in Paragraph No. 95 and demands strict proof thereof.

96.     Williams admits that in January 2017, M.H. cut herself.  Williams admits that M.H. received treatment at Southeast Health Hospital in Ripley County on January 29, 2017.  Williams

admits that Williams drove down to Southeast Health Center to visit M.H.  Williams denies the remaining allegations in Paragraph No. 96 and demands strict proof thereof.

97.     Williams admits that M.H. received treatment at DePaul Hospital on January 29, 2017.  Williams states that Williams lacks sufficient information to admit or deny the remaining allegations in Paragraph No. 97.   As such, Williams denies the remaining allegations in Paragraph No. 97 and demands strict proof thereof.

98.     Williams denies any and all allegations in Paragraph No. 98 and demands strict proof thereof.

99.     Williams admits that on January 30, 2017, Williams filed a memorandum with the Divorce Court.  Williams denies that Williams sought to be appointed as personal attorney for S.H. and M.H., and further states that the Memorandum clearly requested that the Court appoint Williams as a GAL. Williams admits that the Court signed the memorandum without a hearing.  Williams denies that Exhibit 2 is an Order appointing Williams as the personal attorney of M.H. and S.H., and states no such order exists.  Williams further states that Exhibit 2 speaks for itself.  Williams denies any and all remaining allegations in Paragraph No. 99 and demands strict proof thereof.

100.    Williams denies any and all allegations in Paragraph No. 100 and demands strict proof thereof.

101.    Williams denies any and all allegations in Paragraph No. 101 and demands strict proof thereof.

102.     Williams denies any and all allegations in Paragraph No. 102 and demands strict proof thereof.

103.    Williams admits that the GAL appointment order was never rescinded.   Williams denies the remaining allegations in Paragraph No. 103 and demands strict proof thereof.

104.    Williams admits that M.H. received treatment at DePaul Hospital in January 2017.

Williams denies that the excerpts from the medical records included in Paragraph No. 104 offer a full, fair, and accurate summation of the medical records.  Williams denies that Exhibit 14 is a full, fair and accurate copy of the records of M.H.'s treatment at DePaul Hospital.  Williams denies any and all remaining allegations in Paragraph No. 104 and demands strict proof thereof.

105.    Williams denies any and all allegations in Paragraph No. 105 and demands strict proof thereof.

106.    Williams denies any and all allegations in Paragraph No. 106 and demands strict proof thereof.

107.    Williams admits that on February 3, 2017, Williams filed a memorandum seeking an Order Amending the Temporary Custody Order.  Williams admits that she recommended that it was in the best interests of M.H. and S.H. to be taken into custody by the Ripley County Juvenile Office and be placed into the legal custody of Children's Division.  Williams admits that, by agreement of the parties, the court ordered that M.H. and S.H. be placed into the custody of the Ripley County Juvenile Office.  Williams denies any and all remaining allegations in Paragraph No. 107 and demands strict proof thereof.

108.     Williams denies any and all allegations in Paragraph No. 108 and demands strict proof thereof.

109.    Williams denies any and all allegations in Paragraph No. 109 and demands strict proof thereof.

110.    Williams admits that M.H. received treatment at DePaul Hospital.  Williams denies that the excerpts from Exhibit 16 offer a full, fair and accurate summation of the records of M.H.'s treatment at DePaul Hospital. Williams denies any and all remaining allegations in Paragraph No. 110 and demands strict proof thereof.

111.    Williams admits the allegations in Paragraph No. 111.

112.     Williams denies any and all allegations in Paragraph No. 112 and demands strict proof thereof.

113.     Williams admits that on March 10, 2017 the DFS held a monthly Family Support Team (FST) meeting with M.H., Williams, DFS Officer Theresa Whaley, M.S.H., and Plaintiff. Williams admits that M.S.H. was complicating the custody issues by inserting herself into the proceedings. Williams admits that M.H. told DFS and Williams did not want to see her father and grandmother. Williams states that Williams lacks sufficient information to admit or deny the allegations in Paragraph No. 113. As such, Williams denies any and all allegations in Paragraph No. 113 and demands strict proof thereof.

114.     Williams admits that at the FST meeting, DFS states opposition to Charles and Grandmother Haynes engaging in therapy with M.H. because Charles and Grandmother Haynes had not been actively participating in the juvenile case. Williams admits that DFS arranged for M.H. and S.H. to see Scott Foster, LCP. Williams denies that Exhibit 17 is a full, fair and accurate transcription of the March 10, 2017 DFS Family Support Team meeting, Williams denies any and all remaining allegations in Paragraph No. 114 and demands strict proof thereof.

115.     Williams denies any and all allegations in Paragraph No. 115 and demands strict proof thereof.

116.     Williams admits that M.H. received treatment at Twin Rivers Regional Medical Center in 2017. Williams denies that the excerpts from the medical records included in Paragraph No. 116 offer a full, fair, and accurate summation of the medical records. Williams denies that Exhibit 18 is a full, fair and accurate copy of the records of M.H.'s treatment at Twin Rivers Regional Medical Center. Williams denies any and all remaining allegations in Paragraph No. 116 and demands strict proof thereof.

117.     Williams admits that M.H. received treatment at Twin Rivers Regional Medical

Center in 2017. Williams denies that the excerpts from the medical records included in Paragraph No. 117 offer a full, fair, and accurate summation of the medical records. Williams denies that Exhibit 19 is a full, fair and accurate copy of the records of M.H.'s treatment at Twin Rivers Regional Medical Center. Williams denies any and all remaining allegations in Paragraph No. 117 and demands strict proof thereof.

118. Williams admits that M.H. received treatment at Twin Rivers Regional Medical Center in 2017 but denies ever speaking to anyone from Twin Rivers about M.H.'s care. Williams denies that the excerpts from the medical records included in Paragraph No. 118 offer a full, fair, and accurate summation of the medical records. Williams denies that Exhibit 20 is a full, fair and accurate copy of the records of M.H.'s treatment at Twin Rivers Regional Medical Center. Williams denies any and all remaining allegations in Paragraph No. 118 and demands strict proof thereof.

119. Williams admits that a letter purported to be from Dr. Roger Bost was presented to the Juvenile and Divorce Courts. Williams denies that the excerpts from this letter included in Paragraph No. 119 offer a full, fair and accurate summation of M.H.'s Dr. Bost's letter. Williams denies that Exhibit 21 is a full, fair and accurate copy of a letter from Dr. Bost. Williams denies any and all remaining allegations in Paragraph No. 119 and demands strict proof thereof.

120. Williams admits that Williams received a letter that was purported to be from Dr. Roger Bost. Williams admits that Williams recommended that Plaintiff have limited visitation based on Williams' concern about Plaintiff's fitness as a parent and Plaintiff's potential manipulation of the children. Williams denies any and all remaining allegations in Paragraph No. 120 and demands strict proof thereof.

121. Williams admits the allegations in Paragraph No. 121.

122. Williams denies that Exhibit 22 is a full, fair and accurate transcription of the April

27, 2017 FST meeting.  Williams lacks sufficient information to admit or deny the remaining allegations in Paragraph No. 122.  As such, Williams denies the remaining allegations and demands strict proof thereof.

123.    Williams denies that Exhibit 22 is a full, fair and accurate transcription of the April 27, 2017 FST meeting.  Williams lacks sufficient information to admit or deny the remaining allegations in Paragraph No. 123.  As such, Williams denies the remaining allegations and demands strict proof thereof.

124.    Williams denies that Exhibit 22 is a full, fair and accurate transcription of the April 27, 2017 FST meeting.  Williams lacks sufficient information to admit or deny the remaining allegations in Paragraph No. 124.  As such, Williams denies the remaining allegations and demands strict proof thereof.

125.    Williams denies that Exhibit 22 is a full, fair and accurate transcription of the April 27, 2017 FST meeting.  Williams lacks sufficient information to admit or deny the remaining allegations in Paragraph No. 125.  As such, Williams denies the remaining allegations in Paragraph No. 125  and demands strict proof thereof.

126.    Williams admits that Williams and Plaintiff learned of M.H.'s note. Williams denies the remaining allegations in Paragraph No. 126 and demands strict proof thereof.

127.    Williams admits that the May 26, 2017 DFS FST meeting was attended by the DFS officer Theresa Whaley; Williams; Judy Moss, CASA's Director; Angela Champion, CASA Representative; Pamela Stark, a Juvenile Officer; Plaintiff; M.H.; Scott Foster; and Grandmother Haynes' attorney, Siegrid Maness.  Williams denies that the excerpts of statements from the May 26, 2017 FST Meeting offer a full, fair and accurate summation of the discussions during that hearing. Williams denies that Exhibit 23 is a full, fair and accurate transcription of the May 26, 2017 FST meeting.  Williams denies the remaining allegations in Paragraph No. 127 and demands strict proof

thereof.

128.    Williams denies that the excerpts of statements from the May 26, 2017 FST Meeting offer a full, fair and accurate summation of the discussions during that hearing.  Williams denies that Exhibit 23 is a full, fair and accurate transcription of the May 26, 2017 FST meeting.  Williams admits Williams had concerns about Plaintiff and M..S.H. manipulating M.H. and S.H, and pressuring them to take action that was not consistent with their ages.  Williams denies any and all remaining allegations in Paragraph No. 128  and demands strict proof thereof.

129.    Williams denies that the excerpts of statements from the May 26, 2017 FST Meeting offer a full, fair and accurate summation of the discussions during that hearing.  Williams denies that Exhibit 23 is a full, fair and accurate transcription of the May 26, 2017 FST meeting.  Williams admits that once M.H. and S.H. became enrolled in school outside of Plaintiff's home, Williams had less concerns about their education.  Williams denies any and all remaining allegations in Paragraph No. 129 and demands strict proof thereof.

130.    Williams denies that she never addressed Plaintiff's and M.S.H.'s "manipulation tactics" with Plaintiff, M.S.H. or M.H.   Williams admits that she had concerns about Plaintiff's mental health.  Williams admits that she believed it was necessary for Plaintiff undergo a psychological examination based on Plaintiff's actions and behavior.  Williams denies any and all remaining allegations in Paragraph No. 130 and demands strict proof thereof.

131.    Williams denies that the excerpts of statements from the May 26, 2017 FST Meeting offers a full, fair and accurate summation of the discussions during that hearing.  Williams denies that Exhibit 23 is a full, fair and accurate transcription of the May 26, 2017 FST meeting.  Williams admits that DFS officer, Theresa Whaley disagreed with Williams about whether M.S.H.'s involvement in the divorce and juvenile proceedings was productive.  Williams denies any and all remaining allegations in Paragraph No. 131 and demands strict proof thereof.

132.    Williams denies that the excerpts of statements from the May 26, 2017 FST Meeting offer a full, fair and accurate summation of the discussions during that hearing.  Williams denies that Exhibit 23 is a full, fair and accurate transcription of the May 26, 2017 FST meeting.  Williams admits that Plaintiff asked Williams to recuse herself and Williams declined.  Williams denies any and all remaining allegations in Paragraph No. 132 and demands strict proof thereof.

133.    Williams denies any the remaining in Paragraph No. 133 and demands strict proof thereof.

134.    Williams denies that the excerpts of statements from the May 26, 2017 FST Meeting offers a full, fair and accurate summation of the discussions during that hearing.  Williams denies that Exhibit 23 is a full, fair and accurate transcription of the May 26, 2017 FST meeting.  Williams admits that the foster parents reported that M.H. and S.H would not be inclined to pursue therapy with Grandmother Haynes.  Williams denies any and all remaining allegations in Paragraph No. 134 and demands strict proof thereof.

135.    Williams admits that on June 7, 2017 Scott Foster wrote a letter to the DFS. Williams denies that the alleged excerpt from this letter offers a full, fair, and accurate summation of the letter. Williams denies Exhibit 24 is a full, fair and accurate copy of Scott Foster's June 7, 2017 letter. Williams denies any and all remaining allegations in Paragraph No. 135 and demands strict proof thereof.

136.    Williams admits that Williams did not agree with Scott Foster about certain conclusions he arrived at during the Haynes' divorce proceedings.  Williams admits that Scott Foster recused himself from therapy. Williams denies any and all remaining allegations in Paragraph No. 136 and demands strict proof thereof.

137.    Williams denies that the alleged excerpt from a July 7, 2017 DFS report offers a full,

fair and accurate summation of that report.  Williams denies any and all remaining allegations in Paragraph No. 137 and demands strict proof thereof.

138.    Williams denies any and all allegations in Paragraph No. 138 and demands strict proof thereof.

139.    Williams admits that she refused to recuse herself. Williams denies any and all remaining allegations in Paragraph No. 139 and demands strict proof thereof.

140.    Williams denies that the alleged excerpt from the July 6, 2017 DFS report offers a full, fair and accurate summation of that report. Williams denies Exhibit 24 is a full, fair and accurate copy of the July 7, 2017 DFS report. Williams denies any and all remaining allegations in Paragraph No. 140 and demands strict proof thereof.

141.    Williams admits that on July 14, 2017, Angela Campion, a worker with CASA for the 36th Judicial Circuit wrote a letter to the Divorce Court.  Williams states that the July 14, 2017 letter from Angela Campion speaks for itself.  Williams denies any and all remaining allegations in Paragraph No. 141 and demands strict proof thereof.

142.    Williams admits that on July 14, 2017, Angela Campion, a worker with CASA for the 36th Judicial Circuit wrote a letter to the Divorce Court. Williams states that the July 14, 2017 letter from Angela Campion speaks for itself.  Williams denies Exhibit 26 is a full, fair and accurate copy of the July 14, 2017 letter from Angela Campion.  Williams denies any and all remaining allegations in Paragraph No. 142 and demands strict proof thereof.

143.    Williams admits that M.H. received treatment from Dr. Roger Bost.  Williams denies that the excerpts from the medical records included in Paragraph No. 143 offer a full, fair, and accurate summation of the medical records.  Williams denies that Exhibit 27 is a full, fair and accurate copy of the records of M.H.'s treatment with Dr. Bost.  Williams states that Williams lacks

sufficient information to admit or deny the allegations in Paragraph No. 143. As such, Williams denies any and all allegations in Paragraph No. 143 and demands strict proof thereof.

144.    Williams admits that M.H. received treatment from Dr. Roger Bost.  Williams denies that the excerpts from the medical records included in Paragraph No. 144 offer a full, fair, and accurate summation of the medical records.  Williams denies that Exhibit 27 is a full, fair and accurate copy of the records of M.H.'s treatment with Dr. Bost.  Williams states that Williams lacks sufficient information to admit or deny the allegations in Paragraph No. 144.  As such, Williams denies any and all allegations in Paragraph No. 144 and demands strict proof thereof.

145.    Williams admits that M.H. received treatment from Dr. Roger Bost.  Williams denies that the excerpts from the letter included in Paragraph No. 145 offer a full, fair, and accurate summation of the medical records.  Williams denies that Exhibit 28 is a full, fair and accurate copy of a letter written by Dr. Bost.  Williams states that Williams lacks sufficient information to admit or deny the allegations in Paragraph No. 145.   As such, Williams denies any and all allegations in Paragraph No. 145 and demands strict proof thereof.

146.    Williams states that the DFS July 2017 records speak for themselves. Williams denies that the excerpts of M.H.'s statements in Paragraph No. 146 offer a full, fair, and accurate summation of M.H.'s statements during that time.  Williams denies any and all remaining allegations in Paragraph No. 146 and demands strict proof thereof.

147.    Williams denies that "educational neglect" was the only reason that Williams recommended that Plaintiff should not be unsupervised when Williams visited her daughters. Williams denies that Exhibit 29  is a full, fair and accurate copy of M.H.'s academic record from Doniphan Public Schools.  Williams denies any and all remaining allegations in Paragraph No. 147 and demands strict proof thereof.

148.    Williams denies that Exhibit 30 is a full, fair and accurate copy of a Juvenile Court Order entered on July 27, 2017.  Williams denies any and all remaining allegations in Paragraph No. 148 and demands strict proof thereof.

149.    Williams denies any and all allegations in Paragraph No. 149 and demands strict proof thereof.

150.    Williams admits the allegations in Paragraph No. 150 and demands strict proof thereof.

151.    Williams denies that Exhibit 31 is a full, fair and accurate copy of M.H.'s medical records.  Williams denies any and all remaining allegations in Paragraph No. 151 and demands strict proof thereof.

152.    Williams denies that the alleged excerpts from the September 2017 DFS report offer a full, fair and accurate summation of that report.  Williams denies Exhibit 32 is a full, fair and accurate copy of the September 2017 DFS report. Williams denies Williams "insisted" on therapeutic visits with Charles. Williams denies any and all remaining allegations in Paragraph No. 152 and demands strict proof thereof.

153.    Williams denies that the alleged excerpts from the October 2017 DFS report offer a full, fair and accurate summation of that report.  Williams denies any and all remaining allegations in Paragraph No. 153 and demands strict proof thereof.

154.    Williams denies any and all remaining allegations in Paragraph No. 154 and demands strict proof thereof.

155.    Williams admits that on November 1, 2017, the DFS determined there was no evidence of educational neglect on Plaintiff's part at that time.  Williams denies that the alleged excerpt from the November 1, 2017 DFS report is a full, fair and accurate summation of that report.

Williams denies Exhibit 33 is a full, fair and accurate copy of the September 2017 DFS report. Williams denies any and all remaining allegations in Paragraph No. 155 and demands strict proof thereof.

156.    Williams admits that Williams had ongoing concerns with Plaintiff's alleged "educational neglect" of M.H. and S.H. prior to the children's enrollment in public school and private school.  Williams admits that  Charles and Grandmother Haynes paid Williams for her services as GAL as required by the court.  Williams denies any and all remaining allegations in Paragraph No. 156 and demands strict proof thereof.

157.    Williams denies Exhibit 34 is a full, fair and accurate copy of a letter written to the DFS.  Williams states that Williams lacks sufficient information to admit or deny the allegations in Paragraph No. 157.  As such, Williams denies any and all allegations in Paragraph No. 157 and demands strict proof thereof.

158.    Williams denies any and all allegations in Paragraph No. 158 and demands strict proof thereof.

159.    Williams denies any and all allegations in Paragraph No. 159 and demands strict proof thereof.

160.    Williams admits that on January 29, 2019, Williams sent an email to DFS. Williams states that Exhibit 35 speaks for itself.  Williams denies any and all remaining allegations in Paragraph No. 160 and demands strict proof thereof.

161.    Williams denies any and all allegations in Paragraph No. 161 and demands strict proof thereof.

162.    Williams states that Williams lacks sufficient information to admit or deny the allegations in Paragraph No. 162.   As such, Williams denies any and all allegations in Paragraph

No. 162 and demands strict proof thereof.

163.    Williams admits that M.H. received treatment from Dr. Roger Bost. Williams denies that Exhibit 36 is a full, fair and accurate copy of the records of M.H.'s treatment with Dr. Bost on February 6, 2018.  Williams states that Williams lacks sufficient information to admit or deny the allegations in Paragraph No. 163.   As such, Williams denies any and all allegations in Paragraph No. 163 and demands strict proof thereof.

164.    Williams denies that Exhibit 37 is a full, fair and accurate copy of a letter written by to the DFS and Juvenile Court  Williams states that Williams lacks sufficient information to admit or deny the allegations in Paragraph No. 164.  As such, Williams denies any and all allegations in Paragraph No. 164 and demands strict proof thereof.

165.    Williams denies that Exhibit 38 is a full, fair and accurate copy of a letter written to the Assistant Attorney General for the State of Missouri assigned to investigate Charles' sexual abuse of M.S.H. from the DFS.  Williams denies the allegations in Paragraph No. 165 and any inference or allegation that she "tampered" with any testimony related to Charles' criminal trial or otherwise. Williams denies any and all remaining allegations in Paragraph No. 165 and demands strict proof thereof.

166.    Williams admits that on June 27, 2018, the Juvenile Court in cases 17RI-JU00011 (S.H.) and 17RIJU00012 (M.H.) terminated its jurisdiction and physical and legal custody of M.H. and S.H. was returned to Plaintiff.  Williams denies Exhibit 39 is a full, fair and accurate copy of the June 27, 2018 Court Order and DFS request to close the case. Williams denies that the alleged excerpts from the June 27, 2018 Court Order and DFS request to close the case offer a full, fair and accurate summation of that report.  Williams denies any and all remaining allegations in Paragraph No. 166  and demands strict proof thereof.

167.    Williams admits that on September 4, 2018, Charles pleaded guilty to a Class C Felony, Statutory Sodomy of a Minor in the Second Degree under R.S. Mo. §566.064 for sexually abusing M.S.H.  Williams denies that Exhibit 40 is a full, fair and accurate copy of the transcript of Williams' December 12, 2018 testimony at Charles' sentencing. Williams denies that the alleged excerpts from the sentencing hearing transcript offer a full, fair and accurate summation of that plea hearing. Williams denies any and all remaining allegations in Paragraph No. 167 and demands strict proof thereof.

168.    Williams denies any and all allegations in Paragraph No. 168 and demands strict proof thereof.

169.    Williams states that Williams lacks sufficient information to admit or deny the allegations in Paragraph No. 169.   As such, Williams denies any and all allegations in Paragraph No. 169 and demands strict proof thereof.

170.    Williams admits the allegations in Paragraph No. 170.

171.    Williams admits the allegations in Paragraph No. 171.

172.    Williams admits that on December 12, 2018, Williams testified at Charles' sentencing hearing pursuant to a subpoena from Charles' attorney.  Williams denies that she testified "on behalf of Charles."  Williams denies that Exhibit 41 is a full, fair and accurate copy of the transcript of Williams' December 12, 2018 testimony at Charles' sentencing. Williams denies that the alleged excerpts from the sentencing hearing transcript offer a full, fair and accurate summation of that hearing.  Williams admits that Williams was a GAL in the Divorce and Juvenile cases at the time of the hearing.  Williams denies that Williams sought probation for Charles. Williams denies that Williams was the personal attorney for M.H.  Williams denies any and all remaining allegations in Paragraph No. 172 and demands strict proof thereof.

173.   Williams admits that on December 12, 2018, Williams testified at Charles' sentencing hearing pursuant to a subpoena from Charles' attorney. Williams denies that Williams sought probation for Charles or testified on his behalf. Williams denies that alleged excerpts from the sentencing hearing transcript offer a full, fair and accurate summation of that hearing.  Williams denies that Exhibit 41 is a full, fair and accurate copy of the transcript of Williams' December 12, 2018 testimony at Charles' sentencing.   Williams denies any and all remaining allegations in Paragraph No. 173 and demands strict proof thereof.

174.   Williams admits that on December 12, 2018, Williams testified at Charles' sentencing hearing pursuant to a subpoena from Charles' attorney. Williams denies that Williams sought probation for Charles or testified on his behalf.  Williams denies that Exhibit 41 is a full, fair and accurate copy of the transcript of Williams' December 12, 2018 testimony at Charles' sentencing.   Williams denies any and all remaining allegations in Paragraph No. 174 and demands strict proof thereof.

175.   Williams denies any and all allegations in Paragraph No. 175 and demands strict proof thereof.

176.   Williams denies any and all the allegations in Paragraph No. 176 and demands strict proof thereof.

177.   Williams states that Williams lacks sufficient information to admit or deny the allegations in Paragraph No. 177.   As such, Williams denies any and all allegations in Paragraph No. 177 and demands strict proof thereof.

178.   Williams admits that Plaintiff and M.S.H. did not testify at Charles's sentencing. Williams denies the remaining allegations in Paragraph No. 178 and demands strict proof thereof.

179.   Williams denies that she testified or sought to put Charles on probation or testified

on his behalf.  Williams admits the remaining allegations in Paragraph No. 179.

180.    Williams denies that Exhibit 43 is a full, fair and accurate copy of Dr. Mark's letter. Williams denies any and all remaining allegations in Paragraph No. 180 and demands strict proof thereof.

181.    Williams states that Williams lacks sufficient information to admit or deny the allegations in Paragraph No. 181.  As such, Williams denies any and all allegations in Paragraph No. 181 and demands strict proof thereof.

182.    Williams further denies that Exhibit 44 is a full, fair and accurate copy of text messages from M.H.  Williams denies any and all remaining allegations in Paragraph No. 182 and demands strict proof thereof.

183.    Williams denies any and all allegations in Paragraph No. 183 and demands strict proof thereof.  Williams states that all times relevant herein she was acting within the scope of her duties as GAL.

184.    Williams denies any and all allegations in Paragraph No. 184 and demands strict proof thereof.

185.    Williams admits that on April 28, 2021, Williams withdrew from the divorce case. Williams denies that the alleged excerpt from the Motion to Withdraw offer a fair, accurate, and accurate summation of the Motion to Withdraw. Williams states that the Motion to Withdraw speaks for itself. Williams denies any and all remaining allegations in Paragraph No. 185 and demands strict proof thereof.

186.    Williams denies the allegations in Paragraph No. 186 and demands strict proof thereof.

187.    Williams denies Exhibit 45 is a full, fair and accurate copy of a letter written to the

Divorce Court.  Williams states that Williams lacks sufficient information to admit or deny the allegations in Paragraph No. 187.  As such, Williams denies any and all allegations in Paragraph No. 187 and demands strict proof thereof.

### IV.    CAUSES OF ACTION

### COUNT I – WRONGFUL DEATH – ACTING OUTSIDE THE SCOPE OF GAL DUTIES
#### (DEFENDANTS WILLIAMS AND SPAIN, MILLER)

188.    Williams realleges and incorporate by reference their answers to the allegations in the paragraphs stated above as if fully set forth herein.

189.    Williams states that the remaining allegations in Paragraph No. 189 are conclusions of law.  As such, Paragraph No. 189 requires no Answer from Williams.  To the extent an Answer is required, Williams denies any and all allegations contained therein and demands strict proof thereof.

190.    Williams admits that Williams was the court-appointed GAL at all relevant times during the Divorce and Juvenile case.  Williams admits that a court-appointed GAL has certain duties in connection with their role as a court-appointed arm of the Court.  Williams states that the remaining allegations in Paragraph No. 190 are conclusions of law.  As such, Paragraph No. 190 requires no Answer from Williams.  To the extent an Answer is required, Williams denies any and all allegations contained therein and demands strict proof thereof.

191.    Williams admits that Williams was the court-appointed GAL at all relevant times during the Divorce and Juvenile case.  Williams admits that a court-appointed GAL has certain duties in connection with their role as a court-appointed arm of the Court.  Williams states that the remaining allegations in Paragraph No. 191 are conclusions of law.  As such, Paragraph No. 191 requires no Answer from Williams.  To the extent an Answer is required, Williams denies any and all allegations contained therein and demands strict proof thereof.

192.     Williams admits that Williams was the court-appointed GAL at all relevant times during the Divorce and Juvenile case.  Williams admits that a court-appointed GAL has certain duties in connection with their role as a court-appointed arm of the Court.  Williams states that the remaining allegations in Paragraph No. 192 are conclusions of law.  As such, Paragraph No. 192 requires no Answer from Williams.  To the extent an Answer is required, Williams denies any and all allegations contained therein and demands strict proof thereof.

193.     Williams admits that Williams was the court-appointed GAL at all relevant times during the Divorce and Juvenile case.  Williams admits that a court-appointed GAL has certain duties in connection with their role as a court-appointed arm of the Court.  Williams states that the remaining allegations in Paragraph No. 193 are conclusions of law.  As such, Paragraph No. 193 requires no Answer from Williams.  To the extent an Answer is required, Williams denies any and all allegations contained therein and demands strict proof thereof.

194.     Williams admits that Williams was the court-appointed GAL at all relevant times during the Divorce and Juvenile case.  Williams admits that a court-appointed GAL has certain duties in connection with their role as a court-appointed arm of the Court.  Williams states that the remaining allegations in Paragraph No. 194 are conclusions of law.  As such, Paragraph No. 194 requires no Answer from Williams.  To the extent an Answer is required, Williams denies any and all allegations contained therein and demands strict proof thereof.

195.     Williams denies any and all allegations in Paragraph No. 195,  including all subparagraphs thereto, and demands strict proof thereof.

196.     Williams denies any and all allegations in Paragraph No. 196,  and demands strict proof thereof.

197.     Williams denies any and all allegations in Paragraph No. 197, and demands

strict proof thereof.

198.    Williams denies any and all allegations in Paragraph No. 198, including all subparagraphs thereto, and demands strict proof thereof.

199.    Williams denies any and all allegations in Paragraph No. 199, and demands strict proof thereof.

200.    Williams denies any and all allegations in Paragraph No. 200, including any and all allegations in Paragraph No. 200, including all subparagraphs thereto, and demands strict proof thereof.

WHEREFORE, having fully answered Count I of the Amended Complaint, Defendants Jennifer Williams, and individuals and Jennifer Williams, d/b/a Williams Law pray to be dismissed therefrom with prejudice, awarded their taxable costs incurred herein, and for such other and further orders as this Court.

## DEFENDANTS DEMANDS TRIAL BY JURY.

## COUNT II - WRONGFUL DEATH – LEGAL MALPRACTICE
### (WILLIAMS AND SPAIN MILLER)

On June 08, 2022, the Court entered its Order and Memorandum dismissing Count II of Plaintiff's Amended Complaint. (Doc. 61). Accordingly, Williams makes no answer to Count II and Paragraphs 201 through 209. To the extent any of the allegations contained in Count II and Paragraph Nos. 201 through 209 may be construed to be directed against Williams in any way, then Williams specifically denies those allegations.

## COUNT III - WRONGFUL DEATH – BREACH OF FIDUCIARY DUTIES
### (WILLIAMS AND SPAIN MILLER)

On June 08, 2022, the Court entered its Order and Memorandum dismissing Count III of Plaintiff's Amended Complaint. Accordingly, Williams makes no answer to Count III and

Paragraphs 210 through 220. (Doc. 61). To the extent any of the allegations contained in Count III and Paragraph Nos. 210 through 220 may be construed to be directed against Williams in any way, then Williams specifically denies those allegations.

## COUNT IV – PERSONAL CLAIM OF PLAINTIFF – ACTING OUTSIDE THE SCOPE OF GAL DUTIES
### (WILLIAMS AND SPAIN MILLER)

On June 08, 2022, the Court entered its Order and Memorandum dismissing Count III of Plaintiff's Amended Complaint for Damages. (Doc. 61).  Accordingly, Williams makes no answer to Count III and Paragraphs 221 through 231.  To the extent any of the allegations contained in Count IV and Paragraph Nos. 221 through 231 may be construed to be directed against Williams in any way, then Williams specifically denies those allegations.

## COUNT VII - WRONGFUL DEATH - SEXUAL ASSAULT & BATTERY
### (DEFENDANT CHARLES HAYNES)

Count VII and Paragraph Nos. 253 through 266, and all subparagraphs thereto are not directed against Williams.  Accordingly, Williams makes no answer to Count VII and Paragraphs Nos. 253 through 266.  To the extent any of the allegations contained in Count VII and Paragraph Nos. 253 through 266 may be construed to be directed against Williams in any way, then Williams specifically deny those allegations.

## WILLIAMS' AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

1.     For further answer and affirmative defense, Williams states that Plaintiff's Amended Complaint for Damages fails to state a claim against Williams because as at all times relevant herein Williams was acting in the course and scope of her duties as a Guardian Ad Litem and is therefore entitled to quasi-judicial immunity.

2.     For further answer and affirmative defense, Williams states Plaintiff's Amended Complaint for Damages fails to state a claim against Williams in that any alleged threats by Williams

related to custody, foster care, or the like were made within the course and scope of her role as GAL are therefore protected by quasi-judicial immunity.

3.      For further answer and affirmative defense, Williams states that Plaintiff's Amended Complaint for Damages fails to state a claim in that Plaintiff fails to state a cognizable claim for relief in Count I.

4.      For further answer and affirmative defense, Williams states that Plaintiff's Amended Complaint for Damages fails to state a claim in that Williams as Guardian ad Litem, owed no duty of care to Plaintiff individually.

5.      For further answer and affirmative defense, Williams' states that Plaintiff's Amended Complaint for Damages fails to state a claim for wrongful death upon which relief can be granted because Plaintiff has not sufficiently alleged causation in that Missouri law has never recognized suicide to be the natural and probable consequence of a GAL's alleged misconduct.

6.      For further answer and affirmative defense, Williams states that Plaintiff's Amended Complaint for Damages fails to state a claim for wrongful death upon which relief can be granted because Plaintiff has not sufficiently alleged that Williams' acts and omissions caused or contributed to cause M.H.'s suicide in that a Missouri Court is not bound by a GAL's recommendations and Williams alleged threats as GAL could not have been carried out without a hearing and court order.

7.      For further answer and affirmative defense, Williams states Plaintiff's Amended Complaint for Damages fails to state a claim for breach of fiduciary duty and legal malpractice as Williams, a Guardian Ad Litem, owed M.H. no duty of care.

8.      For further answer and affirmative defense, Williams states Plaintiff's Amended Complaint for Damages fails to state a claim for wrongful death because Williams, as Guardian Ad Litem or attorney (which Williams denies), had no duty to prohibit or prevent M.H. from committing suicide.

9.      For further Answer and Affirmative Defense, and pleading in the alternative and hypothetically, Williams states that any recovery by Plaintiffs should be barred or reduced in proportion to Decedent M.H.'s own fault.

10.     For further answer and affirmative defense, Williams states that M.H.'s damages, if any, were the direct and proximate result of M.H.'s own comparative or contributory fault or conduct which directly caused and/or directly contributed to cause Plaintiff's damages, if any, in that M.H. voluntarily took her own life while M.H. was in the sole care and custody of Plaintiff.

11.     For further answer and affirmative defense, Williams states M.H.'s and/or Plaintiff's damages, if any, were the direct and proximate result of the conduct of others over whom Defendants had no control, including but not limited to Charles Haynes, Bernice Haynes, and Cynthia Haynes.

12.     For further answer and affirmative defense, Williams states, assuming any acts or omissions on the part of Williams caused or contributed to cause any damage to Plaintiff or M.H., which  Williams specifically and categorically deny—then the acts or omissions of others operated as an intervening cause to break the chain of causation such that any alleged acts or omissions on the part of Williams were not the proximate cause of Plaintiff's alleged damages, if any, including, but not limited to, the acts or omission of Plaintiff, Charles Haynes and Bernice Haynes.

13.     For further answer and affirmative defense, Williams states that, assuming any acts or omissions on the part of Williams caused or contributed to cause any damage to Plaintiff or M.H., which Williams specifically and categorically deny—the suicide of M.H. operated as an intervening cause to break the chain of causation such that any alleged acts or omissions on the part of Williams were not the proximate cause of Plaintiff's alleged damages.

14.     For further Answer and Affirmative Defense, and pleading in the alternative and hypothetically, Williams states that any recovery by Plaintiff should be barred or reduced in proportion to M.H.'s own fault.

15.     Pleading in the alternative, Plaintiff's alleged injuries and/or damages, if any, are the result of negligent acts or omissions of other persons, firms, corporations, or entities over whom Williams is not legally responsible, which jointly or singularly were the sole proximate, producing, superseding, intervening or other cause of all or part of the alleged injuries and damages for which Plaintiff seeks recovery.

16.     For further answer and affirmative defense, Williams states that if Williams is found liable, which liability Williams specifically denies, Williams is entitled to indemnity and/or contribution from those persons or entities whose fault caused or contributed to the damages for which recovery is sought and are further entitled to liability protection to the full extent permitted under Missouri law or any other applicable state's statutory or common law.

17.     For further answer and affirmative defense, Williams states that if Plaintiff should settle with any alleged tortfeasor responsible to Plaintiff as a result of the allegations in the Amended Complaint, then Williams is entitled to a credit or set-off for the settlement amount pursuant to Mo.Rev.Stat. § 537.060.

18.     For further Answer and Affirmative Defense, Williams hereby requests an apportionment of fault, if any, between Williams and any other party to this matter.

19.     For further answer and affirmative defense, Plaintiff's allegations as to Williams' deliberate and flagrant disregard for the rights of Plaintiff is premature and inappropriate because the court has not granted leave to Plaintiff to plead a punitive damages claim in accordance with § 510.261 R.S.Mo and therefore any judgment with a punitive damages claim in this cause.

20.     For further answer and affirmative defense, Williams states Plaintiff's damages, if any, should be reduced because of Plaintiff's failure to mitigate said damages.

21.     For further answer and affirmative defense, Williams states Plaintiff's individual claims are barred by the applicable statute of limitations.

22.     For further answer and affirmative defense, Williams states Plaintiff's individual claims are barred by Plaintiff's unclean hands and/or laches.

23.     For further answer and affirmative defense, Williams states Plaintiff's claims are barred by waiver, estoppel and/or res judicata.

24.     For further answer and affirmative defense, Williams states Plaintiff's claims for M.H.'s future earnings, wealth, and/or support from M.H. are barred because M.H. was a minor child at the time of her death, had no living dependents, and Plaintiff cannot establish with reasonable probability that Plaintiff would have received pecuniary benefits from M.H. had she continued to live beyond the age of minority.  *Mitchell v. Buchheit,* 559 S.W.2d 528 (Mo. 1977).

25.     For further answer and affirmative defense, Plaintiff's claim for punitive damages is unconstitutional in that it violates various provisions of the United States and Missouri Constitutions, including, but not limited to, Articles V and XIV of the United States Constitution, i.e.

(a) Section § 537.675, R.S.Mo., which takes half of any punitive damage award for the States of Missouri, makes the award of punitive damages a fine imposed and collected by the States, both facially and as applied, violates the double jeopardy clauses of the Fifth Amendment of the United States Constitution and Article I, Section 19 of the Missouri Constitution, because it allows multiple punitive damage awards for the same conduct.

(b) Missouri, by virtue of § 537.675, R.S.Mo., which requires half of any punitive award to be paid to the States of Missouri, has made every award of punitive damages a criminal fine without adequate guidelines giving notice as to the conduct or states of mind that could result in a punitive damage award and as to the procedures for imposing punitive damages, including without limitation, a failure to require a unanimous jury to award punitive damages.

26.     For further answer and affirmative defense, Williams specifically reserve the right to timely amend their Answer to include any and all affirmative defenses following discover of same.

WHEREFORE, having fully answered the Amended Complaint for Damages, Defendants Jennifer Williams, individually and Williams, d/b/a Williams Law pray to be dismissed therefrom with prejudice, awarded their taxable costs incurred herein, and for such other and further orders as this Court deems fit and proper.

### DEFENDANTS DEMANDS TRIAL BY JURY.

Respectfully submitted,

ROBERTS PERRYMAN, P.C.

By:    _/s/  Dustin L. Goldberger_
Richard C. Wuestling, #30773MO
Susan M. Dimond, #57434MO
Dustin L. Goldberger, #70080MO
1034 S. Brentwood, Suite 2100
St. Louis, Missouri 63117
Phone: (314) 421-1850
Fax: (314) 421-4346
rwuestling@robertsperryman.com
sdimond@robertsperryman.com
dgoldberger@robertsperryman.com

Attorneys for Defendants Jennifer Williams and
Jennifer Williams d/b/a Williams Law

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 29, 2022, the foregoing was electronically filed with the Clerk of the Court using CM/ECF electronic filing system which will send notification of such filing to the following and email to all counsel of record.

Laurence D. Mass laurencedmass@att.net
Evita Tolu evitatolu@outlook.com
*Attorneys for Plaintiff*

John C. Steffens jsteffens@lumbaughlaw.com
*Attorneys for Defendant Bernice Haynes*

Thomas W. Collins, III tcollins@blantonlaw.com mailto:tcollins@blantonlaw.com
*Attorneys for Spain, Miller, Galloway & Lee, LLC*

Cira R. Duffe duffe@hdp-law.com
*Attorney for Defendant Charles Haynes*


*/s/ Richard C. Wuestling*