IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

CYNTHIA K. HAYNES (a/k/a Cynthia     )
K. Randolph), individually and under    )
the Missouri Wrongful Death Statute    )
                                     )
Plaintiff,                      )
                                     )
vs.                            )     Case No: 1:21-CV-00160-ACL
                                     )
JENNIFER WILLIAMS, individually, et al.   )
                                     )
Defendants.                   )

## ANSWER TO AMENDED COMPLAINT FOR DAMAGES

COMES NOW, Defendant Spain, Miller, Galloway and Lee, LLC ("Defendant"), and for its answer to the Amended Complaint for Damages, states as follows:

### I.     JURISDICTION AND VENUE

1.    Defendant is without sufficient information regarding the residency of Plaintiff Cynthia K. Haynes, therefore Defendant denies that jurisdiction is proper in this matter based on diversity of citizenship. Defendant admits that it is a resident of Missouri.

2.    Defendant admits that Defendant resides in the judicial district and the alleged wrongful acts and/or admissions complained of occurred within the judicial district. Defendant denies all other allegations in Paragraph 2.

### II.    PARTIES

3.    Defendant admits that M.H. was the daughter of Cynthia Haynes. Defendant admits that M.H. was born on August 30, 2004, and died on November 24, 2018, and was 14 years old at the time of her death. Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 3 and therefore denies the same.

4.      Defendant admits that Cynthia Randolph a/k/a Cynthia Haynes is a natural person who is M.H.'s mother and is a member of the class of persons entitled to recover under the Missouri Wrongful Death Statute. Defendant is without sufficient information to admit or deny the remaining allegations of Paragraph 4, including the residency of Plaintiff, and therefore denies the remaining allegations in Paragraph 4.

5.      Defendant admits that Plaintiff has attempted to bring claims both individually and under RSMo. § 537.080, the Missouri Wrongful Death Statute. Defendant denies that Plaintiff has any individual claims and Plaintiff's only claims are under the Missouri Wrongful Death Statute. Defendant admits that when M.H. died she was unmarried and had no children but was survived by both parents. Defendant denies all remaining allegations in Paragraph 5.

6.      Defendant admits that Jennifer Williams was the court-appointed Guardian Ad Litem ("GAL") in the divorce case, *Charles Haynes v. Cynthia Haynes*, 13RI-CV00554, in the Circuit Court of Ripley County, Missouri, and was appointed pursuant to Exhibit 1. Defendant denies that Williams was the personal attorney to M.H. in the divorce or any other case. The allegations not specifically admitted herein are denied.

7.      Defendant admits the allegations set forth in Paragraph 7.

8.      Defendant is without sufficient information to admit or deny the allegations in Paragraph 8 and therefore denies the same.

9.      Defendant is without sufficient information to admit or deny the allegations in Paragraph 9 and therefore denies the same.

10.      Defendant admits that Williams served as the GAL in the Haynes divorce from May 6, 2016, until May 5, 2021. Defendant denies all remaining allegations not expressly admitted herein.

11.     Defendant denies that Williams served as M.H.'s personal attorney in the Haynes divorce or any other case at any time. Further, Defendant denies the remaining allegations in Paragraph 11.

12.     Defendant admits that a Guardian Ad Litem, such as Williams, functions as an extension of the Court and performs investigatory functions that the Court cannot perform itself. Defendant admits that Williams was not the personal attorney for M.H. or S.H. in her role as GAL or at any other time. Defendant denies all remaining allegations in Paragraph 12.

13.     This paragraph contains legal conclusions to which an answer is not required. The legal standard for the appointment and duties for a GAL are set forth in Missouri law, including RSMo. 452.423. Defendant denies Plaintiff's attempt to expand the duties of a GAL via the allegations of her Amended Complaint.

14.     Defendant denies that Williams was the personal attorney for M.H. and/or S.H. at any time; therefore, Defendant denies all allegations in Paragraph 14.

15.     Defendant admits that it received money as a result of Williams appointment as GAL in the Haynes divorce. Defendant denies the remaining allegations in Paragraph 15.

16.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 16 and therefore denies the same.

17.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 17 and therefore denies the same.

18.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 18 and therefore denies the same.

19.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 19 and therefore denies the same.

### III.    STATEMENT OF FACTS

20.    Defendant is without sufficient information to admit or deny the allegations in Paragraph 20 and therefore denies the same.

21.    Defendant is without sufficient information to admit or deny the allegations in Paragraph 21 and therefore denies the same.

22.    Defendant is without sufficient information to admit or deny the allegations in Paragraph 22 and therefore denies the same.

23.    Defendant is without sufficient information to admit or deny the allegations in Paragraph 23 and therefore denies the same.

24.    Defendant is without sufficient information to admit or deny the allegations in Paragraph 24 and therefore denies the same.

25.    Defendant is without sufficient information to admit or deny the allegations in Paragraph 25 and therefore denies the same.

26.    Defendant is without sufficient information to admit or deny the allegations in Paragraph 26 and therefore denies the same.

27.    Defendant is without sufficient information to admit or deny the allegations in Paragraph 27 and therefore denies the same.

28.    Defendant is without sufficient information to admit or deny the allegations in Paragraph 28 and therefore denies the same.

29.    Defendant is without sufficient information to admit or deny the allegations in Paragraph 29 and therefore denies the same.

30.    Defendant is without sufficient information to admit or deny the allegations in Paragraph 30 and therefore denies the same.

31.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 31 and therefore denies the same.

32.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 32 and therefore denies the same.

33.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 33 and therefore denies the same.

34.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 34 and therefore denies the same.

35.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 35 and therefore denies the same.

36.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 36 and therefore denies the same.

37.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 37 and therefore denies the same.

38.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 38 and therefore denies the same.

39.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 39 and therefore denies the same.

40.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 40 and therefore denies the same.

41.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 41 and therefore denies the same.

42.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 42 and therefore denies the same.

43.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 43 and therefore denies the same.

44.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 44 and therefore denies the same.

45.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 45 and therefore denies the same.

46.     Defendant admits that Williams was appointed by the divorce court to be the GAL for M.H. and S.H. on May 6, 2016. Defendant further states that Missouri law defines the scope of duties for a GAL; therefore, the remaining allegations are denied as improper legal conclusions.

47.     Defendant admits the allegations in Paragraph 47.

48.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 48 and therefore denies the same.

49.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 49 and therefore denies the same.

50.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 50 and therefore denies the same.

51.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 51 and therefore denies the same.

52.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 52 and therefore denies the same.

53.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 53 and therefore denies the same.

54.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 54 and therefore denies the same.

55.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 55 and therefore denies the same.

56.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 56 and therefore denies the same.

57.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 57 and therefore denies the same.

58.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 58 and therefore denies the same.

59.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 59 and therefore denies the same.

60.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 60 and therefore denies the same.

61.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 61 and therefore denies the same.

62.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 62 and therefore denies the same.

63.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 63 and therefore denies the same.

64.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 64 and therefore denies the same.

65.     Defendant admits that Plaintiff has accurately quoted a portion of the December 15, 2016, docket memorandum of Judge John H. Schock in the Haynes divorce.

66.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 66 and therefore denies the same.

67.     Defendant admits that the Court entered its order regarding Emergency Motion for Child Custody Pendente Lite on December 22, 2016, further, the order speaks for itself and all other allegations contained in Paragraph 67 are denied.

68.     The orders of the divorce court speak for themselves. Defendant is without information to admit or deny the allegations contained in Paragraph 68 and therefore denies the same.

69.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 69 and therefore denies the same.

70.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 70 and therefore denies the same.

71.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 71 and therefore denies the same.

72.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 72 and therefore denies the same.

73.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 73 and therefore denies the same.

74.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 74 and therefore denies the same.

75.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 75 and therefore denies the same.

76.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 76 and therefore denies the same.

77.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 77 and therefore denies the same.

78.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 78 and therefore denies the same.

79.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 79 and therefore denies the same.

80.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 80 and therefore denies the same.

81.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 81 and therefore denies the same.

82.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 82 and therefore denies the same.

83.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 83 and therefore denies the same.

84.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 84 and therefore denies the same.

85.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 85 and therefore denies the same.

86.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 86 and therefore denies the same.

87.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 87 and therefore denies the same.

88.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 88 and therefore denies the same.

89.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 89 and therefore denies the same.

90.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 90 and therefore denies the same.

91.     Defendant admits the allegations contained in Paragraph 91.

92.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 92 and therefore denies the same.

93.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 93 and therefore denies the same.

94.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 94 and therefore denies the same.

95.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 95 and therefore denies the same.

96.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 96 and therefore denies the same.

97.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 97 and therefore denies the same.

98.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 98 and therefore denies the same.

99.     Defendant admits that Williams filed a Memorandum with the divorce court on January 30, 2017. Defendant denies all remaining allegations in Paragraph 99.

100.    Defendant is without sufficient information to admit or deny the allegations in Paragraph 100 and therefore denies the same.

101.    Defendant is without sufficient information to admit or deny the allegations in Paragraph 101 and therefore denies the same.

102.    Defendant is without sufficient information to admit or deny the allegations in Paragraph 102 and therefore denies the same.

103.    Defendant admits that the order appointing Williams as GAL was never rescinded. Defendant denies all remaining allegations in Paragraph 103.

104.    Defendant is without sufficient information to admit or deny the allegations in Paragraph 104 and therefore denies the same.

105.    Defendant is without sufficient information to admit or deny the allegations in Paragraph 105 and therefore denies the same.

106.    Defendant is without sufficient information to admit or deny the allegations in Paragraph 106 and therefore denies the same.

107.    Defendant admits that Williams filed a Memorandum with the divorce court on February 3, 2017, seeking an order amending the temporary custody order. The Memorandum

and subsequent order of the Court speak for themselves. Defendant denies all allegations in Paragraph 107 not expressly admitted herein.

108.    Defendant is without sufficient information to admit or deny the allegations in Paragraph 108 and therefore denies the same.

109.    Defendant is without sufficient information to admit or deny the allegations in Paragraph 109 and therefore denies the same.

110.    Defendant is without sufficient information to admit or deny the allegations in Paragraph 110 and therefore denies the same.

111.    Defendant is without sufficient information to admit or deny the allegations in Paragraph 111 and therefore denies the same.

112.    Defendant is without sufficient information to admit or deny the allegations in Paragraph 112 and therefore denies the same.

113.    Defendant is without sufficient information to admit or deny the allegations in Paragraph 113 and therefore denies the same.

114.    Defendant is without sufficient information to admit or deny the allegations in Paragraph 114 and therefore denies the same.

115.    Defendant is without sufficient information to admit or deny the allegations in Paragraph 115 and therefore denies the same.

116.    Defendant is without sufficient information to admit or deny the allegations in Paragraph 116 and therefore denies the same.

117.    Defendant is without sufficient information to admit or deny the allegations in Paragraph 117 and therefore denies the same.

118.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 118 and therefore denies the same.

119.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 119 and therefore denies the same.

120.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 120 and therefore denies the same.

121.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 121 and therefore denies the same.

122.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 122 and therefore denies the same.

123.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 101 and therefore denies the same.

124.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 124 and therefore denies the same.

125.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 125 and therefore denies the same.

126.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 126 and therefore denies the same.

127.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 127 and therefore denies the same.

128.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 128 and therefore denies the same.

129.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 129 and therefore denies the same.

130.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 130 and therefore denies the same.

131.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 131 and therefore denies the same.

132.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 132 and therefore denies the same.

133.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 133 and therefore denies the same.

134.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 134 and therefore denies the same.

135.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 135 and therefore denies the same.

136.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 136 and therefore denies the same.

137.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 137 and therefore denies the same.

138.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 138 and therefore denies the same.

139.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 139 and therefore denies the same.

140.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 140 and therefore denies the same.

141.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 141 and therefore denies the same.

142.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 142 and therefore denies the same.

143.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 143 and therefore denies the same.

144.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 144 and therefore denies the same.

145.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 145 and therefore denies the same.

146.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 146 and therefore denies the same.

147.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 147 and therefore denies the same.

148.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 148 and therefore denies the same.

149.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 149 and therefore denies the same.

150.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 150 and therefore denies the same.

151.    Defendant is without sufficient information to admit or deny the allegations in Paragraph 151 and therefore denies the same.

152.    Defendant is without sufficient information to admit or deny the allegations in Paragraph 152 and therefore denies the same.

153.    Defendant is without sufficient information to admit or deny the allegations in Paragraph 153 and therefore denies the same.

154.    Defendant denies the allegations contained in Paragraph 154.

155.    Defendant is without sufficient information to admit or deny the allegations in Paragraph 155 and therefore denies the same.

156.    Defendant denies that Williams acted as the personal attorney for M.H. and/or S.H. at any time. Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 156 and therefore denies the same.

157.    Defendant is without sufficient information to admit or deny the allegations in Paragraph 157 and therefore denies the same.

158.    Defendant denies the allegations contained in Paragraph 158.

159.    Defendant denies the allegations contained in Paragraph 159.

160.    Defendant is without sufficient information to admit or deny the allegations in Paragraph 160 and therefore denies the same.

161.    Defendant is without sufficient information to admit or deny the allegations in Paragraph 161 and therefore denies the same.

162.    Defendant is without sufficient information to admit or deny the allegations in Paragraph 162 and therefore denies the same.

163.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 162 and therefore denies the same.

164.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 164 and therefore denies the same.

165.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 165 and therefore denies the same.

166.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 166 and therefore denies the same.

167.     Defendant admits that Charles Haynes pleaded guilty to a Class C felony, statutory sodomy of a minor in the second degree in regard to M.S.H. Defendant is without sufficient information to admit or deny the remaining allegation contained in Paragraph 167 and therefore denies the same.

168.     Defendant denies the allegations contained in Paragraph 168.

169.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 169 and therefore denies the same.

170.     Defendant admits that M.H. died on November 24, 2018. Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 170 and therefore denies the same.

171.     Defendant admits that the sentencing hearing for Charles Haynes was continued from November 26, 2018, to December 12, 2018. Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 171 and therefore denies the same.

172.    Defendant admits that Williams testified at the December 12, 2018, sentencing hearing of Charles Haynes pursuant to a subpoena. Defendant denies the remaining allegations of Paragraph 172.

173.    Defendant denies the allegations contained in Paragraph 173.

174.    Defendant denies the allegations contained in Paragraph 174.

175.    Defendant denies the allegations contained in Paragraph 175.

176.    Defendant denies the allegations contained in Paragraph 176.

177.    Defendant is without sufficient information to admit or deny the allegations in Paragraph 177 and therefore denies the same.

178.    Defendant is without sufficient information to admit or deny the allegations in Paragraph 178 and therefore denies the same.

179.    Defendant denies that Williams testified seeking probation for Charles Haynes on December 12, 2018, and the same is clearly contradicted by the transcript of proceedings attached as Exhibit 42. Defendant admits the remaining allegations in Paragraph 179.

180.    Defendant is without sufficient information to admit or deny the allegations in Paragraph 180 and therefore denies the same.

181.    Defendant is without sufficient information to admit or deny the allegations in Paragraph 181 and therefore denies the same.

182.    Defendant denies the allegations contained in Paragraph 182.

183.    Defendant denies the allegations contained in Paragraph 183 and states that all actions taken by Williams in this matter were within the scope of her duties as GAL.

184.    Defendant denies the allegations contained in Paragraph 184.

185.     Defendant admits that Williams withdrew as GAL in the divorce case on April 29,

2021. The Motion to Withdraw speaks for itself. Defendant denies all remaining allegations

contained in Paragraph 185 not specifically admitted herein.

186.     Defendant denies the allegations contained in Paragraph 186.

187.     Defendant is without sufficient information to admit or deny the allegations in

Paragraph 187 and therefore denies the same.

## IV.     CAUSES OF ACTION

### COUNT I – WRONGFUL DEATH – ACTING OUTSIDE THE SCOPE OF GAL DUTIES (DEFENDANTS WILLIAMS AND SPAIN, MILLER)

188.     Defendant restates and incorporates by reference herein the response of Defendant

to previous paragraphs as if fully stated herein.

189.     Defendant admits that Plaintiff, as mother of M.H., is in the class of individuals

authorized to pursue a wrongful death claim pursuant to Missouri law. Defendant denies all

remaining allegations contained in Paragraph 189 not specifically admitted herein.

190.     Defendant admits that Williams was the court appointed GAL at all times relevant

to this matter. The remaining allegations of Paragraph 190 are legal conclusions and do not

require a response from Defendant. To the extent that an answer is required, Defendant denies

the remaining allegations of Paragraph 190 not specifically admitted herein.

191.     Defendant admits that Williams was the court appointed GAL at all times relevant

to this matter. The remaining allegations of Paragraph 191 are legal conclusions and do not

require a response from Defendant. To the extent that an answer is required, Defendant denies

the remaining allegations of Paragraph 191 not specifically admitted herein.

192.     Defendant admits that Williams was the court appointed GAL at all times relevant

to this matter. The remaining allegations of Paragraph 192 are legal conclusions and do not

require a response from Defendant. To the extent that an answer is required, Defendant denies

the remaining allegations of Paragraph 192 not specifically admitted herein.

193.    Defendant admits that Williams was the court appointed GAL at all times relevant

to this matter. The remaining allegations of Paragraph 193 are legal conclusions and do not

require a response from Defendant. To the extent that an answer is required, Defendant denies

the remaining allegations of Paragraph 193 not specifically admitted herein.

194.    Defendant admits that Williams was the court appointed GAL at all times relevant

to this matter. The remaining allegations of Paragraph 194 are legal conclusions and do not

require a response from Defendant. To the extent that an answer is required, Defendant denies

the remaining allegations of Paragraph 194 not specifically admitted herein.

195.    Defendant denies the allegations contained in Paragraph 195, including subparts a

through q.

196.    Defendant denies the allegations contained in Paragraph 196.

197.    Defendant denies the allegations contained in Paragraph 197.

198.    Defendant denies the allegations contained in Paragraph 198, including subparts a

through d.

199.    Defendant denies the allegations contained in Paragraph 199.

200.    Defendant denies the allegations contained in Paragraph 200.

## COUNT II – WRONGFUL DEATH – LEGAL MALPRACTICE
### (DEFENDANTS WILLIAMS AND SPAIN, MILLER)

201.    On June 8, 2022, the court entered its Order and Memorandum dismissing Count

II of Plaintiff's Amended Complaint. Accordingly, Defendant makes no answer to Count II,

including Paragraphs 201 through 209. To the extent that an answer is required, Defendant

denies the allegations contained in Paragraphs 201 through 209.

## COUNT III – WRONGFUL DEATH – BREACH OF FIDUCIARY DUTIES
## (DEFENDANTS WILLIAMS AND SPAIN, MILLER)

202.    On June 8, 2022, the court entered its Order and Memorandum dismissing Count III of Plaintiff's Amended Complaint. Accordingly, Defendant makes no answer to Count III, including Paragraphs 210 through 220. To the extent that an answer is required, Defendant denies the allegations contained in Paragraphs 210 through 220.

## COUNT IV – PERSONAL CLAIM OF PLAINTIFF – ACTING OUTSIDE
## THE SCOPE OF GAL DUTIES
## (DEFENDANTS WILLIAMS AND SPAIN, MILLER)

203.    On June 8, 2022, the court entered its Order and Memorandum dismissing Count IV of Plaintiff's Amended Complaint. Accordingly, Defendant makes no answer to Count IV, including Paragraphs 221 through 231. To the extent that an answer is required, Defendant denies the allegations contained in Paragraphs 221 through 231.

## COUNT V – WRONGFUL DEATH – NEGLIGENT SUPERVISION
## (DEFENDANTS SPAIN, MILLER)

204.    On June 8, 2022, the court entered its Order and Memorandum dismissing Count V of Plaintiff's Amended Complaint. Accordingly, Defendant makes no answer to Count V, including Paragraphs 232 through 240. To the extent that an answer is required, Defendant denies the allegations contained in Paragraphs 232 through 240.

## COUNT VI – WRONGFUL DEATH – NEGLIGENCE
## (DEFENDANT GRANDMOTHER HAYNES)

205.    Count VI is not directed to this Defendant; therefore Defendant makes no answer to Count VI, including Paragraphs 241 through 252. To the extent that an answer is required, Defendant specifically denies all allegations contained in Count VI, including Paragraphs 241 through 252.

## COUNT VII – WRONGFUL DEATH – SEXUAL ASSAULT & BATTERY
## (DEFENDANT CHARLES HAYNES)

206.    Count VII is not directed to this Defendant; therefore Defendant makes no answer to Count VII, including Paragraphs 253 through 266. To the extent that an answer is required, Defendant specifically denies all allegations contained in Count VII, including Paragraphs 253 through 266.

## AFFIRMATIVE DEFENSES

1.    By way of further answer and affirmative defense, Defendant states that Plaintiff's Amended Complaint for Damages fails to state a claim against Defendant because at all times relevant herein, Williams was acting in the course and scope of her duties as a GAL and is therefore immune to suit under the doctrine of quasi-judicial immunity.

2.    By way of further answer and affirmative defense, Defendant states that Plaintiff's Amended Complaint for Damages fails to state a claim against Defendant in that Defendant owed no duty of care to Plaintiff.

3.    By way of further answer and affirmative defense, Defendant states that Plaintiff's Amended Complaint for Damages fails to state a claim upon which relief can be granted against Defendant in that Williams, as GAL, can only make recommendations regarding the custody of M.H. and ultimately it was up to the court or other authorities in regard to the care and custody of M.H. therefore the alleged acts or omissions of Williams did not cause or contribute to cause the death of M.H.

4.    By way of further answer and affirmative defense, Defendant states that Plaintiff's Amended Complaint for Damages fails to state a claim for wrongful death because Defendant had not duty to prohibit or prevent M.H.'s death.

5.      By way of further answer and affirmative defense, Defendant states that any recovery by Plaintiff should be barred or reduced in proportion to decedent's own fault.

6.      By way of further answer and affirmative defense, Defendant states that any damages suffered by the Plaintiff were the direct and proximate result of the actions of others, including M.H.'s own comparative or contributory fault which caused or directly contributed to cause Plaintiff's damages, if any.

7.      By way of further answer and affirmative defense, Plaintiff's damages, if any, were the direct and proximate result of the conduct of others over whom Defendants had no control, including but not limited to Charles Haynes, Berneice Haynes, and Cynthia Haynes.

8.      By way of further answer and affirmative defense, Defendant states that there was one or more superseding intervening cause that broke the causal chain between any alleged acts or omissions by Defendant thus said actions, were not the proximate cause of Plaintiff's alleged damages, if any.

9.      By way of further answer and affirmative defense, Plaintiff's alleged damages, if any, are the result of negligent acts or omissions of other persons, firms, corporations or entities over whom Defendant is not legally responsible, which were the sole proximate cause of the alleged injuries and damages for which Plaintiff seeks recovery.

10.     By way of further answer and affirmative defense, Defendant states that if Defendant is found liable, which liability Defendant specifically denies, Defendant is entitled to indemnity or contribution from those persons or entities whose fault caused or contributed to cause the damages for which recovery is sought and are further entitled to liability protection to the full extent permitted under Missouri law.

11.     By way of further answer and affirmative defense, Defendant states that if Plaintiff should settle with any tortfeasor responsible to Plaintiff as a result of the allegations in the Amended Complaint, then Defendant is entitled to a credit or set-off for the settlement amount pursuant to Mo.Rev.Stat. § 537.060.

12.     By way of further answer and affirmative defense, Defendant hereby requests an apportionment of fault, if any, between Defendant and any other party alleged to be at fault in this matter.

13.     By way of further answer and affirmative defense, Plaintiff's claim for aggravating circumstances or punitive damages is premature as no initial pleading in a civil claim shall contain a claim for punitive damages pursuant to RSMo. 510.261.5.

14.     By way of further answer and affirmative defense, Defendant states that Plaintiff's damages, if any, should be reduced because of Plaintiff's failure to mitigate said damages.

15.     By way of further answer and affirmative defense, Defendant states that Plaintiff's claims are barred by the doctrine of unclean hands and/or laches.

16.     By way of further answer and affirmative defense, Defendant specifically reserves the right to timely amend its Answer to include any and all defenses following discovery in this matter.

WHEREFORE, having fully answered the Amended Complaint for Damages, Defendant Spain, Miller, Galloway and Lee, LLC, prays to be dismissed from this action with prejudice, be awarded its taxable court costs and for such other and further relief as the court deems just and reasonable.

DEFENDANT DEMANDS TRIAL BY JURY.

**Respectfully submitted,**

BLANTON, NICKELL, COLLINS,
DOUGLAS & HANSCHEN, L.L.C.
219 South Kingshighway
Post Office Box 805
Sikeston, Missouri   63801
PHONE (573) 471-1000        FAX (573) 471-1012
EMAIL: tcollins@blantonlaw.com


By: /s/ Thomas W. Collins, III
     Thomas W. Collins, III                46295MO


*Attorneys for Spain, Miller, Galloway & Lee, LLC*

## **<u>CERTIFICATE OF SERVICE</u>**

I, Thomas W. Collins, III, an attorney, hereby certify that a copy of the above and foregoing was filed electronically with the Clerk of the United States District Court for the Eastern District of Missouri – Southern Division, this 29th day of June, 2022, using the CM/ECF system. I further certify that I signed the original of this document and will keep said original for a period of not less than the maximum allowable time to complete the appellate process.

/s/ Thomas W. Collins, III
Thomas W. Collins, III
