IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| CYNTHIA K. HAYNES (a/k/a Cynthia K. Randolph), individually and under the Missouri Wrongful Death Statute<br><br>Plaintiff,<br><br>vs.<br><br>JENNIFER WILLIAMS, individually, et al.<br><br>Defendants. | Case No: 1:21-CV-00160-SCL |

## WILLIAMS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

### I. INTRODUCTION AND BACKGROUND

On November 12, 2021, Plaintiff Cynthia K. Haynes (a/k/a Cynthia K. Randolph), filed her Amended Complaint for Damages ("Amended Complaint") against Defendants Jennifer Williams, individually, and Jennifer Williams d/b/a Williams Law (collectively hereinafter, "Williams") (among other named defendants). Williams was the court-appointed guardian ad litem ("GAL") in Plaintiff's divorce and child custody cases. (Doc. 6, ¶6).

In the Amended Complaint, Plaintiff alleges that Williams engaged in various forms of wrongdoing as the GAL. This wrongdoing included, among other things, threatening Plaintiff, and her minor daughter, M.H., with adverse custody arrangements if they testified against M.H.'s father during his pending criminal case. (*See e.g.,* Doc. 6, ¶¶195, 204, 227). The Amended Complaint alleges that Williams' conduct caused or contributed to cause M.H. to commit suicide. (Doc. 6, ¶¶196, 197). Additionally, in Count IV, Plaintiff individually alleges that Williams "acted outside the scope of her GAL duties" causing Plaintiff Haynes damage. (*See* Doc. 6 at ¶227-29).

On January 18, 2022, Williams filed a Motion to Dismiss Counts I–IV of Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6)("Motion to Dismiss"). Relevant to this Motion, Williams' Motion to Dismiss argues that Count IV failed to state a claim for relief because Plaintiff failed to sufficiently allege that Williams owed Plaintiff a duty of care even if she was acting outside the scope of her GAL duties. (Doc. 31,at ¶12). On June 08, 2022, the Court entered its Memorandum and Order on Williams' Motion to Dismiss.[1] In its Memorandum and Order, the Court granted Williams' Motion to Dismiss Counts II – IV of the Amended Complaint but denied the Motion to Dismiss as to Count I in part. (Doc. 61, p. 26).

On June 15, 2022, Plaintiff Haynes filed a Motion for Reconsideration as to the dismissal of Plaintiff's Personal Claim against Williams in Count IV (hereinafter "Moton for Reconsideration" and a Memorandum in Support of her Motion to Reconsideration (hereinafter "Memorandum in Support of Reconsideration").[2] Plaintiff's Motion for Reconsideration asks the Court to reverse the dismissal of Count IV and "reconsider its decision absolving. Defendants [Williams] for damages incurred to Plaintiff, individually, as a result of being threatened by [Williams] with loss of her parental rights and/or diminishment of those rights" (Doc. 62, ¶18).

For the reasons set forth herein, Plaintiff's Motion for Reconsideration should be denied.

## II.   STANDARD OF LAW

"The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'" *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n. 3 (1981)(citations omitted). And "a district court has broad discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Rule 59(e)." *Metro. St. Louis Equal Hous.*

---

[1] The June 08, 2022 Memorandum and Order also included rulings on pending motions to dismiss that were filed by all of the other named defendants in this case.
[2] Plaintiff's Motion for Reconsideration also asks the Court to reconsider the June 08, 2022 Memorandum and Orders' dismissal of Plaintiff's claim against Defendant Bernice Haynes. On June 17, 2022, Defendant Haynes filed a separate memorandum in opposition to Plaintiff's Motion for Reconsideration. On June 24, 2022, Plaintiff filed her Reply.

*& Opportunity Council v. City of Maplewood, Missouri,* No. 4:17CV886 RLW, at *1 (E.D. Mo. May 8, 2018)(quoting *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). "Rule 59(e) motions serve the limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.' " *Id.* (*quoting Innovative Home Health Care v. P. T.-O. T. Assoc. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir.1998).  Motions under 59(e) " 'cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment.' " *Id.* (*quoting Innovative Home Health Care*, 141 F.3d at 1286). "Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.  *Id.* (*citing* § 2810.1 Grounds for Amendment or Alteration of Judgment, 11 Fed. Prac. & Proc. Civ. § 2810.1 (3d ed.)(footnotes omitted).

### III.   ARGUMENT

**A. This Court should deny Plaintiff's Motion to Reconsider because Plaintiff has failed identify any manifest errors of law or fact that would justify reversing the dismissal of Count IV.**

In its Memorandum and Order dismissing Count IV, the Court held that "Plaintiff fail[ed] to cite any authority for the proposition that a GAL's threatening a third party creates the right to bring a cause of action for damages against the GAL." (Doc 61, p. 25).  Nevertheless, in her Motion for Reconsideration, Plaintiff once again fails to offer any authority that recognizes the right of a parent (or any other third party for that matter) to bring a civil action for damages against a GAL under Missouri law.  Instead, Plaintiff asks the Court to consider multiple cases that the Plaintiff already cited to in opposition to Williams' Motion to Dismiss:  *In re Krigel*, 480 S.W.3d 294 (Mo. 2016), *Deutsch vs. Wolff*, 994 S.W.2d 561 (Mo. 1999) and *Kennedy vs. Kennedy*, 819 S.W.2d 406 (Mo. Ct. App. 1991). (Doc. 62, ¶13-17); (Doc. 44, Plaintiff's Memorandum in Response to Defendants Williams' and Spain Miller's Motions to Dismiss; pp. 24, 25).

Plaintiff Haynes' Motion for Reconsideration argues, despite clear contrary Missouri authority, that *Krigel* establishes that an attorney can be found to be at "fault" for "acting to harm the interest of an opponent party during litigation." (Doc. 62, ¶¶13-14). But as this Court previously found when it originally analyzed *Krigel*, Plaintiff's reliance on this case misses the mark.

> ….*Krigel* was a disciplinary action, not a civil action for damages. Additionally, Krigel did not involve a GAL. Missouri courts have held that the Rules of Professional Conduct "do not form the basis of a civil cause of action." *Roth v. La Societe Anonyme Turbomeca France*, 120 S.W.3d 764, 777 (Mo. Ct. App. 2003). While the Rules of Professional Conduct provide standards and violation of them result in disciplinary action, they do not augment an attorney's substantive legal duty or the extra-disciplinary consequences of violating such a duty. *See* Greening v. Klamen, 652 S.W.2d 730, 734 (Mo. Ct. App. 1983); Rules of Professional Conduct, Scope. Thus, Williams' [sic] alleged violations of the Rules of Professional Conduct do not create a duty to Plaintiff, nor do they form the basis for a civil cause of action.

(Doc. 61, pp. 24-25). Plaintiff may be frustrated by the Court's analysis of *Krigel*, but the Motion to Reconsider offers no legal basis for the Court to find that the dismissal of Count IV was erroneous.

Similarly, Plaintiff's Motion to Reconsider argues that the Court failed to "address the implications" of *Deutsch* and *Kennedy* which hold that "professional representing persons other than the one who sued them had a duty not to act tortiously toward the party who was not the professional client." (Doc. 62, ¶15). But it is clear why the Order and Memorandum did not discuss *Deutsch* and *Kennedy*: these cases have no application to Plaintiff's claim in Count IV. The plaintiffs in *Deutsch* were beneficiaries of a trust that filed suit against an accountant and the trustee for mishandling the trust's finances. *Deutsch,* 994 S.W.2d at 563-66. And *Kennedy* involved an action brought by third-parties against an attorney for interfering in a land deal. *Kennedy*, 819 S.W.2d 407-08. Of course, neither *Deutsch* nor *Kennedy* hold that a mother can state a cause of action against a GAL for threatening her "parental rights and/or diminishment of those rights." (Doc. 62, ¶18).

In addition to recycling old cases and using them as support for her claim, Plaintiff Haynes present the Court with *Klemme v. Best* 941 S.W.2d 943 (Mo. 1997) to argue that Count IV is a valid cause of action. According to Plaintiff, *Klemme* held that "[When an attorney acts in conflict with

**her client's** interest, she can also be liable to **her client** based upon her breach of fiduciary duties to **her client**." (Doc. 63, p. 8)(emphasis added). Plaintiff also cites *London v. Weitzman*, 884 S.W.2d 674 (Mo. Ct. App. 1994) to point out the fact that "an attorney can be liable to a **client** if that negligence causes the **client** damage." (Doc. 63, p. 8)(emphasis added). But it is not clear why Plaintiff believes *Klemme* or *London* are instructive: these cases focus exclusively on the duties owed by an attorney **to a client.** Here, as the Motion to Reconsider itself acknowledges, Williams was the GAL in the divorce case. (Doc. 62, ¶18). Plaintiff did not have an "attorney-client relationship" with Williams, and the duties of care that form the basis of the claims in *Klemme* and *London* are of no moment.

Accordingly, this Court should deny Plaintiff's Motion to Reconsider because Plaintiff has failed identify any manifest errors of law or fact that led to the dismissal of Count IV.

**B. This Court should deny Plaintiff's Motion to Reconsider because Missouri law does not recognize a civil cause of action for "witness tampering."**

In her Motion to Reconsider, Plaintiff Haynes argues that Count IV should survive because Williams engaged in "witness tampering," which is defined as criminal conduct in Missouri. (Doc. 62, ¶¶19-21). Williams did not engage in witness tampering and was never criminally charge with witness tampering. As such, the Court properly granted William's Motion to Dismiss Count IV as Plaintiff does not plead a recognized theory or liability and as discussed above, Williams owed her no duty.

Plaintiff argues that if Williams engaged in conduct that would subject her to criminal liability, such conduct must also subject to her civil liability. But Plaintiff's supposition ignores a basic principle of Missouri law: "Criminal sanctions against doing or not doing some act do not automatically include authority for civil actions." *Otte v. Edwards*, 370 S.W.3d 898, 902 (Mo. Ct. App. 2012)(citing *Lafferty v. Rhudy,* 878 S.W.2d 833, 835 (Mo. Ct. App. 1994)("A statute which

creates a criminal offense and provides a penalty for its violation will not be construed as created a new civil cause of action independently of the common law, unless such appears by express terms or by clear implication to have been the legislative intent."); *Bailey v. Canadian Shield General Insurance Co.*, 380 S.W.2d 378 (Mo. 1964)("When a statute expressly creates a criminal liability, the court which reads a civil obligation into the enactment is embarking upon a perilous speculation")(citation omitted)).

The Motion to Reconsider fails to identify any common law or statutory authority that authorizes an independent civil action for "witness tampering" in Missouri. Nevertheless, the Plaintiff urges the Court to recognize "witness tampering" as a new civil action in Missouri since other types of conduct in Missouri can form the basis of a civil action and also form the basis of a criminal prosecution. (Doc. 62, ¶20). Specifically, as Plaintiff notes, assault, battery, and false imprisonment are all forms of conduct that can be prosecuted in both a criminal and a civil case. (Doc. 62, ¶19). But Plaintiff overlooks a key aspect of assault, battery, and false imprisonment as each of these are well-established common law claims in Missouri *e.g.*, *see e.g., Stewart v. Watson*, 133 Mo. App. 44, 112 S.W. 762 (1908)(recognizing that assault and battery are viable civil claims); *Oliver v. Kessler*, 95 S.W.2d 1226 (Mo. App. 1936)(reviewing the plaintiff's burden of proof in a civil claim for false imprisonment)). Conversely, Missouri has <u>never</u> recognized that "witness tampering" forms the basis of a viable civil claim, either by common law <u>or</u> by statute. *See Kilmer v. Mun*, 17 S.W.3d 545, 554 (Mo. 2000)(noting that in Missouri "[c]laims for injuries are recognized by common law and by statute")). *Taylor v. Leadec Corp.*, 4:18-CV-409 RLW, 2019 WL 3414265, at *3 (E.D. Mo. July 29, 2019)(applying Missouri law and dismissing plaintiff's civil "extortion" claim because "extortion" was "covered only under criminal statutes").

Accordingly, this Court should deny Plaintiff's Motion to Reconsider because Missouri law does not recognize a civil cause of action for "witness tampering."

### C. This Court should deny Plaintiff's Motion to Reconsider because Count IV failed to allege a cognizable claim for relief.

The Motion for Reconsideration states as follows:

> Defendant Williams threatened Plaintiff directly that she would cause Plaintiff harm if Plaintiff or her daughters testified against Defendants Charles Haynes in his criminal proceedings. To recover for the **emotional damages** Plaintiff suffered as a result of those threats, as alleged Plaintiff has a right to sue Defendant Williams….

(Doc. 62, ¶24). Despite the foregoing, it is not at all clear that Plaintiff has "a right to sue" Williams for her "emotional damages." As set forth in Section A, *infra*, Plaintiff failed to sufficiently allege that Williams owed Plaintiff a legal duty of care as GAL. And there is no tort in Missouri for "witness tampering" nor for "acting outside the scope of GAL duties." Count IV fails to identify what theory of liability the basis of her claim for her injuries. Plaintiff cannot introduce new legal theories on a motion to reconsider. *Metro. St. Louis Equal Hous. & Opportunity Council,* at *1 (quoting *Metro. St. Louis Sewer Dist.*, 440 F.3d at 933. Accordingly, this Court should deny Plaintiff's Motion to Reconsider because Count IV failed to allege a cognizable claim for relief.

### CONCLUSION

This Court should deny Plaintiff's Motion to Reconsider because Plaintiff has failed identify any manifest errors of law or fact that would justify reversing the dismissal of Count IV. Additionally, this Court should deny Plaintiff's Motion to Reconsider because Missouri law does not recognize a civil cause of action for "witness tampering." Finally, this Court should deny Plaintiff's Motion to Reconsider because Count IV failed to allege a cognizable claim for relief.

Respectfully submitted,

ROBERTS PERRYMAN, P.C.

By:     /s/   Dustin L. Goldberger
Richard C. Wuestling, #30773MO
Susan M. Dimond, #57434MO
Dustin L. Goldberger, #70080MO
1034 S. Brentwood, Suite 2100
St. Louis, Missouri 63117
Phone: (314) 421-1850
Fax: (314) 421-4346
rwuestling@robertsperryman.com
sdimond@robertsperryman.com
dgoldberger@robertsperryman.com

Attorneys for Defendants Jennifer Williams and Jennifer Williams d/b/a Williams Law

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2022, the foregoing was electronically filed with the Clerk of the Court using CM/ECF electronic filing system which will send notification of such filing to the following and email to all counsel of record.

Laurence D. Mass laurencedmass@att.net
Evita Tolu evitatolu@outlook.com
*Attorneys for Plaintiff*

John C. Steffens jsteffens@lumbaughlaw.com
*Attorneys for Defendant Bernice Haynes*

Thomas W. Collins, III tcollins@blantonlaw.com mailto:tcollins@blantonlaw.com
*Attorneys for Spain, Miller, Galloway & Lee, LLC*

Cira R. Duffe duffe@hdp-law.com
*Attorney for Defendant Charles Haynes*

　　　　　　　　　　　　　　　　 /s/ Dustin L. Goldberger