UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| CYNTHIA K. HAYNES (a/k/a Cynthia K. Randolph), individually and under the Missouri Wrongful Death Statute | ) ) ) ) |
| Plaintiffs | ) ) ) |
| v. | ) ) Cause No. 1:21-CV-00160-ACL |
| JENNIFER WILLIAMS, individually, JENNIFER WILLIAMS, d/b/a WILLIAMS LAW, SPAIN, MILLER, GALLOWAY & LEE, LLC, a Missouri limited liability company, BERNICE HAYNES, individually and CHARLES HAYNES, individually | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**PLAINTIFF'S RESPONSES AND ANSWERS TO DEFENDANT JENNIFER WILLIAMS' AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

COMES NOW Plaintiff by and through counsel in response to Defendant Williams' ("Williams") Affirmative Defenses states as follows:

1. It is denied that at any time relevant to any of the allegations in the Amended Complaint that Williams was acting in the course and scope of her duties as a Guardian Ad Litem (GAL). Therefore, Williams is not entitled to quasi-judicial immunity.

2. It is denied that any alleged threats by Williams as stated in the Amended Complaint relating to custody, foster care, or the like were made within the course and scope of her role as a GAL. Therefore Williams is not protected by quasi-judicial

immunity.

3.     It is denied that Count I of the Amended Complaint fails to state a cause of action that is cognizable and for which relief can be granted under the laws of the State of Missouri.

4.     It is denied that Plaintiff's Amended Complaint fails to state a claim in which Williams acting as GAL or otherwise owed no duty of care to Plaintiff, individually.  Rather, by the threats that Williams made to Plaintiff, individually, Williams acted outside the scope of her duties as a GAL.  Williams had a duty to Plaintiff to refrain from making threats to her that would put her under duress and threats to her that would cause her significant emotional suffering for fear of loss of the custody and/or her parental rights to her children even though Plaintiff had done nothing to justify losing those rights.

5.     It is denied that Plaintiff's Amended Complaint for damages fails to state a claim for wrongful death upon which relief can be granted.  Plaintiff has sufficiently alleged causation under Missouri law.  Missouri law has recognized that suicide can be the natural and probable consequence of damages caused by the alleged misconduct of any tortfeasor whether a GAL or otherwise and that, in this case, Plaintiff has properly alleged that the damage that Williams caused by her acts has naturally and probably led to M.H. committing suicide.

6.     It is denied that Plaintiff's Amended Complaint fails to state a claim for wrongful death.  Plaintiff has sufficiently alleged that Williams' acts and omissions

caused or contributed to cause M.H.'s suicide even if a court is not bound by a GAL's recommendations and even if her threats could not be carried out without a hearing or court order. So long as Williams' threats could reasonably be perceived by M.H. as being achievable by Williams in her position as GAL, they can serve as the basis as Plaintiff's causes of action in her claim for wrongful death against Williams.

7. It is denied that the Amended Complaint fails to state a claim for breach of fiduciary duty and legal malpractice against Williams. She owed such duties to M.H. as stated in Counts II and III of the Amended Complaint.

8. It is denied that Plaintiff's Amended Complaint for damages fails to state a claim for wrongful death. Williams had a duty as GAL to protect M.H. from harm and to foster M.H.'s mental health and well-being in order to help M.H. from being so distraught emotionally as to commit suicide.

9. It is denied that M.H. had any fault leading to her suicide. For that reason Plaintiff denies that any recovery that is to be had should be reduced by any alleged fault that M.H. had.

10. It is denied that M.H.'s damages were a direct and proximate result of her own comparative or contributory fault. M.H. had no comparative fault in what occurred as alleged. At the time of her death M.H. was fourteen (14) years old and was not at comparative fault or contributory fault to having caused Plaintiff's damages. She was so overwrought with emotional distress that M.H. was unable to preserve her own life.

11. It is specifically denied that Plaintiff Cynthia Haynes caused or contributed

to cause M.H.'s death. It is also denied that the cause of M.H.'s death is solely the result of acts of Defendant Charles Haynes and Defendants Bernice Haynes. Though these two Defendants may have contributed to cause M.H.'s death, the acts of Williams and the conduct complained of by Williams in the Amended Complaint caused and/or contributed to cause M.H.'s death.

12. It is denied that the acts of Williams were not directly and proximately causal or did not directly or proximately contribute to cause the death of M.H. There was no intervening cause between the acts of Williams and M.H.'s death as to relieve Williams of liability for the damages Plaintiff suffered for the wrongful death of M.H.

13. It is specifically denied that the suicide of M.H. was an intervening cause to break the chain of causation between the wrongful acts of Williams as alleged and M.H.'s death by suicide. Williams' acts were a proximate cause of M.H.'s suicide and, therefore, Plaintiff's damages.

14. It is denied that any recovery Plaintiff will have should be reduced by apportionment attributable to M.H.'s own fault. M.H. is without fault and there should be no reduction in damages as a result of any actions that M.H. took.

15. Plaintiff specifically denies that there are any negligent acts or omissions of any other person, firms, corporations, or entities other than those stated in the Amended Complaint that produced any proximate, superceding, intervening, or other cause for any damages for which Plaintiff seeks recovery.

16. It is admitted that if Williams is found liable for Plaintiff's damages that she

is entitled to contribution from any other person who is also found to be liable for Plaintiff's damages if allowed under Missouri law and in accordance with Missouri law.

17.  It is admitted that if there is a settlement with persons other than Williams for Plaintiff's damages, then Williams would be entitled to any credit or setoff allowed or authorized under any Missouri statute.

18.  Plaintiff does not believe that any Defendant in this action, including Williams, should be entitled any reduction in damages based upon an apportionment of fault.  She should be entitled to any apportionment in fault as a means for contribution to total damages.  However, all Defendants are jointly and severally liable for the entirety of Plaintiff's damages.

19.  Plaintiff denies that her allegations seeking punitive damages are premature and not appropriate.  R.S. Mo.§510.261 was enacted after all of the acts complained of in the Amended Complaint.  Therefore, it is not applicable to this cause of action.

20.  It is denied that any damages assessed against Williams should be reduced by any acts or failures to act by Plaintiff.  Plaintiff has not failed to mitigate her damages.

21.  It is denied that any claim that Plaintiff might make for M.H.'s future earnings, wealth, and/or support are barred because she was a minor child at the time of her death.  Plaintiff can establish, if she so chooses, with reasonable probability that Plaintiff would have received pecuniary benefits from M.H. had M.H. continued to live beyond the age of minority.

22.  It is denied that Plaintiff had unclean hands or committed laches.  The legal

doctrines of unclean hands and laches do not apply in this case.

23.     It is denied that Plaintiff's claims are barred by waiver, estoppel and/or res judicata.

24.     It is denied that any claim Plaintiff has for M.H.'s future earnings, wealth or support is barred for any reason.

25.     It is denied that Plaintiff's claim for punitive damages is unconstitutional either under the United States or the Missouri Constitutions for any of the reasons stated in Williams' Affirmative Defenses.

26.     All parties reserve the right to amend their pleadings as permitted by the Rules of Federal Procedure and the good graces of this Court.

Respectfully submitted,

| | |
|---|---|
| */s/  Laurence D. Mass* | */s/  Evita Tolu* |
| Laurence D. Mass, Bar # 30977 Mo. | Evita Tolu, Bar # 49878 Mo. |
| 230 S. Bemiston Avenue, Suite 1200 | 1 Crabapple Court |
| Saint Louis, Missouri 63105 | Saint Louis, Missouri 63132 |
| Phone: (314) 862-3333 ext. 20 | Cell: (314) 323-6033 |
| Fax: (314) 862-0605 | Fax:         (314) 207-0086 |
| e-mail: laurencedmass@att.net | e-mail: evitatolu@outlook.com |

Attorneys for Cynthia K. Haynes

### CERTIFICATE OF SERVICE

It is hereby certified that on this   6th   day of July 2022, a copy of the foregoing was filed electronically with the Clerk of the Court to be served to all counsel by operation of the Court's electronic filing system.

/s/  Laurence D. Mass