UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| CYNTHIA K. HAYNES (a/k/a Cynthia K. Randolph), individually and under the Missouri Wrongful Death Statute | )<br>)<br>)<br>) |
| Plaintiff | )<br>) |
| v. | )  Cause No. 1:21-CV-00160-ACL<br>) |
| JENNIFER WILLIAMS, individually,<br>JENNIFER WILLIAMS, d/b/a WILLIAMS LAW,<br>SPAIN, MILLER, GALLOWAY & LEE, LLC,<br>    a Missouri limited liability company,<br>BERNICE HAYNES, individually and<br>CHARLES HAYNES, individually | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**PLAINTIFF'S RESPONSES AND ANSWERS TO
DEFENDANT SPAIN, MILLER'S AFFIRMATIVE DEFENSES TO
PLAINTIFF'S AMENDED COMPLAINT**

COMES NOW Plaintiff by and through counsel and in response to Defendant Spain, Miller, Galloway & Lee, LLC ("Spain, Miller") Affirmative Defenses states as follows:

1. It is denied that at all times pertinent to the Amended Complaint that Defendant Jennifer Williams ("Williams") was acting in the course and scope of her duties as a Guardian Ad Litem (GAL). Therefore, Williams is not immune to suit. She acted outside the scope of her duties as a GAL.

2. It is denied that the Amended Complaint fails to state a claim against Spain, Miller because it owed no duty of care to Plaintiff. On the contrary, when Spain, Miller's

employee, Williams, acting within the course and scope of her employment with Spain, Miller she threatened Plaintiff with consequences adverse to Plaintiff's rights as the parent of M.H. should she testify or should her older daughter Melissa testify against Defendant Charles Haynes in a criminal proceeding unrelated to the custody matter for which Williams was the GAL.  By directly threatening Plaintiff with loss her rights as a parent, Williams violated a duty owed to Plaintiff.

3. It is denied that the acts of Williams did not cause or contribute to cause the death of M.H. because ultimately, a court or other authority would make the decision with regard to the care and custody of M.H.  The threats from the GAL as enumerated in the Amended Complaint were threats that the fourteen (14) year old M.H. would take seriously as threats that could be actualized because of Williams' role as the GAL.

4. It is denied that the Amended Complaint fails to state a claim for wrongful death.  Williams, and thus, Spain, Miller, had a duty to protect the well-being and safety of M.H.  Williams had a duty to assure the emotional, as well as the physical, well-being of M.H.  Williams' duty owed to M.H. as the GAL to protect M.H.'s best interests as well as her physical and emotional well-being extends to her duty that ultimately was to protect M.H. and to prevent M.H.'s death.

5. It is specifically denied that M.H. was at fault in any way concerning her death.  Therefore, Plaintiff should not be barred or have her recovery reduced in any proportion as the result of any act of decedent.

6. It is denied that the damages as stated in the Amended Complaint that

Plaintiff suffered were the direct and proximate cause only of others, including M.H.'s own fault, which Plaintiff denies in total and which could not have been a contributory or comparative fault in this case.  It is also denied that Plaintiff in any way contributed to the damages that she suffered and that the damages that should be awarded to her should in any way be reduced as the result of her own actions.  It is further denied that any fault attributable to Defendant Charles Haynes and/or Defendant Bernice Haynes exclusively caused the damages that Plaintiff suffered to the exclusion of the faults of Williams and Spain, Miller which contributed to cause the damages sought through the Amended Complaint.

7. It is denied Plaintiff had any fault in causing M.H.'s death.  It is also denied that Plaintiff's damages were solely caused by others over which Williams and Spain, Miller had no control.

8. It is denied that there were any superceding, intervening causes that broke the causal chain between any alleged acts or omissions by Williams and/or Spain, Miller which would result in their actions not being a proximate cause of Plaintiff's alleged damages.

9. It is denied that Plaintiff's damages were the result of the acts or omissions of other persons, firms, corporations, or entities to the exclusion of the contributing cause of Plaintiff's damages being the acts of Williams and Spain, Miller.

10. It is admitted that Spain, Miller is entitled to indemnity or contribution from any other person or entity whose fault as a contributing cause of Plaintiff's damages, but

only to the extent as permitted by Missouri law.

11. It is admitted that if Plaintiff settles with any Defendant to the extent that Missouri provides, Spain, Miller would be entitled to a setoff or credit for the settlement amount.

12. Plaintiff is not affected by affirmative defense No. 12 and takes no position other than to state that if there is any apportionment of fault among Defendants, Spain, Miller is entitled to that apportionment occurring in accordance with Missouri law.

13. It is denied that Plaintiff prematurely requested punitive damages. R.S. Mo.§510.261 was enacted after the events which are alleged in the Amended Complaint. Therefore, R.S. Mo.§510.261 is not applicable to the current lawsuit as set forth in the Amended Complaint.

14. It is denied that Plaintiff has failed to mitigate any damages. Therefore, Spain, Miller is not entitled to any reduction of Plaintiff's damages for such claim failure.

15. It is denied that Plaintiff's claims are barred by the doctrine of unclean hands and/or laches. Those doctrines apply to civil claims for equitable relief, Plaintiff's Amended Complaint does not set forth claims for equitable relief. It is also denied that Plaintiff acted in a way that would justify barring her complaints for unclean hands and/or laches should those doctrines apply.

16. Plaintiff acknowledges that all parties may amend their pleadings, answers, and affirmative defenses at any time as allowed by the Federal Rules of Civil Procedure and the discretion of this Court.

WHEREFORE, Plaintiff prays that the Affirmative Defenses stated by Spain, Miller be dismissed and grant such other and further relief as the Court deems just under the circumstances herein.

Respectfully submitted,

| | |
|---|---|
| /s/  Laurence D. Mass | /s/  Evita Tolu |
| Laurence D. Mass, Bar # 30977 Mo. | Evita Tolu, Bar # 49878 Mo. |
| 230 S. Bemiston Avenue, Suite 1200 | 1 Crabapple Court |
| Saint Louis, Missouri 63105 | Saint Louis, Missouri 63132 |
| Phone: (314) 862-3333 ext. 20 | Cell: (314) 323-6033 |
| Fax: (314) 862-0605 | Fax:              (314) 207-0086 |
| e-mail: laurencedmass@att.net | e-mail: evitatolu@outlook.com |

Attorneys for Cynthia K. Haynes

**CERTIFICATE OF SERVICE**

It is hereby certified that on this __6th__ day of July 2022, a copy of the foregoing was filed electronically with the Clerk of the Court to be served to all counsel by operation of the Court's electronic filing system.

/s/  Laurence D. Mass