**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| CYNTHIA K. HAYNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:21-CV-00160-ACL |
| | ) | |
| JENNIFER WILLIAMS, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S REPLY TO WILLIAMS' RESPONSE IN OPPOSITION TO**
**PLAINTIFF'S MOTION FOR RECONSIDERATION**

Defendant Jennifer Williams' ("Williams") argues that the standard of law

governing Plaintiff's Motion for Reconsideration (Williams' Memorandum at pgs. 2-3)

requires outright rejection of Plaintiff's Motion.  She parallels the arguments made by

Defendant Bernice Haynes in her opposition to Plaintiff's Motion for Reconsideration.

Therefore, Plaintiff adopts her arguments in her Reply to Defendant Bernice Haynes'

Responses as to why her Motion for Reconsideration is appropriate under Rule 54(b)

(pgs. 1-3 of Plaintiff's Reply) and why this Court should entertain Plaintiff's Motion.

In the first section of her argument, Williams asserts that Plaintiff did not recite

any new law that would justify reconsideration.  What Plaintiff did cite was law that had

not been considered by the Court that a professionals' action, though done on behalf of a

client, can still be the basis for a cause of action against that professional by a party

directly impacted by that professional's actions when those actions constitute a tort or the

basis for another legal claim against the professional.  That is what Plaintiff has asserted;

that Williams' actions and statements through her threats constituted a tort against Plaintiff personally by causing her emotional distress and anxiety about the potential loss of her parental rights to such an extent that Plaintiff is entitled to recovery from Williams. Plaintiff has a cause of action against Williams for her damages resulting from Williams' threats.

Williams asserts that Missouri law does not "recognize a civil cause of action for 'witness tampering'." She explains that violations of certain criminal statutes do not necessarily subject a person to civil liability. That may be true. However, that misses the essence of Plaintiff's claims against Williams. While Williams' actions, which constituted witness tampering in violation of Missouri statutes, even though not prosecuted as such, are the basis for concluding that Williams acted outside the scope of her authority as a GAL. Williams' threats to damage Plaintiff's rights as a parent serve as the basis for Plaintiff's civil claims against Williams.

Williams threatened Plaintiff with loss of her custodial rights should she, M.S.H. (Plaintiff's daughter from a previous marriage) or M.H. testify against Defendant Charles Haynes in his criminal proceedings and/or sentencing. It was Williams' threats against Plaintiff as opposed to the witness tampering *per se* which are the basis of Plaintiff's civil action against Williams. Once Williams acted outside the scope of her duties as a GAL, she became liable to Plaintiff for damages resulting from the threats resulting in duress, and coercion Williams imposed on Plaintiff. Lafferty vs. Rhudy, 878 S.W.2d 833, 835 (Mo. App. W.D. 1994).

As explained by the Court of Appeals in Lafferty, even though a criminal statute

does not necessarily provide for civil liability based upon its violation, a criminal statute may create a new civil cause of action independent of the common law if that is expressed in the terms of the statute or is an implication of the legislative intent behind the statute. Missouri courts will readily expand accepted common law doctrines where appropriate and necessary in order to provide for a just and proper result.  In <u>Lafferty</u>, the plaintiff did not appropriately allege an abuse of process such that civil liability would attached to the defendant.  However, the court in <u>Lafferty</u> noted that even though "duress" from which a person is subjected to such intense pressure that that person's will is overcome and she is coerced into meeting the demands of another usually applies to efforts to set aside a contract or to recover money that was paid inappropriately, the application of duress was expanding in 1994.  878 S.W.2d at 836.

The concept of duress was recognized approximately a hundred years ago. <u>Mississippi Valley Trust Co. v. Begley</u>, 252 S.W.76 (Mo. 1923).  In that case, threats of prosecuting payee's son for forgery were deemed sufficient for the matter to be litigated under the doctrine of duress to prevent holding the endorser for the amount of a note.  See also, <u>Furman v. Gulf Ins. Co.</u>, 152 F.2d 891 (8th Cir. 1946) in which the court recognizes that "boundaries of the field of duress" have been extended in more recent years.  It focuses on whether there has been a "wrongful use of coercive means or circumstances." 152 F.2d at 894.  That case concerned transactions that occurred in the State of Missouri. That case guides the application of "duress" as it relates to the threats that Williams made to Plaintiff, to what it caused Plaintiff to do or not do and to the emotional suffering that Plaintiff endured as a result.

Similarly, in <u>Manufacturers American Bank v. Stamatis</u>, 719 S.W.2d 64 (Mo. App. S.D. 1986) the Court of Appeals upheld an award against the bank in which the jury was instructed with regard to duress based upon threats.  Duress is a tort premised upon undue pressure and influence which causes a person to act other than they would normally do. 719 S.W.2d 67.

Although not decided under the concept of duress as such and contained within an analysis of whether there were Constitutional violations and thus a claim under §1983, a district court in South Dakota recently held that a party could be liable to a parent based upon making threats to cutoff financial aid and take away her children if the parent did not agree to a uranalysis of the child in violation of the Fourth Amendment (inappropriate searches and seizures).  <u>Hunter vs. S.D. Dep't. of Soc. Servs.</u>, 377 F. Supp.3d 964, 981-982 (D.C. S.D. 2019) citing as supporting precedent <u>Lynumn vs. Illinois</u>, 83 S.Crt. 917 (963) and <u>United States vs. Tingle</u>, 658 F.2d 1332, 1335-1336 (9th Cir. 1981).  In these cited Fourth Amendment cases, the courts discuss coercing a confession and threats to the relationship of parent and child which "embodies a primordial and fundamental value of our society."

Given the expanding concept of duress and its general acceptance in Missouri law, Williams' threats made in the context of her violating statutes prohibiting tampering with witnesses, form a cognizable claim against her for the damages she caused Plaintiff personally.  Again, the violations of prohibiting tampering with witnesses allow suit against Williams for acting outside the scope of her duties as the GAL.  It was the threats and the duress and coercion accompanying the threats that Williams made to Plaintiff

which, as alleged, caused Plaintiff emotional suffering, that form the basis of the claim against Williams.  For this reason, Plaintiff's Motion for Reconsideration should be granted and Plaintiff's claims in Count IV of her Amended Complaint should be reinstated.

## CONCLUSION

For the above stated reasons, Plaintiff's Motion for Reconsideration should be granted, Count IV of Plaintiff's Amended Complaint should be reinstated, and this Court should grant such other and further relief as it deems just under the circumstances herein.


Respectfully submitted,

/s/  Laurence D. Mass
Laurence D. Mass, Bar # 30977 Mo.
230 S. Bemiston Avenue, Suite 1200
Saint Louis, Missouri 63105
Phone: (314) 862-3333 ext. 20
Fax: (314) 862-0605
e-mail: laurencedmass@att.net

/s/  Evita Tolu
Evita Tolu, Bar # 49878 Mo.
1 Crabapple Court
Saint Louis, Missouri 63132
Cell: (314) 323-6033
Fax:   (314) 207-0086
e-mail: evitatolu@outlook.com

Attorneys for Cynthia K. Haynes


## CERTIFICATE OF SERVICE

It is hereby certified that on this   8th   day of July 2022, a copy of the foregoing was filed electronically with the Clerk of the Court to be served to all counsel by operation of the Court's electronic filing system.


/s/  Laurence D. Mass