IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| CYNTHIA K. HAYNES (a/k/a Cynthia K. Randolph), individually and under the Missouri Wrongful Death Statute<br><br>Plaintiff,<br><br>vs.<br><br>JENNIFER WILLIAMS, individually, et al.<br><br>Defendants. | Case No: 1:21-CV-00160-ACL |

**THE WILLIAMS DEFENDANTS' SUR-REPLY IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

In Plaintiff Cynthia Haynes' ("Plaintiff") Reply to Williams' Response in Opposition to Plaintiff's Motion for Reconsideration ("Reply"), Plaintiff urges the Court to reconsider the dismissal of Count IV of the Amended Complaint. However, the Reply now appears to ask the Court to consider new and unpled theories of liability—duress and coercion. In support thereof, the Reply not only misstates Missouri law but also asks the Court to ignore what was actually pled in the Amended Complaint. As the Court appropriately ruled that Plaintiff failed to state a claim in Count IV, Plaintiff's Motion for Reconsideration must be denied.

**ARGUMENT**

It is difficult to ascertain what Plaintiff's theory of liability is in Count IV, as "acting outside the scope of her duties as GAL" is not a tort that is recognized in Missouri. And as noted in Williams' Response to the Motion for Reconsideration, "witness tampering" does not form the basis of a civil claim in Missouri. Recognizing this problem, Plaintiff has apparently pivoted away from focusing on Williams' purported criminal activity and claims to that Count IV supports a new theory of liability, to wit "[i]t was the threats and the duress and coercion accompanying the threats that

**Exhibit 1**

Williams made to Plaintiff which, as alleged, caused Plaintiff emotional suffering, that form the basis of the claim against Williams." (Reply at 4-5).[1]  Even under the most liberal pleading standards, Plaintiff has not and cannot state a claim for duress or coercion.

In response to Plaintiff's assertion that "witness tempering" can form the basis of a civil claim, Williams cited to *Lafferty v. Rhudy,* 878 S.W.2d 833, 835 (Mo. Ct. App. 1994) for the proposition that, "[a] statute which creates a criminal offense and provides a penalty for its violation will not be construed as creating a new civil cause of action independently of the common law, unless such appears by express terms or by clear implication to have been the legislative intent." Williams further argued "[c]riminal sanctions against doing or not doing some act do not automatically include authority for civil actions." *Otte v. Edwards*, 370 S.W.3d 898, 902 (Mo. Ct. App. 2012).

In Reply, Plaintiff cites to *Lafferty* for the proposition that "[o]nce Williams acted outside the scope of her duties as a GAL, she became liable to Plaintiff for damages resulting from the threats resulting in duress, and coercion Williams imposed on Plaintiff." (Reply at 2).  Notably, *Lafferty* establishes that the victim of a crime is not entitled to pursue a civil remedy against the perpetrator unless the criminal statute offers some indication that the Missouri legislature intended to authorize a civil cause of action for the same conduct. *Lafferty,* 878 S.W.2d at 835.  *Lafferty* does not support Plaintiff's contention that she has or can plead claims of duress or coercion against Williams based on her supposed threats, and the facts of *Lafferty* are not at all similar to the case at hand.

In *Lafferty*, Lafferty (the plaintiff) was an attorney who represented a client in an underlying personal injury lawsuit against Rhudy (the defendant).  *Lafferty,* 878 S.W.2d at 834.  The personal injury lawsuit was eventually dismissed.  *Id.*  Thereafter, Rhudy sent Lafferty a letter in which Rhudy accused Lafferty of unethical conduct during the personal injury lawsuit.  *Id.*  Rhudy's letter demanded that Lafferty pay Rhudy's legal costs from the malpractice case.  *Id.*  The letter threatened

---

[1] The 68 page Amended Complaint never uses the words "duress" or "coercion" or "coerce." (*See* Doc. 6).

**Exhibit 1**

that if Lafferty did not pay Rhudy within five (5) days after he received the letter, Rhudy would file an ethics complaint against Lafferty. *Id.* Lafferty then filed suit against Rhudy, asserting multiple claims, including "attempted stealing by coercion" and "duress." [2] *Id.* at 835. The trial court dismissed the entire lawsuit for failure to state a claim. *Id.*

On appeal, the court acknowledged that "attempted stealing by coercion" constitutes criminal conduct in Missouri. *Id.* (citations omitted). But the court reviewed the language and legislative history of the applicable criminal statutes and found that Lafferty failed to identify any basis for the Court to find that "the victim of the crime of attempted stealing by coercion has a civil cause of action against the alleged perpetrator…." *Id.* Accordingly, the *Lafferty* court **declined** to recognize a cause of action for "attempted stealing by coercion." *Id.* at 386 (citing *Parker v. Lowery,* 446 S.W.2d 593, 595–96 (Mo.1969) (holding that there are fundamental distinctions between civil and criminal actions and stating that "[i]f every citizen were held to have a right of action for civil damages because of violations of the criminal law which were detrimental to the public interest, we would have utter chaos in our courts. The duty of the citizen is to report such crimes and to make formal complaints he feels it to be his duty")).

The *Lafferty* court also affirmed the dismissal of the "duress" claim for failure to state a claim. *Id.* at 837. In doing so, the court noted that "duress" is usually a defense to the formation of a contract. *Id.* However, the court also recognized that the "the obtaining of a transfer of any form of property by duress" has been recognized "tortious conduct" *Id.* at 837 (internal citations omitted). The *Lafferty* court held that the "duress" claim failed because the plaintiff did not allege that the defendant's threats compelled him to involuntarily give the defendant "anything of value." *Id.* (citing

---

[2] The *Lafferty* plaintiff brought three claims against the defendant: Violation of Duties Imposed Upon [Defendant] And Due [Plaintiff] Under the Criminal Laws of The State of Missouri," abuse of process, and duress. For purposes of brevity, this Sur-Reply refers to the first claim as a civil claim for "attempted stealing by coercion" as that is how it is discussed in the opinion. This Sur-Reply does not discuss the *Lafferty* court's analysis of the "abuse of process" claim, as the Reply concedes that this claim was not "appropriately alleg[ed]" in that case. (Doc. 77, p. 3).

**Exhibit 1**

*United Tel. Co. v. Horn,* 610 S.W.2d 701, 705 (Mo. Ct. App. 1980)).

Accordingly, Williams' threats do not form the basis of a civil cause of action for "coercion" since such a claim does not exist as a matter of law. *Lafferty,* 878 S.W.2d at 836. Moreover, Williams' alleged threats cannot form the basis of a civil claim for "duress" because Plaintiff does not allege that she involuntarily gave Williams money, property or "anything of value." *Id.*; *see Steinger v. Smith,* 358 Mo. 39, 46, 213 S.W.2d 396, 400 (1948) (recognizing that the payment of money under circumstances constituting duress is tortious and "'will render the same involuntary and entitle the party so coerced to recover the money paid....'")).

In addition to *Lafferty*, the Reply cites other cases to support Plaintiff's new theory that Count IV stated an actionable civil claim for "duress." *Mississippi Valley Trust Co. v. Begley*, 298 Mo. 654 (Mo. 1923); *Furman v. Gulf Ins. Co.,* 152 F.2d 891 (8th Cir. 1946); *Manufacturers American Bank v. Stamati* (Mo. Ct. App. 1986). But these cases are not applicable to this action because they involved efforts to set aside a contract or recover money on the grounds of "duress." Thus, the Reply's assertion that these case "guide the application of 'duress' as it relates to the threats that Williams made to Plaintiff" is baseless. (Doc. 77, p. 3).

Confusingly, the Reply also cites *Hunter vs. S.D. Dep't. of Soc. Servs*., 377 F. Supp.3d 964 (D.S.D. 2019) to support Plaintiff's new argument that Count IV states a claim for "coercion." *Hunter* is a § 1983 case wherein the plaintiff alleged that various defendants violated her Fourth Amendment rights by coercing her into giving consent for a medical procedure to be performed on her son. *Id.* at 981. *Hunter* involved claims of Fourth Amendment violations under federal law. It gives this Court no guidance on whether Missouri law provides a tort remedy in duress or coercion under the allegations of Plaintiff's Amended Complaint.

Plaintiff fails to identify any authority which holds that Williams's threats form the basis of a cause of action for "duress" or "coercion." Nor do the cases cited provide support for the notion

**Exhibit 1**

that there is a "expanding concept of duress and its general acceptance under Missouri law." (Reply at 4).

Plaintiff's Motion to Reconsider fails to provide the Court with any newly discovered evidence and does not identify any "manifest error of fact or law" that would warrant the reinstatement of Count IV.  Accordingly, this Court should deny the Motion to Reconsider because the dismissal of Count IV was proper as it failed to state claim for relief against Williams. *Innovative Home Health Care, Inc. v. P.T.– O.T. Assocs. of the Black Hills,* 141 F.3d 1284, 1286 (8th Cir. 1998) ("Rule 59(e) motions serve a limited function of correcting manifest errors of law or fact or to present newly discovered evidence.") (citations omitted).

Respectfully submitted,

ROBERTS PERRYMAN, P.C.

By:    /s/  Susan M. Dimond
       Richard C. Wuestling, #30773MO
       Susan M. Dimond, #57434MO
       Dustin L. Goldberger, #70080MO
       1034 S. Brentwood, Suite 2100
       St. Louis, Missouri 63117
       Phone: (314) 421-1850
       Fax: (314) 421-4346
       rwuestling@robertsperryman.com
       sdimond@robertsperryman.com
       dgoldberger@robertsperryman.com

Attorneys for Defendants Jennifer Williams and Jennifer Williams d/b/a Williams Law

**Exhibit 1**

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 14, 2022, the foregoing was electronically filed with the Clerk of the Court using CM/ECF electronic filing system which will send notification of such filing to the following and email to all counsel of record.

Laurence D. Mass laurencedmass@att.net
Evita Tolu evitatolu@outlook.com
*Attorneys for Plaintiff*

John C. Steffens jsteffens@lumbaughlaw.com
*Attorneys for Defendant Bernice Haynes*

Thomas W. Collins, III tcollins@blantonlaw.com mailto:tcollins@blantonlaw.com
*Attorneys for Spain, Miller, Galloway & Lee, LLC*

Cira R. Duffe duffe@hdp-law.com
*Attorney for Defendant Charles Haynes*

      */s/ Susan M. Dimond*

**Exhibit 1**