**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| CYNTHIA K. HAYNES, | ) | |
| (a/k/a Cynthia K. Randolph), | ) | |
| Individually and under the Missouri | ) | |
| Wrongful Death Statute | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Cause No. 1:21-CV-00160-ACL |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| JENNIFER WILLIAMS, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**JOINT PROPOSED SCHEDULING PLAN**

The parties to this cause, pursuant to Rule 26(f) of the Federal Rules of Civil

Procedure, submit the following Joint Proposed Scheduling Plan to the Court.

1. <u>Track Designation</u>.  This matter is appropriately assigned to **Track 2**

**(standard).**

2. <u>Additional Parties and Amended Pleadings</u>.  All motions for joinder of

additional parties or motions to amend the pleadings shall be filed **no later than**

**December 2, 2022.**

3. <u>Discovery Plan</u>.

i. <u>Electronically Stored Information</u>.  The parties have discussed

preservation and disclosure of electronically stored discovery

information.  The disclosure or discovery of electronically stored

information shall be handled by the parties on an ongoing basis, as

necessary, based upon the availability and/or existence of electronically stored information, if any.

ii.     <u>Privilege</u>.  The party asserting a claim of privilege shall initially handle such claims through the production of a privilege log.  The parties agree that if privileged or protected information is inadvertently produced, the producing party may by timely notice assert the privilege or protection and obtain return of the material without waiver.

iii.     <u>Disclosures</u>.  The parties shall provide voluntary disclosures as called for by Federal Rule of Civil Procedure 26(a)(1) on or before **October 3, 2022**.  The parties agree to negotiate a protective order to submit for Court approval prior to **October 3, 2022**.

iv.     <u>Discovery Phases</u>.  The parties do not believe that discovery needs to be conducted in phases, nor should discovery be limited to any particular issues.

v.     <u>Expert Disclosures</u>.  The parties have considered the deadlines relating to expert disclosures and recommend the following with respect to expert witnesses: Plaintiff shall disclose the identity and shall provide the reports required by Rule 26(a)(2)(B) with respect to any retained expert witnesses by **(Plaintiff: December 31, 2022) (Defendants: March 17, 2023)**, and shall produce such experts for

deposition no later than **(Plaintiff: February 15, 2023)**

**(Defendants: April 28, 2023)**.  Defendants shall disclose the

identity and shall provide the reports required by Rule 26(a)(2)(B)

with respect to any retained expert witnesses by **(Plaintiff: April 1,**

**2023) (Defendants: June 16, 2023)**, and shall produce such experts

for deposition no later than **(Plaintiff: May 15, 2023) (Defendants:**

**July 31, 2023)**.

vi.  <u>Discovery Limits</u>.  The presumptive limits of 10 depositions per side

as set forth in Rule 30(a)(2)(A), and 25 interrogatories per party as

set forth in Rule 33(a), shall apply to this case, absent agreement of

the parties.

vii.  <u>Physical/Mental Examinations</u>.  Any request for a physical/mental

examination shall be made by **(Plaintiff: March 1, 2023)**

**(Defendants: May 1, 2023)**, and any examination should be

completed by **(Plaintiff: April 1, 2023) (Defendants: June 2,**

**2023)**.

viii.  <u>Completion of Discovery</u>.  All discovery must be completed no later

than **(Plaintiff: May 15, 2023) (Defendants: September 15, 2023)**.

ix.  <u>Other Matters pertinent to Discovery</u>.  All parties shall give at least

ten (10) business days' notice for the taking of depositions, unless a

shorter period of time is agreed to by the parties or ordered by the

Court for good cause shown.  No depositions shall be noticed unless counsel for the parties have consulted with each other regarding a mutually convenient date and location and attempted to reach agreement.  If counsel have agreed upon a deposition date, the party taking the deposition shall serve notice of the deposition upon all other parties. If a party refuses to promptly communicate or cooperate in the scheduling of depositions, the deposition may be set by notice.  In the event of the cancellation of the deposition of any party or other witness, counsel representing the party that scheduled the deposition shall notify each other counsel of the cancellation as soon as practical by telephone, fax, or email, during normal business hours.

4.  <u>Alternative Dispute Resolution</u>.  The parties agree to the referral of this matter to mediation and suggest that mediation take place no earlier than **(Plaintiff: May 15, 2023) (Defendants: November 30, 2023).**  Nothing contained in the Joint Proposed Scheduling Plan shall be construed to prevent the parties from voluntarily agreeing to mediation before **(Plaintiff: May 15, 2023) (Defendants: November 30, 2023).**  Should a party decide that referral to mediation will not aid resolution of this case, that party shall notify the other parties and there will be no mediation.

5. <u>Dispositive Motions</u>.  Dispositive Motions and any motions filed under <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993), shall be filed on or before

**(Plaintiff: August 2, 2023) (Defendants: October 2, 2023)**, with responses in opposition

due no later than **(Plaintiff: September 3, 2023) (Defendants: November 3, 2023)**, and

any reply brief shall be filed no later than **(Plaintiff: September 20, 2023) (Defendants:**

**November 20, 2023).**

      6.    <u>Trial Setting</u>.  The earliest date by which this case should reasonably be

expected to be ready for trial is **April 8, 2024**.  The length of time expected to try this

case to verdict is **seven (7)** days.

      7.    The parties shall use their best efforts to resolve any discovery disputes

without the Court's intervention. See, *e.g.*, Local Rule 37-3.04.

Respectfully submitted,

*/s/ Laurence D. Mass*                    */s/ Evita Tolu*

Laurence D. Mass, Bar # 30977 Mo.     Evita Tolu, Bar # 49878 Mo.

230 S. Bemiston Avenue, Suite 1200      1 Crabapple Court

Saint Louis, Missouri 63105            Saint Louis, Missouri 63132

Phone: (314) 862-3333 ext. 20         Cell: (314) 323-6033

Fax: (314) 862-0605                  Fax: (314) 207-0086

e-mail: laurencedmass@att.net e-mail:     evitatolu@outlook.com

Attorneys for Plaintiff Cynthia K. Haynes

Thomas W. Collins, III
Michelle Stanfield
Melette Probst
BLANTON, NICKELL, COLLINS, DOUGLAS & HANSCHEN LLC
219 S. Kingshighway
P.O. Box 805
Sikeston, MO 63801-0805
Phn: 573-471-1000
Fax: 573-471-1012
tcollins@blantonlaw.com
mstanfield@blantonlaw.com
mprobst@blantonlaw.com

Attorneys for Defendant Spain, Miller, Galloway & Lee, LLC

R. C. Wuestling, IV
Susan M. Dimond
Dustin Leo Goldberger
ROBERTS PERRYMAN PC
1034 S. Brentwood Blvd., Ste 2100
St. Louis, MO 63117
Phn: 314-421-1850
Fax: 314-421-4346
rwuestling@robertsperryman.com
sdimond@robertsperryman.com
dgoldberger@robertsperryman.com

Attorneys for Defendant Jennifer Williams

Cira Renee Duffe
HARTMANN AND DUFFE LLC
101 E. Columbia St.
Farmington, MO 63640
Phn: 573-756-8082
Fax: 573-756-5153
duffe@hdp-law.com

Attorneys for Defendant Charles Haynes

John C. Steffens
THE LIMBAUGH FIRM
407 N. Kingshighway, Suite 400
P.O. Box 1150
Cape Girardeau, MO 63702-1150
Phn: 573-335-3316
Fax: 573-335-0621
jsteffens@limbaughlaw.com

Attorneys for Defendant Bernice Haynes