**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHERN DISTRICT**

| | | |
|---|---|---|
| CYNTHIA K. HAYNES<br>(a/k/a Cynthia K. Randolph),<br>individually and under the Missouri Wrongful<br>Death Statute, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Cause No. 1:21-CV-00160-ACL |
| JENNIFER WILLIAMS, individually | ) ) | |
| JENNIFER WILLIAMS,<br>d/b/a WILLIAMS LAW | ) ) ) | JURY TRIAL DEMANDED |
| SPAIN, MILLER, GALLOWAY & LEE, LLC<br>A Missouri limited liability company, | ) ) ) | |
| BERNICE HAYNES, individually, and | ) ) | |
| CHARLES HAYNES, individually, | ) ) ) | |
| Defendants. | ) | |

**DEFENDANT CHARLES HAYNES'S ANSWER TO AMENDED COMPLAINT**
**AND ADDITIONAL AND AFFIRMATIVE DEFENSES**

COMES NOW Defendant Charles Haynes, by and through undersigned counsel, and states as follows for his Answer and Additional and Affirmative Defenses to Plaintiff's Amended Complaint:

1.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 and, therefore, denies the same.

2.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 and, therefore, denies the same.

3.      Defendant admits that M.H. was the daughter of Cynthia Haynes, was born on August 30, 2004, died on November 24, 2018, and was fourteen (14) years old. Except as expressly admitted herein, Defendant denies the allegations contained in paragraph 3.

4.      Defendant admits that Cynthia Randolph is a natural person who is and was M.H.'s mother. Except as expressly admitted herein, Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 4 and, therefore, denies the same.

5.      Defendant admits that when M.H. died, she was not married, had no children, and was survived by both parents. Except as expressly admitted herein, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 and, therefore, denies the same.

6.      Defendant admits that Jennifer Williams was a court appointed guardian ad litem (GAL) in the Divorce Case *Charles Haynes v. Cynthia Haynes,* 13RI-CV00554, Ripley County Circuit Court, Missouri. Except as expressly admitted herein, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 and, therefore, denies the same.

7.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 and all of its subparts, and, therefore, denies the same.

8.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 and, therefore, denies the same.

9.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 and, therefore, denies the same.

10.     Defendant admits the allegations contained in paragraph 10.

2

11.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 and, therefore, denies the same.

12.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 and, therefore, denies the same.

13.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 and, therefore, denies the same.

14.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 and, therefore, denies the same.

15.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 and, therefore, denies the same.

16.     Defendant admits that Bernice Haynes is Charles Haynes's mother who intervened in the Divorce Case to seek custody of M.H. and S.H., and was awarded physical custody of M.H. on December 22, 2016. Except as expressly admitted herein, Defendant denies the allegations contained in paragraph 16.

17.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 and, therefore, denies the same.

18.     Defendant admits that he is a citizen and resident of Ripley County, Missouri, and is the biological father of M.H. and S.H. Except as expressly admitted herein, Defendant denies the allegations contained in paragraph 18.

19.     Defendant admits the allegations contained in paragraph 19.

20.     Defendant admits the allegations contained in paragraph 20.

21.     Defendant admits the allegations contained in paragraph 21.

22.     Defendant admits the allegations contained in paragraph 22.

23.     Defendant denies the allegations contained herein.

24.     Defendant denies the allegations contained herein.

25.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 and, therefore, denies the same.

26.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 and, therefore, denies the same.

27.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 and, therefore, denies the same.

28.     Defendant denies the allegations contained herein.

29.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 and, therefore, denies the same.

30.     Defendant denies the allegations contained herein.

31.     Defendant denies the allegations contained herein.

32.     Defendant denies the allegations contained herein.

33.     Defendant denies the allegations contained herein.

34.     Defendant admits that Plaintiff filed for divorce. Except as expressly admitted herein, Defendant denies the allegations contained in paragraph 34.

35.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 and, therefore, denies the same.

36.     Defendant denies that Plaintiff moved to Randolph County, Missouri "having learned of Charles's sexual abuse of M.S.H.".  Defendant admits the remaining allegations of Paragraph 36.

37.     The charging document speaks for itself. Except as expressly admitted herein, Defendant denies the allegations contained in paragraph 37.

38.     Defendant admits the allegations contained in paragraph 38.

39.     Defendant denies the allegations contained herein.

40.     The transcript speaks for itself. Except as expressly admitted herein, Defendant denies the allegations contained in paragraph 40.

41.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 and, therefore, denies the same.

42.     The Amended Criminal Complaint speaks for itself. Except as expressly admitted herein, Defendant denies the allegations contained in paragraph 42.

43.     Defendant admits that Christopher Yarbro represented him in the criminal proceedings and in the divorce at one time. Except as expressly admitted herein, Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 43 and, therefore, denies the same.

44.     Defendant admits the allegations contained in paragraph 44.

45.     Defendant admits he petitioned the Divorce Court to appoint Williams as guardian ad litem.

46.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 and, therefore, denies the same.

47.     Defendant admits the allegations contained in paragraph 47.

48.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 and, therefore, denies same.

49.     Defendant denies the allegations contained herein.

50.     Defendant denies the allegations contained herein.

51.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 and, therefore, denies the same.

52.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 and, therefore, denies the same.

53.     Defendant admits the allegations contained in paragraph 53.

54.     Defendant admits the allegations contained in paragraph 54.

55.     Defendant admits the allegations contained in paragraph 55.

56.     Defendant admits the allegations contained in paragraph 56.

57.     Defendant admits the allegations contained in paragraph 57.

58.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 and, therefore, denies the same.

59.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 and, therefore, denies the same.

60.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 and, therefore, denies the same.

61.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 and, therefore, denies same.

62.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 and, therefore, denies same.

63.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 and, therefore, denies same.

64.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 and, therefore, denies same.

65.     Defendant admits the allegations contained in paragraph 65.

66.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 and, therefore, denies same.

67.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 and, therefore, denies same.

68.     Defendant admits the allegations contained in paragraph 68.

69.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 and, therefore, denies same.

70.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 and, therefore, denies same.

71.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 and, therefore, denies same.

72.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 and, therefore, denies same.

73.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 and, therefore, denies same.

74.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 and, therefore, denies same.

75.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 and, therefore, denies same.

76.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 and, therefore, denies same.

77.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 and, therefore, denies same.

78.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78 and, therefore, denies same.

79.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 and, therefore, denies same.

80.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80 and, therefore, denies same.

81.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81 and, therefore, denies same.

82.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82 and, therefore, denies same.

83.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83 and, therefore, denies same.

84.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84 and, therefore, denies same.

85.     Defendant denies the allegations contained herein.

86.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86 and, therefore, denies same.

87.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 87 and, therefore, denies same.

88.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88 and, therefore, denies same.

89.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 89 and, therefore, denies same.

90.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 90 and, therefore, denies same.

91.     Defendant admits the allegations contained in paragraph 91.

92.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 92 and, therefore, denies same.

93.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 93 and, therefore, denies same.

94.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 94 and, therefore, denies same.

95.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 95 and, therefore, denies same.

96.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 96 and, therefore, denies same.

97.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 97 and, therefore, denies same.

98.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 98 and, therefore, denies same.

99.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 99 and, therefore, denies same.

100.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 100 and, therefore, denies same.

101.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 101 and, therefore, denies same.

102.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 102 and, therefore, denies same.

103.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 103 and, therefore, denies same.

104.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 104 and, therefore, denies same.

105.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 105 and, therefore, denies same.

106.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 106 and, therefore, denies same.

107.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 107 and, therefore, denies same.

108.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 108 and, therefore, denies same.

109.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 109 and, therefore, denies same.

110.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 110 and, therefore, denies same.

111.    Defendant admits the allegations contained in paragraph 111.

112.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 112 and, therefore, denies same.

113.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 113 and, therefore, denies same.

114.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 114 and, therefore, denies same.

115.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 115 and, therefore, denies same.

116.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 116 and, therefore, denies same.

117.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 117 and, therefore, denies same.

118.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 118 and, therefore, denies same.

119.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 119 and, therefore, denies same.

120.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 120 and, therefore, denies same.

121.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 121 and, therefore, denies same.

122.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 122 and, therefore, denies same.

123.     Defendant admits the allegations contained in paragraph 123.

124.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 124 and, therefore, denies same.

125.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 125 and, therefore, denies same.

126.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 126 and, therefore, denies same.

127.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 127 and, therefore, denies same.

128.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 128 and, therefore, denies same.

129.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 129 and, therefore, denies same.

130.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 130 and, therefore, denies same.

131.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 131 and, therefore, denies same.

132.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 132 and, therefore, denies same.

133.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 133 and, therefore, denies same.

134.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 134 and, therefore, denies same.

135.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 135 and, therefore, denies same.

136.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 136 and, therefore, denies same.

137.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 137 and, therefore, denies same.

138.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 138 and, therefore, denies same.

139.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 139 and, therefore, denies same.

140.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 140 and, therefore, denies same.

141.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 141 and, therefore, denies same.

142.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 142 and, therefore, denies same.

143.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 143 and, therefore, denies same.

144.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 144 and, therefore, denies same.

145.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 145 and, therefore, denies same.

146.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 146 and, therefore, denies same.

147.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 147 and, therefore, denies same.

148.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 148 and, therefore, denies same.

149.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 149 and, therefore, denies same.

150.    Defendant admits the allegations contained in paragraph 150.

151.    Defendant admits the allegations contained in paragraph 151.

152.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 152 and, therefore, denies same.

153.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 153 and, therefore, denies same.

154.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 154 and, therefore, denies same.

155.    Defendant admits the allegations contained in paragraph 155.

156.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 156 and, therefore, denies same.

157.    Defendant admits the allegations contained in paragraph 157.

158.    Defendant denies the allegations contained herein.

159.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 159 and, therefore, denies same.

160.    Defendant admits the allegations contained in paragraph 160.

161.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 161 and, therefore, denies same.

162.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 162 and, therefore, denies same.

163.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 163 and, therefore, denies same.

164.    Defendant admits the allegations contained in paragraph 164.

165.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 165 and, therefore, denies same.

166.    Defendant admits the allegations contained herein.

167.    Defendant admits the allegations contained herein.

168.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 168 and, therefore, denies same.

169.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 169 and, therefore, denies same.

170.    Defendant admits the allegations contained herein.

171.    Defendant admits the allegations contained herein.

172.    Defendant admits the allegations contained herein.

173.    Defendant admits the allegations contained herein.

174.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 174 and, therefore, denies same.

175.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 175 and, therefore, denies same.

176.    Defendant denies the allegations contained herein.

177.    Defendant admits the allegations contained herein.

178.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 178 and, therefore, denies same.

179.    Defendant admits the allegations contained herein.

180.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 180 and, therefore, denies same.

181.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 181 and, therefore, denies same.

182.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 182 and, therefore, denies same.

183.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 183 and, therefore, denies same.

184.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 184 and, therefore, denies same.

185.    Defendant admits the allegations contained herein.

186.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 186 and, therefore, denies same.

187.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 187 and, therefore, denies same.

188.    Defendant restates and incorporates by reference herein the response of Defendant to previous paragraphs as if fully stated herein.

189.    Defendant admits that Plaintiff, as Mother of M.H., is in the class of individuals authorized to pursue a wrongful death claim pursuant to Missouri law.  Defendant denies all remaining allegations contained in Paragraph 189 not specifically admitted.

190.    Defendant denies the allegations contained herein.

191.    Defendant denies the allegations contained herein.

192.    Defendant denies the allegations contained herein.

193.    Defendant denies the allegations contained herein.

194.    Defendant denies the allegations contained herein.

195.    Defendant denies the allegations contained herein.

196.    Defendant denies the allegations contained herein.

197.    Defendant denies the allegations contained herein.

198.    Defendant denies the allegations contained herein.

199.    Defendant denies the allegations contained herein.

200.    Defendant denies the allegations contained herein.

201.    On June 8, 2022, the Court entered its Order and Memorandum dismissing Count II of Plaintiff's Amended Complaint. (Doc. 61).  Accordingly, Defendant Charles Haynes makes no answer to Count II and Paragraph Nos. 201 through 209.  To the extent they may be construed against Haynes in any way, then Haynes specifically denies same.

202.    On June 8, 2022, the Court entered its Order and Memorandum dismissing Count II of Plaintiff's Amended Complaint. (Doc. 61).  Accordingly, Defendant Charles Haynes makes

no answer to Count II and Paragraph Nos. 201 through 209.  To the extent they may be construed against Haynes in any way, then Haynes specifically denies same.

203.    On June 8, 2022, the Court entered its Order and Memorandum dismissing Count II of Plaintiff's Amended Complaint. (Doc. 61).  Accordingly, Defendant Charles Haynes makes no answer to Count II and Paragraph Nos. 201 through 209.  To the extent they may be construed against Haynes in any way, then Haynes specifically denies same.

204.    On June 8, 2022, the Court entered its Order and Memorandum dismissing Count II of Plaintiff's Amended Complaint. (Doc. 61).  Accordingly, Defendant Charles Haynes makes no answer to Count II and Paragraph Nos. 201 through 209.  To the extent they may be construed against Haynes in any way, then Haynes specifically denies same.

205.    On June 8, 2022, the Court entered its Order and Memorandum dismissing Count II of Plaintiff's Amended Complaint. (Doc. 61).  Accordingly, Defendant Charles Haynes makes no answer to Count II and Paragraph Nos. 201 through 209.  To the extent they may be construed against Haynes in any way, then Haynes specifically denies same.

206.    On June 8, 2022, the Court entered its Order and Memorandum dismissing Count II of Plaintiff's Amended Complaint. (Doc. 61).  Accordingly, Defendant Charles Haynes makes no answer to Count II and Paragraph Nos. 201 through 209.  To the extent they may be construed against Haynes in any way, then Haynes specifically denies same.

207.    On June 8, 2022, the Court entered its Order and Memorandum dismissing Count II of Plaintiff's Amended Complaint. (Doc. 61).  Accordingly, Defendant Charles Haynes makes no answer to Count II and Paragraph Nos. 201 through 209.  To the extent they may be construed against Haynes in any way, then Haynes specifically denies same.

208.    On June 8, 2022, the Court entered its Order and Memorandum dismissing Count II of Plaintiff's Amended Complaint. (Doc. 61).  Accordingly, Defendant Charles Haynes makes no answer to Count II and Paragraph Nos. 201 through 209.  To the extent they may be construed against Haynes in any way, then Haynes specifically denies same.

209.    On June 8, 2022, the Court entered its Order and Memorandum dismissing Count II of Plaintiff's Amended Complaint. (Doc. 61).  Accordingly, Defendant Charles Haynes makes no answer to Count II and Paragraph Nos. 201 through 209.  To the extent they may be construed against Haynes in any way, then Haynes specifically denies same.

210.    On June 8, 2022, the Court entered its Order and Memorandum dismissing Count III of Plaintiff's Amended Complaint. (Doc. 61).  Accordingly, Defendant Charles Haynes makes no answer to Count III and Paragraph Nos. 210 through 220.  To the extent they may be construed against Haynes in any way, then Haynes specifically denies same.

211.    On June 8, 2022, the Court entered its Order and Memorandum dismissing Count III of Plaintiff's Amended Complaint. (Doc. 61).  Accordingly, Defendant Charles Haynes makes no answer to Count III and Paragraph Nos. 210 through 220.  To the extent they may be construed against Haynes in any way, then Haynes specifically denies same.

212.    On June 8, 2022, the Court entered its Order and Memorandum dismissing Count III of Plaintiff's Amended Complaint. (Doc. 61).  Accordingly, Defendant Charles Haynes makes no answer to Count III and Paragraph Nos. 210 through 220.  To the extent they may be construed against Haynes in any way, then Haynes specifically denies same.

213.    On June 8, 2022, the Court entered its Order and Memorandum dismissing Count III of Plaintiff's Amended Complaint. (Doc. 61).  Accordingly, Defendant Charles Haynes makes

no answer to Count III and Paragraph Nos. 210 through 220. To the extent they may be construed against Haynes in any way, then Haynes specifically denies same.

214.    On June 8, 2022, the Court entered its Order and Memorandum dismissing Count III of Plaintiff's Amended Complaint. (Doc. 61). Accordingly, Defendant Charles Haynes makes no answer to Count III and Paragraph Nos. 210 through 220. To the extent they may be construed against Haynes in any way, then Haynes specifically denies same.

215.    On June 8, 2022, the Court entered its Order and Memorandum dismissing Count III of Plaintiff's Amended Complaint. (Doc. 61). Accordingly, Defendant Charles Haynes makes no answer to Count III and Paragraph Nos. 210 through 220. To the extent they may be construed against Haynes in any way, then Haynes specifically denies same.

216.    On June 8, 2022, the Court entered its Order and Memorandum dismissing Count III of Plaintiff's Amended Complaint. (Doc. 61). Accordingly, Defendant Charles Haynes makes no answer to Count III and Paragraph Nos. 210 through 220. To the extent they may be construed against Haynes in any way, then Haynes specifically denies same.

217.    On June 8, 2022, the Court entered its Order and Memorandum dismissing Count III of Plaintiff's Amended Complaint. (Doc. 61). Accordingly, Defendant Charles Haynes makes no answer to Count III and Paragraph Nos. 210 through 220. To the extent they may be construed against Haynes in any way, then Haynes specifically denies same.

218.    On June 8, 2022, the Court entered its Order and Memorandum dismissing Count III of Plaintiff's Amended Complaint. (Doc. 61). Accordingly, Defendant Charles Haynes makes no answer to Count III and Paragraph Nos. 210 through 220. To the extent they may be construed against Haynes in any way, then Haynes specifically denies same.

219.     On June 8, 2022, the Court entered its Order and Memorandum dismissing Count III of Plaintiff's Amended Complaint. (Doc. 61).  Accordingly, Defendant Charles Haynes makes no answer to Count III and Paragraph Nos. 210 through 220.  To the extent they may be construed against Haynes in any way, then Haynes specifically denies same.

220.     On June 8, 2022, the Court entered its Order and Memorandum dismissing Count III of Plaintiff's Amended Complaint. (Doc. 61).  Accordingly, Defendant Charles Haynes makes no answer to Count III and Paragraph Nos. 210 through 220.  To the extent they may be construed against Haynes in any way, then Haynes specifically denies same.

221.     On June 8, 2022, the Court entered its Order and Memorandum dismissing Count IV of Plaintiff's Amended Complaint. (Doc. 61).  Accordingly, Defendant Charles Haynes makes no answer to Count IV and Paragraph Nos. 221 through 231.  To the extent they may be construed against Haynes in any way, then Haynes specifically denies same.

222.     On June 8, 2022, the Court entered its Order and Memorandum dismissing Count IV of Plaintiff's Amended Complaint. (Doc. 61).  Accordingly, Defendant Charles Haynes makes no answer to Count IV and Paragraph Nos. 221 through 231.  To the extent they may be construed against Haynes in any way, then Haynes specifically denies same.

223.     On June 8, 2022, the Court entered its Order and Memorandum dismissing Count IV of Plaintiff's Amended Complaint. (Doc. 61).  Accordingly, Defendant Charles Haynes makes no answer to Count IV and Paragraph Nos. 221 through 231.  To the extent they may be construed against Haynes in any way, then Haynes specifically denies same.

224.     On June 8, 2022, the Court entered its Order and Memorandum dismissing Count IV of Plaintiff's Amended Complaint. (Doc. 61).  Accordingly, Defendant Charles Haynes makes

no answer to Count IV and Paragraph Nos. 221 through 231. To the extent they may be construed against Haynes in any way, then Haynes specifically denies same.

225.    On June 8, 2022, the Court entered its Order and Memorandum dismissing Count IV of Plaintiff's Amended Complaint. (Doc. 61). Accordingly, Defendant Charles Haynes makes no answer to Count IV and Paragraph Nos. 221 through 231. To the extent they may be construed against Haynes in any way, then Haynes specifically denies same.

226.    On June 8, 2022, the Court entered its Order and Memorandum dismissing Count IV of Plaintiff's Amended Complaint. (Doc. 61). Accordingly, Defendant Charles Haynes makes no answer to Count IV and Paragraph Nos. 221 through 231. To the extent they may be construed against Haynes in any way, then Haynes specifically denies same.

227.    On June 8, 2022, the Court entered its Order and Memorandum dismissing Count IV of Plaintiff's Amended Complaint. (Doc. 61). Accordingly, Defendant Charles Haynes makes no answer to Count IV and Paragraph Nos. 221 through 231. To the extent they may be construed against Haynes in any way, then Haynes specifically denies same.

228.    On June 8, 2022, the Court entered its Order and Memorandum dismissing Count IV of Plaintiff's Amended Complaint. (Doc. 61). Accordingly, Defendant Charles Haynes makes no answer to Count IV and Paragraph Nos. 221 through 231. To the extent they may be construed against Haynes in any way, then Haynes specifically denies same.

229.    On June 8, 2022, the Court entered its Order and Memorandum dismissing Count IV of Plaintiff's Amended Complaint. (Doc. 61). Accordingly, Defendant Charles Haynes makes no answer to Count IV and Paragraph Nos. 221 through 231. To the extent they may be construed against Haynes in any way, then Haynes specifically denies same.

230.    On June 8, 2022, the Court entered its Order and Memorandum dismissing Count IV of Plaintiff's Amended Complaint. (Doc. 61).  Accordingly, Defendant Charles Haynes makes no answer to Count IV and Paragraph Nos. 221 through 231.  To the extent they may be construed against Haynes in any way, then Haynes specifically denies same.

231.    On June 8, 2022, the Court entered its Order and Memorandum dismissing Count IV of Plaintiff's Amended Complaint. (Doc. 61).  Accordingly, Defendant Charles Haynes makes no answer to Count IV and Paragraph Nos. 221 through 231.  To the extent they may be construed against Haynes in any way, then Haynes specifically denies same.

232.    On June 8, 2022, the Court entered its Order and Memorandum dismissing Count V of Plaintiff's Amended Complaint. (Doc. 61).  Accordingly, Defendant Charles Haynes makes no answer to Count V and Paragraph Nos. 232 through 240.  To the extent they may be construed against Haynes in any way, then Haynes specifically denies same.

233.    On June 8, 2022, the Court entered its Order and Memorandum dismissing Count V of Plaintiff's Amended Complaint. (Doc. 61).  Accordingly, Defendant Charles Haynes makes no answer to Count V and Paragraph Nos. 232 through 240.  To the extent they may be construed against Haynes in any way, then Haynes specifically denies same.

234.    On June 8, 2022, the Court entered its Order and Memorandum dismissing Count V of Plaintiff's Amended Complaint. (Doc. 61).  Accordingly, Defendant Charles Haynes makes no answer to Count V and Paragraph Nos. 232 through 240.  To the extent they may be construed against Haynes in any way, then Haynes specifically denies same.

235.    On June 8, 2022, the Court entered its Order and Memorandum dismissing Count V of Plaintiff's Amended Complaint. (Doc. 61).  Accordingly, Defendant Charles Haynes makes

no answer to Count V and Paragraph Nos. 232 through 240.  To the extent they may be construed against Haynes in any way, then Haynes specifically denies same.

236.    On June 8, 2022, the Court entered its Order and Memorandum dismissing Count V of Plaintiff's Amended Complaint. (Doc. 61).  Accordingly, Defendant Charles Haynes makes no answer to Count V and Paragraph Nos. 232 through 240.  To the extent they may be construed against Haynes in any way, then Haynes specifically denies same.

237.    On June 8, 2022, the Court entered its Order and Memorandum dismissing Count V of Plaintiff's Amended Complaint. (Doc. 61).  Accordingly, Defendant Charles Haynes makes no answer to Count V and Paragraph Nos. 232 through 240.  To the extent they may be construed against Haynes in any way, then Haynes specifically denies same.

238.    On June 8, 2022, the Court entered its Order and Memorandum dismissing Count V of Plaintiff's Amended Complaint. (Doc. 61).  Accordingly, Defendant Charles Haynes makes no answer to Count V and Paragraph Nos. 232 through 240.  To the extent they may be construed against Haynes in any way, then Haynes specifically denies same.

239.    On June 8, 2022, the Court entered its Order and Memorandum dismissing Count V of Plaintiff's Amended Complaint. (Doc. 61).  Accordingly, Defendant Charles Haynes makes no answer to Count V and Paragraph Nos. 232 through 240.  To the extent they may be construed against Haynes in any way, then Haynes specifically denies same.

240.    On June 8, 2022, the Court entered its Order and Memorandum dismissing Count V of Plaintiff's Amended Complaint. (Doc. 61).  Accordingly, Defendant Charles Haynes makes no answer to Count V and Paragraph Nos. 232 through 240.  To the extent they may be construed against Haynes in any way, then Haynes specifically denies same.

241.    Count VI and Paragraph Nos. 241 through 252, and all subparagraphs thereto are not directed against Charles Haynes.  Accordingly, Haynes makes no answer to Count VII and Paragraph Nos. 241 through 252.  To the extent any allegations contained therein may be construed to be directed against Haynes in any way, then Haynes specifically denies those allegations.

242.    Count VI and Paragraph Nos. 241 through 252, and all subparagraphs thereto are not directed against Charles Haynes.  Accordingly, Haynes makes no answer to Count VII and Paragraph Nos. 241 through 252.  To the extent any allegations contained therein may be construed to be directed against Haynes in any way, then Haynes specifically denies those allegations.

243.    Count VI and Paragraph Nos. 241 through 252, and all subparagraphs thereto are not directed against Charles Haynes.  Accordingly, Haynes makes no answer to Count VII and Paragraph Nos. 241 through 252.  To the extent any allegations contained therein may be construed to be directed against Haynes in any way, then Haynes specifically denies those allegations.

244.    Count VI and Paragraph Nos. 241 through 252, and all subparagraphs thereto are not directed against Charles Haynes.  Accordingly, Haynes makes no answer to Count VII and Paragraph Nos. 241 through 252.  To the extent any allegations contained therein may be construed to be directed against Haynes in any way, then Haynes specifically denies those allegations.

245.    Count VI and Paragraph Nos. 241 through 252, and all subparagraphs thereto are not directed against Charles Haynes.  Accordingly, Haynes makes no answer to Count VII and Paragraph Nos. 241 through 252.  To the extent any allegations contained therein may be construed to be directed against Haynes in any way, then Haynes specifically denies those allegations.

246.    Count VI and Paragraph Nos. 241 through 252, and all subparagraphs thereto are not directed against Charles Haynes.  Accordingly, Haynes makes no answer to Count VII and

Paragraph Nos. 241 through 252. To the extent any allegations contained therein may be construed to be directed against Haynes in any way, then Haynes specifically denies those allegations.

247.    Count VI and Paragraph Nos. 241 through 252, and all subparagraphs thereto are not directed against Charles Haynes. Accordingly, Haynes makes no answer to Count VII and Paragraph Nos. 241 through 252. To the extent any allegations contained therein may be construed to be directed against Haynes in any way, then Haynes specifically denies those allegations.

248.    Count VI and Paragraph Nos. 241 through 252, and all subparagraphs thereto are not directed against Charles Haynes. Accordingly, Haynes makes no answer to Count VII and Paragraph Nos. 241 through 252. To the extent any allegations contained therein may be construed to be directed against Haynes in any way, then Haynes specifically denies those allegations.

249.    Count VI and Paragraph Nos. 241 through 252, and all subparagraphs thereto are not directed against Charles Haynes. Accordingly, Haynes makes no answer to Count VII and Paragraph Nos. 241 through 252. To the extent any allegations contained therein may be construed to be directed against Haynes in any way, then Haynes specifically denies those allegations.

250.    Count VI and Paragraph Nos. 241 through 252, and all subparagraphs thereto are not directed against Charles Haynes. Accordingly, Haynes makes no answer to Count VII and Paragraph Nos. 241 through 252. To the extent any allegations contained therein may be construed to be directed against Haynes in any way, then Haynes specifically denies those allegations.

251.    Count VI and Paragraph Nos. 241 through 252, and all subparagraphs thereto are not directed against Charles Haynes. Accordingly, Haynes makes no answer to Count VII and Paragraph Nos. 241 through 252. To the extent any allegations contained therein may be construed to be directed against Haynes in any way, then Haynes specifically denies those allegations.

252.    Count VI and Paragraph Nos. 241 through 252, and all subparagraphs thereto are not directed against Charles Haynes.  Accordingly, Haynes makes no answer to Count VII and Paragraph Nos. 241 through 252.  To the extent any allegations contained therein may be construed to be directed against Haynes in any way, then Haynes specifically denies those allegations.

253.    Defendant Haynes realleges and incorporates by reference his answers to the allegations in the paragraphs stated above as if fully set forth herein.

254.    Defendant denies the allegations contained herein.

255.    Defendant denies the allegations contained herein.

256.    Defendant denies the allegations contained herein.

257.    Defendant denies the allegations contained herein.

258.    Defendant denies the allegations contained herein.

259.    Defendant denies the allegations contained herein.

260.    Defendant denies the allegations contained herein.

261.    Defendant denies the allegations contained herein.

262.    Defendant denies the allegations contained herein.

263.    Defendant denies the allegations contained herein.

264.    Defendant denies the allegations contained herein.

265.    Defendant denies the allegations contained herein.

266.    Defendant denies the allegations contained herein.

## **CHARLES HAYNES'**

## **AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

1.  For further answer and affirmative defense, Defendant states that there was one or more

superseding intervening cause that broke the causal chain between any alleged acts or omissions by Defendant thus said action were not the proximate cause of Plaintiff's alleged damages, if any.

2.   For further answer and affirmative defense, Defendant states that M.H.'s and/or Plaintiff's damages, if any, were the direct and proximate result of the conduct of others over whom Defendant had no control, including but not limited to Cynthia Haynes.

3.   For further answer and affirmative defense, Haynes states M.H.'s damages, if any, were the direct and proximate result of M.H.'s own comparative or contributory fault or conduct which directly caused and/or directly contributed to cause Plaintiff's damages, if any, in that M.H. voluntarily took her own life while in the sole care of Plaintiff, Cynthia Haynes.

4.   For further answer and affirmative defense, Haynes hereby requests apportionment between Haynes and any other party to this matter.

5.   For further answer and affirmative defense, Haynes states Plaintiff's individual claims are barred by the applicable statute of limitations.

6.   For further answer and affirmative defense, Haynes states that Plaintiff's damages, if any, should be reduced because of Plaintiff's failure to mitigate.

7.   For further answer and affirmative defense, Haynes states Plaintiff's individual claims are barred by Plaintiff's unclean hands and/or laches.

8.   For further answer and affirmative defense, Williams states Plaintiff's claims for M.H.'s future earning, wealth, and/or support from M.H. are barred because M.H. was a minor child at the time of her death, had no living dependents, and Plaintiff cannot establish with reasonable probability that Plaintiff would have received pecuniary benefit from M.H. had she continued to live beyond the age of minority.

9. For further answer and affirmative defense, Plaintiff's claim for punitive damages is
   premature and unconstitutional.

10. For further answer and affirmative defense, Haynes specifically reserves the right to
    timely amend his Answer to include any and all affirmative defenses following discovery
    of same.

WHEREFORE, having fully answered the Amended Complaint for Damages, Defendant

Charles Haynes prays to be dismissed with prejudice, awarded his taxable costs incurred

herein, and for such other and further orders as this Court deems fit and proper.

**DEFENDANT DEMANDS TRIAL BY JURY.**

Respectfully submitted,

/s/ Cira R. Duffe
CIRA R. DUFFE, #49506
101 E Columbia St.
Farmington, MO 63640
Telephone: 573 713 9200
Fax: 573 755 0585
E-Mail: duffe@hdp-law.com
Attorney for Defendant

## CERTIFICATE OF SERVICE

Cira R. Duffe certifies that she filed Hayne's Answer and Affirmative Defenses to Plaintiff's Amended Complaint electronically with the Clerk of the Court using CM/ECF to be served by operation of the Court's electronic filing system which will send notification of such filing to the following and email to all counsel of record:

Laurence D. Mass laurencedmass@att.net
Evita Tol evitatolu@outlook.com
Attorneys for Plaintiff

John C. Steffens jsteffens@lumbaughlaw.com
Attorneys for Defendant Bernice Haynes

Thomas W. Collins, III tcollins@blantonlaw.cm mailto:tcollins@blantonlaw.com
Attorneys for Spain, Miller, Galloway & Lee, LLC

Richard C. Wuestling rwuestling@robertsperryman.com
Susan M. Dimond sdimond@robertsperryman.com
Dusin L. Goldberger dgoldberger@robertsperryman.com


Dated August 12, 2022.


/s/ Cira R. Duffe