UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| CYNTHIA K. HAYNES,<br>(a/k/a Cynthia K. Randolph),<br>Individually and under the Missouri<br>Wrongful Death Statute,<br><br>      Plaintiff,<br><br>  v.<br><br>JENNIFER WILLIAMS, et al,<br><br><br>      Defendants. | No.  1:21 CV 160 ACL |

# CASE MANAGEMENT ORDER - TRACK 2: STANDARD

Pursuant to the Civil Justice Reform Act Expense and Delay Reduction Plan and the Differentiated Case Management Program of the United States District Court of the Eastern District of Missouri, and the Rule 16 Conference held on August 23, 2022.

**IT IS HEREBY ORDERED** that the following schedule applies in this case, and will be modified only upon a showing of exceptional circumstances:

**I.     SCHEDULING PLAN**

1.     This case has been assigned to Track 2 (Standard).

2.     All motions for joinder of additional parties and/or amendment of pleadings must be filed **not later than December 2, 2022**.

3.     Disclosure will proceed in the following manner:

    (a)     The parties must make all disclosures required by Rule 26(a)(1), Fed. R. Civ. P., no later than **October 3, 2022**; and, negotiate a Protective Order by **October 3, 2022**.

    (b)     Plaintiff must disclose all expert witnesses and provide the reports required by Rule 26(a)(2), Fed.R.Civ.P., no later than **March 17, 2023**, and must make expert witnesses available for depositions, and have depositions completed, no later than **April 28, 2023.**

(c) Defendant must disclose all expert witnesses and provide the reports required by Rule 26(a)(2), Fed. R. Civ. P., no later than **June 16, 2023**, and must make expert witnesses available for depositions, and have depositions completed, no later than **July 31, 2023**.

(d) The parties agree to limit depositions to twenty-five (25) depositions per side, and twenty-five (25) interrogatories per party as set forth in Rule 33(a), Fed. R. Civ. P., apply in this case.  The seven depositions for records currently scheduled for October 6, 2022 by Zoom are excluded from the (25) deposition limit.

(e) Requests for physical or mental examinations of parties pursuant to Rule 35, Fed.R.Civ.P. should be made not later than **May 1, 2023**, and completed not later than **June 2, 2023**.

(f) The parties must complete all discovery in this case no later than **September 15, 2023**.

(g) Motions to compel must be pursued in a diligent and timely manner, but in no event filed more than eleven (11) days following the discovery deadline set out above.

4. This case will be referred to alternative dispute resolution on or before **May 15, 2023**; that reference will terminate on **July 14, 2023**.  Plaintiff's counsel will serve as **lead counsel**.

5. Any motions filed under *Daubert v. Merrell Don Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), motions to dismiss, motions for summary judgment or motions for judgment on the pleadings must be filed no later than **October 2, 2023**.  Responses to any motions are due **November 3, 2023**.  Any reply is due **November 20, 2023.**

Local Rule 7-4.01(E) requires a statement of uncontroverted material facts ("SUMF") to accompany all motions for summary judgment and further requires the responding party to admit or deny those alleged facts, in sequential order and with relevant citations to the record.  If cross-motions or multiple motions for summary judgment are filed, the first SUMF will be the master set; each subsequent SUMF must adhere to the order of the master set, admitting or denying said facts as necessary followed by any additional facts that a party may wish to allege.  If more than one SUMF is simultaneously filed, the parties must meet, discuss, and agree to a method of compliance with this provision.  The Court will strike those SUMFs that fail to comply.

## II.   ORDER RELATING TO TRIAL

This action is set for a **JURY** trial on **Monday, April 8, 2024**, at **9:00 AM**.  This is expected to be a seven (7) day trial.

A Pretrial Conference will be held on **Monday, April 1, 2024** at **10:00 a.m.** *at the Rush H. Limbaugh Sr. U.S. Courthouse, 555 Independence St., Cape Girardeau MO 63703, Courtroom 4A*.  **All parties are required to be present.**

**A**.   In this case, unless otherwise ordered by the Court, <u>no later than March 11, 2024,</u> **the attorneys must complete the following:**

        1.    **Summary of the Case**: Meet and jointly prepare a brief summary of the case which may be used during Voir Dire.

        2.    **Witnesses**:

        (a)    Deliver to opposing counsel, and to the Clerk, a list of all proposed witnesses, identifying those witnesses who will be called to testify and those who may be called.

        (b)    Except for good cause shown, no party will be permitted to call any witnesses not listed in compliance with this Order.

        3.    **Exhibits**:

        (a)    Mark for identification all exhibits to be offered in evidence at the trial (Plaintiffs to use Arabic numerals and defendants to use letters, e.g., Pltf-1, Deft.-A, or Pltf Jones-1, Deft Smith-A, if there is more than one plaintiff or defendant), and deliver to opposing counsel and to the Clerk a list of such exhibits, identifying those that will be introduced into evidence and those that may be introduced.  The list must clearly indicate for each business record whether the proponent seeks to authenticate the business record by affidavit or declaration pursuant to Fed. R. Evid. 902(11) or 902(12).

        (b)    Submit said exhibits or true copies thereof, and copies of all affidavits or declarations pursuant to Fed. R. Evid. 902(11)or 902(12), to opposing counsel for examination.  Prior to trial, the parties must stipulate which exhibits may be introduced without objection or preliminary identification, and must file written objections to all other exhibits.

        4.    **Trial Brief**:  Submit to the Court and opposing counsel a trial brief stating the legal and factual issues and authorities relied on and discussing any anticipated substantive or procedural problems.

**B.**    In addition, **no later than March 21, 2024**, the attorneys must complete the following:

        1.    **Objections to Exhibits:**  Except for good cause shown, no party will be permitted to offer any exhibits not identified or not submitted by said party for examination by opposing counsel in compliance with this Order.  Any objections not made in writing **on or before March 21, 2024** may be considered waived.

        2.    **Depositions, Interrogatory Answers, and Request for Admissions**:

        (a)    Deliver to opposing counsel and to the Clerk a list of all interrogatory answers or parts thereof and depositions or parts thereof (identified by page and line numbers), and answers to requests for admissions proposed to be offered in evidence.  **On or before March 21, 2024**, opposing counsel must state in writing any objections to such testimony and identify any additional portions of such depositions not listed by the offering party which opposing counsel proposes to offer.

        (b)    Except for good cause shown, no party will be permitted to offer any interrogatory answer, or deposition or part thereof, or answer to a request for admissions not

listed in compliance with this Order.  Any objections not made as above required may be considered waived.

   3. **Instructions**: Submit to the Court and to opposing counsel their written request for instructions and forms of verdicts reserving the right to submit requests for additional or modified instructions, in light of opposing party's requests for instructions.  (Each request must be supported by at least one pertinent citation.).

   4. **Motions In Limine**:  File all motions in limine not later than **March 11, 2024**. Responses to Motions in Limine must be filed **on or before March 21, 2024** .

 Failure to comply with any part of this Order may result in the imposition of sanctions.

Dated this 23rd day of August, 2022.

               *Abbie Crites-Leoni*
               _____
               ABBIE CRITES-LEONI
               UNITED STATES MAGISTRATE JUDGE