## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI - SOUTHERN DIVISION

| | |
|---|---|
| CYNTHIA K. HAYNES, ) | |
|     Plaintiff ) | |
| v. ) | Cause No. 1:21-CV-00160 |
| ) | |
| JENNIFER WILLIAMS, et al. ) | |
|     Defendants. ) | |

### PLAINTIFF'S MOTION TO COMPEL CHRISTOPHER L. YARBRO, AS CUSTODIAN OF RECORDS TO COMPLY WITH DOCUMENT SUBPOENA

COMES NOW Plaintiff, by and through her attorneys, and moves this Court to enforce Plaintiff's Document Subpoena directed to Christopher L. Yarbro (Yarbro), in his role as Custodian of Records, pursuant to Rule 45(d)(2)(B)(i) of the Federal Rules of Civil Procedure. In support Plaintiff states:

1. Plaintiff subpoenaed from Yarbro:

Any records or computers that pertain to or mention Bernice Haynes' or Charles Haynes' computer you received in 2015 and tendered to the Butler County prosecutor and/or police authorities. **We are not seeking any attorney client or privileged communications or documents.** [Emphasis added].

2. Yarbro objected to the subpoena in his letter to Plaintiff's attorneys dated September 14, 2022 stating that as Charles Haynes' (Charles) former attorney he was prohibited under Missouri Rules of Professional Conduct (MRPC) Rule 4-1.6, absent his client's consent to produce the subpoenaed documents. Yarbro's September 14, 2022 letter is attached as Exhibit 1.

3. In his letter, Yarbro stated that the documents requested in the subpoena were protected by attorney client and work product privileges; were irrelevant, and that the subpoenaed request was overly broad, not proportionate to the needs of the case, was vague and ambiguous. Yarbro's assertions are wrong. Plaintiff did not seek any attorney client and work product privileged documents from Yarbro. See Plaintiff's Subpoena request above.

4. On September 15, 2022, Plaintiff's attorneys and Yarbro attempted to meet and confer to resolve Yarbro's subpoena objections in good faith as required by Rule 37(a)(5).

5. During their conference, Plaintiff's attorneys informed Yarbro that Plaintiff was not seeking any attorney-client privileged and/or work product documents. Plaintiff asked Yarbro to produce an electronic copy of Bernice's computer that Yarbro had surrendered to Butler County Prosecutor based on the allegation that such computer contained child pornography images of M.S.H. and possibly M.H.

6. Plaintiff asked Yarbro to produce to Plaintiff copies of Yarbro's communications with law enforcement, including the prosecutor's office, Department of Family Services (DFS), Child Advocate Services, any attorneys involved in various legal proceeding pertaining to Charles, Plaintiff, M.S.H., M.H. and S.H, and any third parties who were not subject to attorney-client and work-product privileges. Plaintiff asked Yarbro to produce any non-privileged documents relating to the computer Yarbro surrendered to Butler County prosecutor.

7. On October 20, 2021, at his deposition in the divorce case, Charles falsely testified that in 2015 Plaintiff resided with Bernice Haynes. Charles falsely testified that Plaintiff downloaded on Bernice's computer child pornography images from M.S.H. phone which Plaintiff had while M.S.H. was in the custody of DFS in 2015.

8. In his criminal and divorce cases, Charles claimed that the child pornography images found on his mother's computer were of M.S.H. and possibly of M.H. Charles asked the Butler County law enforcement and the prosecuting attorney (1) to investigate Plaintiff's child pornography distribution; (2) to find that Plaintiff's child pornography distribution constituted child abuse; and (3) to award legal and physical custody of M.H. and S.H. to Charles. The Butler County Prosecutor did not investigate Charles' false allegations against Plaintiff.

9.     In his answers to Plaintiff's Complaint Charles denied the deposition testimony he gave on October 20, 2021.  <u>See</u> Charles' Answer ¶43, denial based on his lack of knowledge.

10.    In his Answer, Charles raised numerous defenses against Plaintiff alleging that 1) "M.H.' death was a direct cause of Plaintiff's conduct;" 2) Plaintiff failed to protect M.H. from death; 3) "Plaintiff has unclean hands;" and 4) Plaintiff is barred to recover damages from Charles based on the defense of laches.

11.    Yarbro should be compelled to produce the documents Plaintiff requested in her subpoena because Charles' false accusations of Plaintiff's involvement in the alleged child pornography distribution are directly relevant to Plaintiff's claims and/or Charles' defenses in this case, and at the very least are reasonably calculated to lead to the discovery of admissible evidence.

12.    Yarbro's September 14, 2022 objections are without merit. Yarbro waived any relevant claims of privilege and/or confidentiality because he failed to properly assert these privileges as required by Rule 45(e)(2)(A)(ii) which states:

> A person withholding subpoenaed information under a claim that it is privileged must describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to address the claim.

Yarbro did not comply with Rule 45(e)(2)(A)(ii) mandate.

WHEREFORE, Plaintiff moves this Court the Court to grant Plaintiff's Motion and order Yarbro as Custodian of Records to comply fully with the subpoena and to produce the documents Plaintiff requested; and grant such other and further relief as the Court deems just under the circumstances herein.

Respectfully submitted,

| | |
|---|---|
| */s/ Laurence D. Mass* | /s/ *Evita Tolu* |
| Laurence D. Mass    #30977 | Evita Tolu, #49878 |
| 230 South Bemiston, Suite 1200 | 1 Crabapple Court |
| St. Louis, Missouri  63105 | St. Louis, Missouri 63132 |
| Phn:    (314) 862-3333, Ext. 20 | Phn:   (314) 323-6022 |
| Fax:    (314) 862-0605 | Fax:   (314) 207-0086 |
| laurencedmass@att.net | evitatolu@outlook.com |
| Attorney for Plaintiff | Attorney for Plaintiff |

## LOCAL RULE 37 CERTIFICATE OF GOOD FAITH CONFERENCE

We, Laurence D. Mass, and Evita Tolu attorneys for Plaintiff, conferred with Christopher Yarbro, Esq. by telephone on September 19, 2022.  At this conference, despite our best efforts, we were unable to resolve the matters presented.

Certified this 19 day of September, 2022                                     /s/ Laurence D. Mass
                                                                                                      Laurence D. Mass

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was filed electronically with the Clerk of the Court to be served to all counsel by operation of the Court's electronic filing system on the 19 day of September 2022.  A copy of this document was also served on:

Christopher Yarbro, Esq.
By email at chris@kkylawfirm.com and
By fax at 573-686-7822



**KENNEDY**
**KENNEDY**
**ROBBINS &**
**YARBRO, LC**

MARK A. KENNEDY Of Counsel
DOUGLAS R. KENNEDY*
SCOTT A. ROBBINS*
CHRISTOPHER L. YARBRO*
LUKE M. HENSON*+

*Also Licensed in Arkansas
+Also Licensed in Mississippi

Writer's Direct E-mail: chris@kkrylawfirm.com

September 14, 2022

**VIA FACSIMILE, EMAIL AND US MAIL**

Evita Tolu
9378 Olive Boulevard, Suite 307
St. louis, MO 63132
Fax: 314-207-0086
evitatolu@yahoo.com

Laurence D. Mass
230 S. Bemiston Ave, Suite 1200
Clayton, MO 63105
Fax: 314-862-0605
laurencedmass@att.net

RE:  Cynthia K. Hanes vs. Jennifer Williams, et al.
     Case No. 1:21-cv-00160-ACL

Dear Ms Tolu and Mr. Mass:

I acknowledge receipt of your recent subpoena. The subpoena commands that I appear at the offices of Spain, Miller, Galloway & Lee, LLC on October 6, 2022 at 2:15 p.m., and bring with me the following:

> Any records or computers that pertain to or mention Bernice Haynes' or Charles Haynes' computer you received in 2015 and tendered to the Butler County prosecutor and/or police authorities.

Pursuant to Rule 45(d)(2)(B) of the Federal Rules of Civil Procedure, I object to the above stated production request, as follows:

- As a Mr. Charles Haynes's former attorney, production is prohibited under Missouri Rule of Professional Conduct 4-1.6 absent Mr. Haynes informed consent or permitted disclosure under 4-1.6(b). Mr. Haynes has not provided

**EXHIBIT 1**

informed consent, and no permitted disclosures under 4-1.6(b) are applicable.

- Information pertaining to my representation of Mr. Charles Haynes is protected by attorney client privilege, including, notes of private conversations with Mr. Haynes concerning the representation, legal advice, etc... Mr. Haynes has not waived this privilege.

- The request seeks materials prepared in anticipation of litigation and that embody opinions and thought processes protected by both tangible and opinion work product privilege and Rule 26(b)(3). This includes notes taken of materials reviewed, legal memoranda, and communications with consulting experts.

- The request seeks materials not relevant to Ms. Cynthia K. Haynes claims or defenses, exceeding the scope of permissible discovery under Rule 26(b)(1).

- The request is overbroad and not proportional to the needs of this case, in that, you request "any records or computers" that "pertain to or mention" a computer allegedly received in 2015.

- The request fails to describe what is sought with reasonable particularity and certainty, instead attempting to cast a seine net with broad terms such as "pertain to" or "mention."

- The request is vague and ambiguous in asking for computers that "pertain to or mention" a computer allegedly received in 2015. I can think of no factual circumstance where one computer might "pertain" -- i.e. relate, belong, appropriate, etc. -- another computer.

I look forward to the our phone conference to discuss how best to move forward herein. If you elect to call up my objections before the Court, I trust timely notice will be given under rule 45(2)(B)(i).

Sincerely,

Christopher L. Yarbro

cc: Dustin Leo Goldberger *(via email only)*  John C. Steffens *(via email only)*
R.C. Wuestling, IV *(via email only)*  Cira Renee Duffee *(via email only)*
Susan M. Dimond *(via email only)*  Thomas W. Collins, III *(via email only)*