## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI - SOUTHERN DIVISION

| | | |
|---|---|---|
| CYNTHIA K. HAYNES, | ) | |
|     Plaintiff | ) | |
|       v. | ) | Cause No. 1:21-CV-00160 |
| | ) | |
| JENNIFER WILLIAMS, et al. | ) | |
|     Defendants. | ) | |

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL CHRISTOPHER L. YARBRO, AS CUSTODIAN OF RECORDS TO COMPLY WITH DOCUMENT SUBPOENA

COMES NOW Plaintiff, by and through her attorneys, and submits this memorandum in support of her Motion to Compel enforcement of Plaintiff's Document Subpoena directed to Christopher L. Yarbro (Yarbro), as Custodian of Records, pursuant to Rule 45(d)(2)(B)(i) of the Federal Rules of Civil Procedure.

### BACKGROUND

In this suit Plaintiff seeks to hold Charles Haynes (Charles) and his co-defendants jointly and severally liable for the wrongful death of Plaintiff's minor daughter M.H. The core allegations against Charles assert that he knowingly and willfully acted in a manner that created a substantial risk to the body, physical health, and mental health of M.H., by repeatedly sexually abusing, sexually assaulting and/or sexually battering M.H. Charles' sexual assaults and/or batteries caused M.H. to suffer sexual abuse, severe and excruciating emotional pain, loss of dignity, and deterioration of her mental health which resulted in her suicide.

On October 20, 2021 at his deposition in the divorce case, Charles falsely testified that in 2015 Plaintiff resided with Charles' mother, Bernice Haynes (Bernice) while Plaintiffs' daughters M.S.H., M.H. and S.H. were in the physical custody of the Department of Family Services (DFS). Charles falsely testified that Plaintiff downloaded child pornography images on

his mother's computer and that the downloaded child pornography images purportedly came from M.S.H. phone which was in Plaintiff's possession in 2015.

At his deposition, Charles testified that Bernice's computer was delivered to Yarbro (who was Charles' criminal and divorce attorney in 2015).  Having discovered the child pornography images on Bernice's computer, Yarbro delivered the computer to the Butler County Prosecuting Attorney. Yarbro immediately withdrew from representing Charles in his criminal and divorce cases.

In his criminal and divorce cases, Charles claimed that the child pornography images found on his mother's computer were of M.S.H. and possibly of M.H.  Charles asked Butler County law enforcement and its prosecuting attorney (1) to investigate Plaintiff's child pornography distribution; (2) to find that Plaintiff's child pornography distribution constituted child abuse; and (3) to award legal and physical custody of M.H. and S.H. to Charles.  The Butler County Prosecutor did not investigate Charles' false allegations against Plaintiff.

In his answers to Plaintiff's Complaint Charles denied his prior deposition testimony. See, Charles' Answer ¶43 based on lack of knowledge.  Charles also raised numerous defenses against Plaintiff alleging that 1) "M.H.'s death was a direct cause of Plaintiff's conduct;" 2) Plaintiff failed to protect M.H. from death; 3) "Plaintiff had unclean hands;" and 4) Plaintiff was barred from recovery of damages based on the doctrine of laches.

**ARGUMENT**

Under Rule 34(c) Fed. R. Civ. P., a litigant can subpoena a third party to produce materials pursuant to Rule 45. If a third-party objects to the subpoena, the serving party may move the court for an order compelling production.  Rule 45 (d)(2)(B)(i). Under Rule 26, litigants may obtain "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."

<u>Yarbro's Relevancy, Vagueness, Breadth, & Disproportionality Objections</u>

Yarbro's use of blanket, general objections to very specific subpoena request is inappropriate. Boilerplate objections that discovery requests are overboard and unduly burdensome, and not reasonably calculated to lead to the discovery of material admissible in evidence, are — and have been for decades — improper and a violation of the letter and spirit of the Federal Rules. <u>A. Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper — especially when a party fails to submit any evidentiary declarations supporting such objections"). Relevancy has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case. <u>Jo Ann Howard & Assocs., P.C. v. Cassidy</u>, 303 F.R.D. 539, 542 (E.D. Mo. 2014). "The test of relevance in the discovery context is a very broad one" and "one objecting to discovery on the grounds of relevancy carries the burden to sustain the objection." <u>Rolscreen Co. v. Pella Prods. Of St. Louis, Inc.</u>, 145 F.R.D. 92, 96 (S.D. Ia. 1992). A party objecting to discovery must make a specific demonstration of the facts to support each objection stated as opposed to conclusory or speculative statements.  145 F.R.D. at 96.

Yarbro did not provide specific facts to support each of his objections.  The contents of Bernice's computer with the alleged child pornography images and Yarbro's communications with law enforcement, prosecutor, DFS, Child Advocates, Juvenile and Divorce Courts and the attorneys involved in these cases concerning Plaintiff's alleged child pornography distribution are not protected by attorney-client or work product privileges.  The subpoenaed documents are necessary to prove Plaintiff's causes of action in this suit and to rebut Charles' defenses that it was Plaintiff who "directly caused M.H.'s death" and Charles' accusations of "Plaintiff having unclean hands." Yarbro did not explain why Plaintiff who Charles had accused of unclean hands

and child pornography distribution was not entitled to examine the computer which Plaintiff had allegedly used for child pornography distribution.

Privilege Objection

In his September 14, 2022 letter to Plaintiff's attorneys, Yarbro asserted that that the documents Plaintiff requested were protected by attorney client and work product privileges. Yarbro asserted that producing these documents would violate Rule 4-1.6 of the Missouri Rules of Professional Conduct (MRPC).  Yarbro's objection is spurious considering that Plaintiff's subpoena specifically stated that "[**w**]**e are not seeking any attorney client or privileged communications or documents."** Pursuant to Rule 45, a party claiming a privilege as to requested discovery has the burden to prove his basis for the privilege application.  Yarbro failed to meet the required burden.  Rabushka ex rel. U.S. v. Crane Co., 122 F.3d 559, 565 (8th Cir. 1997). Yarbro's reliance on Rule 4-1.6 is misplaced because Plaintiff did not request any attorney-client or work privileged documents from him. At the September 15, 2022 meet and confer conference Plaintiff's attorneys asked Yarbro to limit his production to Bernice's computer and to the records containing Yarbro's communications with law enforcement, prosecutor's office, Juvenile and Family Courts, Child Advocate Office, DFS, and any attorneys involved in the parties' criminal, juvenile and divorce cases.  Yarbro was asked again to exclude from production any attorney-client and/or work-product privileges' documents.

Further, Yarbro failed to comply with Rule 45(e)(2)(A)(ii) which required him:

> to describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to address the claim.

Yarbro has failed to present its claim of privilege procedurally.  He has not complied with Rule 45(e)(2)(A)(ii) requirements. He has not described the documents he withheld nor stated which

privilege applies to which document. Yarbro has also failed to present the Court with substantive support for his claims of either attorney-client or work product privileges.  <u>Rabushka</u> *supra*.

WHEREFORE, Plaintiff moves this Court to grant Plaintiff's Motion and order Yarbro as Custodian of Records to comply fully with the subpoena and produce the documents Plaintiff requested excluding any documents covered by attorney-client and work-product privileges; and grant such other and further relief as the Court deems just under the circumstances herein.

Respectfully submitted,

| | |
|---|---|
| */s/ Laurence D. Mass* | */s/ Evita Tolu* |
| Laurence D. Mass   #30977 | Evita Tolu, #49878 |
| 230 South Bemiston, Suite 1200 | 1 Crabapple Court |
| St. Louis, Missouri  63105 | St. Louis, Missouri 63132 |
| Phn:   (314) 862-3333, Ext. 20 | Phn:   (314) 323-6022 |
| Fax:   (314) 862-0605 | Fax:   (314) 207-0086 |
| laurencedmass@att.net | evitatolu@outlook.com |
| Attorney for Plaintiff | Attorney for Plaintiff |

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that a copy of the foregoing document was filed electronically with the Clerk of the Court to be served to all counsel by operation of the Court's electronic filing system on the 19 day of September 2022.  A copy of this document was also served on:

Christopher Yarbro, Esq.
By email at chris@kkylawfirm.com and
By fax at 573-686-7822