UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| CYNTHIA K. HAYNES, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No.  1:21-CV-00160-ACL |
| JENNIFER WILLIAMS, et al., | ) ) ) |
| Defendants. | ) |

**CONSENT MOTION TO EXTENSION OF TIME TO FILE MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTON TO COMPEL**

COMES NOW Christopher L. Yarbro and for his Motion for Extension of Time, states as follows:

1.  I have been subpoenaed in the above-captioned matter to provide portions of former client, Charles Haynes's, stored client file.

2.  Rule 4-1.9(c)(2) of the Missouri Rules of Professional Conduct prevents me from revealing information relating to the representation of a former client absent the former client's informed consent under Rule 4-1.6(a) or other authorized disclosure under Rule 4-1.6(b).

3.  Upon receipt of the Subpoena, I reached out to Cira Duffe, attorney for Charles Haynes herein, and inquired of his willingness to provide informed consent under Rule 4-1.6(a).  Ms. Duffe advised that Mr. Haynes did not consent to disclosure of the subpoena's requested production from his client file.

4.  The Missouri Supreme Court's Legal Ethics Council has issued multiple advisory opinions providing that absent informed consent, disclosure must occur pursuant to a court order after the issue of confidentiality has been fully presented.  See, Missouri Advisory Opinions 20060004,

20010154, 20000165, 990146, 990118, 980080, 970100, 950018, 940043. (available at: https://mobar.org/site/content/Lawyer-Resources/Legal_Ethics_Opinions.aspx)

5. Additionally, and pursuant to Local Rule 3.04, Plaintiff's counsel and I conferred in an attempt to resolve disputes concerning the breadth of the subpoena and my obligations under Missouri Rules of Professional Conduct.  These efforts continue to date, and will so continue, as I attempt to navigate the obligations owed to Charles Haynes under Rule 4-1.9 and 4-1.6, and my obligations under Plaintiff's subpoena.

6. I started preparation of Suggestions in Opposition to Plaintiff's Motion to Compel, which is currently due on October 3, 2022.  Due to commitments in other matters, and the complexity of the issues at hand, I do not anticipate completing my Suggestions in Opposition before the October 3rd response deadline.

7. Plaintiff's counsel advised they do not have an objection to a 14-day extension for the filing of my Suggestions in Opposition.

8. Finally, it is the undersigned's information that Plaintiff has not attempted to obtain the requested documents directly from Defendant Charles Haynes.  Plaintiff cannot argue prejudice through allowing an extension when Plaintiff could have, and still can, obtain the requested information directly from Defendant Charles Haynes.  See, *Enviropak Corp. v. Zenfinity Capital, LLC*, 2014 WL 4715384, at 4 (E.D. Mo. 2014)(*Third party subpoena quashed due to the failure to request "the same or similar information" from opposing litigant.*).

WHEREFORE, I respectfully request this Court grant an extension for the filing of my Suggestions in Opposition to Plaintiff's Motion to Compel through October 17, 2022, and for any and other further relief as the Court deems just and proper.

Respectfully submitted,

**KENNEDY, KENNEDY, ROBBINS & YARBRO, LC**

_____
Christopher L. Yarbro  #56659(MO)
1165 Cherry Street
P. O. Box 696
Poplar Bluff, MO 63902
Telephone:	(573) 686-2459
Telefax:	(573) 686-7822
chris@kkrylawfirm.com

**CERTIFICATE OF SERVICE**

This document will be filed with the Court's electronic-filing system, to be delivered to those registered users and/or their attorneys of record.

_____
Christopher L. Yarbro