# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI - SOUTHERN DIVISION

| | |
|---|---|
| CYNTHIA HAYNES (a/k/a Cynthia Randolph) ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No: 1:21-CV-00160-ACL |
| ) | |
| JENNIFER WILLIAMS, individually, et al. ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM DEFENDANT WILLIAMS**

Pursuant to Federal Rule of Civil Procedure 37 and E.D.R. 3.04, Plaintiff Cynthia Randolph, for her Motion to Compel, respectfully requests that this Court compel Defendant Williams and her counsel to produce documents and information responsive to Plaintiff's First Request for Production of Documents and Things (RFP) (**Exhibit A**) and Answer Plaintiff's First Set of Interrogatories (Interrogatories) (**Exhibit B**) for the following reasons:

1. On August 10, 2022 Plaintiff served via email, her First Request for Production of Documents and her First Set of Interrogatories directed to Defendant, Jennifer Williams (Williams) who served as a Guardian ad Litem (GAL) in the <u>Haynes v. Haynes</u> divorce (the Haynes divorce) and the juvenile court cases (juvenile cases) pertaining to M.H. and S.H.

2. On September 9, 2022 Williams responded to Plaintiff's discovery requests with the same boiler plate, generic objections that Plaintiff's discovery was broad, vague, burdensome, not limited in time and scope, not leading to discovery of admissible evidence, confidential and constituting Williams' work product. *See* **Exhibit A**, Williams' responses to RFP Nos. 2 through 24 and 26-30 as well as **Exhibit B,** Answers to the Interrogatories 5 through 20 and 23.

3. Williams' general boiler plate objections were improper, especially when a party fails to submit any evidentiary declarations supporting such objections. <u>State ex rel. Ford Motor</u>

1

Co. v. Westbrooke, 151 S.W.3d 364, 367 (Mo. *banc* 2004).  *See* **Exhibit B**, Williams' Answers to Interrogatories 5 through 20 and 23, and **Exhibit A**, RFP Nos. 2, 24 and 26 through 30.  Williams also objected to these requests as irrelevant to the current litigation.

4. "Discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues.  Nor is discovery limited to the merits of a case, for variety of fact-oriented issues may arise during litigation that are not related to the merits." Oppenheimer Fund v. Sanders, 340 U.S. 340, 351 (1978) also holding that the actual scope of discovery is determined according to the reasonable needs of each particular case.  The courts consistently hold that generic boiler plate objections as to vagueness, relevance, inadmissibility, burden and scope are inappropriate.  *See* Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006); Redland Soccer Club, Inc. v. Dep't of the Army, 55 F.3d 827, 856 (3d Cir. 1995); McLeod, Alexander Powel & Apffel, P.C. v. Quarles, 894 F.2d 1482, 1485 (5th Cir. 1990); and St. Paul Reinsurance Co. Ltd., 198 F.R.D. at 514.

5. Plaintiff asked Williams to produce her GAL file for M.H. and S.H. *See* generally **Exhibit B**.  Williams refused to produce her GAL file based on the confidentiality of her file purportedly established by the Missouri Supreme Court Guardian Ad Litem Standard No. 7 (GAL Standards), which states:

> A GAL shall comply with all statutes, rules, and regulations relating to the receipt of confidential or privileged information received as guardian ad litem. A GAL shall not redisclose any confidential or privileged information without valid court order or as required by law except as permitted by Rule 4-1.6.

6. In her responses to Plaintiff's discovery Williams did not mention that the January 25, 2022 Protective Court Order related to the GAL files and records, Paragraph 9 states

> Nothing in this Protective Order shall prevent any party from applying to a court of competent jurisdiction for relief from or modification of the provisions of this Protective Order, or from applying to such court for further relief or additional

        Protective Orders, or from reaching agreement with the other party to amend this Protective Order in writing subject to the approval of the Court.  *See* **Exhibit D**.

    7.    Williams refused to produce her GAL file objecting that the GAL file was not discoverable because it was covered by work-product, attorney-client, and insurer-insured privileges.  *See* **Exhibit B**, Williams' answers to Interrogatories Nos. 21-22 and **Exhibit A**, RFP No. 26.  Williams, however, did not "supply the court with sufficient information to enable the court to determine each element of the privilege" she claimed.  State ex rel. Dixon v. Darnold, 939 S.W.2d 66, 68 (Mo. App. S.D. 1997).  "Competent evidence of privilege includes a privileged log and affidavits from counsel." Westbrooke, 151 S.W.3d at 367.

    8.    Plaintiff's discovery sought Williams' employment, educational, and attorney disciplinary records, records showing Williams' experience in GAL work, complaints and lawsuits in which Williams was a party.

    9.    Williams objected to RFP Nos. 18-19 (**Exhibit A**) asking if she was previously sued by any of her clients or had disciplinary complaints filed against her.  Williams objected that Plaintiff's requests were harassing.  Objections based on purported harassment are "not only obstructionist and frivolous, but contrary to the rules."  St. Paul Reinsurance Co. Ltd. v. Commercial Fin. Corp., 198 F.R.D. 508, 514 (N.D. Iowa 2000).

    10.    Plaintiff's RFP sought Williams' documents and communications with the parties involved in the Haynes divorce and the Juvenile Court cases pertaining to M.H. and S.H., their therapists, doctors, school officials, police, the Department of Family Services (DFS), the parties' attorneys, Williams' employer, Defendant Spain Miller (Spain Miller), Spain Miller's employees and staff, who assisted Williams in performing her services as a GAL in the Haynes divorce and juvenile cases.  *See* **Exhibit A**, RFP No. 2 through 24, and 26 through 30.

    11.    Pursuant to E.D. R. 3.04 Plaintiff asked Williams to agree on the production of

3

Williams' GAL documents.  Williams declined to reach such an agreement and to amend the January 25, 2022 divorce court order in writing subject to this Court's approval.

12. In her answers to Plaintiff's Complaint Williams denied that she owed any duty of care to M.H.  Williams asserted that M.H.'s death was (1) her own fault; (2) was a direct cause of Plaintiff's, other entities,' individuals,' and corporations' fault and that Plaintiff had unclean hands, and was barred from recovery based on *res judicata*, estoppel, and waiver among many other defenses.

13. On September 22, 2022 the attorneys had their meet and confer conference attempting to resolve their discovery disagreements.

14. On October 3, 2022, Plaintiff sent Williams' attorney, Susan Dimond, a letter summarizing the parties' meet and confer discussions, attached as **Exhibit C**.  Williams' attorney did not respond to the letter despite Ms. Dimond's promise to respond by November 2, 2022. Resolution of these discovery disputes have already taken too long.

15. Williams must produce the documents Plaintiff requested in her discovery because pursuant to Rule 26(b)(1)

> [d]iscovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

16. Plaintiff's discovery requests are directly relevant to Plaintiff's claims and/or Williams' defenses in this case, and, at the very least, are reasonably calculated to lead to the discovery of admissible evidence.

WHEREFORE, Plaintiff moves this Court to Compel Discovery and order Williams to

4

answer fully Plaintiff's First Set of Interrogatories and produce the documents requested and grant such other and further relief as the Court deems just under the circumstances herein.

| | |
|---|---|
| */s/ Laurence D. Mass* | */s/ Evita Tolu* |
| Laurence D. Mass  #30977 | Evita Tolu, #49878 |
| 230 South Bemiston, Suite 1200 | 1 Crabapple Court |
| St. Louis, Missouri  63105 | St. Louis, Missouri 63132 |
| Phn:   (314) 862-3333, Ext. 20 | Phn:   (314) 323-6022 |
| Fax:   (314) 862-0605 | Fax:   (314) 207-0086 |
| laurencedmass@att.net | evitatolu@outlook.com |
| Attorney for Plaintiff | Attorney for Plaintiff |

## LOCAL RULE 3.04 CERTIFICATE OF GOOD FAITH CONFERENCE

I, Laurence D. Mass, attorney for Plaintiff, conferred with Susan Dimond, attorney for Defendant Williams, by telephone on September 22, 2022 and by correspondence on October 3, 2022.  At this conference, despite our best efforts, we were unable to resolve the matters presented.

Certified this 7th day of November, 2022               /s/ Laurence D. Mass
                                                                                  Laurence D. Mass

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was filed electronically with the Clerk of the Court to be served to all counsel by operation of the Court's electronic filing system on the 7th day of November 2022.

/s/ Laurence D. Mass
Laurence D. Mass

5