IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

CYNTHIA K. HAYNES (a/k/a Cynthia K.    )
Randolph), individually and under the Missouri    )
Wrongful Death Statute    )
   )
          Plaintiff,    )
   )
vs.    )    Case No: 1:21-CV-00160-ACL
   )
JENNIFER WILLIAMS, individually, et al.    )
   )
          Defendants.    )

**DEFENDANTS JENNIFER WILLIAMS AND WILLIAMS LAW FIRM'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

COMES NOW Defendants Jennifer Williams, Individually and Williams Law Firm, (collectively, "Williams") by and through the undersigned counsel, and for Williams' Objections Responses to Plaintiff's Request for Production of Documents states as follows:

1.     Copies of any policy of insurance and/or indemnification (including for excess liability coverage) covering any amounts that might be assessed against Jennifer Williams for liability in the above captioned matter.  This should include the Declaration page for the policy of insurance and/or indemnification.  This production should include any communications of reservation of rights by any insurer or indemnitor for liability.

**RESPONSE: Williams objects to Request No. 1 on the grounds that it seeks to have Williams disclose confidential/privileged information without a protective order.  Williams will seasonably supplement her response to Request No. 1 once a protective order is entered in this cause.**

2.     Copies of all documents of communications between Jennifer Williams or any employee, servant, agent or member of Spain, Miller or any other person concerning, mentioning, referencing or pertaining to M.S.H., M.H., S.H., Cynthia Randolph Haynes, Charles Haynes and/or Bernice Haynes from May 2016 through October 2021 with any of the following persons and/or entities:

     a.     Any communication with any and all counsel of record or any party in the divorce case of <u>Haynes vs. Haynes</u>, 13RI-CV00554 (the Haynes Divorce) with regard to

any matter relating to, pertaining to or touching upon any issue pertinent to this divorce case;

b.     Any communication with any and all counsel of record or any party in the criminal cases of State v. Charles Haynes, 13RI-CR00907 and 13RI-CR00907-01 (the Criminal Cases) with regard to any matter relating to, pertaining to or touching upon any issue of pending criminal charges, guilty plea and sentencing;

c.     Any communication with any and all counsel of record or any other person (i.e., DFS employee, juvenile officer, or other professional) in the juvenile cases of 14RI-JU00016 and 14RI-JU00017 (the 2014 Juvenile Cases) with regard to any matter relating to, pertaining to or touching upon any issues pertinent to these juvenile cases;

d.     Any communication with any and all counsel of record or any other person (i.e., DFS employee, juvenile officer, or other professional) in the juvenile cases of 17RI-JU00011, 17RI-JU00012 and  17RI-JU00033 (the 2017 Juvenile Cases) with regard to any matter relating to, pertaining to or touching upon any issues pertinent to these juvenile cases;

e.     All communications with the court in Haynes v. Haynes, 13RI-CV00554;

f.     All communications with the court in the 2014 and 2017 Juvenile Cases for M.H. and S. H.;

g.     All communications with the court in State v. Haynes Criminal Cases;

h.     Any communications with M.H.;

i.     Any communications with S.H.;

j.     Any communications with any school employee (i.e., teacher, counselor, administrator, office staff) concerning and/or mentioning M.H. and/or S.H.;

k.     Any communications with anyone employed by or retained by the Division of Family Services (DFS) on any matter relating to or mentioning M.H. and/or S.H.;

l.     Any communications with the Juvenile Office, including Pamela Stark, William Dean Million, and anyone employed by or retained by the Juvenile Office on any matter relating to or mentioning M.H. and/or S.H.;

m.    Any communications with any healthcare professionals who provided services at any healthcare facility and/or any who cared for M.H. and/or S.H., including but not limited to,  a pediatrician, psychiatrist, psychologist, other therapist, other persons employed or working at a hospital or any hospital or clinic;

n.     Any communications with any therapist who provided services to M.H. and/or S.H.;

o.     Any communications with either parent of M.H. and/or S.H.;

p.     Any communications with M.S.H. and/or Mindy Hogg;

q.     Any communications with any foster parent who at any time provided foster care to M.H. and/or S.H.;

r.     Any communications with any other persons concerning and/or mentioning M.H. and/or S.H.;

s.     Any communications with Karen Haynes;

t.     Any communications with Bernice Haynes;

u.     Any communications with Siegrid Maness and/or Randy Maness, Samantha D. Evens Pennington, Terri Guisti, and anyone in their law office concerning any matter which arose from, was pertinent to, and/or touched upon any matter raised in the Haynes Divorce or in the 2014 and 2017 Juvenile and Criminal Cases cited above;

v.     Any communications with Keith French, Jasper Edmundson, Josh Rideout, Linda Carter, James McClellan, Timothy Fleenor, and anyone working with any one of them concerning any matter which arose from, was pertinent to, and/or touched upon the Divorce or the 2014 and 2017 Juvenile and Criminal Cases cited above;

**EXHIBIT A - 003**

w.     Any communications with any attorney representing Charles Haynes in the Haynes Divorce, 2014 and 2017 Juvenile Cases and/or in the Criminal Cases in which Charles Haynes was charged with violating any Missouri criminal statute; and

x.     Any communications with anyone employed by Ripley County Sheriff, the Missouri Highway Patrol, Ripley County Prosecutor or Missouri Attorney General.

**RESPONSE: Williams objects to Request No. 2 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably limited in scope or time, and not reasonably calculated to lead to admissible evidence.**

**Further, this request is not sufficiently tailored in scope to address the only surviving theory of liability against Williams in this case: that "Williams threatened M.H. and Plaintiff that she would place M.H. and S.H. in foster care if, Plaintiff, or S.H. testified against Charles at his criminal trial or sentencing." (Order and Memorandum on the Defendants' Motions to Dismiss – Honorable Judge Abbie Crites-Leoni – June 8, 2022, p. 17). The Court has repeatedly found that these types of requests are improper. _Drummer v. Corizon, LLC_, 4:16-CV-01170-AGF, 2019 WL 2027611, at \*4 (E.D. Mo. May 8, 2019)(finding that information regarding prior complaints, claims or lawsuits made against the defendant were not discoverable); _See Fletcher v. Tomlinson_, No. 4:14-CV-999-RLW, 2015 WL 5093426, at \*2 (E.D. Mo. Aug. 28, 2015) (holding that requests for information regarding other lawsuits, administrative proceedings, and complaints involving evidence of similar misconduct by the City was overbroad in light of their limited relevance to the case);_Foster v. Lombardi_, No. 1:12-CV-00116-JAR, 2013 WL 2251716, at \*4 (E.D. Mo. May 22, 2013) (holding that the plaintiff's request for information on other civil suits filed against defendant was not relevant or material to plaintiff's claims in subject case).**

**Additionally, Request No. 2 seeks information that is not under Williams' control pursuant to Missouri Supreme Court Guardian Ad Litem Standard No. 7, which states:**

**A guardian ad litem shall comply with all statutes, rules, and regulations relating to the receipt of confidential or privileged information received as guardian ad litem.  A guardian ad litem shall not redisclose any confidential or privileged information without valid court order or as required by law except as permitted by Rule 4-1.6.**

**Further, the "Comments" to Missouri Supreme Court Standards for Guardians Ad Litem Standard No. 7 state:**

**The guardian ad litem should maintain a file consistent with the provisions of Rule 4-1.15….[o]nly the court has the authority to rule on any request concerning the handling or disposition of the file and order its release or early destruction or to rule on any request concerning the handling or disposition of the file. The guardian ad litem should not provide the file to anyone, including the child, without the consent of the court.**

**Finally, Request No. 2 requests Williams to disclose confidential information in violation of the**

January 30, 2017 Order For Appointment of Guardian Ad Litem entered by the Honorable Judge John Shock's Order in *In Re: The Marriage of Charles Haynes and Cynthia Haynes*, Cause No. 13RI-CV0054, in the Circuit Court of Ripley County, Missouri.

      3.      Copies of any school and academic testing and home schooling and other records

showing academic achievement for M.H. and/or S.H.

**RESPONSE:  Williams objects to Request No. 3 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably limited in scope or time, and not reasonably calculated to lead to admissible evidence.**

      **Further, this request is not sufficiently tailored in scope to address the only surviving theory of liability against Williams in this case: that "Williams threatened M.H. and Plaintiff that she would place M.H. and S.H. in foster care if, Plaintiff, or S.H. testified against Charles at his criminal trial or sentencing."  (Order and Memorandum on the Defendants' Motions to Dismiss – Honorable Judge Abbie Crites-Leoni – June 8, 2022, p. 17).  The Court has repeatedly found that these types of requests are improper. *Drummer v. Corizon, LLC*, 4:16-CV-01170-AGF, 2019 WL 2027611, at \*4 (E.D. Mo. May 8, 2019)(finding that information regarding prior complaints, claims or lawsuits made against the defendant were not discoverable); *See Fletcher v. Tomlinson*, No. 4:14-CV-999-RLW, 2015 WL 5093426, at \*2 (E.D. Mo. Aug. 28, 2015) (holding that requests for information regarding other lawsuits, administrative proceedings, and complaints involving evidence of similar misconduct by the City was overbroad in light of their limited relevance to the case);*Foster v. Lombardi*, No. 1:12-CV-00116-JAR, 2013 WL 2251716, at \*4 (E.D. Mo. May 22, 2013) (holding that the plaintiff's request for information on other civil suits filed against defendant was not relevant or material to plaintiff's claims in subject case).**

      **Additionally, Request No. 3 seeks information that is not under Williams' control pursuant to Missouri Supreme Court Guardian Ad Litem Standard No. 7, which states:**

      **A guardian ad litem shall comply with all statutes, rules, and regulations relating to the receipt of confidential or privileged information received as guardian ad litem.  A guardian ad litem shall not redisclose any confidential or privileged information without valid court order or as required by law except as permitted by Rule 4-1.6.**

**Further, the "Comments" to Missouri Supreme Court Standards for Guardians Ad Litem Standard No. 7 state:**

      **The guardian ad litem should maintain a file consistent with the provisions of Rule 4-1.15….[o|nly the court has the authority to rule on any request concerning the handling or disposition of the file and order its release or early destruction or to rule on any request concerning the handling or disposition of the file. The guardian ad litem should not provide the file to anyone, including the child, without the consent of the court.**

**Finally, Request No. 3 requests Williams to disclose confidential information in violation of the January 30, 2017 Order For Appointment of Guardian Ad Litem entered by the Honorable Judge John Shock's Order in *In Re: The Marriage of Charles Haynes and Cynthia Haynes*, Cause No. 13RI-CV0054, in the Circuit Court of Ripley County, Missouri.**

4.      Any records showing evidence of "educational neglect" of M.H. and/or S.H. or evidence of their

educational deficits compared to other students their age.

**RESPONSE:  Williams objects to Request No. 4 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably limited in scope or time, and not reasonably calculated to lead to admissible evidence.**

**Further, this request is not sufficiently tailored in scope to address the only surviving theory of liability against Williams in this case: that "Williams threatened M.H. and Plaintiff that she would place M.H. and S.H. in foster care if, Plaintiff, or S.H. testified against Charles at his criminal trial or sentencing." (Order and Memorandum on the Defendants' Motions to Dismiss – Honorable Judge Abbie Crites-Leoni – June 8, 2022, p. 17).  The Court has repeatedly found that these types of requests are improper. *Drummer v. Corizon, LLC*, 4:16-CV-01170-AGF, 2019 WL 2027611, at \*4 (E.D. Mo. May 8, 2019)(finding that information regarding prior complaints, claims or lawsuits made against the defendant were not discoverable); *See Fletcher v. Tomlinson*, No. 4:14-CV-999-RLW, 2015 WL 5093426, at \*2 (E.D. Mo. Aug. 28, 2015) (holding that requests for information regarding other lawsuits, administrative proceedings, and complaints involving evidence of similar misconduct by the City was overbroad in light of their limited relevance to the case);*Foster v. Lombardi*, No. 1:12-CV-00116-JAR, 2013 WL 2251716, at \*4 (E.D. Mo. May 22, 2013) (holding that the plaintiff's request for information on other civil suits filed against defendant was not relevant or material to plaintiff's claims in subject case).**

**Additionally, Request No. 4 seeks information that is not under Williams' control pursuant to Missouri Supreme Court Guardian Ad Litem Standard No. 7, which states:**

**A guardian ad litem shall comply with all statutes, rules, and regulations relating to the receipt of confidential or privileged information received as guardian ad litem.  A guardian ad litem shall not redisclose any confidential or privileged information without valid court order or as required by law except as permitted by Rule 4-1.6.**

**Further, the "Comments" to Missouri Supreme Court Standards for Guardians Ad Litem Standard No. 7 state:**

**The guardian ad litem should maintain a file consistent with the provisions of Rule 4-1.15….[o]nly the court has the authority to rule on any request concerning the handling or disposition of the file and order its release or early destruction or to rule on any request concerning the handling or disposition of the file. The guardian ad litem should not provide the file to anyone, including the child, without the consent of the court.**

**Finally, Request No. 4 requests Williams to disclose confidential information in violation of the January 30, 2017 Order For Appointment of Guardian Ad Litem entered by the Honorable Judge John Shock's Order in *In Re: The Marriage of Charles Haynes and Cynthia Haynes*, Cause No. 13RI-CV0054, in the Circuit Court of Ripley County, Missouri.**

5.      Copies of the results of any psychological testing and/or evaluation of Charles Haynes, Cynthia

Haynes, M.H. and/or S.H.

**RESPONSE: Williams objects to Request No. 5 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably limited in scope or time, and not reasonably calculated to lead to admissible evidence.**

**Further, this request is not sufficiently tailored in scope to address the only surviving theory of liability against Williams in this case: that "Williams threatened M.H. and Plaintiff that she would place M.H. and S.H. in foster care if, Plaintiff, or S.H. testified against Charles at his criminal trial or sentencing." (Order and Memorandum on the Defendants' Motions to Dismiss – Honorable Judge Abbie Crites-Leoni – June 8, 2022, p. 17). The Court has repeatedly found that these types of requests are improper.** *Drummer v. Corizon, LLC***, 4:16-CV-01170-AGF, 2019 WL 2027611, at \*4 (E.D. Mo. May 8, 2019)(finding that information regarding prior complaints, claims or lawsuits made against the defendant were not discoverable);** *See Fletcher v. Tomlinson***, No. 4:14-CV-999-RLW, 2015 WL 5093426, at \*2 (E.D. Mo. Aug. 28, 2015) (holding that requests for information regarding other lawsuits, administrative proceedings, and complaints involving evidence of similar misconduct by the City was overbroad in light of their limited relevance to the case);** *Foster v. Lombardi***, No. 1:12-CV-00116-JAR, 2013 WL 2251716, at \*4 (E.D. Mo. May 22, 2013) (holding that the plaintiff's request for information on other civil suits filed against defendant was not relevant or material to plaintiff's claims in subject case).**

**Additionally, Request No. 5 seeks information that is not under Williams' control pursuant to Missouri Supreme Court Guardian Ad Litem Standard No. 7, which states:**

**A guardian ad litem shall comply with all statutes, rules, and regulations relating to the receipt of confidential or privileged information received as guardian ad litem. A guardian ad litem shall not redisclose any confidential or privileged information without valid court order or as required by law except as permitted by Rule 4-1.6.**

**Further, the "Comments" to Missouri Supreme Court Standards for Guardians Ad Litem Standard No. 7 state:**

**The guardian ad litem should maintain a file consistent with the provisions of Rule 4-1.15….[o]nly the court has the authority to rule on any request concerning the handling or disposition of the file and order its release or early destruction or to rule on any request concerning the handling or disposition of the file. The guardian ad litem should not provide the file to anyone, including the child, without the consent of the court.**

**Finally, Request No. 5 requests Williams to disclose confidential information in violation of the January 30, 2017 Order For Appointment of Guardian Ad Litem entered by the Honorable Judge John Shock's Order in** *In Re: The Marriage of Charles Haynes and Cynthia Haynes***, Cause No. 13RI-CV0054, in the Circuit Court of Ripley County, Missouri.**

6.      Copies of any medical records concerning any care received by M.H. and/or S.H.  This

should include, but not be limited to, records from any pediatrician, any hospital or medical clinic or

other physician including, but not limited to, Southeast Community Hospital, DePaul Health Center,

Twin Rivers Regional Medical Center, Knibert Clinic, Black River Medical Center, Copper Top, Southeast Advanced HealthCare, Dr. Darwin L. Davis, Dr. Martin Kennedy, Dr. Samuels' Medical Clinic, from any therapist (including, but not limited to Scott Foster, Sara Craig, Angela Kirby, LCSW, and/or Jerry Marks), and from any pharmacy, including but not limited to, Hometown Pharmacy, Eastside Pharmacy, Medical Center Pharmacy, Walmart Pharmacy, Kroger Pharmacy, Advanced Healthcare Pharmacy, Knibert Clinic Pharmacy.

**RESPONSE: Williams objects to Request No. 6 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably limited in scope or time, and not reasonably calculated to lead to admissible evidence.**

**Further, this request is not sufficiently tailored in scope to address the only surviving theory of liability against Williams in this case: that "Williams threatened M.H. and Plaintiff that she would place M.H. and S.H. in foster care if, Plaintiff, or S.H. testified against Charles at his criminal trial or sentencing."   (Order and Memorandum on the Defendants' Motions to Dismiss – Honorable Judge Abbie Crites-Leoni – June 8, 2022, p. 17).  The Court has repeatedly found that these types of requests are improper. *Drummer v. Corizon, LLC*, 4:16-CV-01170-AGF, 2019 WL 2027611, at \*4 (E.D. Mo. May 8, 2019)(finding that information regarding prior complaints, claims or lawsuits made against the defendant were not discoverable); *See Fletcher v. Tomlinson*, No. 4:14-CV-999-RLW, 2015 WL 5093426, at \*2 (E.D. Mo. Aug. 28, 2015) (holding that requests for information regarding other lawsuits, administrative proceedings, and complaints involving evidence of similar misconduct by the City was overbroad in light of their limited relevance to the case);*Foster v. Lombardi*, No. 1:12-CV-00116-JAR, 2013 WL 2251716, at \*4 (E.D. Mo. May 22, 2013) (holding that the plaintiff's request for information on other civil suits filed against defendant was not relevant or material to plaintiff's claims in subject case).**

**Additionally, Request No. 6 seeks information that is not under Williams' control pursuant to Missouri Supreme Court Guardian Ad Litem Standard No. 7, which states:**

**A guardian ad litem shall comply with all statutes, rules, and regulations relating to the receipt of confidential or privileged information received as guardian ad litem.   A guardian ad litem shall not redisclose any confidential or privileged information without valid court order or as required by law except as permitted by Rule 4-1.6.**

**Further, the "Comments" to Missouri Supreme Court Standards for Guardians Ad Litem Standard No. 7 state:**

**The guardian ad litem should maintain a file consistent with the provisions of Rule 4-1.15….[o]nly the court has the authority to rule on any request concerning the handling or disposition of the file and order its release or early destruction or to rule on any request concerning the handling or disposition of the file. The guardian ad litem should not provide the file to anyone, including the child, without the consent of the court.**

**Finally, Request No. 6 requests Williams to disclose confidential information in violation of the January 30, 2017 Order For Appointment of Guardian Ad Litem entered by the Honorable Judge**

John Shock's Order in *In Re: The Marriage of Charles Haynes and Cynthia Haynes*, Cause No. 13RI-CV0054, in the Circuit Court of Ripley County, Missouri.

      7.      Copies of any documents obtained from or communications with DFS and/or any other

State agency concerning or mentioning M.H. and/or S.H.

**RESPONSE: Williams objects to Request No. 7 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably limited in scope or time, and not reasonably calculated to lead to admissible evidence.**

      **Further, this request is not sufficiently tailored in scope to address the only surviving theory of liability against Williams in this case: that "Williams threatened M.H. and Plaintiff that she would place M.H. and S.H. in foster care if, Plaintiff, or S.H. testified against Charles at his criminal trial or sentencing." (Order and Memorandum on the Defendants' Motions to Dismiss – Honorable Judge Abbie Crites-Leoni – June 8, 2022, p. 17). The Court has repeatedly found that these types of requests are improper. *Drummer v. Corizon, LLC*, 4:16-CV-01170-AGF, 2019 WL 2027611, at \*4 (E.D. Mo. May 8, 2019)(finding that information regarding prior complaints, claims or lawsuits made against the defendant were not discoverable); *See Fletcher v. Tomlinson*, No. 4:14-CV-999-RLW, 2015 WL 5093426, at \*2 (E.D. Mo. Aug. 28, 2015) (holding that requests for information regarding other lawsuits, administrative proceedings, and complaints involving evidence of similar misconduct by the City was overbroad in light of their limited relevance to the case);*Foster v. Lombardi*, No. 1:12-CV-00116-JAR, 2013 WL 2251716, at \*4 (E.D. Mo. May 22, 2013) (holding that the plaintiff's request for information on other civil suits filed against defendant was not relevant or material to plaintiff's claims in subject case).**

      **Additionally, Request No. 7 seeks information that is not under Williams' control pursuant to Missouri Supreme Court Guardian Ad Litem Standard No. 7, which states:**

      **A guardian ad litem shall comply with all statutes, rules, and regulations relating to the receipt of confidential or privileged information received as guardian ad litem. A guardian ad litem shall not redisclose any confidential or privileged information without valid court order or as required by law except as permitted by Rule 4-1.6.**

**Further, the "Comments" to Missouri Supreme Court Standards for Guardians Ad Litem Standard No. 7 state:**

      **The guardian ad litem should maintain a file consistent with the provisions of Rule 4-1.15....[o]nly the court has the authority to rule on any request concerning the handling or disposition of the file and order its release or early destruction or to rule on any request concerning the handling or disposition of the file. The guardian ad litem should not provide the file to anyone, including the child, without the consent of the court.**

**Finally, Request No. 7 requests Williams to disclose confidential information in violation of the January 30, 2017 Order For Appointment of Guardian Ad Litem entered by the Honorable Judge John Shock's Order in *In Re: The Marriage of Charles Haynes and Cynthia Haynes*, Cause No. 13RI-CV0054, in the Circuit Court of Ripley County, Missouri.**

8.      Any documents or communications with the Prosecuting Attorney of Ripley County or other governmental authority concerning and/or mentioning Charles Haynes.  This should include, but not be limited to, any Sheriff's Department, any Prosecuting Attorney or anyone employed by the Sheriff's office or Prosecuting Attorney's office or the Missouri Highway Patrol.

**RESPONSE:    Williams objects to Request No. 8 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably limited in scope or time, and not reasonably calculated to lead to admissible evidence.**

**Further, this request is not sufficiently tailored in scope to address the only surviving theory of liability against Williams in this case: that "Williams threatened M.H. and Plaintiff that she would place M.H. and S.H. in foster care if, Plaintiff, or S.H. testified against Charles at his criminal trial or sentencing."  (Order and Memorandum on the Defendants' Motions to Dismiss – Honorable Judge Abbie Crites-Leoni – June 8, 2022, p. 17).  The Court has repeatedly found that these types of requests are improper.** *Drummer v. Corizon, LLC*, **4:16-CV-01170-AGF, 2019 WL 2027611, at \*4 (E.D. Mo. May 8, 2019)(finding that information regarding prior complaints, claims or lawsuits made against the defendant were not discoverable);** *See Fletcher v. Tomlinson*, **No. 4:14-CV-999-RLW, 2015 WL 5093426, at \*2 (E.D. Mo. Aug. 28, 2015) (holding that requests for information regarding other lawsuits, administrative proceedings, and complaints involving evidence of similar misconduct by the City was overbroad in light of their limited relevance to the case);** *Foster v. Lombardi*, **No. 1:12-CV-00116-JAR, 2013 WL 2251716, at \*4 (E.D. Mo. May 22, 2013) (holding that the plaintiff's request for information on other civil suits filed against defendant was not relevant or material to plaintiff's claims in subject case).**

**Additionally, Request No. 8 seeks information that is not under Williams' control pursuant to Missouri Supreme Court Guardian Ad Litem Standard No. 7, which states:**

**A guardian ad litem shall comply with all statutes, rules, and regulations relating to the receipt of confidential or privileged information received as guardian ad litem.  A guardian ad litem shall not redisclose any confidential or privileged information without valid court order or as required by law except as permitted by Rule 4-1.6.**

**Further, the "Comments" to Missouri Supreme Court Standards for Guardians Ad Litem Standard No. 7 state:**

**The guardian ad litem should maintain a file consistent with the provisions of Rule 4-1.15….[o]nly the court has the authority to rule on any request concerning the handling or disposition of the file and order its release or early destruction or to rule on any request concerning the handling or disposition of the file. The guardian ad litem should not provide the file to anyone, including the child, without the consent of the court.**

**Finally, Request No. 8 requests Williams to disclose confidential information in violation of the January 30, 2017 Order For Appointment of Guardian Ad Litem entered by the Honorable Judge John Shock's Order in** *In Re: The Marriage of Charles Haynes and Cynthia Haynes*, **Cause No. 13RI-CV0054, in the Circuit Court of Ripley County, Missouri.**

9.     Any documents or communications with the Missouri Highway Patrol concerning or mentioning Charles Haynes.

**RESPONSE: Williams objects to Request No. 9 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably limited in scope or time, and not reasonably calculated to lead to admissible evidence.**

**Further, this request is not sufficiently tailored in scope to address the only surviving theory of liability against Williams in this case: that "Williams threatened M.H. and Plaintiff that she would place M.H. and S.H. in foster care if, Plaintiff, or S.H. testified against Charles at his criminal trial or sentencing." (Order and Memorandum on the Defendants' Motions to Dismiss – Honorable Judge Abbie Crites-Leoni – June 8, 2022, p. 17). The Court has repeatedly found that these types of requests are improper.** *Drummer v. Corizon, LLC*, **4:16-CV-01170-AGF, 2019 WL 2027611, at \*4 (E.D. Mo. May 8, 2019)(finding that information regarding prior complaints, claims or lawsuits made against the defendant were not discoverable);** *See Fletcher v. Tomlinson*, **No. 4:14-CV-999-RLW, 2015 WL 5093426, at \*2 (E.D. Mo. Aug. 28, 2015) (holding that requests for information regarding other lawsuits, administrative proceedings, and complaints involving evidence of similar misconduct by the City was overbroad in light of their limited relevance to the case);** *Foster v. Lombardi*, **No. 1:12-CV-00116-JAR, 2013 WL 2251716, at \*4 (E.D. Mo. May 22, 2013) (holding that the plaintiff's request for information on other civil suits filed against defendant was not relevant or material to plaintiff's claims in subject case).**

**Additionally, Request No. 9 seeks information that is not under Williams' control pursuant to Missouri Supreme Court Guardian Ad Litem Standard No. 7, which states:**

**A guardian ad litem shall comply with all statutes, rules, and regulations relating to the receipt of confidential or privileged information received as guardian ad litem. A guardian ad litem shall not redisclose any confidential or privileged information without valid court order or as required by law except as permitted by Rule 4-1.6.**

**Further, the "Comments" to Missouri Supreme Court Standards for Guardians Ad Litem Standard No. 7 state:**

**The guardian ad litem should maintain a file consistent with the provisions of Rule 4-1.15….[o]nly the court has the authority to rule on any request concerning the handling or disposition of the file and order its release or early destruction or to rule on any request concerning the handling or disposition of the file. The guardian ad litem should not provide the file to anyone, including the child, without the consent of the court.**

**Finally, Request No. 9 requests Williams to disclose confidential information in violation of the January 30, 2017 Order For Appointment of Guardian Ad Litem entered by the Honorable Judge John Shock's Order in** *In Re: The Marriage of Charles Haynes and Cynthia Haynes*, **Cause No. 13RI-CV0054, in the Circuit Court of Ripley County, Missouri.**

10.     Any documents or communications of anyone employed by the Missouri Attorney General concerning M.S.H., M.H. and/or S.H. and/or either of their parents.

**RESPONSE:    Williams objects to Request No. 10 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably limited in scope or time, and not reasonably calculated to lead to admissible evidence.**

**Further, this request is not sufficiently tailored in scope to address the only surviving theory of liability against Williams in this case: that "Williams threatened M.H. and Plaintiff that she would place M.H. and S.H. in foster care if, Plaintiff, or S.H. testified against Charles at his criminal trial or sentencing."  (Order and Memorandum on the Defendants' Motions to Dismiss – Honorable Judge Abbie Crites-Leoni – June 8, 2022, p. 17).  The Court has repeatedly found that these types of requests are improper. *Drummer v. Corizon, LLC*, 4:16-CV-01170-AGF, 2019 WL 2027611, at \*4 (E.D. Mo. May 8, 2019)(finding that information regarding prior complaints, claims or lawsuits made against the defendant were not discoverable); *See Fletcher v. Tomlinson*, No. 4:14-CV-999-RLW, 2015 WL 5093426, at \*2 (E.D. Mo. Aug. 28, 2015) (holding that requests for information regarding other lawsuits, administrative proceedings, and complaints involving evidence of similar misconduct by the City was overbroad in light of their limited relevance to the case);*Foster v. Lombardi*, No. 1:12-CV-00116-JAR, 2013 WL 2251716, at \*4 (E.D. Mo. May 22, 2013) (holding that the plaintiff's request for information on other civil suits filed against defendant was not relevant or material to plaintiff's claims in subject case).**

**Additionally, Request No. 10 seeks information that is not under Williams' control pursuant to Missouri Supreme Court Guardian Ad Litem Standard No. 7, which states:**

> **A guardian ad litem shall comply with all statutes, rules, and regulations relating to the receipt of confidential or privileged information received as guardian ad litem.  A guardian ad litem shall not redisclose any confidential or privileged information without valid court order or as required by law except as permitted by Rule 4-1.6.**

**Further, the "Comments" to Missouri Supreme Court Standards for Guardians Ad Litem Standard No. 7 state:**

> **The guardian ad litem should maintain a file consistent with the provisions of Rule 4-1.15….[o]nly the court has the authority to rule on any request concerning the handling or disposition of the file and order its release or early destruction or to rule on any request concerning the handling or disposition of the file. The guardian ad litem should not provide the file to anyone, including the child, without the consent of the court.**

**Finally, Request No. 10 requests Williams to disclose confidential information in violation of the January 30, 2017 Order For Appointment of Guardian Ad Litem entered by the Honorable Judge John Shock's Order in *In Re: The Marriage of Charles Haynes and Cynthia Haynes*, Cause No. 13RI-CV0054, in the Circuit Court of Ripley County, Missouri.**

11.     Any other documents in your possession or control mentioning, relating to or pertaining to M.H., S.H., Cynthia Randolph Haynes, Charles Haynes, and/or Bernice Haynes and/or any attorney mentioned in Request No. 2 above from May 2016 until the date the above Complaint was filed.

**RESPONSE:**       Williams objects to Request No. 11 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably limited in scope or time, and not reasonably calculated to lead to admissible evidence.

Further, this request is not sufficiently tailored in scope to address the only surviving theory of liability against Williams in this case: that "Williams threatened M.H. and Plaintiff that she would place M.H. and S.H. in foster care if, Plaintiff, or S.H. testified against Charles at his criminal trial or sentencing." (Order and Memorandum on the Defendants' Motions to Dismiss – Honorable Judge Abbie Crites-Leoni – June 8, 2022, p. 17). The Court has repeatedly found that these types of requests are improper. *Drummer v. Corizon, LLC*, 4:16-CV-01170-AGF, 2019 WL 2027611, at *4 (E.D. Mo. May 8, 2019)(finding that information regarding prior complaints, claims or lawsuits made against the defendant were not discoverable); *See Fletcher v. Tomlinson*, No. 4:14-CV-999-RLW, 2015 WL 5093426, at *2 (E.D. Mo. Aug. 28, 2015) (holding that requests for information regarding other lawsuits, administrative proceedings, and complaints involving evidence of similar misconduct by the City was overbroad in light of their limited relevance to the case);*Foster v. Lombardi*, No. 1:12-CV-00116-JAR, 2013 WL 2251716, at *4 (E.D. Mo. May 22, 2013) (holding that the plaintiff's request for information on other civil suits filed against defendant was not relevant or material to plaintiff's claims in subject case).

Additionally, Request No. 11 seeks information that is not under Williams' control pursuant to Missouri Supreme Court Guardian Ad Litem Standard No. 7, which states:

A guardian ad litem shall comply with all statutes, rules, and regulations relating to the receipt of confidential or privileged information received as guardian ad litem. A guardian ad litem shall not redisclose any confidential or privileged information without valid court order or as required by law except as permitted by Rule 4-1.6.

Further, the "Comments" to Missouri Supreme Court Standards for Guardians Ad Litem Standard No. 7 state:

The guardian ad litem should maintain a file consistent with the provisions of Rule 4-1.15….[o]nly the court has the authority to rule on any request concerning the handling or disposition of the file and order its release or early destruction or to rule on any request concerning the handling or disposition of the file. The guardian ad litem should not provide the file to anyone, including the child, without the consent of the court.

Finally, Request No. 11 requests Williams to disclose confidential information in violation of the January 30, 2017 Order For Appointment of Guardian Ad Litem entered by the Honorable Judge John Shock's Order in *In Re: The Marriage of Charles Haynes and Cynthia Haynes*, Cause No. 13RI-CV0054, in the Circuit Court of Ripley County, Missouri.

12.     All billings and timekeeping records and records of payments for services you provided in the <u>Haynes Divorce</u>, and in the three 2017 Juvenile Cases including, but not limited to, records of time spent on any matter related to or pertaining to the above mentioned cases and/or related to or mentioning M.H. and/or S.H.

**RESPONSE:  Williams objects to Request No. 12 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably limited in scope or time, and not reasonably calculated to lead to admissible evidence.**

**Further, this request is not sufficiently tailored in scope to address the only surviving theory of liability against Williams in this case: that "Williams threatened M.H. and Plaintiff that she would place M.H. and S.H. in foster care if, Plaintiff, or S.H. testified against Charles at his criminal trial or sentencing."  (Order and Memorandum on the Defendants' Motions to Dismiss – Honorable Judge Abbie Crites-Leoni – June 8, 2022, p. 17).  The Court has repeatedly found that these types of requests are improper.** *Drummer v. Corizon, LLC*, **4:16-CV-01170-AGF, 2019 WL 2027611, at \*4 (E.D. Mo. May 8, 2019)(finding that information regarding prior complaints, claims or lawsuits made against the defendant were not discoverable);** *See Fletcher v. Tomlinson*, **No. 4:14-CV-999-RLW, 2015 WL 5093426, at \*2 (E.D. Mo. Aug. 28, 2015) (holding that requests for information regarding other lawsuits, administrative proceedings, and complaints involving evidence of similar misconduct by the City was overbroad in light of their limited relevance to the case);** *Foster v. Lombardi*, **No. 1:12-CV-00116-JAR, 2013 WL 2251716, at \*4 (E.D. Mo. May 22, 2013) (holding that the plaintiff's request for information on other civil suits filed against defendant was not relevant or material to plaintiff's claims in subject case).**

**Additionally, Request No. 12 seeks information that is not under Williams' control pursuant to Missouri Supreme Court Guardian Ad Litem Standard No. 7, which states:**

> **A guardian ad litem shall comply with all statutes, rules, and regulations relating to the receipt of confidential or privileged information received as guardian ad litem.  A guardian ad litem shall not redisclose any confidential or privileged information without valid court order or as required by law except as permitted by Rule 4-1.6.**

**Further, the "Comments" to Missouri Supreme Court Standards for Guardians Ad Litem Standard No. 7 state:**

> **The guardian ad litem should maintain a file consistent with the provisions of Rule 4-1.15….[o]nly the court has the authority to rule on any request concerning the handling or disposition of the file and order its release or early destruction or to rule on any request concerning the handling or disposition of the file. The guardian ad litem should not provide the file to anyone, including the child, without the consent of the court.**

**Finally, Request No. 12 requests Williams to disclose confidential information in violation of the January 30, 2017 Order For Appointment of Guardian Ad Litem entered by the Honorable Judge John Shock's Order in** *In Re: The Marriage of Charles Haynes and Cynthia Haynes*, **Cause No. 13RI-CV0054, in the Circuit Court of Ripley County, Missouri.**

13.     Records of any billings to and/or receipt of payment from Charles Haynes or Bernice Haynes while GAL in the <u>Haynes Divorce</u>, and in the three 2017 Juvenile Cases.

**RESPONSE:   Williams objects to Request No. 13 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably limited in scope or time, and not reasonably calculated to lead to admissible evidence.**

**Further, this request is not sufficiently tailored in scope to address the only surviving theory of liability against Williams in this case: that "Williams threatened M.H. and Plaintiff that she would place M.H. and S.H. in foster care if, Plaintiff, or S.H. testified against Charles at his criminal trial or sentencing."  (Order and Memorandum on the Defendants' Motions to Dismiss – Honorable Judge Abbie Crites-Leoni – June 8, 2022, p. 17).  The Court has repeatedly found that these types of requests are improper. *Drummer v. Corizon, LLC*, 4:16-CV-01170-AGF, 2019 WL 2027611, at \*4 (E.D. Mo. May 8, 2019)(finding that information regarding prior complaints, claims or lawsuits made against the defendant were not discoverable); *See Fletcher v. Tomlinson*, No. 4:14-CV-999-RLW, 2015 WL 5093426, at \*2 (E.D. Mo. Aug. 28, 2015) (holding that requests for information regarding other lawsuits, administrative proceedings, and complaints involving evidence of similar misconduct by the City was overbroad in light of their limited relevance to the case);*Foster v. Lombardi*, No. 1:12-CV-00116-JAR, 2013 WL 2251716, at \*4 (E.D. Mo. May 22, 2013) (holding that the plaintiff's request for information on other civil suits filed against defendant was not relevant or material to plaintiff's claims in subject case).**

**Additionally, Request No. 13 seeks information that is not under Williams' control pursuant to Missouri Supreme Court Guardian Ad Litem Standard No. 7, which states:**

**A guardian ad litem shall comply with all statutes, rules, and regulations relating to the receipt of confidential or privileged information received as guardian ad litem.  A guardian ad litem shall not redisclose any confidential or privileged information without valid court order or as required by law except as permitted by Rule 4-1.6.**

**Further, the "Comments" to Missouri Supreme Court Standards for Guardians Ad Litem Standard No. 7 state:**

**The guardian ad litem should maintain a file consistent with the provisions of Rule 4-1.15….[o]nly the court has the authority to rule on any request concerning the handling or disposition of the file and order its release or early destruction or to rule on any request concerning the handling or disposition of the file. The guardian ad litem should not provide the file to anyone, including the child, without the consent of the court.**

**Finally, Request No. 13 requests Williams to disclose confidential information in violation of the January 30, 2017 Order For Appointment of Guardian Ad Litem entered by the Honorable Judge John Shock's Order in *In Re: The Marriage of Charles Haynes and Cynthia Haynes*, Cause No. 13RI-CV0054, in the Circuit Court of Ripley County, Missouri.**

14.     Records of any and all mental health treatments or episodes you are aware of including the dates, provider(s), institutions, address, telephone number and email address(es) of each custodian of records including, but not limited to, inpatient, intensive outpatient, outpatient, and private practice admissions including the Admitting Diagnosis, Discharge Diagnosis, Discharge Recommendations, and any determination of the treatment episode ending or terminated in compliance with medical advice or against medical advice for M.H. and/or S.H.; Cynthia Haynes; Charles Haynes and Bernice Hayes not covered by any other request.

**RESPONSE:  Williams objects to Request No. 14 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably limited in scope or time, and not reasonably calculated to lead to admissible evidence.**

**Further, this request is not sufficiently tailored in scope to address the only surviving theory of liability against Williams in this case: that "Williams threatened M.H. and Plaintiff that she would place M.H. and S.H. in foster care if, Plaintiff, or S.H. testified against Charles at his criminal trial or sentencing."  (Order and Memorandum on the Defendants' Motions to Dismiss – Honorable Judge Abbie Crites-Leoni – June 8, 2022, p. 17).  The Court has repeatedly found that these types of requests are improper. *Drummer v. Corizon, LLC*, 4:16-CV-01170-AGF, 2019 WL 2027611, at \*4 (E.D. Mo. May 8, 2019)(finding that information regarding prior complaints, claims or lawsuits made against the defendant were not discoverable); *See Fletcher v. Tomlinson*, No. 4:14-CV-999-RLW, 2015 WL 5093426, at \*2 (E.D. Mo. Aug. 28, 2015) (holding that requests for information regarding other lawsuits, administrative proceedings, and complaints involving evidence of similar misconduct by the City was overbroad in light of their limited relevance to the case);*Foster v. Lombardi*, No. 1:12-CV-00116-JAR, 2013 WL 2251716, at \*4 (E.D. Mo. May 22, 2013) (holding that the plaintiff's request for information on other civil suits filed against defendant was not relevant or material to plaintiff's claims in subject case).**

**Additionally, Request No. 14 seeks information that is not under Williams' control pursuant to Missouri Supreme Court Guardian Ad Litem Standard No. 7, which states:**

**A guardian ad litem shall comply with all statutes, rules, and regulations relating to the receipt of confidential or privileged information received as guardian ad litem.  A guardian ad litem shall not redisclose any confidential or privileged information without valid court order or as required by law except as permitted by Rule 4-1.6.**

**Further, the "Comments" to Missouri Supreme Court Standards for Guardians Ad Litem Standard No. 7 state:**

**The guardian ad litem should maintain a file consistent with the provisions of Rule 4-1.15….[o|nly the court has the authority to rule on any request concerning the handling or disposition of the file and order its release or early destruction or to rule on any request concerning the handling or disposition of the file. The guardian ad litem should not provide the file to anyone, including the child, without the consent of the court.**

**Finally, Request No. 14 requests Williams to disclose confidential information in violation of the**

**January 30, 2017 Order For Appointment of Guardian Ad Litem entered by the Honorable Judge John Shock's Order in *In Re: The Marriage of Charles Haynes and Cynthia Haynes*, Cause No. 13RI-CV0054, in the Circuit Court of Ripley County, Missouri.**

15.    Identify and produce all records of interviews, documents, phone calls, video calls, face-to-face meetings, collateral interviews, documents reviewed, documents with any person who was a witness to any matter or event alleged in the Amended Complaint or which was gathered or obtained in conjunction as a GAL on any matter listed above.

**RESPONSE:  Williams objects to Request No. 15 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably limited in scope or time, and not reasonably calculated to lead to admissible evidence.**

**Further, this request is not sufficiently tailored in scope to address the only surviving theory of liability against Williams in this case: that "Williams threatened M.H. and Plaintiff that she would place M.H. and S.H. in foster care if, Plaintiff, or S.H. testified against Charles at his criminal trial or sentencing."  (Order and Memorandum on the Defendants' Motions to Dismiss – Honorable Judge Abbie Crites-Leoni – June 8, 2022, p. 17).  The Court has repeatedly found that these types of requests are improper. *Drummer v. Corizon, LLC*, 4:16-CV-01170-AGF, 2019 WL 2027611, at \*4 (E.D. Mo. May 8, 2019)(finding that information regarding prior complaints, claims or lawsuits made against the defendant were not discoverable); *See Fletcher v. Tomlinson*, No. 4:14-CV-999-RLW, 2015 WL 5093426, at \*2 (E.D. Mo. Aug. 28, 2015) (holding that requests for information regarding other lawsuits, administrative proceedings, and complaints involving evidence of similar misconduct by the City was overbroad in light of their limited relevance to the case);*Foster v. Lombardi*, No. 1:12-CV-00116-JAR, 2013 WL 2251716, at \*4 (E.D. Mo. May 22, 2013) (holding that the plaintiff's request for information on other civil suits filed against defendant was not relevant or material to plaintiff's claims in subject case).**

**Additionally, Request No. 4 seeks information that is not under Williams' control pursuant to Missouri Supreme Court Guardian Ad Litem Standard No. 7, which states:**

**A guardian ad litem shall comply with all statutes, rules, and regulations relating to the receipt of confidential or privileged information received as guardian ad litem.  A guardian ad litem shall not redisclose any confidential or privileged information without valid court order or as required by law except as permitted by Rule 4-1.6.**

**Further, the "Comments" to Missouri Supreme Court Standards for Guardians Ad Litem Standard No. 7 state:**

**The guardian ad litem should maintain a file consistent with the provisions of Rule 4-1.15….[o]nly the court has the authority to rule on any request concerning the handling or disposition of the file and order its release or early destruction or to rule on any request concerning the handling or disposition of the file. The guardian ad litem should not provide the file to anyone, including the child, without the consent of the court.**

**Finally, Request No. 15 requests Williams to disclose confidential information in violation of the January 30, 2017 Order For Appointment of Guardian Ad Litem entered by the Honorable Judge**

**John Shock's Order in *In Re: The Marriage of Charles Haynes and Cynthia Haynes*, Cause No. 13RI-CV0054, in the Circuit Court of Ripley County, Missouri.**

16.     Provide and identify the date, time, subject/person of any and all audio and video recordings, purpose of the recording, a listing of any and all original/un-altered audio recordings, video recordings, tapes pertaining to or of any person with regard to any matter relating to or touching upon your work as a GAL in the <u>Haynes Divorce</u> and three juvenile matters and Criminal Cases pertaining to the charges brought against Charles Haynes.

**RESPONSE:  Williams objects to Request No. 16 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably limited in scope or time, and not reasonably calculated to lead to admissible evidence.**

**Further, this request is not sufficiently tailored in scope to address the only surviving theory of liability against Williams in this case: that "Williams threatened M.H. and Plaintiff that she would place M.H. and S.H. in foster care if, Plaintiff, or S.H. testified against Charles at his criminal trial or sentencing." (Order and Memorandum on the Defendants' Motions to Dismiss – Honorable Judge Abbie Crites-Leoni – June 8, 2022, p. 17). The Court has repeatedly found that these types of requests are improper. *Drummer v. Corizon, LLC*, 4:16-CV-01170-AGF, 2019 WL 2027611, at \*4 (E.D. Mo. May 8, 2019)(finding that information regarding prior complaints, claims or lawsuits made against the defendant were not discoverable); *See Fletcher v. Tomlinson*, No. 4:14-CV-999-RLW, 2015 WL 5093426, at \*2 (E.D. Mo. Aug. 28, 2015) (holding that requests for information regarding other lawsuits, administrative proceedings, and complaints involving evidence of similar misconduct by the City was overbroad in light of their limited relevance to the case);*Foster v. Lombardi*, No. 1:12-CV-00116-JAR, 2013 WL 2251716, at \*4 (E.D. Mo. May 22, 2013) (holding that the plaintiff's request for information on other civil suits filed against defendant was not relevant or material to plaintiff's claims in subject case).**

**Additionally, Request No. 16 seeks information that is not under Williams'
control pursuant to Missouri Supreme Court Guardian Ad Litem Standard No. 7, which states:**

**A guardian ad litem shall comply with all statutes, rules, and regulations relating to the receipt of confidential or privileged information received as guardian ad litem.  A guardian ad litem shall not redisclose any confidential or privileged information without valid court order or as required by law except as permitted by Rule 4-1.6.**

**Further, the "Comments" to Missouri Supreme Court Standards for Guardians Ad Litem Standard No. 7 state:**

**The guardian ad litem should maintain a file consistent with the provisions of Rule 4-1.15….[o]nly the court has the authority to rule on any request concerning the handling or disposition of the file and order its release or early destruction or to rule on any request concerning the handling or disposition of the file. The guardian ad litem should not provide the file to anyone, including the child, without the consent of the court.**

**Finally, Request No. 16 requests Williams to disclose confidential information in violation of the January 30, 2017 Order For Appointment of Guardian Ad Litem entered by the Honorable Judge**

**John Shock's Order in** *In Re: The Marriage of Charles Haynes and Cynthia Haynes*, **Cause No. 13RI-CV0054, in the Circuit Court of Ripley County, Missouri.**

17.     Provide a listing of each and every family court or juvenile case in which you were appointed in which custody or visitation was/is at issue in any case presented to any Missouri family or juvenile court from May 2016 to the present, and a listing of any cases you are currently investigating or facilitating or providing services for relating to a custody litigation or juvenile proceeding.

**RESPONSE: Williams objects to Request No. 17 on the grounds it is vague, ambiguous, unduly burdensome, overbroad and not reasonably calculated to lead to admissible evidence or proportional to the issues at stake in this litigation.  This request seeks material that has no relationship to the only surviving theory of liability against Williams in this case: that "Williams threatened M.H. and Plaintiff  that she would place M.H. and S.H. in foster care if, Plaintiff, or S.H. testified against Charles at his criminal trial or sentencing."  (Order and Memorandum on the Defendants' Motions to Dismiss – Honorable Judge Abbie Crites-Leoni – June 8, 2022, p. 17).**

18.     List of every lawsuit/court case for which you have been named as a defendant, including the style of each and every cause.

**RESPONSE: Williams objects to Request No. 18 on the grounds it is harassing, overbroad and not reasonably calculated to lead to admissible evidence and is not proportional to the issues at stake in this litigation.  Further, the request is asking Williams to generate a document, not produce a document that is in her possession, and therefore it is improper.** *See* **Fed R. Civ. P. 34. Further, this request seeks material that has no relationship to the only surviving theory of liability against Williams in this case: that "Williams threatened M.H. and Plaintiff  that she would place M.H. and S.H. in foster care if, Plaintiff, or S.H. testified against Charles at his criminal trial or sentencing."  (Order and Memorandum on the Defendants' Motions to Dismiss – Honorable Judge Abbie Crites-Leoni – June 8, 2022, p. 17).**

**The Court has repeatedly found that requests for this type of information is improper.** *Drummer v. Corizon, LLC*, **4:16-CV-01170-AGF, 2019 WL 2027611, at \*4 (E.D. Mo. May 8, 2019)(finding that information regarding prior complaints, claims or lawsuits made against the defendant were not discoverable);** *See Fletcher v. Tomlinson*, **No. 4:14-CV-999-RLW, 2015 WL 5093426, at \*2 (E.D. Mo. Aug. 28, 2015) (holding that requests for information regarding other lawsuits, administrative proceedings, and complaints involving evidence of similar misconduct by the City was overbroad in light of their limited relevance to the case);** *Foster v. Lombardi*, **No. 1:12-CV-00116-JAR, 2013 WL 2251716, at \*4 (E.D. Mo. May 22, 2013) (holding that the plaintiff's request for information on other civil suits filed against defendant was not relevant or material to plaintiff's claims in subject case).**

19.     Provide a comprehensive list of any and all ethics complaints you have received, the name, address, contact information of the complainant and the content of these complaints from May 2016 to the present and the results of each complaint.

**RESPONSE:  Williams objects to Request No. 19 on the grounds it is harassing, overbroad and not reasonably calculated to lead to admissible evidence and is not proportional to the issues at stake in this litigation.  Further, the request is asking Williams to generate a document, not produce a document that is in her possession, and therefore it is improper.** *See* **Fed R. Civ. P. 34. Further, this request seeks material that has no relationship to the only surviving theory of liability against Williams in this case: that "Williams threatened M.H. and Plaintiff that she would place M.H. and S.H. in foster care if, Plaintiff, or S.H. testified against Charles at his criminal trial or sentencing."  (Order and Memorandum on the Defendants' Motions to Dismiss – Honorable Judge Abbie Crites-Leoni – June 8, 2022, p. 17).**

**The Court has repeatedly found that requests for this type of information is improper.** *Drummer v. Corizon, LLC***, 4:16-CV-01170-AGF, 2019 WL 2027611, at \*4 (E.D. Mo. May 8, 2019)(finding that information regarding prior complaints, claims or lawsuits made against the defendant were not discoverable);** *See Fletcher v. Tomlinson***, No. 4:14-CV-999-RLW, 2015 WL 5093426, at \*2 (E.D. Mo. Aug. 28, 2015) (holding that requests for information regarding other lawsuits, administrative proceedings, and complaints involving evidence of similar misconduct by the City was overbroad in light of their limited relevance to the case);***Foster v. Lombardi***, No. 1:12-CV-00116-JAR, 2013 WL 2251716, at \*4 (E.D. Mo. May 22, 2013) (holding that the plaintiff's request for information on other civil suits filed against defendant was not relevant or material to plaintiff's claims in subject case).**

20.     Any picture of Charles Haynes, Cynthia Haynes, M.S.H., M.H. or S.H., or any other person on matters touching upon any issue raised in the <u>Haynes Divorce</u> or in the 2017 Juvenile Cases concerning M.H. and/or S.H.

**RESPONSE: Williams objects to Request No. 20 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably limited in scope or time, and not reasonably calculated to lead to admissible evidence.**

**Further, this request is not sufficiently tailored in scope to address the only surviving theory of liability against Williams in this case: that "Williams threatened M.H. and Plaintiff that she would place M.H. and S.H. in foster care if, Plaintiff, or S.H. testified against Charles at his criminal trial or sentencing."  (Order and Memorandum on the Defendants' Motions to Dismiss – Honorable Judge Abbie Crites-Leoni – June 8, 2022, p. 17).  The Court has repeatedly found that these types of requests are improper.** *Drummer v. Corizon, LLC***, 4:16-CV-01170-AGF, 2019 WL 2027611, at \*4 (E.D. Mo. May 8, 2019)(finding that information regarding prior complaints, claims or lawsuits made against the defendant were not discoverable);** *See Fletcher v. Tomlinson***, No. 4:14-CV-999-RLW, 2015 WL 5093426, at \*2 (E.D. Mo. Aug. 28, 2015) (holding that requests for information regarding other lawsuits, administrative proceedings, and complaints involving evidence of similar misconduct by the City was overbroad in light of their limited relevance to the case);***Foster v. Lombardi***, No. 1:12-CV-00116-JAR, 2013 WL 2251716, at \*4 (E.D. Mo. May 22, 2013) (holding that the plaintiff's request for information on other civil suits filed against defendant was not relevant or material to plaintiff's claims in subject case).**

Additionally, Request No. 20  seeks information that is not under Williams' control pursuant to Missouri Supreme Court Guardian Ad Litem Standard No. 7, which states:

A guardian ad litem shall comply with all statutes, rules, and regulations relating to the receipt of confidential or privileged information received as guardian ad litem.  A guardian ad litem shall not redisclose any confidential or privileged information without valid court order or as required by law except as permitted by Rule 4-1.6.

Further, the "Comments" to Missouri Supreme Court Standards for Guardians Ad Litem Standard No. 7 state:

The guardian ad litem should maintain a file consistent with the provisions of Rule 4-1.15….[o]nly the court has the authority to rule on any request concerning the handling or disposition of the file and order its release or early destruction or to rule on any request concerning the handling or disposition of the file. The guardian ad litem should not provide the file to anyone, including the child, without the consent of the court.

Finally, Request No. 20  requests Williams to disclose confidential information in violation of the January 30, 2017 Order For Appointment of Guardian Ad Litem entered by the Honorable Judge John Shock's Order in *In Re: The Marriage of Charles Haynes and Cynthia Haynes*, Cause No. 13RI-CV0054, in the Circuit Court of Ripley County, Missouri.

21.       Copies of any medical records for Bernice Haynes.

RESPONSE: Williams objects to Request No. 21 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably limited in scope or time, and not reasonably calculated to lead to admissible evidence.

Further, this request is not sufficiently tailored in scope to address the only surviving theory of liability against Williams in this case: that "Williams threatened M.H. and Plaintiff that she would place M.H. and S.H. in foster care if, Plaintiff, or S.H. testified against Charles at his criminal trial or sentencing."  (Order and Memorandum on the Defendants' Motions to Dismiss – Honorable Judge Abbie Crites-Leoni – June 8, 2022, p. 17).  The Court has repeatedly found that these types of requests are improper. *Drummer v. Corizon, LLC*, 4:16-CV-01170-AGF, 2019 WL 2027611, at *4 (E.D. Mo. May 8, 2019)(finding that information regarding prior complaints, claims or lawsuits made against the defendant were not discoverable); *See Fletcher v. Tomlinson*, No. 4:14-CV-999-RLW, 2015 WL 5093426, at *2 (E.D. Mo. Aug. 28, 2015) (holding that requests for information regarding other lawsuits, administrative proceedings, and complaints involving evidence of similar misconduct by the City was overbroad in light of their limited relevance to the case);*Foster v. Lombardi*, No. 1:12-CV-00116-JAR, 2013 WL 2251716, at *4 (E.D. Mo. May 22, 2013) (holding that the plaintiff's request for information on other civil suits filed against defendant was not relevant or material to plaintiff's claims in subject case).

Additionally, Request No. 21 seeks information that is not under Williams' control pursuant to Missouri Supreme Court Guardian Ad Litem Standard No. 7, which states:

A guardian ad litem shall comply with all statutes, rules, and regulations relating to the receipt of confidential or privileged information received as guardian ad litem.  A guardian ad litem shall not redisclose any confidential or privileged information without valid court order or as required by law except as permitted by Rule 4-1.6.

Further, the "Comments" to Missouri Supreme Court Standards for Guardians Ad Litem Standard No. 7 state:

> The guardian ad litem should maintain a file consistent with the provisions of Rule 4-1.15….[o]nly the court has the authority to rule on any request concerning the handling or disposition of the file and order its release or early destruction or to rule on any request concerning the handling or disposition of the file. The guardian ad litem should not provide the file to anyone, including the child, without the consent of the court.

Finally, Request No. 21 requests Williams to disclose confidential information in violation of the January 30, 2017 Order For Appointment of Guardian Ad Litem entered by the Honorable Judge John Shock's Order in *In Re: The Marriage of Charles Haynes and Cynthia Haynes*, Cause No. 13RI-CV0054, in the Circuit Court of Ripley County, Missouri.

22.   Any other records pertaining to Bernice Haynes' health or ability to care for M.H. and/or S.H.

RESPONSE: Williams objects to Request No. 22 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably limited in scope or time, and not reasonably calculated to lead to admissible evidence.

Further, this request is not sufficiently tailored in scope to address the only surviving theory of liability against Williams in this case: that "Williams threatened M.H. and Plaintiff that she would place M.H. and S.H. in foster care if, Plaintiff, or S.H. testified against Charles at his criminal trial or sentencing."  (Order and Memorandum on the Defendants' Motions to Dismiss – Honorable Judge Abbie Crites-Leoni – June 8, 2022, p. 17).  The Court has repeatedly found that these types of requests are improper. *Drummer v. Corizon, LLC*, 4:16-CV-01170-AGF, 2019 WL 2027611, at \*4 (E.D. Mo. May 8, 2019)(finding that information regarding prior complaints, claims or lawsuits made against the defendant were not discoverable); *See Fletcher v. Tomlinson*, No. 4:14-CV-999-RLW, 2015 WL 5093426, at \*2 (E.D. Mo. Aug. 28, 2015) (holding that requests for information regarding other lawsuits, administrative proceedings, and complaints involving evidence of similar misconduct by the City was overbroad in light of their limited relevance to the case);*Foster v. Lombardi*, No. 1:12-CV-00116-JAR, 2013 WL 2251716, at \*4 (E.D. Mo. May 22, 2013) (holding that the plaintiff's request for information on other civil suits filed against defendant was not relevant or material to plaintiff's claims in subject case).

Additionally, Request No. 22 seeks information that is not under Williams' control pursuant to Missouri Supreme Court Guardian Ad Litem Standard No. 7, which states:

> A guardian ad litem shall comply with all statutes, rules, and regulations relating to the receipt of confidential or privileged information received as guardian ad litem.  A guardian ad litem shall not redisclose any confidential or privileged information without valid court order or as required by law except as permitted by Rule 4-1.6.

Further, the "Comments" to Missouri Supreme Court Standards for Guardians Ad Litem Standard No. 7 state:

> The guardian ad litem should maintain a file consistent with the provisions of Rule 4-1.15….[o]nly the court has the authority to rule on any request concerning the handling or disposition of the file and order its release or early destruction or to rule on any request

concerning the handling or disposition of the file. The guardian ad litem should not provide the file to anyone, including the child, without the consent of the court.

**Finally, Request No. 22 requests Williams to disclose confidential information in violation of the January 30, 2017 Order For Appointment of Guardian Ad Litem entered by the Honorable Judge John Shock's Order in** *In Re: The Marriage of Charles Haynes and Cynthia Haynes***, Cause No. 13RI-CV0054, in the Circuit Court of Ripley County, Missouri.**

23.     Any records mentioning or pertaining to pornography found on a computer owned and/or used by Charles Haynes or Bernice Haynes.

**RESPONSE: Williams objects to Request No. 23 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably limited in scope or time, and not reasonably calculated to lead to admissible evidence.**

**Further, this request is not sufficiently tailored in scope to address the only surviving theory of liability against Williams in this case: that "Williams threatened M.H. and Plaintiff that she would place M.H. and S.H. in foster care if, Plaintiff, or S.H. testified against Charles at his criminal trial or sentencing."   (Order and Memorandum on the Defendants' Motions to Dismiss – Honorable Judge Abbie Crites-Leoni – June 8, 2022, p. 17).   The Court has repeatedly found that these types of requests are improper.** *Drummer v. Corizon, LLC***, 4:16-CV-01170-AGF, 2019 WL 2027611, at \*4 (E.D. Mo. May 8, 2019)(finding that information regarding prior complaints, claims or lawsuits made against the defendant were not discoverable);** *See Fletcher v. Tomlinson***, No. 4:14-CV-999-RLW, 2015 WL 5093426, at \*2 (E.D. Mo. Aug. 28, 2015) (holding that requests for information regarding other lawsuits, administrative proceedings, and complaints involving evidence of similar misconduct by the City was overbroad in light of their limited relevance to the case);***Foster v. Lombardi***, No. 1:12-CV-00116-JAR, 2013 WL 2251716, at \*4 (E.D. Mo. May 22, 2013) (holding that the plaintiff's request for information on other civil suits filed against defendant was not relevant or material to plaintiff's claims in subject case).**

**Additionally, Request No. 23 seeks information that is not under Williams' control pursuant to Missouri Supreme Court Guardian Ad Litem Standard No. 7, which states:**

**A guardian ad litem shall comply with all statutes, rules, and regulations relating to the receipt of confidential or privileged information received as guardian ad litem.   A guardian ad litem shall not redisclose any confidential or privileged information without valid court order or as required by law except as permitted by Rule 4-1.6.**

**Further, the "Comments" to Missouri Supreme Court Standards for Guardians Ad Litem Standard No. 7 state:**

**The guardian ad litem should maintain a file consistent with the provisions of Rule 4-1.15….[o]nly the court has the authority to rule on any request concerning the handling or disposition of the file and order its release or early destruction or to rule on any request concerning the handling or disposition of the file. The guardian ad litem should not provide the file to anyone, including the child, without the consent of the court.**

**Finally, Request No. 23 requests Williams to disclose confidential information in violation of the January 30, 2017 Order For Appointment of Guardian Ad Litem entered by the Honorable Judge John Shock's Order in** *In Re: The Marriage of Charles Haynes and Cynthia Haynes***, Cause No.**

**EXHIBIT A - 023**

**13RI-CV0054, in the Circuit Court of Ripley County, Missouri.**

24.     Any writings made by M.H.

**RESPONSE: Williams objects to Request No. 24 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably limited in scope or time, and not reasonably calculated to lead to admissible evidence.**

**Further, this request is not sufficiently tailored in scope to address the only surviving theory of liability against Williams in this case: that "Williams threatened M.H. and Plaintiff that she would place M.H. and S.H. in foster care if, Plaintiff, or S.H. testified against Charles at his criminal trial or sentencing." (Order and Memorandum on the Defendants' Motions to Dismiss – Honorable Judge Abbie Crites-Leoni – June 8, 2022, p. 17). The Court has repeatedly found that these types of requests are improper.** *Drummer v. Corizon, LLC*, **4:16-CV-01170-AGF, 2019 WL 2027611, at \*4 (E.D. Mo. May 8, 2019)(finding that information regarding prior complaints, claims or lawsuits made against the defendant were not discoverable);** *See Fletcher v. Tomlinson*, **No. 4:14-CV-999-RLW, 2015 WL 5093426, at \*2 (E.D. Mo. Aug. 28, 2015) (holding that requests for information regarding other lawsuits, administrative proceedings, and complaints involving evidence of similar misconduct by the City was overbroad in light of their limited relevance to the case);** *Foster v. Lombardi*, **No. 1:12-CV-00116-JAR, 2013 WL 2251716, at \*4 (E.D. Mo. May 22, 2013) (holding that the plaintiff's request for information on other civil suits filed against defendant was not relevant or material to plaintiff's claims in subject case).**

**Additionally, Request No. 24 seeks information that is not under Williams' control pursuant to Missouri Supreme Court Guardian Ad Litem Standard No. 7, which states:**

**A guardian ad litem shall comply with all statutes, rules, and regulations relating to the receipt of confidential or privileged information received as guardian ad litem. A guardian ad litem shall not redisclose any confidential or privileged information without valid court order or as required by law except as permitted by Rule 4-1.6.**

**Further, the "Comments" to Missouri Supreme Court Standards for Guardians Ad Litem Standard No. 7 state:**

**The guardian ad litem should maintain a file consistent with the provisions of Rule 4-1.15....[o]nly the court has the authority to rule on any request concerning the handling or disposition of the file and order its release or early destruction or to rule on any request concerning the handling or disposition of the file. The guardian ad litem should not provide the file to anyone, including the child, without the consent of the court.**

**Finally, Request No. 24 requests Williams to disclose confidential information in violation of the January 30, 2017 Order For Appointment of Guardian Ad Litem entered by the Honorable Judge John Shock's Order in** *In Re: The Marriage of Charles Haynes and Cynthia Haynes*, **Cause No. 13RI-CV0054, in the Circuit Court of Ripley County, Missouri.**

24.          Your resumé or C.V.

**RESPONSE:  See attached.**

25.     The resumé or C.V. of any person, retained or not, who will provide expert testimony in the above captioned case; any report or writing by each expert concerning any issue or matter which is the subject or touches upon a subject of this lawsuit; any correspondence or communication with each expert; and a list of all materials provided to each expert.

**RESPONSE: Williams objects to Request No. 25 on the grounds it was propounded outside the scope of Fed R. Civ. P. 26(a)(2)(D) which states: "A party must make these disclosures at the times and in the sequence that the court orders."  Pursuant to the Court's Case Management Order – Track 2 Standard entered on August 23, 2022, Williams is not required to disclose any information about expert witnesses prior to June 16, 2023, and objects to doing so prior to that time.**

26.     Copies of any documents obtained from or communications, or subpoena directed to the DFS, Juvenile Office, Ripley County Juvenile Court and/or any other State agency concerning or mentioning M.H. and/or S.H. and their 2014 Juvenile Cases.

**RESPONSE:  Williams objects to Request No. 26 on the grounds it seeks documents protected by the attorney-client and insurer-insured privileges and the work product doctrine.    Williams further objects to Request No. 26 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably limited in scope or time, and not reasonably calculated to lead to admissible evidence.**

**Further, this request is not sufficiently tailored in scope to address the only surviving theory of liability against Williams in this case: that "Williams threatened M.H. and Plaintiff that she would place M.H. and S.H. in foster care if, Plaintiff, or S.H. testified against Charles at his criminal trial or sentencing."  (Order and Memorandum on the Defendants' Motions to Dismiss – Honorable Judge Abbie Crites-Leoni – June 8, 2022, p. 17).  The Court has repeatedly found that these types of requests are improper. _Drummer v. Corizon, LLC_, 4:16-CV-01170-AGF, 2019 WL 2027611, at \*4 (E.D. Mo. May 8, 2019)(finding that information regarding prior complaints, claims or lawsuits made against the defendant were not discoverable); _See Fletcher v. Tomlinson_, No. 4:14-CV-999-RLW, 2015 WL 5093426, at \*2 (E.D. Mo. Aug. 28, 2015) (holding that requests for information regarding other lawsuits, administrative proceedings, and complaints involving evidence of similar misconduct by the City was overbroad in light of their limited relevance to the case);_Foster v. Lombardi_, No. 1:12-CV-00116-JAR, 2013 WL 2251716, at \*4 (E.D. Mo. May 22, 2013) (holding that the plaintiff's request for information on other civil suits filed against defendant was not relevant or material to plaintiff's claims in subject case).**

**Additionally, Request No. 26 seeks information that is not under Williams' control pursuant to Missouri Supreme Court Guardian Ad Litem Standard No. 7, which states:**

> **A guardian ad litem shall comply with all statutes, rules, and regulations relating to the receipt of confidential or privileged information received as guardian ad litem.  A guardian ad litem shall not redisclose any confidential or privileged information without valid court order or as required by law except as permitted by Rule 4-1.6.**

**Further, the "Comments" to Missouri Supreme Court Standards for Guardians Ad Litem Standard No. 7 state:**

> **The guardian ad litem should maintain a file consistent with the provisions of Rule 4-1.15….[o]nly the court has the authority to rule on any request concerning the handling or disposition of the file and order its release or early destruction or to rule on any request concerning the handling or disposition of the file. The guardian ad litem should not provide the file to anyone, including the child, without the consent of the court.**

**Finally, Request No. 26 requests Williams to disclose confidential information in violation of the January 30, 2017 Order For Appointment of Guardian Ad Litem entered by the Honorable Judge John Shock's Order in** *In Re: The Marriage of Charles Haynes and Cynthia Haynes***, Cause No. 13RI-CV0054, in the Circuit Court of Ripley County, Missouri.**

27.     Any records showing evidence of "physical abuse" of M.H. and/or S.H. by either parent.

**RESPONSE:  Williams objects to Request No. 27 on the grounds that it is unduly burdensome, not reasonably limited in scope or time, and not reasonably calculated to lead to admissible evidence.**

**Further, this request is not sufficiently tailored in scope to address the only surviving theory of liability against Williams in this case: that "Williams threatened M.H. and Plaintiff that she would place M.H. and S.H. in foster care if, Plaintiff, or S.H. testified against Charles at his criminal trial or sentencing."  (Order and Memorandum on the Defendants' Motions to Dismiss – Honorable Judge Abbie Crites-Leoni – June 8, 2022, p. 17).  The Court has repeatedly found that these types of requests are improper.** *Drummer v. Corizon, LLC***, 4:16-CV-01170-AGF, 2019 WL 2027611, at \*4 (E.D. Mo. May 8, 2019)(finding that information regarding prior complaints, claims or lawsuits made against the defendant were not discoverable);** *See Fletcher v. Tomlinson***, No. 4:14-CV-999-RLW, 2015 WL 5093426, at \*2 (E.D. Mo. Aug. 28, 2015) (holding that requests for information regarding other lawsuits, administrative proceedings, and complaints involving evidence of similar misconduct by the City was overbroad in light of their limited relevance to the case);** *Foster v. Lombardi***, No. 1:12-CV-00116-JAR, 2013 WL 2251716, at \*4 (E.D. Mo. May 22, 2013) (holding that the plaintiff's request for information on other civil suits filed against defendant was not relevant or material to plaintiff's claims in subject case).**

**Additionally, Request No. 27 seeks information that is not under Williams' control pursuant to Missouri Supreme Court Guardian Ad Litem Standard No. 7, which states:**

> **A guardian ad litem shall comply with all statutes, rules, and regulations relating to the receipt of confidential or privileged information received as guardian ad litem.  A guardian ad litem shall not redisclose any confidential or privileged information without valid court order or as required by law except as permitted by Rule 4-1.6.**

**Further, the "Comments" to Missouri Supreme Court Standards for Guardians Ad Litem Standard No. 7 state:**

> **The guardian ad litem should maintain a file consistent with the provisions of Rule 4-1.15….[o]nly the court has the authority to rule on any request concerning the handling or disposition of the file and order its release or early destruction or to rule on any request concerning the handling or disposition of the file. The guardian ad litem should not provide the file to anyone, including the child, without the consent of the court.**

**Finally, Request No. 27 requests Williams to disclose confidential information in violation of the**

January 30, 2017 Order For Appointment of Guardian Ad Litem entered by the Honorable Judge John Shock's Order in *In Re: The Marriage of Charles Haynes and Cynthia Haynes*, Cause No. 13RI-CV0054, in the Circuit Court of Ripley County, Missouri.

      28.    Copies of any medical records for Cynthia Haynes.

**RESPONSE:  Williams objects to Request No. 28 on the grounds that it is unduly burdensome, not reasonably limited in scope or time, and not reasonably calculated to lead to admissible evidence.**

      **Further, this request is not sufficiently tailored in scope to address the only surviving theory of liability against Williams in this case: that "Williams threatened M.H. and Plaintiff that she would place M.H. and S.H. in foster care if, Plaintiff, or S.H. testified against Charles at his criminal trial or sentencing."  (Order and Memorandum on the Defendants' Motions to Dismiss – Honorable Judge Abbie Crites-Leoni – June 8, 2022, p. 17).  The Court has repeatedly found that these types of requests are improper. *Drummer v. Corizon, LLC*, 4:16-CV-01170-AGF, 2019 WL 2027611, at \*4 (E.D. Mo. May 8, 2019)(finding that information regarding prior complaints, claims or lawsuits made against the defendant were not discoverable); *See Fletcher v. Tomlinson*, No. 4:14-CV-999-RLW, 2015 WL 5093426, at \*2 (E.D. Mo. Aug. 28, 2015) (holding that requests for information regarding other lawsuits, administrative proceedings, and complaints involving evidence of similar misconduct by the City was overbroad in light of their limited relevance to the case);*Foster v. Lombardi*, No. 1:12-CV-00116-JAR, 2013 WL 2251716, at \*4 (E.D. Mo. May 22, 2013) (holding that the plaintiff's request for information on other civil suits filed against defendant was not relevant or material to plaintiff's claims in subject case).**

      **Additionally, Request No. 28 seeks information that is not under Williams' control pursuant to Missouri Supreme Court Guardian Ad Litem Standard No. 7, which states:**

      **A guardian ad litem shall comply with all statutes, rules, and regulations relating to the receipt of confidential or privileged information received as guardian ad litem.  A guardian ad litem shall not redisclose any confidential or privileged information without valid court order or as required by law except as permitted by Rule 4-1.6.**

**Further, the "Comments" to Missouri Supreme Court Standards for Guardians Ad Litem Standard No. 7 state:**

      **The guardian ad litem should maintain a file consistent with the provisions of Rule 4-1.15….[o]nly the court has the authority to rule on any request concerning the handling or disposition of the file and order its release or early destruction or to rule on any request concerning the handling or disposition of the file. The guardian ad litem should not provide the file to anyone, including the child, without the consent of the court.**

**Finally, Request No. 28 requests Williams to disclose confidential information in violation of the January 30, 2017 Order For Appointment of Guardian Ad Litem entered by the Honorable Judge John Shock's Order in *In Re: The Marriage of Charles Haynes and Cynthia Haynes*, Cause No. 13RI-CV0054, in the Circuit Court of Ripley County, Missouri.**

      29.    Copies of any medical records for Charles Haynes.

**RESPONSE:  Williams objects to Request No. 29 on the grounds that it is unduly burdensome, not reasonably limited in scope or time, and not reasonably calculated to lead to admissible**

evidence.

Further, this request is not sufficiently tailored in scope to address the only surviving theory of liability against Williams in this case: that "Williams threatened M.H. and Plaintiff that she would place M.H. and S.H. in foster care if, Plaintiff, or S.H. testified against Charles at his criminal trial or sentencing." (Order and Memorandum on the Defendants' Motions to Dismiss – Honorable Judge Abbie Crites-Leoni – June 8, 2022, p. 17). The Court has repeatedly found that these types of requests are improper. *Drummer v. Corizon, LLC*, 4:16-CV-01170-AGF, 2019 WL 2027611, at *4 (E.D. Mo. May 8, 2019)(finding that information regarding prior complaints, claims or lawsuits made against the defendant were not discoverable); *See Fletcher v. Tomlinson*, No. 4:14-CV-999-RLW, 2015 WL 5093426, at *2 (E.D. Mo. Aug. 28, 2015) (holding that requests for information regarding other lawsuits, administrative proceedings, and complaints involving evidence of similar misconduct by the City was overbroad in light of their limited relevance to the case);*Foster v. Lombardi*, No. 1:12-CV-00116-JAR, 2013 WL 2251716, at *4 (E.D. Mo. May 22, 2013) (holding that the plaintiff's request for information on other civil suits filed against defendant was not relevant or material to plaintiff's claims in subject case).

Additionally, Request No. 29 seeks information that is not under Williams' control pursuant to Missouri Supreme Court Guardian Ad Litem Standard No. 7, which states:

A guardian ad litem shall comply with all statutes, rules, and regulations relating to the receipt of confidential or privileged information received as guardian ad litem. A guardian ad litem shall not redisclose any confidential or privileged information without valid court order or as required by law except as permitted by Rule 4-1.6.

Further, the "Comments" to Missouri Supreme Court Standards for Guardians Ad Litem Standard No. 7 state:

The guardian ad litem should maintain a file consistent with the provisions of Rule 4-1.15….[o]nly the court has the authority to rule on any request concerning the handling or disposition of the file and order its release or early destruction or to rule on any request concerning the handling or disposition of the file. The guardian ad litem should not provide the file to anyone, including the child, without the consent of the court.

Finally, Request No. 29 requests Williams to disclose confidential information in violation of the January 30, 2017 Order For Appointment of Guardian Ad Litem entered by the Honorable Judge John Shock's Order in *In Re: The Marriage of Charles Haynes and Cynthia Haynes*, Cause No. 13RI-CV0054, in the Circuit Court of Ripley County, Missouri.

30. Any records obtained from the Mayo Clinic concerning or mentioning Plaintiff or Plaintiff's mother.

RESPONSE:   Williams objects to Request No. 30 on the grounds it is vague, ambiguous, and not reasonably calculated to lead to admissible evidence and is not proportional to the issues at stake in this litigation. This request seeks material that has no relationship to the only surviving theory of liability against Williams in this case: that "Williams threatened M.H. and Plaintiff that she would place M.H. and S.H. in foster care if, Plaintiff, or S.H. testified against Charles at his criminal trial or sentencing."   (Order and Memorandum on the Defendants' Motions to Dismiss Honorable Judge Abbie Crites-Leoni – June 8, 2022, p. 17).  Williams further objects to this Request on the grounds it seeks information that is in the custody and control of Plaintiff and

**other third-parties.**

       **Subject to said objections, Williams does not have any records from the Mayo Clinic concerning or mentioning Plaintiff or Plaintiff's mother in Williams' custody or control. Williams states that a letter purportedly from Mayo Clinic is currently the subject of motion practice in the Haynes Divorce Case. Williams states that the Court may take judicial notice of any and all material in the Haynes Divorce Case.**

                           Respectfully submitted,

                           ROBERTS PERRYMAN, P.C.

By:    _/s/   Susan M Dimond_____
          Richard C. Wuestling, #30773MO
          Susan M. Dimond, #57434MO
          Dustin L. Goldberger, #70080MO
          1034 S. Brentwood, Suite 2100
          St. Louis, Missouri 63117
          Phone: (314) 421-1850
          Fax: (314) 421-4346
          rwuestling@robertsperryman.com
          sdimond@robertsperryman.com
          dgoldberger@robertsperryman.com

          ***Attorneys for Defendants Jennifer Williams and Jennifer Williams d/b/a Williams Law***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 23, 2022, the foregoing was emailed only to all counsel of record.

Laurence D. Mass laurencedmass@att.net
Evita Tolu evitatolu@outlook.com
***Attorneys for Plaintiff***

John C. Steffens jsteffens@lumbaughlaw.com
***Attorneys for Defendant Bernice Haynes***

Thomas W. Collins, III tcollins@blantonlaw.com
***Attorneys for Spain, Miller, Galloway & Lee, LLC***

Cira R. Duffe duffe@hdp-law.com
***Attorney for Defendant Charles Haynes***

*/s/Susan M. Dimond*