IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| CYNTHIA K. HAYNES (a/k/a Cynthia K. Randolph), individually and under the Missouri Wrongful Death Statute | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No: 1:21-CV-00160-ACL |
| | ) | |
| JENNIFER WILLIAMS, individually, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS JENNIFER WILLIAMS AND WILLIAMS LAW FIRM'S OBJECTIONS AND ANSWERS TO PLAINTIFF'S INTERROGATORIES**

COMES NOW Defendants Jennifer Williams, Individually and Williams Law Firm, (collectively, "Williams") by and through the undersigned counsel, and for Williams' Objections and Answers to Plaintiff's Interrogatories states as follows:

1.      State in detail, every expert whom you expect to call at trial in this case and identify the name of the expert, his/hers opinions, facts relied upon by every expert in reaching each opinion and the fee each expert will charge for their deposition.

**ANSWER:    Williams objects to Interrogatory No. 1 on the grounds it was propounded outside the scope of Fed R. Civ. P. 26(a)(2)(D) which states: "A party must make these disclosures at the times and in the sequence that the court orders." Pursuant to the Court's Case Management Order – Track 2 Standard entered on August 23, 2022, Williams is not required to disclose any information about expert witnesses prior to June 16, 2023, and objects to doing so prior to that time.**

2.      State in detail, the name, author, publisher, title, date of publication and specific provision of all texts, books, journals, periodicals and/or any other professional literature which you or your expert(s) intend to use as authority or reference in defending any of the allegations set forth in Plaintiff's suit.

**ANSWER:    Williams objects to Interrogatory No. 2 on the grounds it was propounded outside the scope of Fed R. Civ. P. 26(a)(2)(D) which states: "A party must make these disclosures at the**

**EXHIBIT B - 001**

**times and in the sequence that the court orders." Pursuant to the Court's Case Management Order – Track 2 Standard entered on August 23, 2022, Williams is not required to disclose any information about expert witnesses prior to June 16, 2023, and objects to doing so prior to that time.**

3.          State in detail, if you have liability insurance that may satisfy part or all of any

judgment which may be entered in this action against you or indemnify or reimburse you for payments

made to satisfy a judgment against you, including any excess coverage or umbrella coverage. State the

name of the company providing insurance coverage, the name of all insureds, insurer's identity, limits

of coverage, effective policy period, policy number, and whether a reservation of rights has been

made.  Attach a complete copy of the declaration page and policy of any insurance agreement

identified.

**ANSWER:    Williams objects to Interrogatory No. 3 on the grounds it seeks to have Williams disclose confidential/privileged information without a protective order.**

          **Subject to and without waiving said objection, yes. Williams will seasonably supplement her answer to Interrogatory No. 3 once a protective order is entered in this cause.**

4.          Provide the names, addresses and job titles for your employment since you acquired

your law license in Missouri until present time, starting first with the most recent place of employment

and the date, month, and year when each employment started and ended.

**ANSWER:    University of Missouri Extension,
          County Engagement Specialist in Community and Economic Development
          Whitten Hall, 506 Hitt Street, Columbia, MO 65211
          (housed at 710 Main Street, Van Buren, MO 63965)
          April 1, 2020 – Present**

          **Williams Law,  Sole Proprietor
          1901 Sunset Drive, Poplar Bluff, MO 63901
          December 1, 2019 – March 31, 2020**

          **Spain, Miller, Galloway & Lee, LLC
          Associate Attorney
          1912 Big Bend, Poplar Bluff, MO 63901
          January 20, 2015 – November 30, 2019**

2

**Kennedy, Kennedy, Robbins & Yarbro,**
**Associate Attorney**
**1165 Cherry Street, Poplar Bluff, MO 63901**
**January 1, 2012 – January 9, 2015**

5.        State in detail, the names and addresses of all colleges, universities, and programs you

attended, dates of attendance, and any degrees, training, and certifications you received pertaining to

your qualifications as an attorney and/or GAL and/or any other professional status and the dates you

obtained such status.

**ANSWER:    Williams objects to Interrogatory No. 5 is not reasonably calculated to lead to the discovery of admissible evidence.  This interrogatory is also vague, ambiguous, overly broad and unduly burdensome in that it requires Defendant Williams to guess as to the meaning of the terms "programs," "training" and "professional status."  Further, this interrogatory is not reasonably limited in time and scope.**

**Subject to and without waiving said objections, to the best of her recollection,**

**Pensacola Christian College**
**250 Brent Lane, Pensacola, FL 32503**
**September 1998 – May 2002**
**BS Speech Communications Education**

**UALR William H. Bowen School of Law,**
**1201 McMath Ave., Little Rock, AR 72202**
**August 2008 – Dec. 2011**
**JD with Honors**

**See attached reports for CLE compliance from MO Bar from 2012 to 2022 which delineate Defendant Williams' GAL Training.**

6.        State in detail, all the education, training and/or professional qualifications you have

acquired in guardian ad litem duties and responsibilities, domestic and intimate partner violence,

financial abuse, child abuse and neglect, reunification therapy for parents and siblings involved in court

proceedings, psychology, therapy, parental alienation, mental health disorders and sexual abuse.  State

in detail means that for each education, training and/or professional qualification, state the names of the

educational/training/professional entities or persons, their addresses and telephone numbers, the title of

the courses, seminars, and/or workshops, your dates of attendance, the hours of education/training you

**EXHIBIT B - 003**

completed, and the names of degrees and/or certifications obtained.

**ANSWER:   Williams objects to Interrogatory No. 6 on the grounds it is vague, ambiguous, overbroad, unduly burdensome, not reasonably limited in scope or time, not reasonably calculated to lead to admissible evidence and is not proportional to the issues in this litigation.   This interrogatory requires Defendant Williams to guess as to what type of "education, training and/or professional training" she would have on "parental alienation," "financial abuse" or "sexual abuse." Further, it is unclear what is meant by "state in detail means for education, training and/or professional qualification" as that language is unintelligible.  Defendant Williams further objects on the grounds that the addresses and phone numbers being sought in Interrogatory No. 6 are not proportional to the needs of this case, and/or seeks information that is not in Defendant Williams' possession, custody or control.**

7.            State in detail, all legal, medical, mental health, or professional articles, journals, treatises, books, abstracts, speeches, presentations, seminars, training courses, that you have authored and/or contributed to that relate to the areas listed in Interrogatory No. 3, including the full library citation for each.  State in detail means that for the speeches, presentations, seminars, training courses that you presented and/or contributed to, provide the name of the organization, their address, telephone number, topics of your speeches and/or presentations and the dates of the presentation.

**ANSWER:   Williams objects to Interrogatory No. 7 in that the "addresses" and "phone numbers" sought are not proportional to the needs of this case, and/or are not information that is within  Defendant Williams' possession, custody or control.**
**Subject to and without waiving said objections, to the best of her recollection:**

> **On June 23, 2017 Defendant Williams gave a presentation entitled "Ethics for the Guardian Ad Litem"  The presentation was a part of the SEMO Year-End CLE program and was hosted by attorney Rebecca Hester.**

> **On various dates and times, Defendant Williams has participated in a series of legal education topics for the ParentLink  public education program on the following topics in the course and scope of her employment with the University of Missouri Extension.  The series included the following topics:  Juvenile Court 101 (overview of juvenile court proceedings), Custody Conundrums (overview of types of physical and legal custody), The Mamas and the Papas (relating to considerations of parent/child contact when child does not reside in the home of the parent), and Two Roads Diverged (general presentation on the differences between adoption/guardianship for minors).**

> **In 2016, Williams gave a presentation for a state meeting of public health nurses on legal issues around immunizations.**

**EXHIBIT B - 004**

8.         State whether you currently have or ever have had a complaint, grievance, motion to disqualify, motion to terminate and/or remove, charge, citation, and/or violation filed against you with any federal or state court, agency, disciplinary committee, professional association, society, organization, Office of the Guardian ad Litem, Office of the Chief Disciplinary Counsel at the Missouri Bar and/or Ethics Committee at any place of your employment and the detailed description of each such complaint and grievance.

**ANSWER:  Williams objects to Interrogatory No. 8 on the grounds it is vague, ambiguous, overbroad, unduly burdensome, not reasonably limited in scope or time, not reasonably calculated to lead to admissible evidence and not proportional to the issues in this litigation.**

**         Further, this interrogatory is not sufficiently tailored in scope to address the only surviving theory of liability against Williams in this case: that "Williams threatened M.H. and Plaintiff that she would place M.H. and S.H. in foster care if, Plaintiff, or S.H. testified against Charles at his criminal trial or sentencing."  (Order and Memorandum on the Defendants' Motions to Dismiss – Honorable Judge Abbie Crites-Leoni – June 8, 2022, p. 17).  The Court has repeatedly found that these types of requests are improper. *Drummer v. Corizon, LLC*, 4:16-CV-01170-AGF, 2019 WL 2027611, at \*4 (E.D. Mo. May 8, 2019)(finding that information regarding prior complaints, claims or lawsuits made against the defendant were not discoverable); *See Fletcher v. Tomlinson*, No. 4:14-CV-999-RLW, 2015 WL 5093426, at \*2 (E.D. Mo. Aug. 28, 2015) (holding that requests for information regarding other lawsuits, administrative proceedings, and complaints involving evidence of similar misconduct by the City was overbroad in light of their limited relevance to the case);*Foster v. Lombardi*, No. 1:12-CV-00116-JAR, 2013 WL 2251716, at \*4 (E.D. Mo. May 22, 2013) (holding that the plaintiff's request for information on other civil suits filed against defendant was not relevant or material to plaintiff's claims in subject case).**

9.         State the names, addresses and telephone numbers of the entities where each complaint, motion, grievance, charge, citation and/or violation was filed, and the dates of said filings and the names, addresses, telephone numbers of each person or entity who filed each complaint, motion, grievance, charge, citation and/or violation against you and the results of the final disposition of these actions.

**ANSWER:     See objection to interrogatory 8 above.**

**EXHIBIT B - 005**

10.       List all cases from January 1, 2015 until present in which you served as an attorney for either petitioner, respondent, plaintiff, defendant, GAL, witness, expert witness and/or consultant, in which Randolph and Siegrid Maness, Ted Liszewski, Sara Marler, Keri Smith, Samantha Evans Pennington, Karen Haynes, Bernice Haynes, Charles Haynes, Judge John H. Shock, Pamela Stark, Dean Million and Allyson Brown were involved as parties, attorneys, experts, witnesses, judges and/or in any and all other capacity.  With respect to each suit provide the names of the parties, the name of the court (state and county) where each lawsuit was filed, the case number, the nature, and the date of each lawsuit; your role in each suit; the amount of compensation, of any kind, you and/or the law firm of Spain, Miller, Galloway & Lee, LLC (Spain Miller) received from each suit.

**ANSWER:    Williams objects to Interrogatory No. 10 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably limited in scope or time, and not reasonably calculated to lead to admissible evidence and is not proportional to the issues in this litigation.**

**        Further, this interrogatory is not sufficiently tailored in scope to address the only surviving theory of liability against Williams in this case: that "Williams threatened M.H. and Plaintiff that she would place M.H. and S.H. in foster care if, Plaintiff, or S.H. testified against Charles at his criminal trial or sentencing."  (Order and Memorandum on the Defendants' Motions to Dismiss – Honorable Judge Abbie Crites-Leoni – June 8, 2022, p. 17).  The Court has repeatedly found that these types of requests are improper. *Drummer v. Corizon, LLC*, 4:16-CV-01170-AGF, 2019 WL 2027611, at \*4 (E.D. Mo. May 8, 2019)(finding that information regarding prior complaints, claims or lawsuits made against the defendant were not discoverable); *See Fletcher v. Tomlinson*, No. 4:14-CV-999-RLW, 2015 WL 5093426, at \*2 (E.D. Mo. Aug. 28, 2015) (holding that requests for information regarding other lawsuits, administrative proceedings, and complaints involving evidence of similar misconduct by the City was overbroad in light of their limited relevance to the case);*Foster v. Lombardi*, No. 1:12-CV-00116-JAR, 2013 WL 2251716, at \*4 (E.D. Mo. May 22, 2013) (holding that the plaintiff's request for information on other civil suits filed against defendant was not relevant or material to plaintiff's claims in subject case).**

**11.**   List all cases from January 1, 2015 until present in which you served as a GAL and identify each case by name of the parties, the court case number, the place (state and county), the date of suit and the names of all attorneys involved and the compensation, of any kind, you and/or the law firm of Spain

EXHIBIT B - 006

Miller received from each suit and whether you have complied with the Missouri Supreme Court GAL

Standards and if you did not comply with the GAL Standards, provide the standard number which you

did not comply with and the detailed reasons for such noncompliance for each listed case.

**ANSWER:    Williams objects to Interrogatory No. 11 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably limited in scope or time, and not reasonably calculated to lead to admissible evidence and is not proportional to the issues in this litigation.**

**Further, this interrogatory is not sufficiently tailored in scope to address the only surviving theory of liability against Williams in this case: that "Williams threatened M.H. and Plaintiff that she would place M.H. and S.H. in foster care if, Plaintiff, or S.H. testified against Charles at his criminal trial or sentencing." (Order and Memorandum on the Defendants' Motions to Dismiss – Honorable Judge Abbie Crites-Leoni – June 8, 2022, p. 17). The Court has repeatedly found that these types of requests are improper. *Drummer v. Corizon, LLC*, 4:16-CV-01170-AGF, 2019 WL 2027611, at \*4 (E.D. Mo. May 8, 2019)(finding that information regarding prior complaints, claims or lawsuits made against the defendant were not discoverable); *See Fletcher v. Tomlinson*, No. 4:14-CV-999-RLW, 2015 WL 5093426, at \*2 (E.D. Mo. Aug. 28, 2015) (holding that requests for information regarding other lawsuits, administrative proceedings, and complaints involving evidence of similar misconduct by the City was overbroad in light of their limited relevance to the case);*Foster v. Lombardi*, No. 1:12-CV-00116-JAR, 2013 WL 2251716, at \*4 (E.D. Mo. May 22, 2013) (holding that the plaintiff's request for information on other civil suits filed against defendant was not relevant or material to plaintiff's claims in subject case).**


12.          State the details and circumstances how you got involved in becoming a GAL in Haynes

v. Haynes by providing the names and addresses of all persons and/or entities who contacted/solicited

your services and with who you discussed your involvement, role, and services in representing the best

interests of Sara and Mikaela Haynes starting from January 2016 until present (excluding attorneys who

represent you in this case).

**ANSWER: Williams objects to Interrogatory No. 12 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably limited in scope or time, and not reasonably calculated to lead to admissible evidence.**

**Further, this interrogatory is not sufficiently tailored in scope to address the only surviving theory of liability against Williams in this case: that "Williams threatened M.H. and Plaintiff that she would place M.H. and S.H. in foster care if, Plaintiff, or S.H. testified against Charles at his criminal trial or sentencing." (Order and Memorandum on the Defendants' Motions to Dismiss – Honorable Judge Abbie Crites-Leoni – June 8, 2022, p. 17). The Court has repeatedly found that these types of requests are improper. *Drummer v. Corizon, LLC*, 4:16-CV-01170-AGF, 2019 WL 2027611, at \*4 (E.D. Mo. May 8, 2019)(finding that information regarding prior complaints, claims or lawsuits made against the defendant were not discoverable); *See Fletcher v. Tomlinson*, No.**

**EXHIBIT B - 007**

**4:14-CV-999-RLW, 2015 WL 5093426, at \*2 (E.D. Mo. Aug. 28, 2015) (holding that requests for information regarding other lawsuits, administrative proceedings, and complaints involving evidence of similar misconduct by the City was overbroad in light of their limited relevance to the case);*Foster v. Lombardi*, No. 1:12-CV-00116-JAR, 2013 WL 2251716, at \*4 (E.D. Mo. May 22, 2013) (holding that the plaintiff's request for information on other civil suits filed against defendant was not relevant or material to plaintiff's claims in subject case).**

> **Additionally, Interrogatory No. 12 seeks information that is not under Williams' control pursuant to Missouri Supreme Court Guardian Ad Litem Standard No. 7, which states:**

> > **A guardian ad litem shall comply with all statutes, rules, and regulations relating to the receipt of confidential or privileged information received as guardian ad litem.  A guardian ad litem shall not redisclose any confidential or privileged information without valid court order or as required by law except as permitted by Rule 4-1.6.**

**Further, the "Comments" to Missouri Supreme Court Standards for Guardians Ad Litem Standard No. 7 state:**

> > **The guardian ad litem should maintain a file consistent with the provisions of Rule 4-1.15….[o]nly the court has the authority to rule on any request concerning the handling or disposition of the file and order its release or early destruction or to rule on any request concerning the handling or disposition of the file. The guardian ad litem should not provide the file to anyone, including the child, without the consent of the court.**

**Finally, Interrogatory No. 12 requests Williams to disclose confidential information in violation of the January 30, 2017 Order For Appointment of Guardian Ad Litem entered by the Honorable Judge John Shock's Order in *In Re: The Marriage of Charles Haynes and Cynthia Haynes*, Cause No. 13RI-CV0054, in the Circuit Court of Ripley County, Missouri.**

13.        State when (each and every date) and with whom (full name and address) did you discuss your involvement, role and/or services in Haynes v. Haynes, from January 1, 2016 until present, including but not limited to Randolph or Siegrid Maness, Charles or Bernice Haynes, Karen Haynes, Ted Liszewski, Keri Smith, Sara Marler, Samantha Evans Pennington, Pamela Stark, William Halaz III, Allyson Brown (excluding attorneys who represent you in this case), when each communication, discussion, and/or meeting was held, the names of all persons involved, method of communication, and the substance of each communication.

**ANSWER: Williams objects to Interrogatory No. 13 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably limited in scope or time, and not reasonably calculated to lead to admissible evidence.**

**Further, this interrogatory is not sufficiently tailored in scope to address the only surviving**

EXHIBIT B - 008

theory of liability against Williams in this case: that "Williams threatened M.H. and Plaintiff that she would place M.H. and S.H. in foster care if, Plaintiff, or S.H. testified against Charles at his criminal trial or sentencing." (Order and Memorandum on the Defendants' Motions to Dismiss – Honorable Judge Abbie Crites-Leoni – June 8, 2022, p. 17). The Court has repeatedly found that these types of requests are improper. *Drummer v. Corizon, LLC*, 4:16-CV-01170-AGF, 2019 WL 2027611, at *4 (E.D. Mo. May 8, 2019)(finding that information regarding prior complaints, claims or lawsuits made against the defendant were not discoverable); *See Fletcher v. Tomlinson*, No. 4:14-CV-999-RLW, 2015 WL 5093426, at *2 (E.D. Mo. Aug. 28, 2015) (holding that requests for information regarding other lawsuits, administrative proceedings, and complaints involving evidence of similar misconduct by the City was overbroad in light of their limited relevance to the case);*Foster v. Lombardi*, No. 1:12-CV-00116-JAR, 2013 WL 2251716, at *4 (E.D. Mo. May 22, 2013) (holding that the plaintiff's request for information on other civil suits filed against defendant was not relevant or material to plaintiff's claims in subject case).

Additionally, Interrogatory No. 13 seeks information that is not under Williams' control pursuant to Missouri Supreme Court Guardian Ad Litem Standard No. 7, which states:

A guardian ad litem shall comply with all statutes, rules, and regulations relating to the receipt of confidential or privileged information received as guardian ad litem. A guardian ad litem shall not redisclose any confidential or privileged information without valid court order or as required by law except as permitted by Rule 4-1.6.

Further, the "Comments" to Missouri Supreme Court Standards for Guardians Ad Litem Standard No. 7 state:

The guardian ad litem should maintain a file consistent with the provisions of Rule 4-1.15....[o]nly the court has the authority to rule on any request concerning the handling or disposition of the file and order its release or early destruction or to rule on any request concerning the handling or disposition of the file. The guardian ad litem should not provide the file to anyone, including the child, without the consent of the court.

Finally, Interrogatory No. 13 requests Williams to disclose confidential information in violation of the January 30, 2017 Order For Appointment of Guardian Ad Litem entered by the Honorable Judge John Shock's Order in *In Re: The Marriage of Charles Haynes and Cynthia Haynes*, Cause No. 13RI-CV0054, in the Circuit Court of Ripley County, Missouri.

14.        State any and all health care providers, therapists, doctors, hospitals, law enforcement officials, state officials, court officials, teachers, school officials, attorneys (excluding attorneys who represent you in this suit), Plaintiff, Mikaela and Sara Haynes, Charles and Bernice Haynes, Siegrid and Randolph Maness, Pamela Stark, Theresa Whaley, Roxann Ward, Angelina Champion, Dean Million, Ted Liszewski, Sara Marler, Keri Smith, Veronica Gao, and/or any other persons whose documents and/or records you received and reviewed mentioning Plaintiff, Mikaela or Sara Haynes, Charles or

EXHIBIT B - 009

Bernice Haynes related to the following litigation: <u>Haynes v. Haynes</u>, <u>Missouri v. Haynes</u>, Case Nos. 13RI-CR00907 and 13RI-CR00907, <u>Missouri v. Haynes</u>, Case Nos. 14RI-JU00016 (Mikaela), 14RI-JU00017(Sara), 17RI-JU00011 (Mikaela), 17RI-JU00012 (Sara) and 17RI-JU00033 (Mikaela).

**ANSWER:    Williams objects to Interrogatory No. 14 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably limited in scope or time, and not reasonably calculated to lead to admissible evidence.**

**Further, this interrogatory is not sufficiently tailored in scope to address the only surviving theory of liability against Williams in this case: that "Williams threatened M.H. and Plaintiff that she would place M.H. and S.H. in foster care if, Plaintiff, or S.H. testified against Charles at his criminal trial or sentencing."  (Order and Memorandum on the Defendants' Motions to Dismiss – Honorable Judge Abbie Crites-Leoni – June 8, 2022, p. 17).  The Court has repeatedly found that these types of requests are improper. *Drummer v. Corizon, LLC*, 4:16-CV-01170-AGF, 2019 WL 2027611, at \*4 (E.D. Mo. May 8, 2019)(finding that information regarding prior complaints, claims or lawsuits made against the defendant were not discoverable); *See Fletcher v. Tomlinson*, No. 4:14-CV-999-RLW, 2015 WL 5093426, at \*2 (E.D. Mo. Aug. 28, 2015) (holding that requests for information regarding other lawsuits, administrative proceedings, and complaints involving evidence of similar misconduct by the City was overbroad in light of their limited relevance to the case);*Foster v. Lombardi*, No. 1:12-CV-00116-JAR, 2013 WL 2251716, at \*4 (E.D. Mo. May 22, 2013) (holding that the plaintiff's request for information on other civil suits filed against defendant was not relevant or material to plaintiff's claims in subject case).**

**Additionally, Interrogatory No. 14 seeks information that is not under Williams' control pursuant to Missouri Supreme Court Guardian Ad Litem Standard No. 7, which states:**

**A guardian ad litem shall comply with all statutes, rules, and regulations relating to the receipt of confidential or privileged information received as guardian ad litem.  A guardian ad litem shall not redisclose any confidential or privileged information without valid court order or as required by law except as permitted by Rule 4-1.6.**

**Further, the "Comments" to Missouri Supreme Court Standards for Guardians Ad Litem Standard No. 7 state:**

**The guardian ad litem should maintain a file consistent with the provisions of Rule 4-1.15….[o]nly the court has the authority to rule on any request concerning the handling or disposition of the file and order its release or early destruction or to rule on any request concerning the handling or disposition of the file. The guardian ad litem should not provide the file to anyone, including the child, without the consent of the court.**

**Finally, Interrogatory No. 14 requests Williams to disclose confidential information in violation of the January 30, 2017 Order For Appointment of Guardian Ad Litem entered by the Honorable Judge John Shock's Order in *In Re: The Marriage of Charles Haynes and Cynthia Haynes*, Cause No. 13RI-CV0054, in the Circuit Court of Ripley County, Missouri.**

**EXHIBIT B - 010**

15.     For each record mentioned in Interrogatory 11, provide, the name, address and telephone number, date of communication and/or date you received any information and/or the documents received, from each and every person and/or entity listed in response to interrogatory 11 and provide the date of the document, title, page, section and line number of the document, including the date of your review, reason for the review and how the document influenced your professional judgement.

**ANSWER:    Williams objects to Interrogatory No. 15 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably limited in scope or time, and not reasonably calculated to lead to admissible evidence.**

**        Further, this interrogatory is not sufficiently tailored in scope to address the only surviving theory of liability against Williams in this case: that "Williams threatened M.H. and Plaintiff that she would place M.H. and S.H. in foster care if, Plaintiff, or S.H. testified against Charles at his criminal trial or sentencing." (Order and Memorandum on the Defendants' Motions to Dismiss – Honorable Judge Abbie Crites-Leoni – June 8, 2022, p. 17). The Court has repeatedly found that these types of requests are improper. *Drummer v. Corizon, LLC*, 4:16-CV-01170-AGF, 2019 WL 2027611, at \*4 (E.D. Mo. May 8, 2019)(finding that information regarding prior complaints, claims or lawsuits made against the defendant were not discoverable); *See Fletcher v. Tomlinson*, No. 4:14-CV-999-RLW, 2015 WL 5093426, at \*2 (E.D. Mo. Aug. 28, 2015) (holding that requests for information regarding other lawsuits, administrative proceedings, and complaints involving evidence of similar misconduct by the City was overbroad in light of their limited relevance to the case);*Foster v. Lombardi*, No. 1:12-CV-00116-JAR, 2013 WL 2251716, at \*4 (E.D. Mo. May 22, 2013) (holding that the plaintiff's request for information on other civil suits filed against defendant was not relevant or material to plaintiff's claims in subject case).**

**        Additionally, Interrogatory No. 15 seeks information that is not under Williams' control pursuant to Missouri Supreme Court Guardian Ad Litem Standard No. 7, which states:**

**        A guardian ad litem shall comply with all statutes, rules, and regulations relating to the receipt of confidential or privileged information received as guardian ad litem. A guardian ad litem shall not redisclose any confidential or privileged information without valid court order or as required by law except as permitted by Rule 4-1.6.**

**Further, the "Comments" to Missouri Supreme Court Standards for Guardians Ad Litem Standard No. 7 state:**

**        The guardian ad litem should maintain a file consistent with the provisions of Rule 4-1.15....[o]nly the court has the authority to rule on any request concerning the handling or disposition of the file and order its release or early destruction or to rule on any request concerning the handling or disposition of the file. The guardian ad litem should not provide the file to anyone, including the child, without the consent of the court.**

**Finally, Interrogatory No. 15 requests Williams to disclose confidential information in violation of the January 30, 2017 Order For Appointment of Guardian Ad Litem entered by the Honorable**

**EXHIBIT B - 011**

**Judge John Shock's Order in *In Re: The Marriage of Charles Haynes and Cynthia Haynes*, Cause No. 13RI-CV0054, in the Circuit Court of Ripley County, Missouri.**

16.     For each person and/or entity whose information and/or documents you decided not to consider and/or investigate, provide the name of the person, address and telephone number, and the date of communication or the date you received any information and/or documents from each person and/or entity mentioning Plaintiff, Sara or Mikaela Haynes and Charles or Bernice Haynes.  Provide detailed and specific reasons why you decided not to consider and/or investigate the information and/or documents and what factors influenced your professional judgment and actions in that respect.

**ANSWER:    Williams objects to Interrogatory No. 16 on the grounds that it is non-sensical, confusing, vague, ambiguous, overbroad, unduly burdensome, not reasonably limited in scope or time, and not reasonably calculated to lead to admissible evidence.**

**Further, this interrogatory is not sufficiently tailored in scope to address the only surviving theory of liability against Williams in this case: that "Williams threatened M.H. and Plaintiff that she would place M.H. and S.H. in foster care if, Plaintiff, or S.H. testified against Charles at his criminal trial or sentencing."  (Order and Memorandum on the Defendants' Motions to Dismiss – Honorable Judge Abbie Crites-Leoni – June 8, 2022, p. 17).  The Court has repeatedly found that these types of requests are improper. *Drummer v. Corizon, LLC*, 4:16-CV-01170-AGF, 2019 WL 2027611, at \*4 (E.D. Mo. May 8, 2019)(finding that information regarding prior complaints, claims or lawsuits made against the defendant were not discoverable); *See Fletcher v. Tomlinson*, No. 4:14-CV-999-RLW, 2015 WL 5093426, at \*2 (E.D. Mo. Aug. 28, 2015) (holding that requests for information regarding other lawsuits, administrative proceedings, and complaints involving evidence of similar misconduct by the City was overbroad in light of their limited relevance to the case);*Foster v. Lombardi*, No. 1:12-CV-00116-JAR, 2013 WL 2251716, at \*4 (E.D. Mo. May 22, 2013) (holding that the plaintiff's request for information on other civil suits filed against defendant was not relevant or material to plaintiff's claims in subject case).**

**Additionally, Interrogatory No. 16 seeks information that is not under Williams' control pursuant to Missouri Supreme Court Guardian Ad Litem Standard No. 7, which states:**

**A guardian ad litem shall comply with all statutes, rules, and regulations relating to the receipt of confidential or privileged information received as guardian ad litem.  A guardian ad litem shall not redisclose any confidential or privileged information without valid court order or as required by law except as permitted by Rule 4-1.6.**

**Further, the "Comments" to Missouri Supreme Court Standards for Guardians Ad Litem Standard No. 7 state:**

**The guardian ad litem should maintain a file consistent with the provisions of Rule 4-1.15….[o]nly the court has the authority to rule on any request concerning the handling or disposition of the file and order its release or early destruction or to rule on any request concerning the handling or disposition of the file. The guardian ad litem should not provide the file to anyone, including the child, without the consent of the court.**

**Finally, Interrogatory No. 16 requests Williams to disclose confidential information in violation of**

**the January 30, 2017 Order For Appointment of Guardian Ad Litem entered by the Honorable Judge John Shock's Order in** *In Re: The Marriage of Charles Haynes and Cynthia Haynes*, **Cause No. 13RI-CV0054, in the Circuit Court of Ripley County, Missouri.**

17.        State in detail, what information and/or documents you withheld from the courts before which the divorce of <u>Haynes v. Haynes</u>, <u>Missouri v. Haynes</u>, Juvenile cases 17RI-JU00011 (Mikaela), 17RI-JU00012 (Sara) and 17RI-JU00033 (Mikaela), from DFS, from Plaintiff, and from any health care professionals involved in the above cases in your role as a GAL.  State in detail the name, address, telephone number, credentials, and email address of each source of information and/or documents you withheld, the date, the author, and the substance of the information and/or documents you received but withheld, the date when you received the information and/or documents and specific reasons why you withheld the information and/or documents from the above listed parties, agencies, and courts.

**ANSWER:    Williams objects to Interrogatory No. 17 on the grounds that it is non-sensical, confusing, vague, ambiguous, overbroad, unduly burdensome, not reasonably limited in scope or time, and not reasonably calculated to lead to admissible evidence.**

**Further, this interrogatory is not sufficiently tailored in scope to address the only surviving theory of liability against Williams in this case: that "Williams threatened M.H. and Plaintiff that she would place M.H. and S.H. in foster care if, Plaintiff, or S.H. testified against Charles at his criminal trial or sentencing."  (Order and Memorandum on the Defendants' Motions to Dismiss – Honorable Judge Abbie Crites-Leoni – June 8, 2022, p. 17).  The Court has repeatedly found that these types of requests are improper.** *Drummer v. Corizon, LLC*, **4:16-CV-01170-AGF, 2019 WL 2027611, at \*4 (E.D. Mo. May 8, 2019)(finding that information regarding prior complaints, claims or lawsuits made against the defendant were not discoverable);** *See Fletcher v. Tomlinson*, **No. 4:14-CV-999-RLW, 2015 WL 5093426, at \*2 (E.D. Mo. Aug. 28, 2015) (holding that requests for information regarding other lawsuits, administrative proceedings, and complaints involving evidence of similar misconduct by the City was overbroad in light of their limited relevance to the case);** *Foster v. Lombardi*, **No. 1:12-CV-00116-JAR, 2013 WL 2251716, at \*4 (E.D. Mo. May 22, 2013) (holding that the plaintiff's request for information on other civil suits filed against defendant was not relevant or material to plaintiff's claims in subject case).**

**Additionally, Interrogatory No. 17 seeks information that is not under Williams' control pursuant to Missouri Supreme Court Guardian Ad Litem Standard No. 7, which states:**

> **A guardian ad litem shall comply with all statutes, rules, and regulations relating to the receipt of confidential or privileged information received as guardian ad litem.  A guardian ad litem shall not redisclose any confidential or privileged information without valid court order or as required by law except as permitted by Rule 4-1.6.**

EXHIBIT B - 013

**Further, the "Comments" to Missouri Supreme Court Standards for Guardians Ad Litem Standard No. 7 state:**

> **The guardian ad litem should maintain a file consistent with the provisions of Rule 4-1.15….[o]nly the court has the authority to rule on any request concerning the handling or disposition of the file and order its release or early destruction or to rule on any request concerning the handling or disposition of the file. The guardian ad litem should not provide the file to anyone, including the child, without the consent of the court.**

**Finally, Interrogatory No. 17 requests Williams to disclose confidential information in violation of the January 30, 2017 Order For Appointment of Guardian Ad Litem entered by the Honorable Judge John Shock's Order in** *In Re: The Marriage of Charles Haynes and Cynthia Haynes*, **Cause No. 13RI-CV0054, in the Circuit Court of Ripley County, Missouri.**

18.        State in detail, the names of all the persons and/or entities and their addresses, who/which

assisted you in performing your duties and responsibilities in <u>Haynes v. Haynes</u>, Juvenile Court cases

17RI-JU00011 (Mikaela), 17RI-JU00012 (Sara) and 17RI-JU00033 (Mikaela) and the DFS and the dates

of such assistance.

**ANSWER:    Williams objects to Interrogatory No. 18 on the grounds that it is vague as to the terms "person" and "entities" in this context. It is also ambiguous, unduly burdensome, overbroad, not reasonably limited in scope or time, not reasonably calculated to lead to admissible evidence and is not proportional to the issues at stake in this litigation.**

**Further, this interrogatory is not sufficiently tailored in scope to address the only surviving theory of liability against Williams in this case: that "Williams threatened M.H. and Plaintiff that she would place M.H. and S.H. in foster care if, Plaintiff, or S.H. testified against Charles at his criminal trial or sentencing."  (Order and Memorandum on the Defendants' Motions to Dismiss – Honorable Judge Abbie Crites-Leoni – June 8, 2022, p. 17).  The Court has repeatedly found that these types of requests are improper.** *Drummer v. Corizon, LLC*, **4:16-CV-01170-AGF, 2019 WL 2027611, at \*4 (E.D. Mo. May 8, 2019)(finding that information regarding prior complaints, claims or lawsuits made against the defendant were not discoverable);** *See Fletcher v. Tomlinson*, **No. 4:14-CV-999-RLW, 2015 WL 5093426, at \*2 (E.D. Mo. Aug. 28, 2015) (holding that requests for information regarding other lawsuits, administrative proceedings, and complaints involving evidence of similar misconduct by the City was overbroad in light of their limited relevance to the case);** *Foster v. Lombardi*, **No. 1:12-CV-00116-JAR, 2013 WL 2251716, at \*4 (E.D. Mo. May 22, 2013) (holding that the plaintiff's request for information on other civil suits filed against defendant was not relevant or material to plaintiff's claims in subject case).**

**Additionally, Interrogatory No. 18 seeks information that is not under Williams' control pursuant to Missouri Supreme Court Guardian Ad Litem Standard No. 7, which states:**

> **A guardian ad litem shall comply with all statutes, rules, and regulations relating to the receipt of confidential or privileged information received as guardian ad litem.  A guardian ad litem shall not redisclose any confidential or privileged information without valid court**

14

order or as required by law except as permitted by Rule 4-1.6.

**Further, the "Comments" to Missouri Supreme Court Standards for Guardians Ad Litem Standard No. 7 state:**

> **The guardian ad litem should maintain a file consistent with the provisions of Rule 4-1.15….[o]nly the court has the authority to rule on any request concerning the handling or disposition of the file and order its release or early destruction or to rule on any request concerning the handling or disposition of the file. The guardian ad litem should not provide the file to anyone, including the child, without the consent of the court.**

**Finally, Interrogatory No. 18 requests Williams to disclose confidential information in violation of the January 30, 2017 Order For Appointment of Guardian Ad Litem entered by the Honorable Judge John Shock's Order in *In Re: The Marriage of Charles Haynes and Cynthia Haynes*, Cause No. 13RI-CV0054, in the Circuit Court of Ripley County, Missouri.**

19.        State in detail, any and all documents relating to Plaintiff, Mikaela or Sara Haynes, Charles, or Bernice Haynes, in <u>Haynes v. Haynes</u>, <u>Missouri v. Haynes</u>, Juvenile cases 17RI-JU00011 (Mikaela), 17RI-JU00012 (Sara) and 17RI-JU00033 (Mikaela) that have been destroyed, lost, or altered (i.e. changed in any manner after the document was initially created and dated), and state when, where and under what circumstances the destruction, loss or alteration occurred and who, if anyone, assisted you.

**ANSWER:    Williams objects to Interrogatory No. 19 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably limited in scope or time, and not reasonably calculated to lead to admissible evidence.**

**        Further, this interrogatory is not sufficiently tailored in scope to address the only surviving theory of liability against Williams in this case: that "Williams threatened M.H. and Plaintiff that she would place M.H. and S.H. in foster care if, Plaintiff, or S.H. testified against Charles at his criminal trial or sentencing." (Order and Memorandum on the Defendants' Motions to Dismiss – Honorable Judge Abbie Crites-Leoni – June 8, 2022, p. 17). The Court has repeatedly found that these types of requests are improper. *Drummer v. Corizon, LLC*, 4:16-CV-01170-AGF, 2019 WL 2027611, at \*4 (E.D. Mo. May 8, 2019)(finding that information regarding prior complaints, claims or lawsuits made against the defendant were not discoverable); *See Fletcher v. Tomlinson*, No. 4:14-CV-999-RLW, 2015 WL 5093426, at \*2 (E.D. Mo. Aug. 28, 2015) (holding that requests for information regarding other lawsuits, administrative proceedings, and complaints involving evidence of similar misconduct by the City was overbroad in light of their limited relevance to the case);*Foster v. Lombardi*, No. 1:12-CV-00116-JAR, 2013 WL 2251716, at \*4 (E.D. Mo. May 22, 2013) (holding that the plaintiff's request for information on other civil suits filed against defendant was not relevant or material to plaintiff's claims in subject case).**

**EXHIBIT B - 015**

Additionally, Interrogatory No. 19 seeks information that is not under Williams' control pursuant to Missouri Supreme Court Guardian Ad Litem Standard No. 7, which states:

A guardian ad litem shall comply with all statutes, rules, and regulations relating to the receipt of confidential or privileged information received as guardian ad litem.  A guardian ad litem shall not redisclose any confidential or privileged information without valid court order or as required by law except as permitted by Rule 4-1.6.

Further, the "Comments" to Missouri Supreme Court Standards for Guardians Ad Litem Standard No. 7 state:

The guardian ad litem should maintain a file consistent with the provisions of Rule 4-1.15....[o]nly the court has the authority to rule on any request concerning the handling or disposition of the file and order its release or early destruction or to rule on any request concerning the handling or disposition of the file. The guardian ad litem should not provide the file to anyone, including the child, without the consent of the court.

Finally, Interrogatory No. 19 requests Williams to disclose confidential information in violation of the January 30, 2017 Order For Appointment of Guardian Ad Litem entered by the Honorable Judge John Shock's Order in *In Re: The Marriage of Charles Haynes and Cynthia Haynes*, Cause No. 13RI-CV0054, in the Circuit Court of Ripley County, Missouri.

19.     State in detail, every form of compensation, of any kind, that you and/or your employer received from every person and/or entity, including promises of future compensation of any kind, for your services provided in <u>Haynes v. Haynes</u>, <u>Missouri v. Haynes</u>, Juvenile Cases 17RI-JU00011 (Mikaela), 17RI-JU00012 (Sara) and 17RI-JU00033 (Mikaela) and DFS or any other cases which mention Plaintiff, Mikaela or Sara Haynes, Charles or Bernice Haynes listing the name and address of every person and entity from which you received the compensation of any kind, date of the compensation and the form of compensation.

ANSWER: Williams objects to Interrogatory No. 20 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably limited in scope or time, and not reasonably calculated to lead to admissible evidence.

Further, this interrogatory is not sufficiently tailored in scope to address the only surviving theory of liability against Williams in this case: that "Williams threatened M.H. and Plaintiff that she would place M.H. and S.H. in foster care if, Plaintiff, or S.H. testified against Charles at his criminal trial or sentencing."  (Order and Memorandum on the Defendants' Motions to Dismiss – Honorable Judge Abbie Crites-Leoni – June 8, 2022, p. 17).  The Court has repeatedly found that these types of requests are improper. *Drummer v. Corizon, LLC*, 4:16-CV-01170-AGF, 2019 WL 2027611, at *4 (E.D. Mo. May 8, 2019)(finding that information regarding prior complaints, claims

EXHIBIT B - 016

or lawsuits made against the defendant were not discoverable); *See Fletcher v. Tomlinson*, No. 4:14-CV-999-RLW, 2015 WL 5093426, at *2 (E.D. Mo. Aug. 28, 2015) (holding that requests for information regarding other lawsuits, administrative proceedings, and complaints involving evidence of similar misconduct by the City was overbroad in light of their limited relevance to the case);*Foster v. Lombardi*, No. 1:12-CV-00116-JAR, 2013 WL 2251716, at *4 (E.D. Mo. May 22, 2013) (holding that the plaintiff's request for information on other civil suits filed against defendant was not relevant or material to plaintiff's claims in subject case).

Additionally, Interrogatory No. 20 seeks information that is not under Williams' control pursuant to Missouri Supreme Court Guardian Ad Litem Standard No. 7, which states:

A guardian ad litem shall comply with all statutes, rules, and regulations relating to the receipt of confidential or privileged information received as guardian ad litem. A guardian ad litem shall not redisclose any confidential or privileged information without valid court order or as required by law except as permitted by Rule 4-1.6.

Further, the "Comments" to Missouri Supreme Court Standards for Guardians Ad Litem Standard No. 7 state:

The guardian ad litem should maintain a file consistent with the provisions of Rule 4-1.15….[o]nly the court has the authority to rule on any request concerning the handling or disposition of the file and order its release or early destruction or to rule on any request concerning the handling or disposition of the file. The guardian ad litem should not provide the file to anyone, including the child, without the consent of the court.

Finally, Interrogatory No. 20 requests Williams to disclose confidential information in violation of the January 30, 2017 Order For Appointment of Guardian Ad Litem entered by the Honorable Judge John Shock's Order in *In Re: The Marriage of Charles Haynes and Cynthia Haynes*, Cause No. 13RI-CV0054, in the Circuit Court of Ripley County, Missouri.

21.     State in detail, each verbal, electronic or handwritten communication you or anyone acting on your behalf has had with any other Defendants or other agents involved in this case from May 2016 until present stating the date of each communications, names of everyone present or part of communication, substance and method of each communication and documents which memorialize any parts of any discussion described in answers to this Interrogatory. (Communications between Defendants Williams and Spain-Miller are excluded from this inquiry.)

**ANSWER: Williams objects to Interrogatory No. 21 on the grounds that it seeks information protected by attorney-client and insurer-insured privilege as well as the work product doctrine. Williams also objects to Interrogatory No. 21 on the grounds that it is overbroad, unduly burdensome, not reasonably limited in scope or time, and not reasonably calculated to lead to admissible evidence. Defendant incorporates her prior objections to Interrogatories 1-20 into this response.**

22.        State in detail, the names and addresses of all persons and/or entities with knowledge of any facts or information relevant to any of the claims, allegations, or facts stated in Plaintiff's petition and/or your answer not stated in answer to any other interrogatory asked.  For each person and/or entity identified, state what facts and/or information that person and/or entity knows.

**ANSWER:    Williams objects to Interrogatory No. 22 on the grounds that it seeks information protected by attorney-client and insurer-insured privilege as well as the work product doctrine. Williams also objects to Interrogatory No. 22 on the grounds that it is overbroad, unduly burdensome, not reasonably limited in scope or time, and not reasonably calculated to lead to admissible evidence.**

**Additionally, Interrogatory No. 22 seeks information that is not under Williams' control pursuant to Missouri Supreme Court Guardian Ad Litem Standard No. 7, which states:**

> **A guardian ad litem shall comply with all statutes, rules, and regulations relating to the receipt of confidential or privileged information received as guardian ad litem.  A guardian ad litem shall not redisclose any confidential or privileged information without valid court order or as required by law except as permitted by Rule 4-1.6.**

**Further, the "Comments" to Missouri Supreme Court Standards for Guardians Ad Litem Standard No. 7 state:**

> **The guardian ad litem should maintain a file consistent with the provisions of Rule 4-1.15….[o]nly the court has the authority to rule on any request concerning the handling or disposition of the file and order its release or early destruction or to rule on any request concerning the handling or disposition of the file. The guardian ad litem should not provide the file to anyone, including the child, without the consent of the court.**

**Finally, Interrogatory No. 22 requests Williams to disclose confidential information in violation of the January 30, 2017 Order For Appointment of Guardian Ad Litem entered by the Honorable Judge John Shock's Order in *In Re: The Marriage of Charles Haynes and Cynthia Haynes*, Cause No. 13RI-CV0054, in the Circuit Court of Ripley County, Missouri.**

23.        State in detail, if you have ever been and/or currently are a party, other than as a GAL, in a lawsuit or administrative proceeding, civil, criminal and/or quasi-criminal, including but not limited to professional negligence, other than this case.  Identify each lawsuit and proceeding by name of the parties, the court case/agency administrative proceeding case number, the place (state and county) where each suit/proceeding was filed and/or currently pending, and the nature of the claims in

**EXHIBIT B - 018**

the lawsuit and/or proceeding, date of each lawsuit and/or proceeding, and the names and addresses of every attorney involved.

**ANSWER:    Williams objects to Interrogatory No. 23  on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably limited in scope or time, and not reasonably calculated to lead to admissible evidence.**

**Further, this interrogatory is not sufficiently tailored in scope to address the only surviving theory of liability against Williams in this case: that "Williams threatened M.H. and Plaintiff that she would place M.H. and S.H. in foster care if, Plaintiff, or S.H. testified against Charles at his criminal trial or sentencing."  (Order and Memorandum on the Defendants' Motions to Dismiss – Honorable Judge Abbie Crites-Leoni – June 8, 2022, p. 17).  The Court has repeatedly found that these types of requests are improper.** *Drummer v. Corizon, LLC***, 4:16-CV-01170-AGF, 2019 WL 2027611, at \*4 (E.D. Mo. May 8, 2019)(finding that information regarding prior complaints, claims or lawsuits made against the defendant were not discoverable);** *See Fletcher v. Tomlinson***, No. 4:14-CV-999-RLW, 2015 WL 5093426, at \*2 (E.D. Mo. Aug. 28, 2015) (holding that requests for information regarding other lawsuits, administrative proceedings, and complaints involving evidence of similar misconduct by the City was overbroad in light of their limited relevance to the case);***Foster v. Lombardi***, No. 1:12-CV-00116-JAR, 2013 WL 2251716, at \*4 (E.D. Mo. May 22, 2013) (holding that the plaintiff's request for information on other civil suits filed against defendant was not relevant or material to plaintiff's claims in subject case).**

Respectfully submitted,

ROBERTS PERRYMAN, P.C.

By:    */s/  Susan M Dimond*
Richard C. Wuestling, #30773MO
Susan M. Dimond, #57434MO
Dustin L. Goldberger, #70080MO
1034 S. Brentwood, Suite 2100
St. Louis, Missouri 63117
Phone: (314) 421-1850
Fax: (314) 421-4346
rwuestling@robertsperryman.com
sdimond@robertsperryman.com
dgoldberger@robertsperryman.com

***Attorneys for Defendants Jennifer Williams and Jennifer Williams d/b/a Williams Law***

EXHIBIT B - 019

## CERTIFICATE OF SERVICE

       I hereby certify that on September 23, 2022, the foregoing was emailed only to all counsel of record.

Laurence D. Mass laurencedmass@att.net
Evita Tolu evitatolu@outlook.com
**Attorneys for Plaintiff**

John C. Steffens jsteffens@lumbaughlaw.com
**Attorneys for Defendant Bernice Haynes**

Thomas W. Collins, III tcollins@blantonlaw.com
**Attorneys for Spain, Miller, Galloway & Lee, LLC**

Cira R. Duffe duffe@hdp-law.com
**Attorney for Defendant Charles Haynes**


       /s/Susan M. Dimond

**EXHIBIT B - 020**