*Laurence D. Mass*

*Attorney at Law*
230 S. Bemiston, Suite 1200
St. Louis, Missouri 63105

Phone: (314) 862-3333, Ext. 20

E-Mail: laurencedmass@att.net

Fax: (314) 862-0605

October 3, 2022

Ms. Susan M. Dimond
Mr. Dustin L. Goldberger
Roberts Perryman, P.C.
1034 S. Brentwood, Suite 2100
St. Louis, Missouri  63117

> **Re:**   *Haynes v. Williams, et al.*
> ***Discussions concerning Defendant Williams' objections to Plaintiff's discovery***

Dear Susan & Dustin:

For better or worse, below is my recollection taken from very cryptic notes concerning our discussions of the differences that we have concerning your responses to discovery.

**Discussion re:  Request for Production of Documents:**

1.     No issue.

2-16.   Your objections to these Requests are all based upon your contention that you cannot produce any of Jennifer Williams' records because they are confidential and that you may not produce them pursuant to the Missouri Supreme Court Guardian *ad litem* (GAL) standard no. 7 and the court order in the Haynes v. Haynes divorce.  Therefore, Evita and I will seek to have the court in the Haynes v. Williams, *et al.* case order that you produce Jennifer Williams' entire GAL file.

As I stated, I believe that Judge Crites-Leoni can order the production of those records pursuant to the order in the Haynes v. Haynes divorce otherwise restricting their dissemination. There is also court precedent for a Federal Court to order that GAL records or records of DFS or other agencies which by statute or otherwise are to be maintained confidential be produced in civil litigation not directly involving the custody disputes for which the GAL was appointed.  Our differences over the release of those records will be resolved through the resolution of Plaintiff's Motion to Compel.

17.     We disagreed on whether Williams should have to produce a listing of similar

**EXHIBIT C - 001**

cases in which she was appointed a GAL since May 2016. Again, this will be the subject of Plaintiff's Motion to Compel. I believe this is relevant and might possibly lead to the discovery of admissible evidence by possible discovery of how Williams has acted as a GAL in other cases.

18.     Again, we disagreed on whether you should have to produce the names of lawsuits in which Williams has been named as a defendant. It is calculated to lead to the discovery of admissible evidence.

19.     In our discussion of whether there have been other ethics complaints against Williams, I conceded that if the complaints had not risen to the level in which they have been made public, you will not have to produce them. In any event, I believe they are relevant and that they may show a pattern of conduct by Williams which would aid a jury in deciding this case.

20.     We disagree on production of the records pursuant to this Request. If you wish me to narrow the Request, I can narrow it to pictures of Charles Haynes, Cynthia Haynes, M.S.H., M.H., or S.H. and to any other picture that you might use in presenting a defense of Williams at a trial of this matter. With that amendment it should be limited in a way that you can produce it. With regard to not limiting it in scope or time, we can limit that from the time Williams was appointed GAL to the present.

21-24. You stated that any medical records that Williams had for Bernice Haynes or any records showing Bernice Haynes' ability to take care of M.H. or S.H. for records relating to pornography found on a computed owned and/or used by Charles Haynes, and for any writings by M.H. would be contained in the GAL file. On that basis that matter will be resolved in accordance with Plaintiff's Motion to Compel as with regards to Requests 2-16.

25.     No differences.

26-29. We discussed that any records that Jennifer Williams has with regard to these Requests are contained in her GAL file. Whether they have to be produced will be resolved through Plaintiff's Motion to Compel.

30.     You stated that there were no such records in Williams' files, but that any such records would be work product. To the extent that you intend to introduce any such records as evidence at trial, I believe they should be produced. In fact, if you attempt to use them at a deposition of Cynthia Haynes after not having produced them in response to this Request for Production of Documents, I will then object at the deposition and direct Cynthia Haynes not to respond to your question about those records.

### Discussions re: Interrogatories:

1-3.    No disputes - you will answer at the appropriate times.

4-5.    You have answered.

**EXHIBIT C - 002**

6.       I agreed to accept the attached CLE report as responsive.  The remainder of information that I might seek can be obtained at deposition.

7.       Answered.

8.       I agree to accept an answer as to any disciplinary action that has become public.

9.       See #8 above.

10.       We disagreed.  I believe this is a proper Interrogatory.  It is designed to lead to the possibility of finding additional witnesses that might be able to testify or provide background to how Williams has acted as a GAL in other cases as it might reflect on this case.

11.       Our disagreement is similar to that for #10 above.  I did agree that you did not have to answer with regard to acknowledging what GAL standards Williams complied with or did not comply with.

12.       I agreed that Williams did not have to answer with regard to whether she, as you said, told her mother or some other person that she was going to a hearing or doing something with regard to the underlying divorce and juvenile cases.  However, with regard to persons such as other members of the Spain-Miller law firm, attorney colleagues, psychologists or other persons with whom Williams discussed her involvement as GAL in matters regarding S.H. and M.H., Williams should answer.

13.       The same limitation which applies to #12 applies to #13, however, there is no limitation as to Williams' discussions with regard to the named individuals and any other person who might have been affiliated with DFS, CASA or any other agency or persons actually involved with any matters in the Haynes vs. Haynes divorce.

14.       I agreed that any records that would pertain to an answer to #14 would be contained in Williams' GAL files and will be produced in accordance with the Judge's ruling on Plaintiff's Motion to Compel.

15.       We disagreed on whether Williams has to answer Interrogatory #15.  To the extent that she will be compelled to answer Interrogatory #11, the same ruling should apply to Interrogatory #15.

16-17.  I agreed that I would explore anything further with regard to these Interrogatories at a deposition.

18.       I agreed that a response to Interrogatory #18 should include the names of persons at Spain-Miller who assisted Williams in performing her duties in the Haynes vs. Haynes divorce and the juvenile cases mentioned as well as any other attorney who provided her with assistance.

19.       (First.)  As I mentioned in our discussions of Interrogatory 19, in the Tolu vs. Reid

**EXHIBIT C - 003**

case, we allege that Reid altered some of his records and destroyed some of his records. Through this Interrogatory we are asking whether Williams knowingly destroyed or altered records or knows of any records mentioning any of the parties listed in this Interrogatory that was destroyed or altered either by Williams or someone else. We believe the Interrogatory is appropriate. You agreed to discuss answering it with your client.

19.     (Second - probably 20.) As we discussed, we are looking for any payments to Williams as a result of any of the cases mentioned, the amount of the payment, the date of the payment, and the person or persons making the payment. Frankly, we are also looking for any payments that Charles and/or Bernice Haynes and/or Karen Haynes made to Williams or Spain-Miller.

21.     I withdrew #21. We should get that information with the production of Williams' GAL file.

22.     I agreed that I would accept an answer to this Interrogatory through what is produced in the GAL file. If I believe necessary, we may revisit this Interrogatory at a later time.

23.     We disagree on the need for Williams to answer this Interrogatory. I believe she should and that it is an appropriate and usual Interrogatory in cases of this nature or other cases concerning claims against professionals.

During our conversation you asked whether there were any cases in which a court ordered a GAL file produced in a matter other than the custody or juvenile case in which the GAL was working; in other words, in a civil action for damages. These three cases illustrate where courts have ordered that records that are otherwise confidential by statute or court rule can be produced in a civil action for damages. One involves the production of a GAL file. These are not the only cases. There are others which are 1983 cases. The cases are: Smith vs. Harold's Supermarket, Inc., 685 S.W.2d 859 (Mo. App. W.D. 1984); Sharonda B. by Murphy vs. Herrick, 1998 U.S. Dist. LEXIS 13463 (N.D. IL. 1998); and Schweppe vs. City of Pine Lawn, 2018 U.S. Dist. LEXIS 14575 (E.D. Mo. 2018).

Let me know if you disagree with anything that I have stated above. You can anticipate that we will file a Motion to Compel the production of Williams' GAL file and answers to other Interrogatories and Requests for Production of Documents as outlined.

Very truly yours,

Laurence D. Mass

LDM/pb
cc:   Evita Tolu

**EXHIBIT C - 004**