UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| CYNTHIA K. HAYNES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:21-CV-00160-ACL ) |
| JENNIFER WILLIAMS, et al., | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Reconsideration of the Court's decision granting Defendant Bernice Haynes' Motion to Dismiss, and dismissing Plaintiff's personal claim against Defendants Williams and Spain, Miller. (Doc. 62.) The Motion is fully briefed and ripe for disposition.

**I.    Background**

This action stems from the tragic death of M.H., Plaintiff Cynthia K. Haynes' minor child, due to suicide. The parties are familiar with the underlying facts and the Court will focus only on the facts relevant to this Motion.

Plaintiff's Amended Complaint ("Complaint") sets forth seven causes of action. In Count I, Plaintiff asserts a wrongful death claim against Defendants Williams and Spain, Miller, based on Defendant Jennifer Williams acting outside the scope of her GAL duties. In Count II, Plaintiff asserts a wrongful death claim against Williams and Spain, Miller based on their alleged legal malpractice. Count III alleges wrongful death based upon the breach of fiduciary duties of Williams and Spain, Miller. In Count IV, Plaintiff asserts a personal claim against Williams and Spain, Miller, based on Williams' alleged acting outside the scope of her GAL duties. Count V

asserts a wrongful death claim against Spain, Miller, based on their negligent supervision of Williams.  In Count VI, Plaintiff asserts a wrongful death claim against Defendant Bernice Haynes on a theory of negligence.  Finally, Count VII asserts a wrongful death claim against Defendant Charles Haynes, based on his sexual assault and battery of M.H.

Each Defendant—Bernice Haynes; Jennifer Williams; Spain, Miller; and Charles Haynes—filed a separate motion to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted.  In a June 8, 2022 Memorandum and Order, the Court granted the Motion to Dismiss of Bernice Haynes; granted the Motion to Dismiss of Jennifer Williams as to Counts II, III, and IV, and denied the motion as to Count I; granted the Motion to Dismiss of Spain, Miller as to Counts II, III, IV, and V, and denied the motion as to Count I; and denied the Motion to Dismiss Count VII of Charles Haynes.  (Doc. 61.)  Thus, only Counts I and VII presently remain.

Plaintiff now requests that the Court reconsider its dismissal of her claim against Bernice Haynes, and its dismissal of Plaintiff's personal claim against Defendants Williams and Spain, Miller.  Defendants Bernice Haynes and Williams each oppose Plaintiff's Motion.

**II.     Standard**

While the Federal Rules of Civil Procedure do not mention a motion for reconsideration, "[t]he Court has the authority to reconsider its own interlocutory decisions, and the inherent authority to revise any order before entry of judgment." *Miravalle v. One World Technologies, Inc.*, No. 4:18 CV 304 JMB, 2021 WL 426436 at *2 (E.D. Mo. Feb. 8, 2021).  Federal Rule of Civil Procedure 54(b) allows the Court to revise an order or decision "any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  "The exact standard applicable to the granting of a motion under Rule 54(b) is not clear, though it is typically held to be less exacting than would be a motion under [Rule] 59(e), which is in turn less exacting than the

standards enunciated in [Rule] 60(b)." *MacCormack v. Adel Wiggins Group*, No. 4:16-CV-414-CEJ, 2017 WL 1426009 at *2 (E.D. Mo. April 21, 2017) (internal quotations and citations omitted). "A motion for reconsideration serves the limited function of correcting manifest errors of law or fact or presenting newly discovered evidence." *Miravelle* at *2 (quoting *United States v. Luger*, 837 F.3d 870, 875 (8th Cir. 2016)). "A motion for reconsideration is not a vehicle to identify facts or legal arguments that could have been, but were not, raised at the time the relevant motion was pending." *Julianello v. K-V Pharmaceutical Co.*, 791 F.3d 915, 923 (8th Cir. 2015).

### III.     Discussion

Plaintiff first argues that, in dismissing her claim against Bernice Haynes, the Court erred by failing to address two Missouri appellate decisions that held a person supervising a minor can be held liable for the damages caused to the minor by a third party's tortious acts. Plaintiff next argues that the Court should reconsider its decision absolving Defendants Williams and Spain, Miller for damages because the Court did not address cases she cited in which professionals had a duty not to act tortiously toward a third party. Plaintiff further argues that she has a right to sue Williams and Spain, Miller based on civil causes of action comparable to criminal law violations.

#### A. Defendant Bernice Haynes

In Count VII, Plaintiff alleges that Bernice Haynes owed M.H. a duty to protect her from sexual and other abuse by Charles. She claims that Bernice failed to protect M.H. and was thereby negligent in that she failed to supervise Charles' visits with his daughters, granted Charles unsupervised and unfettered access to M.H. allowing Charles to sexually abuse M.H. while M.H. was in her custody, failed to report Charles' sexual abuse of M.H. to the police and the divorce court, failed to seek immediate medical help and support for M.H., and demanded reunification of Charles and M.H. knowing that this would cause M.H. pain. Plaintiff alleges that Bernice knew or should have known that her actions would expose M.H. to injury, mental health decline, and

suicide. Plaintiff claims that the acts and omissions of Bernice caused or contributed to cause M.H. to suffer sexual abuse, which ultimately resulted in her suicide.

Bernice argued in her Motion to Dismiss that Plaintiff was unable to demonstrate proximate cause. She argued that the tortious conduct here was Charles—not Bernice—allegedly sexually abusing M.H. As such, she claimed that the connection between Bernice's alleged actions and inactions with regard to her supervision of Charles were too remote from the alleged injury (M.H.'s suicide) to establish causation.

The Court agreed with Defendant that Plaintiff was unable to demonstrate proximate cause. In so finding, the undersigned cited the Missouri Supreme Court's decision in *Kivland v. Columbia Orthopaedic Grp., LLP*, 331 S.W.3d 299 (Mo. banc 2011).

The *Kivland* court rejected the defendant's request to make a general exception to the causation standard when the death is by suicide. 331 S.W.3d at 309. Instead, the Court held that a plaintiff can show that a defendant's negligence was the proximate cause of the decedent's suicide by presenting evidence that the suicide was the "natural and probable consequence" of the injury the decedent suffered at the hands of the defendant. *Id. (citing Callahan v. Cardinal Glennon Hosp.*, 863 S.W.2d 852, 863 (Mo. banc 1993). The *Kivland* plaintiffs relied on the testimony of a medical expert that the decedent's suicide resulted from the pain caused by the spinal surgery performed by the defendant surgeon that had paralyzed the decedent. *Id.* at 302. The Court held that the plaintiffs had met their burden to show the decedent's suicide was the "natural and probable consequence" of the injury the decedent suffered at the hands of the defendant. *Id.* at 310.

The undersigned found that Bernice's alleged negligence in supervising Charles was more removed from M.H.'s suicide than the actions of the surgeon in *Kivland*. Bernice's alleged actions merely gave "rise to an occasion by which an injury is made possible," which was insufficient to

establish proximate cause as a matter of law. *Tompkins v. Cervantes*, 917 S.W.2d 186, 191 (Mo. Ct. App. 1996).

Plaintiffs now argue that the Court erred in failing to discuss two Missouri appellate cases she cited in opposition to the Motion to Dismiss—*A.R.H. v. W.H.S.*, 876 S.W.2d 687 (Mo. Ct. App. 1994), and *O.L. v. R.L.*, 62 S.W.3d 469 (Mo. Ct. App. 2001)—which found that a person supervising a minor could be liable for the damages caused by a third party. In *A.R.H.*, the Court, reversing judgment on the pleadings, held that a grandmother who knew that her husband had sexually assaulted her granddaughter could be liable for negligence for the subsequent sexual assaults. Specifically, the Court stated that the "acceptance of the custody and control of a minor child creates a relationship sufficient to support a duty of care." 876 S.W.2d at 691. The Court in *O.L.* relied upon the reasoning in *A.R.H.* in similarly rejecting the claim that a grandmother had no duty to protect a child from sexual abuse by her grandfather. 62 S.W.3d at 476.

In both *A.R.H.* and *O.L.*, the issue before the Court was whether the minor's caretaker had a duty of care to protect the minor from sexual abuse by a third party. This question was answered in the affirmative, due to the relationship between the child and the defendant. *A.R.H.*, 876 S.W.2d at 691; *O.L.*, 62 S.W.3d at 476. In the instant case, however, Bernice did not argue that she had *no duty* to M.H. Instead, she only disputed that her alleged actions or inactions could provide the *requisite proximate cause* for M.H.'s suicide. The cases relied upon by Plaintiff do not affect the court's causation analysis, as there was no discussion of causation in those cases and the minors did not commit suicide. The existence of a duty to M.H. does not relieve Plaintiff of the requirement of establishing proximate cause. As the Court noted in its decision granting the Motion to Dismiss, "[t]he requirement of proving proximate cause absolves those actors whom it would be unfair to punish because of the attenuated relation which their conduct bears to the plaintiff's injuries." *Id.*

Thus, the Court's failure to discuss the cases cited by Plaintiff regarding the element of duty does not serve as a basis to reconsider the decision granting Bernice's Motion to Dismiss.

### B.  Defendants Williams and Spain, Miller

Plaintiff argues that the Court should reconsider its decision in favor of Defendants Williams and Spain, Miller on Plaintiff's personal claim for damages set forth in Count IV.

In Count IV, Plaintiff alleged that Williams owed a duty of care to Plaintiff, citing *In re Krigel*, 480 S.W.3d 294, 299 (Mo. 2016).   Plaintiff alleged that Williams had a duty to comply with the Missouri Rules of Professional Responsibility and the Supreme Court GAL Standards in her dealings with Plaintiff and in performing her GAL duties in the Haynes divorce.  She claims that Williams acted outside the scope of her duties as a GAL in the Haynes divorce by making false allegations, threatening Plaintiff and M.H., not reporting to the courts that Charles sexually abused M.H., testifying at Charles' sentencing hearing favorably to Charles, and ignoring the findings of M.H.'s pediatrician.

Williams argued in her Motion to Dismiss that Count IV failed to state a claim because there is no authority for the proposition that a GAL owes a duty of care to the parent of a minor that would subject her to liability in a civil action for damages.  The Court agreed, noting that *Krigel,* upon which Plaintiff relied, was a disciplinary action and not a civil action for damages.  *Krigel* also did not involve a GAL.  Because Missouri courts have held that the Rules of Professional Conduct do not form the basis for a civil cause of action, they cannot form the basis for this action. *See Roth v. La Societe Anonyme Turbomeca France*, 120 S.W.3d 764, 777 (Mo. Ct. App. 2003).

In her Motion for Reconsideration, Plaintiff first contends that the Court erred in failing to address the implications of cases Plaintiff cited in which professionals representing persons other than the one who sued them had a duty not to act tortiously toward that third party.  *See Deutsch v. Wolff*, 994 S.W.2d 561 (Mo. 1999); *Kennedy v. Kennedy*, 819 S.W.2d 406 (Mo. Ct. App. 1991).

In *Deutsch*, the plaintiffs were beneficiaries of a trust that filed suit against an accountant and the trustee for mishandling the trust's finances. 994 S.W.2d at 563-66. In *Kennedy*, land owners brought an action against an attorney and law firm that had represented the previous owners of the land, alleging tortious interference with a business relationship. 819 S.W.2d at 408. The Court noted that an attorney can be liable to third parties for his professional acts in exceptional cases, such as when the attorney is guilty of an intentional tort. *Id.* at 410.

The undersigned did not discuss these cases because they do not support the existence of a plausible cause of action for Count IV. First, they do not involve a GAL's duty to a third party. Second, although *Kennedy* supports the proposition that an attorney may be liable to a third party, it does not create a new cause of action. Instead, the *Kennedy* plaintiffs sued the attorney for *tortious interference with a business relationship*, an existing cause of action. Here, Plaintiff's Count IV is titled "Personal Claim of Plaintiff-Acting Outside the Scope of GAL Duties." (Doc. 6 at 61.) No other cause of action is alleged in Count IV. Plaintiff cites no authority for the proposition that a GAL acting outside the scope of her duties gives rise to an independent civil cause of action for damages.

Plaintiff next argues that, because she has alleged that Williams violated Missouri criminal statutes prohibiting tampering with a witness, she may sue Williams for damages in a civil suit. As support, she cites authority that assault, battery, and false imprisonment can form the basis of a civil action.

Plaintiff, however, fails to cite any authority in support of her argument that *witness tampering* can form the basis of a civil suit. A criminal statute does not automatically create a civil cause of action. *Lafferty v. Rhudy*, 878 S.W.2d 833, 835 (Mo. Ct. App. 1994). In fact, in Missouri,

a statute that creates a criminal offense "will not be construed as creating a new civil cause of action independently of the common law, unless such appears by express terms or by clear implication to have been the legislative intent." *Id*. (citing *Christy v. Petrus*, 295 S.W.2d 122, 126 (Mo. 1956)).

The Missouri witness tampering statute, Mo. Rev. Stat. § 575.270, does not appear to create a civil cause of action. The Court has not located, nor has Plaintiff provided, any case law or legislative history from which a civil cause of action could reasonably be deemed created. Thus, Williams' alleged witness tampering does not create a cause of action.

Finally, Plaintiff alleges for the first time in her Reply that "[i]t was the threats and the duress and coercion accompanying the threats that Williams made to Plaintiff which, as alleged, caused Plaintiff emotional suffering, that form the basis of the claim against Williams." (Doc. 77.) Plaintiff cites various authorities recognizing civil actions for duress.

Plaintiff's argument is flawed in two respects. First, Plaintiff did not raise this argument in opposition to Defendants' Motion to Dismiss. Courts in this circuit have regularly declined invitations to "reconsider" orders to dismiss where the motion for reconsideration raises new arguments. *See, e.g., Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 n. 9 (8th Cir. 1988) (affirming denial of reconsideration of summary judgment where new arguments and evidence were presented in the reconsideration motion, but the moving party had ample opportunity to present those arguments prior to motion for reconsideration); *Brown v. First Health Grp. Corp.*, Case No. 4:07CV1852 SNLJ, 2009 WL 1940373, at *2 (E.D. Mo. July 7, 2009) ("A motion for reconsideration is not the proper method by which to bring new arguments. This Court was and is limited by the arguments asserted by the plaintiffs in their response to the ... motion to dismiss") (citation omitted); *Bugg v. Boots*, Case No. 2:08-4277-CV-V-NKL, 2009 WL 1255450, at *1 (W.D. Mo. Apr. 30, 2009) ("[Plaintiff's] new and rehashed arguments ... are not an appropriate basis for reconsideration [of a motion to dismiss]").

Additionally, this argument would not have been successful even if Plaintiff had raised it in opposition to Defendants' Motion to Dismiss, because the Complaint does not allege a duress or coercion claim. In fact, the words "duress" and "coercion" are not used once in the Complaint.

## Conclusion

Plaintiff has not identified manifest errors of law or fact, nor has she presented newly discovered evidence. As such, the Court declines to reconsider its rulings on Defendants' motions to dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 62) is **denied**.

Dated this 9th day of November, 2022.

/s/ Abbie Crites-Leoni
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE