IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| CYNTHIA K. HAYNES (a/k/a Cynthia K. Randolph), individually and under the Missouri Wrongful Death Statute<br><br>Plaintiff,<br><br>vs.<br><br>JENNIFER WILLIAMS, individually, et al.<br><br>Defendants. | Case No: 1:21-CV-00160-ACL |

**JOINT PROPOSED PROTECTIVE ORDER**

Pursuant to Federal Rule of Civil Procedure 26(c), all parties hereto hereby move for entry of a Stipulated Protective Order (Protective Order) to ensure and maintain the confidentiality or privileged nature of certain documents to be produced in this litigation, and for good cause shown it is hereby **ORDERED**:

1. **Purpose.** The purpose of this Protective Order is to prevent the disclosure of matters deemed "Confidential" under the terms of this Protective Order to persons or entities other than those involved in the prosecution or defense of this litigation and to facilitate the exchange of information between the parties. The Protective Order is necessary to protect the parties and other persons from annoyance and embarrassment. Discovery in this case may seek private, confidential and/or proprietary information concerning the parties. The privacy interests in such information substantially outweigh the public's right of access to judicial records.

The parties acknowledge that prior to the entry this Protective Order, Confidential information may have been made public by third parties. This Protective Order does not change the parties' obligations with respect to the handling of Confidential information as designated in

Exhibit A

any other lawsuit pursuant to a court order.  However, the parties agree that the stipulations and agreements set forth in this Protective Order apply only to the conduct of the parties after the date that the parties execute this Protective Order.

Good cause exists for the issuance of a Protective Order, including the fact that personal and confidential information regarding the medical treatment, mental health treatment, counseling and/or therapy regarding Plaintiff and/or Plaintiff's children (referred to in the Complaint as M.H., S.H., and M.S.H.) may be disclosed during this litigation. In addition, Plaintiff makes allegations regarding domestic violence, sexual abuse, and the suicide of a minor in the Complaint. Further, discovery may include the production of personal and confidential information regarding the medical treatment, mental health treatment, counseling and/or therapy of Plaintiff, Defendant Charles Haynes, and/or Plaintiff and/or Plaintiff's minor children (referred to in the Complaint as M.H., S.H., and M.S.H.).  If such information was known in the general community such knowledge could lead to embarrassment, humiliation, loss of status and reputation, and could potentially impact upon certain persons' personal and/or work relationships. If such information was released to the general public, it then would become available to defendants' competitors.

In addition to the foregoing, the subject matter of this case arises from a dissolution and child custody dispute.  The Missouri Supreme Court has promulgated standards for Guardians Ad Litem appointed to serve in Juvenile and Family Court matters.  The comments to Standard No. 7 state:

> The guardian ad litem should maintain a file consistent with the provisions of Rule 4-1.15. The child is not the owner of that file.  Only the court has the authority to rule on any request concerning the handling or disposition of the file and order its release or early destruction or to rule on any request concerning the handling or disposition of the file.

2. **Confidential Information**. As used in this Protective Order, the term "Confidential Information" shall be applicable to any document[1] designated as such when produced by the parties, and shall include: (a) documents produced by plaintiff or defendants containing personal information and/or confidential information regarding the medical treatment, mental health treatment, counseling and/or therapy of any party, plaintiff, plaintiff's former spouse, and/or child of plaintiff; (b) documents produced by defendants reflecting trade secrets, proprietary information or software, or its/their business operations and finances, to the extent they are subject to discovery; (c) documents produced by any party constituting or reflecting tax return information and financial information either for that party personally or any businesses owned and/or managed by that party; (d) any other third-party records (*e.g.*, police reports, other medical, counseling or therapy records, *etc*.) produced by any party; (e) documents produced pursuant to any order from case numbers 13RI-CV00554, 17RI-JU00011, and 17RI-JU00012; and (f) any insurance agreements, insurance policies, or any other similar insurance documents that relates to whether an insurance business may be liable to satisfy all or part of a possible judgment obtained in the action or to indemnify or reimburse for payments made to satisfy the judgment. It is understood and agreed that a document previously disclosed or made available to the public or members of the public without any pre-disclosure confidentiality protections expressly agreed to for that prior disclosure are not confidential for purposes of this Protective Order, and their confidentiality cannot be reasserted by the disclosing or producing party. The producing party shall designate such information as

---

[1] For purposes of this Protective Order, "document" is defined broadly to include any document, writing, paper, tangible thing, discovery response, transcript of oral testimony, or recorded statement, whether printed or recorded or reproduced by any other mechanical or digital process (i.e. electronically stored information), or written or produced by hand, and the content of any such document, writing, paper, thing, transcript, answer or statement, that any party reasonably believes contains Confidential Information.

Exhibit A

protected under this Protective Order by marking the documents as "CONFIDENTIAL" or through term(s) conveying substantially the same meaning.

3. Any party designating any documents or information as CONFIDENTIAL shall do so only upon a reasonable, good faith basis that such designation is proper.

4. **Clawback Agreement: Privileged Material**. The parties recognize that some documents and Electronically Stored Information ("ESI") produced in this litigation may inadvertently contain information not subject to discovery under the Federal Rules of Evidence and Federal Rules of Civil Procedure, including (i) attorney-client privileged communications and other information protected as "privileged" ("**Privileged Material**"); or (ii) attorney work-product material prepared or compiled in anticipation of litigation ("**Work-Product Material**") (collectively "**Protected Material**"). The parties acknowledge that some **Protected Material** may be inadvertently disclosed to the other party during the course of this litigation. Therefore, the parties agree that the inadvertent disclosure of any document or ESI which is subject to a legitimate claim that the document or ESI should have been withheld from disclosure as **Protected Material** shall **NOT** waive any privilege or other applicable protective doctrine for that document or ESI, nor for the subject matter of the inadvertently disclosed document or ESI, if the party who made the production, upon becoming aware of the disclosure, promptly, but no later than thirty (30) days of becoming aware of the disclosure, requests its return in writing, and takes reasonable precautions to avoid such inadvertent disclosure. The following procedures shall apply:

> a. **Prompt Return**. Except in the event that the party that received ("Receiving Party") the **Protected Material** disputes the claim pursuant to paragraph 4(c), any documents which the producing party ("Producing Party") deems to contain inadvertently disclosed **Protected Material** shall be, upon written request, promptly returned to the Producing Party with confirmation that all ESI has been deleted. For this Paragraph 4(a), "prompt return" means within fourteen (14) days of receiving the

     notification.  This includes all copies, electronic or otherwise, of any such documents.

  b. **Property Rights**.  Any **Protected Material** inadvertently disclosed by the Producing Party to the Receiving Party pursuant to this Protective Order and Agreement shall be and remain the property of the Producing Party.

  c. **Dispute**.  In the event that the Receiving Party disputes, in writing, the Producing Party's claim as to the protected nature of the inadvertently disclosed material, a single set of copies may be sequestered and retained by and under the control of the Receiving Party's Attorney for the sole purpose of seeking court determination of the issue pursuant to Federal Rule of Evidence 502(d) and Federal Rules of Civil Procedure 26(b)(5)(B).  If the Receiving Party does not seek a court determination within thirty (30) business days of the written request for return, it must follow the Prompt Return provisions of paragraph 4(a) for the retained set of copies. Until such time the dispute is resolved, the inadvertently disclosed material shall be treated as Protected Material and shall not be redisclosed to any other person.

  5. **Non-Waiver of Privileged Material.**  To the extent that the parties produce certain factual information which may be subject to a claim of privilege, the parties hereby expressly agree and acknowledge that by providing certain factual information, the parties have **NOT** waived any attorney-client privilege, attorney work product doctrine or other applicable protective doctrine for the subject matter of the disclosed documents or information in any other action other than the above-captioned matter.  This non-waiver of privileged material survives the claims or controversy in this litigation.

  6. **Designation Disagreements as to Confidential Information**.  If the receiving party does not believe the information should be designated "CONFIDENTIAL," the receiving party shall notify the producing party in writing within 60 days of production. If, after appropriate consultation, the parties remain in disagreement about the document's designation as "CONFIDENTIAL" then either party may file a motion seeking a Court ruling.  In the resolution

of such matters, the burden of establishing confidentiality shall be on the party who made the claim of confidentiality.  While said motion is pending, the parties will treat the information consistent with the producing party's designation.  Should another party challenge this designation and the Court determine that the designation was not proper and determine that such designation was without a reasonable, good faith basis, the successful challenging party may seek an award of reasonable costs and fees associated with challenging the designation, the appropriate amount of which will be the sole decision of the presiding Court.

7. **Disclosure of Confidential Information**.  Except upon further Protective Order of this Court or by express written consent of counsel for the parties, Confidential Information furnished in this action by any of the parties shall not be disclosed to any person other than:

   a. Parties to this action and persons employed by them;

   b. Counsel for the parties in this action who are actively engaged in the conduct of this litigation, and the attorneys, secretaries, legal assistants, and employees of such counsel, to the extent reasonably necessary to render professional services in the litigation;

   c. Court personnel, including court reporters, persons operating video recording equipment at depositions, and any special master or mediator appointed by the Court;

   d. Any independent document reproduction services or document recording and retrieval services;

   e. Consultants or experts subject to the requirements of paragraph 8;

   f. Insurers, reinsurers, reinsurer intermediaries or retrocessionaires; auditors, accountants, tax advisors, regulators and attorneys to whom the parties or their attorneys have a statutory or other legal obligation to transmit information or reports concerning this civil action; and governmental agencies as required by law as necessary to comply with obligations of law or contract; and

Exhibit A

    **g.**    Any mediator, arbitrator, or other persons moderating a form of alternative dispute resolution to which the parties may submit in connection with this action; and,

    **h.**    Such other persons who may be specifically designated and qualified to receive Confidential Information pursuant to Court Order or by written agreement of the parties after complying with the provisions of paragraph 8 hereof.

**8. Obtain Acknowledgement.** Prior to disclosure of any Confidential Information to any person identified in paragraph 7(e) or 7(f), such person shall be given a copy of this Protective Order and Receiving Party shall obtain such person's written agreement to that they are governed by and agree to being bound by this Protective Order and Agreement prior to providing such documents.

**9. Use of Confidential Information.** Confidential Information shall be used only in connection with this case, and any appeals arising therefrom, until such time as any judgment is fully satisfied. Confidential Information shall not be used for any purpose other than in connection with this case and any appeals arising therefrom. No Confidential Information shall be disclosed to any other person, party, entity, agency, print or electronic media, or anyone outside of this proceeding, for any purpose, other than as set forth in this Protective Order. Nothing in this Protective Order shall prevent a party from using any Confidential Information and/or materials at depositions, trial or during a hearing in this case. However, the party which produced such information and/or materials may request that the portion of the proceeding where use thereof is made shall be sealed and that the transcript of that portion of the proceeding be maintained under seal.

**10. Maintaining Confidentiality.** The recipient of any Confidential Information provided pursuant to this Protective Order shall maintain such information in a secure and safe area. The recipient shall take care that any such information or the content of such information, or

notes and memoranda relating thereto, not be disclosed to anyone other than persons within the scope of paragraph 7, herein.

11. **Filing Confidential Information**. If any Confidential Information is filed with the Court as a part of a motion, brief, or related matter (unless otherwise agreed by the parties or ordered by the Court) that information shall be filed in accordance with this Court's procedures applicable to confidential information, including but not limited to Local Rule 13.05. Any confidential documents or pleadings filed under seal shall be deemed filed as of the date the party requests leave to file them under seal.

12. **Confidential Information in Depositions**. Parties (and deponents) may, within thirty (30) days after receiving the transcript of a deposition, designate pages of the transcript (and exhibits thereto) as "CONFIDENTIAL." Confidential Information within the deposition transcript may be designated by a letter to opposing counsel indicating the portions of the transcript that are confidential. If no party or deponent timely designates Confidential Information in a deposition, then none of the transcript or its exhibits (other than those previously designated) will be treated as confidential. There shall be no need to re-designate documents or exhibits which have been previously designated as confidential. Notwithstanding the foregoing, deposition transcripts shall be presumptively designated confidential in their entirety for a period of ten (10) days following availability from the court reporter to permit counsel time to review and designate portions of the same.

13. **Subject to Court's Jurisdiction**. Each person to whom disclosure of all or part of the aforesaid Confidential Information is made agrees to subject himself/herself to the jurisdiction of this Court for the purpose of proceedings relating to the performance under, compliance with, or violation of this Protective Order. The Court shall retain jurisdiction to enforce this Protective Order even after the case is disposed of, either by dismissal or via final judgment.

14. **Designation Errors**. If, through inadvertence, a producing party provides or produces any information pursuant to this litigation without marking the information as "CONFIDENTIAL," or improperly marks a type of confidential information as another type of confidential information, the producing party may subsequently inform the receiving party of the improper marking, the nature of the disclosed information improperly marked, and the manner in which the improperly marked information should have been marked promptly upon discovery of the provision or disclosure. The receiving party shall treat the disclosed information as if it had been properly marked upon receipt of written notice from the producing party to the extent the receiving party has not already disclosed this information. The receiving party shall collect from any persons no longer entitled to access such information any copies of documents or ESI containing such information.

15. **Confidential Information at Trial**. Subject to the rules of evidence, Confidential Information may be offered in evidence at trial or any Court hearing, provided that the proponent of the evidence has indicated on Exhibit Lists, including updated or amended Exhibit Lists, any proposed exhibits that are designated as Confidential Information.

16. **Return of Confidential Information**. Upon the final determination of this action, including the expiration of time for any further appeals, whether by a fully satisfied judgment, settlement, or otherwise, and a request from the producing or disclosing party:

    a. Counsel of record for each party receiving Confidential Information shall destroy or return to the designating party all such documents and ESI containing Confidential Information and all notes, memoranda, copies, abstracts, excerpts, or other parts within sixty (60) days, except that all materials constituting work product of such counsel shall be destroyed by the party in possession;

    b. All persons who received any Confidential Information shall return to the producing party (or to counsel) all copies of Confidential Information that are in the possession of such

          person(s), together with all notes, copies, abstracts, excerpts, memoranda, or other parts, and counsel for the designating party shall dispose of the documents and things in accordance with paragraph 16(a); and,

    **c.**    Counsel of record for each party shall confirm in writing that all Confidential Information together with all copies, excerpts, or other parts, have been returned to the producing party in accordance with the terms of paragraphs 16(a) and 16(b) above.

    **d.**    Notwithstanding paragraph 16(a) and expressly excepted from the return or destruction requirement herein, it is understood and agreed the parties' respective counsel may keep intact deposition transcripts, pleadings, expert reports. Accordingly, to the extent information produced or disclosed as Confidential exists in such files, counsel may keep the same intact for the exclusive purpose of maintaining an accurate record of the work done on this case for liability/malpractice concerns. The parties further agree that such information shall not and will not be used or divulged for any purpose other than this proceeding and in the event such information is determined, whether in fact or suspected, to have been compromised or disclosed (whether or not inadvertent) outside what was originally permitted by this Protective Order, the producing or disclosing party's counsel shall be notified promptly upon discovery of the same.

**17.**    **Court Orders and Other Pleadings**. The parties agree and understand that any court orders or pleadings entered in the following cases are not confidential and need not be designated as such in this litigation unless those documents or pleadings were marked confidential in the original litigation: *State v. Charles Haynes*, Cause Nos. 13RI-CR00907 and 13RI-CR00907-01; *Charles Haynes v. Cynthia Haynes*, Cause No. 13RI-CV00554.

**18.**    **Media Relations**. This Court has adopted the Code of Professional Responsibility adopted by the Missouri Supreme Court as amended from time to time. *See* Eastern District of Missouri Local Rule 12.02; Eastern District of Missouri Rules of Disciplinary Enforcement, Rule IV(B). Accordingly, counsel agrees to abide by the Missouri Supreme Court Rules, including but

not limited to Rule 4-3.6(a) and its comments, with respect to making any statement or comment to a third-party (including members of the media or on social media) about any subject matter that would have a material prejudicial effect on the instant proceeding.

19. **No Private Right of Action**.  Nothing in this Protective Order shall give rise to a private right of action in favor of any person who believes the terms of this Protective Order have been violated in any respect.

20. **Violations of Protective Order.** In the event any person, third-party who is bound by this agreement pursuant to Paragraph 7, counsel or party violates or threatens to violate any term of this Protective Order, the aggrieved party may immediately apply to the Court to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Protective Order. In any such proceeding, no person subject to the provisions of this Protective Order shall assert as a defense that the aggrieved party possesses an adequate remedy at law.

21. **No Admission**.  Nothing in this Protective Order shall be construed as an admission as to the relevance, authenticity, foundation, or admissibility of any document, material, transcript, or other information.

22. **Duration.** Even after the termination of this litigation, whether by settlement, discontinuance, dismissal, severance, judgment or other disposition, the confidentiality obligations imposed by this Protective Order shall remain in effect until the Designating Party agrees otherwise in writing or a court order otherwise directs.

23. **Order operable prior to Court Entry.**  Until such time as this Protective Order has been entered by the Court, the Parties agree that, upon execution by the Parties, it will be

Exhibit A

treated as though it has been "SO ORDERED."

It is so STIPULATED.

                                        IT IS SO ORDERED:

                                        Honorable Abbie Crites-Leoni

DATE _____

**AGREED TO BY COUNSEL OF RECORD**

Respectfully submitted,

/s/ Laurence D. Mass
Laurence D. Mass, Bar # 30977 Mo.
S. Bemiston Avenue, Suite 1200
Saint Louis, Missouri 63105
Phone: (314) 862-3333 ext. 20
Fax: (314) 862-0605
e-mail: laurencedmass@att.net

/s/ Evita Tolu
Evita Tolu, Bar # 49878 Mo. 230
1 Crabapple Court
Saint Louis, Missouri 63132
Cell: (314) 323-6033
Fax:  (314) 207-0086
e-mail: evitatolu@outlook.com

ROBERTS PERRYMAN, P.C.

/s/ Cira R. Duffe
CIRA R. DUFFE, #49506
101 E. Columbia Street
Farmington, MO 63640
Telephone: (573) 713-9200
Fax: (573) 755-0585
E-Mail: duffe@hdp-law.com
Attorney for Defendant

By:   /s/  Susan M Dimond
Richard C. Wuestling, #30773MO
Susan M. Dimond, #57434MO
Dustin L. Goldberger, #70080MO
1034 S. Brentwood, Suite 2100
St. Louis, Missouri 63117
Phone: (314) 421-1850
Fax: (314) 421-4346
rwuestling@robertsperryman.com
sdimond@robertsperryman.com
dgoldberger@robertsperryman.com

*Attorneys for Defendants Jennifer Williams and Jennifer Williams d/b/a Williams Law*

Exhibit A

BLANTON, NICKELL, COLLINS,
DOUGLAS & HANSCHEN, L.L.C.
219 South Kingshighway
Post Office Box 805
Sikeston, Missouri   63801
PHONE (573) 471-1000        FAX (573) 471-1012
EMAIL: tcollins@blantonlaw.com


By: /s/ Thomas W. Collins, III
    Thomas W. Collins, III            46295MO

*Attorneys for Spain, Miller, Galloway & Lee, LLC*

Exhibit A