

# SUPREME COURT OF MISSOURI
## en banc
August 29, 2011
Effective September 1, 2011

In re:

Standards with Comments for Guardians Ad Litem in Missouri

### ORDER

1. The attached standards are hereby approved for use on and after September 1, 2011. They supersede any similar standards previously approved by this Court.

2. The state courts administrator is directed to provide a copy of the attached standards to each presiding circuit court judge and each administrative judge of the family court division.

Day - to - Day

MARY R. RUSSELL
Acting Chief Justice

Exhibit 01

# STANDARDS WITH COMMENTS FOR GUARDIANS AD LITEM IN JUVENILE AND FAMILY COURT DIVISION MATTERS

### STANDARD 1.0 Appointment of Guardians ad Litem

When appointing a guardian ad litem for a child, the court shall only appoint a lawyer licensed by the Supreme Court who has completed the training required by these standards.

The court may designate a court appointed special advocate volunteer to assist in the performance of the guardian ad litem duties for the court as provided by law.

**Comment**

If the court is presented with a petition or motion to modify under section 211.031.1, RSMo, requesting that a child be placed in temporary protective custody, the court immediately shall appoint a guardian ad litem for the child. In all other family law related court matters provided in chapters 210, 452, 453, and 455, RSMo, the guardian ad litem shall be appointed not later than the first proceeding at which a guardian ad litem is required by law. The guardian ad litem shall serve until the matter is concluded or as otherwise ordered by the court.

Lawyers appointed to act as guardians ad litem shall act in accordance with the rules of professional conduct.

A non-lawyer court appointed special advocate volunteer shall not serve as guardian ad litem or provide legal representation for the child as provided by law.

Exhibit 01

### STANDARD 2.0 Caseloads

A guardian ad litem has a duty to notify the court if the caseload reaches a level bearing upon the guardian ad litem's ability to meet these standards or to comply with the ethical standards of the rules of professional conduct.

**Comment**

The appointing court is responsible for making certain each lawyer appointed as a guardian ad litem is able to meet his or her obligations to the child. These obligations include those required under these standards and those required under the ethical and professional standards of a lawyer.

In making guardian ad litem appointments, each court will be familiar with its jurisdiction, being mindful of the amount of time that is necessary to perform the guardian ad litem's duties under these standards. Additionally, the court should take into account if a court appointed special advocate volunteer is available to assist in the performance of the guardian ad litem duties for the court.

### STANDARD 3.0 Independent Judgment of Guardian ad Litem

A guardian ad litem shall be guided by the best interests of the child and shall exercise independent judgment on behalf of the child in all matters.

**Comment**

Exhibit 01

The guardian ad litem must recommend only what is in the best interests of the child on each issue and must maintain an objectivity that preserves a clear focus on the child's best interests.

The roles of a guardian ad litem and a lawyer for the child are different and must be clearly distinguished. A guardian ad litem is not the lawyer for the child and, therefore, advocates the best interests of the child rather than merely representing the child's preferences.

The participation of a lawyer in a matter in which the lawyer previously has served as guardian ad litem is governed by Rule 4-1.12.

### **STANDARD 4.0 General Duties and Responsibilities**

The guardian ad litem shall provide not only factual information to the court but also shall diligently advocate a position in the best interests of the child.

The guardian ad litem shall be prepared to participate fully in any proceedings and not merely defer to the other parties. The guardian ad litem may examine, cross-examine, subpoena witnesses, and offer testimony.

The guardian ad litem when appropriate to represent the best interests of the child shall file petitions, motions, parenting plans, responses, or objections.

The court shall assure the guardian ad litem maintains independent representation of the best interests of the child. The court shall require the guardian ad litem to perform the guardian ad litem duties faithfully and, upon failure to do so, shall discharge the guardian ad litem and appoint another.

4

Exhibit 01

**Comment**

Prior to the commencement of a hearing, the guardian ad litem should conduct all necessary interviews with persons having contact with or knowledge of the child in order to ascertain the child's wishes, feelings, attachments, and attitudes. The guardian ad litem should conduct interviews with the child except when the child is too young or some other legitimate circumstance prevents an interview.

In conducting the interviews, the guardian ad litem should not communicate with a person the guardian ad litem knows to be represented by another lawyer in the matter unless the guardian ad litem has the consent of the other lawyer or is authorized to do so by law or by court order. See Rule 4-4.2.

The guardian ad litem should relate to the child according to the child's stage of development and understand the child's sense of time in relation to the child's age. The guardian ad litem should conduct regular face-to-face meetings with the child, to the extent appropriate, to observe the child's physical, mental, social, educational, and familial well-being and to form opinions concerning the child's best interests. The guardian ad litem should not diagnose or work therapeutically with the child, but regular, face-to-face contact will ensure informed observations when conferring with other specialists.

## **STANDARD 5.0** Access Between Guardian ad Litem and Child

The guardian ad litem and the child shall have access to each other at reasonable times and places, and this access shall not be restricted or limited by any agency or

5

Exhibit 01

person without good cause. To ensure proper access, the guardian ad litem has the obligation to ascertain the location of the child, to initiate communication with the child, and to provide the child with contact information for the guardian ad litem promptly. The child's legal custodian shall provide the guardian ad litem with timely information regarding the current residence of the child and shall notify the guardian ad litem promptly of any change in placement of the child.

**Comment**

Establishing and maintaining a relationship with the child is the foundation of effective guardian ad litem representation. Frequent communication between the guardian ad litem and the child is an important part of promoting the relationship. It is essential that the child be readily accessible to the guardian ad litem to ensure frequent communication and in order for the guardian ad litem to fulfill his or her duties. The guardian ad litem should be excluded from access with the child only in rare and extreme circumstances.

It is equally important that the guardian ad litem be easily accessible to the child. The child should be provided with the name, telephone number, and address of the guardian ad litem immediately upon the appointment of the guardian ad litem and the opportunity, at reasonable times, to initiate contact with the guardian ad litem.

**STANDARD 6.0** Guardian ad Litem Access to Reports and Records

Exhibit 01

The guardian ad litem is entitled to all reports relevant to the case and shall have access to all relevant records relating to the child, the placement of the child, or the child's family members.

**Comment**

The guardian ad litem must have complete access to all relevant information related to the child and the child's situation. See section 210.160, RSMo. The order appointing the guardian ad litem may include an order directing the release of confidential information and records about the child to the guardian ad litem.

A key aspect of representing a child is to obtain and review all documents to be submitted to the court as well as relevant agency and party case files, educational records, medical records, mental health records, and law enforcement reports. The information contained in such records may provide a more complete context for the current problems experienced by the child and family, may suggest additional professional and lay witnesses that can provide testimony necessary to a full hearing of the issues before the court, and may reveal alternate potential placement resources.

It is essential that the guardian ad litem personally review the available information rather than relying upon descriptions, summaries, or characterizations of the evidence provided by others.

## STANDARD 7.0 Confidentiality and Privilege

A guardian ad litem shall comply with all statutes, rules, and regulations relating to the receipt of confidential or privileged information received as guardian ad litem.

7

Exhibit 01

A guardian ad litem shall not redisclose any confidential or privileged information without valid court order or as required by law except as permitted by Rule 4-1.6.

**Comment**

During the course of fulfilling the duties and obligations of serving as the guardian ad litem for a child, the guardian ad litem will have access to and will receive confidential and privileged information. This information will apply not only to the child but also may pertain to a parent or other guardian for the child or others involved in the case. This information includes but is not limited to children's division reports, educational records, and medical, psychological, and substance abuse treatment records.

The guardian ad litem has a duty to maintain confidentiality of all the information received. Discussion among the parties about confidential or privileged information is allowed. However it is generally not permissible to redisclose any of this information to any person not a participant to the case.

The guardian ad litem should protect against the release of confidential information about the child during the court process. Most court hearings are open. If testimony or evidence about the child that is confidential or privileged will be presented, the guardian ad litem may request that the courtroom be closed pursuant to Rule 122.01 or that a protective order be entered by the court.

The guardian ad litem should maintain a file consistent with the provisions of Rule 4-1.15. The child is not the owner of that file. Only the court has the authority to rule on any request concerning the handling or disposition of the file and order its release or early destruction or to rule on any request concerning the handling or disposition of the file.

Exhibit 01

The guardian ad litem should not provide the file to anyone, including the child, without the consent of the court.

The guardian ad litem should be familiar with section 210.140, RSMo, 42 U.S.C. 290dd.2, and 42 C.F.R. sec. 2.

**STANDARD 8.0 Progress of the Case through the Court Process**

The guardian ad litem shall review the progress of a child's case through the court process and advocate for timely hearings, provision of necessary services, and compliance with court orders.

**Comment**

The harmful effects of prolonged foster care and a lack of permanency planning for children are serious and well documented. (*Foster Children in the Courts*, edited by Mark Hardin, 1983; *Addressing the Impact of Foster Care on Biological Children and Their Families*, by Maha Younes, 2007.)

Children need permanence, absent compelling reasons to the contrary. The guardian ad litem should advocate for a timely, permanent resolution of the case. The guardian ad litem has a duty of diligent and prompt representation and a duty to expedite litigation, especially where placement of a young child is at issue. The guardian ad litem should attempt to reduce case delays and promote permanency for the child. While it is recognized that delays are usually harmful, there may be some circumstances when delays may be beneficial to the child and should be utilized.

9

Exhibit 01

Representing the best interests of a child should reflect the passage of time and the changing needs of the child. The guardian ad litem should stay in touch with the child, third party caretakers, case workers, and service providers throughout the term of appointment to ensure the child's needs are met and the case moves quickly to an appropriate resolution. The guardian ad litem should monitor the implementation of the court's orders and communicate any noncompliance to the responsible agency and, if necessary, to the court. The guardian ad litem should ensure services are provided and the court's orders are implemented in a complete and timely fashion.

## **STANDARD 9.0** Relating the Court Process to the Child

The guardian ad litem shall explain, when appropriate, the court process and the role of the guardian ad litem to the child. The guardian ad litem shall ensure that the child is informed of the purpose of each court proceeding.

**Comment**

To decrease the trauma to the child, the guardian ad litem should explain to the child what is happening and what is expected of the child in all proceedings involving the child. All communications should be adapted to the child's age, level of education, cognitive development, cultural background, and degree of language acquisition, using an interpreter if necessary. The guardian ad litem should make a diligent effort to ensure that the child understands the nature of the proceedings, the placement or services that may result, and the possibility of future modifications in placement or services.

Exhibit 01

Older youth should be encouraged to attend hearings and should be aware of their role during proceedings. Older youth should be provided with information about their rights, services, and permanency options, including the possibility of remaining in care until their 21st birthday. The guardian ad litem will assure the child that the child's opinion and feelings will be made known to the court even when not consistent with the recommendations of the guardian ad litem.

## **STANDARD 10.0** Participation in Case-Related Activities

The guardian ad litem shall participate, when appropriate, in the development and negotiation of any service plans, parenting plans, proposed orders, and staffings that affect the best interests of the child as they relate to the case at hand.

The guardian ad litem shall monitor implementation of service plans and court orders while the case is pending to determine whether services ordered by the court are being provided in a timely manner.

### Comment

The guardian ad litem should be present and actively participate in staffings and meetings including, but not limited to, family support team meetings and permanency planning review team meetings affecting the safety and well-being of the child and the accomplishment of any court approved permanency goal.

## **STANDARD 11.0** Participation in Court Proceedings

The guardian ad litem shall appear at all court proceedings in which the guardian

Exhibit 01

ad litem is appointed. The guardian ad litem shall not waive the presence of the child at court proceedings without good cause. The guardian ad litem shall participate actively and fully in all court proceedings. The guardian ad litem shall present evidence, file pleadings, and call witnesses when appropriate to ensure all information relevant to the child's best interests is presented to the court for consideration.

**Comment**

A guardian ad litem may testify to particular facts and issues before the court relating to the child's best interests or the guardian ad litem's recommendation, if any. Under such circumstances, the guardian ad litem may be subject to cross-examination. It is within the discretion of the court whether or not to receive testimony from the guardian ad litem in custody proceedings under section 452.490, RSMo.

The guardian ad litem may attend other proceedings involving the child's best interests.

The guardian ad litem should ensure the court's receipt of all information relevant to the child's best interests.

**STANDARD 12.0 Protecting the Child as Witness**

The guardian ad litem in a pending case shall protect the interests of the child who is a witness in any judicial proceeding in which the guardian ad litem has been appointed. In matters for which the guardian ad litem is appointed, the guardian ad litem shall be present during any conferences between the counsel for a party and the child. The guardian ad litem should be notified of all proceedings or meetings involving the child.

Exhibit 01

**Comment**

The guardian ad litem should endeavor to protect the child from multiple depositions and repetitive examinations that are not in the child's best interests.

### STANDARD 13.0 Recommendations to the Court

The guardian ad litem shall present a recommendation to the court when authorized by law or requested by the court on the basis of the evidence presented and consistent with the best interests of the child.

During the proceedings, the guardian ad litem must inform the court of the child's wishes and preferences even though different from the guardian ad litem's recommendation.

**Comment**

To make a recommendation to the court that serves the child's best interests, the guardian ad litem should have knowledge of the child's circumstances from all sources, which may include, but are not limited to, the parents, caseworker, deputy juvenile officers, teachers, treatment providers, and court appointed special advocate volunteers.

If the guardian ad litem determines there is conflict between advocating for the best interests of the child and representation of the child's preferences, the guardian ad litem shall continue to perform as the guardian ad litem for the child and may request that the court appoint another lawyer to represent the child's preferences.

### STANDARD 14.0 Training

Exhibit 01

The court shall not appoint a lawyer to serve as guardian ad litem until the lawyer has completed eight hours of continuing legal education devoted to guardian ad litem training. Thereafter, to continue to be appointed as a guardian ad litem, a lawyer shall complete three hours of continuing legal education devoted to guardian ad litem training annually. The hours required for guardian ad litem training qualify toward the mandatory annual 15 hours of continuing legal education.

The program sponsor shall obtain approval of the program for continuing legal education from The Missouri Bar. Any continuing legal education required by this standard shall not be completed by self study. In addition, the program sponsor shall obtain approval of the program as guardian ad litem training from the presiding judge in a circuit where the training is offered. Completion of the training hours shall be documented by an affidavit or other evidence filed with the appointing court by July 31st of each year.

Any lawyer who has completed at least six hours of guardian ad litem training within five years prior to the date of the adoption of these standards shall not be required to complete the initial eight hour course of study. Any lawyer currently approved by the court to serve as a guardian ad litem who has not completed any guardian ad litem training within five years prior to the date of the adoption of these standards shall have one year from the date of the adoption of these standards to complete the initial eight hours of training.

The judge appointing the guardian ad litem shall determine whether the lawyer has completed the required training prior to making any appointment.

Exhibit 01

Prior to appointment, the lawyer must have completed a training program in permanency planning.

**Comment**

Guardian ad litem practice is unique and complex and, as such, requires specialized education, training, and experience.

The specialized training may include the following topics:

(a) Dynamics of child abuse and neglect issues;

(b) Factors to consider in determining the best interests of the child, including the required permanency planning and the child's right to be with his or her family;

(c) Inter-relationships between family system, legal process and the child welfare system;

(d) Federal, state and local legislation and case law affecting children;

(e) Cultural and ethnic diversity and gender-specific issues;

(f) Family and domestic violence issues;

(g) Available community resources and services;

(h) Child development issues; and

(i) Guardian ad litem standards.

The guardian ad litem is not expected to make diagnostic or therapeutic recommendations. The guardian ad litem must have a working knowledge of family dynamics and be able to compare and relate this concept to the observations, reports, and documentation received regarding the child and the child's family.

Exhibit 01