Electronically Filed - Ripley - December 22, 2016 - 09:35 AM

Filed
12/22/2016
01:28 PM
Ripley County
Circuit Court

STATE OF MISSOURI          )
                           ) ss
COUNTY OF RIPLEY           )

### IN THE CIRCUIT COURT OF RIPLEY COUNTY, MISSOURI

IN RE:  THE MARRIAGE OF                )
Charles Haynes and                     )
Cynthia Haynes,                        )
                                       )
CHARLES HAYNES,                        )
SSN: XXX-XX-                           )
                                       )
          Petitioner,          )
                                       )
vs.                                    )    Case No.  13RI-CV00554
                                       )
CYNTHIA HAYNES,                        )    CIVIL DIVISION
SSN: XXX-XX-1203                       )
                                       )
          Respondent.          )

### ORDER REGARDING EMERGENCY
### MOTION FOR CHILD CUSTODY PENDENTE LITE

  On this __22nd__ day of December, 2016, the Court rules on Petitioner's Motion Child Custody Pendente Lite Motion.  In consideration of this ruling, the Court held a hearing on December 7, 2016, in Poplar Bluff, Missouri.  Petitioner appeared in person with Counsel, Respondent appeared in person with Counsel, the Intervenor appeared in person with counsel, and minor child Mekalia Haynes appeared with her Counsel.  After hearing witness testimony, reviewing the testimony and exhibits, the Court hereby **ORDERS** as follows:

1. Petitioner's Motion is overruled with respect to his request for placing the children in the sole legal and physical custody of Intervenor or Petitioner pending entry of a final order.

2. Petitioner's Motion is sustained in part with respect to changing the legal custody of the minor unemancipated children.  The Court **ORDERS** that on a temporary basis or until further order of the Court that Petitioner, Respondent, and Intervenor will all share in the joint legal custody of minor children.  In the event of disagreement, Intervenor will be the ultimate decision maker with respect to the health, safety, and welfare of the minor children.

3. After reviewing the evidence, the best interests of the minor children would be best served by placing the children in the physical custody of Intervenor pending final order

Exhibit 06

of the Court.  It is further **ORDERED** that the transfer of physical custody of the minor children shall occur December 23, 2016 at 5:00 P.M.  Intervenor and Respondent shall communicate as to what items are needed for the minor children to effectuate the transfer.  Respondent is further directed to provide clothing and other supplies at her residence that aid in the comfort and well-being of the children at the time of transfer.

4. Regarding education, Intervenor will make all decisions regarding the children's schooling.  Intervenor has indicated that she intends to place the minor children in the Doniphan Public School District, and the Guardian Ad Litem agrees with this decision.

5. The Court hereby grants Intervenor the power to make all educational decisions regarding the minor unemancipated children.  Petitioner and Respondent are hereby directed to execute any and all documents necessary to place the minor children in the Doniphan Public School District.  All parties shall have access to school records and Intervenor will keep the other parties informed as to the children's progress.

6. Petitioner is awarded additional visitation and liberal supervised visitation is encouraged.  At a minimum, visitation shall be from 1:00 P.M. to 6:00 P.M. every Sunday.  Visitation on the newly ordered schedule shall commence on December 30, 2016.  At the Intervenor's discretion and after consultation with the minor children, Petitioner may be invited for other events but all visits of any nature with Petitioner shall be supervised.  There are no exceptions.

7. Respondent is awarded visitation of the minor children and liberal visitation is encouraged.  At a minimum, visitation shall commence every Friday at 6:00 P.M. and conclude at noon on Sunday.  Visitation will commence the weekend of December 30, 2016.  At the Intervenor's discretion and after consultation with the minor children, Respondent may have additional visits with the minor children.

8. Should the parties not be able to agree to a visitation schedule for the Christmas Eve and Christmas Day, the Court directs that Respondent is awarded visitation from 5:00 P.M. Christmas Eve to Noon on Christmas Day.  Petitioner shall be awarded visitation from 1:00 P.M. – 6:00 P.M. on Christmas Day.

9. All parties are directed to not discuss any aspect of the pending dissolution or comment on the other party in the presence of the minor children.  No financial matters will be discussed, and neither party shall say anything in the presence of the minor children which may diminish their love and affection for any of the parties to this action.

So **ORDERED** this 22nd day of December, 2016.



_____
Honorable John H. Shock
Associate Circuit Judge.

3

Exhibit 06