Electronically Filed - Ripley - January 30, 2017 - 11:20 AM

FILED
1/30/2017
01:21 PM
RIPLEY COUNTY
CIRCUIT COURT

STATE OF MISSOURI   )
                    ) ss
COUNTY OF RIPLEY    )

IN THE CIRCUIT COURT OF RIPLEY COUNTY, MISSOURI

*In Re: The Marriage of Charles Haynes and Cynthia Haynes*

| | |
|---|---|
| CHARLES HAYNES, ) | |
| Petitioner, ) | |
| vs. ) | CASE NO. 13RI-CV00554 |
| CYNTHIA HAYNES, ) | CIVIL DIVISION |
| Respondent. ) | |

## ORDER FOR APPOINTMENT OF GUARDIAN AD LITEM

This cause comes before the Court upon an oral Motion for the Appointment of Guardian Ad Litem for the minor children, and pursuant to Sections 452.423 and 452.490, RSMo., it is ordered as follows:

1. Jennifer R. Williams is hereby appointed to represent the interests of the minor children, namely Mikaela Ann Haynes, DOB: 8/30/2004, and Sara Mae Haynes, DOB: 2/28/2009, and shall be the legal representative of the minor children throughout the proceedings.

2. The Guardian Ad Litem shall be a party to this cause. She shall be provided with copies of all pleadings and other papers herein. She shall be notified before any action affecting the minor children is taken by either of the parties or their counsel. She shall file such pleadings and reports, and move or petition the Court for such relief, as she shall deem appropriate or necessary in the premises, and shall be a party to any stipulation or agreement (whether incidental, temporary, or permanent) and to any settlement affecting the interest(s)

Exhibit 07

or welfare of the minor children. Further, the Guardian Ad Litem may examine, cross-examine, and subpoena witnesses, and offer testimony, at any hearing pursuant to Section 452.523.2.1, RSMo.

3. The Guardian Ad Litem shall conduct all interviews with persons having contact with or knowledge of the children in order to ascertain the children's wishes, feelings, attachments, and attitudes. If appropriate, the children should be interviewed.

4. Upon presentation of an attested copy of this order to any agency, hospital, organization, school, person, or office, including the clerk of this court, pediatrician, psychologists, psychiatrists, or police department, the aforementioned shall permit the Guardian Ad Litem to inspect and copy any records relating to the minor children and her parents. The Guardian Ad Litem shall maintain any information received from any such source as confidential, and it shall not be disclosed except in reports to the Court, to the parties to this case and their counsel, or as directed by the Court.

5. The Guardian Ad Litem shall have an attorney-client relationship with the minor children, and all communications between the Guardian Ad Litem and the minor children shall be privileged, and shall not be disclosed by the minor children or the Guardian Ad Litem except as she shall deem appropriate in the effective representation of the minor children, and then only generally and not specifically. Neither of the parties nor their counsel shall seek to invade this privilege either directly or indirectly, or to make any attempt to seek the disclosure or confidential communications from either the minor children or the Guardian Ad Litem.

6. The Guardian Ad Litem is hereby vested by the Court with all the powers, privileges, and responsibilities necessary or desirable for the full and effective performance of her duties and obligations to the minor children, and, as such, shall faithfully discharge those

Exhibit 07

Electronically Filed - Ripley - January 30, 2017 - 11:20 AM

duties. If she is in doubt at any time as to the scope or limitation of this authority, she may apply to the Court on an emergency basis if necessary for clarification or ratification of the authority and her acts as Guardian Ad Litem.

IT IS SO ORDERED.

_____
John H. Shock, Associate Circuit Judge

Dated: __1/30/2017__

Exhibit 07