IN THE RIPLEY COUNTY CIRCUIT COURT
STATE OF MISSOURI

| | |
|---|---|
| In the marriage of ) | |
| CHARLES MICHAEL HAYNES ) | |
|       Petitioner ) | |
| ) | |
| vs. ) | Case No. 13RI-CV00554 |
| ) | |
| CYNTHIA KAY HAYNES ) | |
|       Respondent ) | |
| BERNICE HAYNES ) | |
|       Intervenor ) | |

**CYNTHIA HAYNES' MOTION FOR PRODUCTION OF JENNIFER WILLIAMS' LEGAL FILE AND MEMORANDUM OF LAW IN SUPPORT**

Comes now, Respondent, Cynthia Kay Randolph (MOTHER) and pursuant to Rule 55.26 of the Missouri Rules of Civil Procedure and Mo.Sup.Ct. R. 4-1.16(d), moves this Court to order Jennifer Williams to produce to MOTHER her children's original, complete, unaltered and unredacted legal file from May 6, 2016 through April 29, 2021. In support of her Motion, MOTHER states the following:

**FACTS**

1. This is a divorce case involving WIFE and HUSBAND, who had two daughters born of their union: Mikaela Haynes (deceased on November 24, 2018) and Sara Haynes.

2. On December 1, 2013, MOTHER'S daughter from the previous marriage, Melissa, told her MOTHER and Ripley County law enforcement that her STEPFATHER, WIFE'S HUSBAND, forced Melissa to give him blowjobs and fondled her sexually many times.

3. Since December 1, 2013, WIFE and HUSBAND have not lived together as a married couple and have been involved in this divorce action.

4. On December 2, 2013, HUSBAND was served with a charging document in *State of Missouri v. Haynes*, 13RI-CR00907.

1

Exhibit 15

5.     On December 3, 2013, HUSBAND posted a bond, and he was released.

6.     On April 3, 2014, an Amended Criminal Complaint was filed in *State of Missouri v. Haynes*, 13RI-CR00907-01 charging HUSBAND with the following:

Count I – Felony of Statutory Sodomy in the First Degree
Count II – Class B felony of Child Molestation in the First Degree
Count III – Class C Felony of Statutory Sodomy in the Second Degree
Count IV – Class C Felony of Statutory Sodomy in the Second Degree

7.     On April 28, 2016, FATHER petitioned this Court to appoint a guardian ad litem (GAL) because of the alleged educational neglect of children committed by MOTHER in homeschooling Mikaela and Sara.

8.     Based on FATHER'S allegations of educational neglect GAL, Jennifer Williams (GAL Williams) was appointed to represent the best interests of Mikaela and Sara Haynes on May 6, 2016.  A copy of the GAL Appointment Order is attached as Exhibit 1.

9.     On December 7, 2016, GAL Williams informed the Court that MOTHER committed educational neglect.  GAL Williams asked the Court to grant sole legal and physical custody of Sara and Mikaela to their paternal grandmother, Intervenor, in this case.

10.    On December 22, 2016, the Court issued an Order Regarding Emergency Motion for Child Custody Pendente Lite, awarding Bernice Haynes, Intervenor, sole physical and legal custody of Mikaela and Sara Haynes.  At the time Intervenor was awarded sole legal and physical custody of Sara and Mikaela Haynes, she was 90 years old and was taking numerous medications, including painkillers, and sleeping pills.

11.    The December 22, 2016, Court Order directed GRANDMOTHER, Bernice Haynes, to enroll Mikaela and Sara Haynes into Doniphan Public School.  "FATHER was awarded visitation and **liberal supervised visitation was encouraged**." [emphasis added].

12.    While at GRANDMOTHER'S house, Sara was bitten several times by

GRANDMOTHER'S dog which required medical care.

13. While at GRANDMOTHER'S house, Mikaela started cutting herself. Mikaela was hospitalized at DePaul Hospital in Saint Louis, Missouri, from January 29, 2017, until February 6, 2017, to treat and cease self-mutilation behavior.

14. On January 29, 2017, GAL Williams authorized DePaul Hospital personnel to provide treatment and prescription medication for Mikaela.

15. On January 30, 2017 Williams filed a memorandum of an Order seeking to be appointed as the personal attorney for Sara and Mikaela. A copy of the Order is attached as <u>Exhibit 2</u>. The Court granted Williams' request. The Court Order appointing her stated:

(1) The Guardian ad Litem shall be the legal representative of the minor children throughout the proceedings.

(5) The Guardian Ad Litem shall have an attorney-client relationship with the minor children, and all communications between the Guardian Ad Litem and the minor children shall be privileged, and shall not be disclosed by the minor children or the Guardian Ad Litem except as she shall deem appropriate in the effective representation of the minor children, and then only generally and not specifically. Neither of the parties nor their counsel shall seek to invade this privilege either directly or indirectly, or to make any attempt to seek the disclosure or confidential communications from either the minor children or the Guardian Ad Litem.

16. The Department of Family Services (DFS) took Mikaela and Sara into its custody and away from Bernice Haynes after De Paul Hospital refused to release Mikaela and Sara to Bernice Haynes.

17. The DFS did not return Sara and Mikaela to their MOTHER because GAL Williams informed DePaul and DFS that MOTHER lost her custodial rights due to MOTHER'S educational neglect of Sara and Mikaela. GAL Williams faxed to De Paul Hospital a copy of January 30, 2017 Court Order making her Sara and Mikaela's personal attorney.

18. The DFS placed Sara with a foster family on February 3, 2017 and Mikaela on

February 6, 2017.

19.     In February 2017, Mikaela disclosed to DePaul Hospital doctors, the DFS, foster care parents and GAL Williams that FATHER abused her sexually. Both Mikaela and Sara told the DFS and GAL Williams, their foster parents that their grandmother, Bernice Haynes, allowed their FATHER to have unsupervised time with Mikaela and Sara.

20.     Foster parents provided to the DFS a copy of Mikaela's letter.  Mikaela also reported to the DFS that she could not sleep at night at Bernice Haynes' house because she "never knew when dad would come in."

21.     While in the DFS custody, the Juvenile Court appointed Jerry Marks, LCW and Ph.D. to conduct therapy with Mikaela and Sara.

22.     On June 27, 2017, Mikaela and Sara were returned to MOTHER'S physical custody after DFS determined that there was no educational neglect on MOTHER'S part.

23.     At all relevant times and at the time Sara and Mikaela were placed in the custody of Bernice Haynes, who was 90-years old, Sara and Mikaela Haynes excelled academically.  They were a grade ahead of their peers academically based on the state testing conducted in December 2016.

24.     The DFS case, however, remained opened until June 27, 2018.  Williams represented Sara and Mikaela during all DFS and family court proceedings as their personal attorney.

25.     On September 4, 2018, FATHER pleaded guilty to Class C Felony, Statutory Sodomy Of a Minor in the Second Degree under RSMo 566.064.

26.     From 2017 until present, the court appointed doctor, Jerry Marks, who maintained that Mikaela and Sara should not have any contact with their FATHER until they turn eighteen (18) years old.

27.     On November 23, 2018, Mikaela told her MOTHER and her sister, Melissa, that GAL Williams will be asking the Court not to put her FATHER in jail and instead place him on probation

4

Exhibit 15

at his upcoming sentencing hearing set for November 26, 2018.  Mikaela told her MOTHER and her sister, Melissa, that if Mikaela testified against her FATHER, GAL Williams would recommend placing Mikaela and Sara in foster care again.  Mikaela told her mother and her sister Melissa, "I'm going to kill myself first before I go back to foster care."

28. On November 24, 2018, Mikaela hung herself.

29. Because of Mikaela's death, her FATHER'S sentencing hearing set for November 26, 2018, was rescheduled to December 12, 2018.

30. On December 12, 2018, GAL Williams testified at FATHER'S sentencing proceeding seeking his probation instead of incarceration.  While testifying about FATHER, Mikaela and Sara, GAL Williams stated that "both of these children (Mikaela and Sara) were highly sexualized for their age."

31. Despite Williams' testimony seeking FAHTER'S probation, FATHER was sentenced to serve a seven (7) year term of imprisonment for sodomizing his minor stepdaughter, Melissa on December 12, 2018.

32. On April 29, 2021, GAL Williams withdrew from this case.  In her Motion to Withdraw, GAL Williams stated that "**she believed that all of the underlying custody matters were resolved due to Petitioner's incarceration**." [emphasis added].

33. From May 6, 2016 until April 29, 2021, GAL Williams advocated for Sara and Mikaela to be reunited with their father through custody, visitation, and joint therapy.

34. In April, May, and June 2021, MOTHER and MOTHER'S attorney requested Williams produce to MOTHER, as the personal representative of Mikaela Haynes' Estate and as Sara Haynes' custodial parent, Sara, and Mikaela's original, complete, unaltered and unredacted file involving Williams' legal representation of Sara and Mikaela and their interests from May 6, 2016 until April 29, 2021.

35. On June 1, 2021, Williams replied to MOTHER'S attorney, stating:

**If the court directs me to turn my file over, I will comply with any order if I am so directed.  Sincerely, Jennifer.**

## LEGAL ANALYSIS

I.  **WILLIAMS MUST PRODUCE HER COMPLETE ORIGINAL UNALTERED AND UNREDACTED FILE PERTAINING TO WILLIAMS' REPRESENTATION OF SARA AND MIKAELA HAYNES**

The obligation of an attorney to give a client his or her legal file was recognized by the Missouri Supreme Court in *Grewell v. State Farm Mutual Auto. Ins.' Co.,* 102 S.W.3d 33, 37 *(*Mo. *banc* 2003) when finding that insurance claims file "is analogous to the file of a client held by an attorney" and belongs to the insured, and that the insured "should be provided free and open access to that file."  The Rules of Professional Conduct have force and effect of judicial decision.  In *McVeigh v. Flemming*, 401 S.W.3d 287 (Mo.App.E.D. 2013), the Eastern District Court of Appeals stated that:

> Under *Mo. Sup. Ct. R. 4-1.16(d)*, upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as surrendering papers and property to which the client is entitled.  *Rule 4-1.16(d)* requires lawyers whose representation of a client has terminated to protect that client's interest by returning any papers to which the client is entitled. ***A client is entitled to his or her files because the client's files belong to the client, not to the attorney representing the client.***  *McVeigh*, 401 S.W.3d at 289.  [emphasis added].

The court further explained that "[a] client is entitled to his or her files because the client's files belong to the client, not to the attorney representing the client." (quoting *In re Cupples*, 952 S.W.2d 226, 234 (Mo. banc 1997).  The trial court can order an attorney to return ***the original file*** to the client.  *McVeigh,* 401 S.W.3d at 289. [emphasis added]. Williams' failure to return to MOTHER her daughters' legal files says a lot about Williams' familiarity with her legal obligations and duties to her clients.

Williams' failure to return the file to MOTHER also constitutes a breach of fiduciary duty.  Rule 4-1.16(d) requires a lawyer upon termination of representation to take steps to the

6

Exhibit 15

extent ***reasonably practical to protect a client's interests, such as surrendering the client's files***. *McVeigh*, 401 S.W.3d at 289. [emphasis added]. "The relation between attorney and client is fiduciary and binds the attorney to a scrupulous fidelity to the cause of the client which precludes the attorney from any personal advantage from the abuse of that reposed confidence." *Shaffer v. Terrydale Management Corp.,* 648 S.W.2d 595, 605 (Mo.App.E.D. 1983).

Williams owes fiduciary duty to the Estate of Mikaela Haynes before and after her death. The fiduciary duty to a client survives the termination of the attorney-client relationship, by death or otherwise. The Estate of Mikaela Haynes is entitled to receive Mikaela's original, complete, unaltered and unredacted legal file. The personal representative steps into the shoes of the decedent such that the personal representative becomes the decedent for purposes of the duty owed by the decedent's counsel. In *State ex rel. White v. Terte,* 293 S.W.2d 6, 10 (Mo.App.E.D. 1956)* the Court of Appeals held that "attorneys have no authority to take any further steps whatsoever on behalf of the deceased party unless and until authorized by the personal representatives of the deceased, duly qualified."

In *Gardine v. Cottey,* 230 S.W.2d 731, 739 (Mo. *banc* 1950) the Missouri Supreme Court held that "[t]he relation between attorney and client is highly fiduciary … requiring very high degree of fidelity and good faith on attorney's part." In this case, Williams refused to surrender her original file thus betraying her clients' trust and their interests. She acted in bad faith and in violation of the Missouri law. Williams forced MOTHER as the Personal Representative of Mikaela Haynes Estate and the custodial parent of Sara Haynes to litigate the release of her daughters' legal files to her, so her daughters' interests are adequately protected in these proceedings.

Accordingly, Williams must produce her complete original unaltered file, including all

billing files, correspondence, emails, texts, and pleadings pertaining to the representation of Sara and Mikaela Haynes from May 6, 2016 until April 29, 2021 to MOTHER and/or MOTHER'S attorney.

## II.   WILLIAMS CANNOT CHARGE HER CLIENTS FOR DUPLICATION OF THEIR FILE

The *McVeigh* Court also held that "if a lawyer wishes to keep a copy of the file for his own use or protection, then the lawyer must bear the costs of copying the file." *McVeigh,* 401 S.W.3d at 290.  Williams must produce her complete original file to MOTHER at no cost to MOTHER.

**WHEREFORE**, for the reasons stated above, MOTHER respectfully asks that this Court grant her Motion for Production of her daughters' original, complete, unaltered, unredacted legal files from May 6, 2016 until April 29, 2021 including but not limited to complete juvenile court files, communications with all parties, individuals, healthcare providers, representatives of the state involved in Sara and Mikaela Haynes' juvenile matters, messages, billing file, emails, notes, memos, pleadings in their original format such as paper and/or electronically stored information (ESI), i.e. everything at no cost to MOTHER within 10 calendar days of the Court's Order in this case and award MOTHER any other relief this Court deems right and proper.

*/s/* Evita Tolu
Evita Tolu, MO Bar #49878
1 Crabapple Court
Saint Louis, MO 63132
(314) 323-6022 telephone
(314) 207-0086 fax
evitatolu@outlook.com
Attorney for Cynthia K. Haynes

Exhibit 15

Electronically Filed - Ripley - August 19, 2021 - 04:05 PM

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 19th day of August 2021, a copy of the forgoing pleading was served upon William Halaz III, the attorney of record for Charles Haynes to the above cause by operation of the Courts electronic filing system.  A copy of the foregoing pleading was sent to Jennifer Williams at [jennifer@williams.lawyer](mailto:jennifer@williams.lawyer) and by USPS Mail and postage prepaid, to Bernice Haynes at the following address:

Bernice Haynes
25 Ellie Place
Cape May, NJ 08204

                                            */s/* Evita Tolu
                                            Evita Tolu

Exhibit 15