## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI - SOUTHERN DIVISION

| | |
|---|---|
| CYNTHIA HAYNES (a/k/a Cynthia Randolph)  )  <br>                                       Plaintiff,  ) <br> v.                                               ) <br>                                                  ) <br> JENNIFER WILLIAMS, individually, et al.  ) <br>                                       Defendants.  ) | Case No: 1:21-CV-00160-ACL |

### PLAINTIFF'S MOTION TO FILE A REPLY TO WILLIAMS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY

COMES NOW Plaintiff and requests that this Honorable Court allow her to file a reply to Williams' Opposition to Plaintiff's Motion to Compel Williams to Comply with Discovery (Opposition) because Williams misrepresented the facts and the law in her Opposition. As demonstrated by the following brief review of the inaccuracies in the facts and law Williams cites, Plaintiff seeks to file a Reply Memorandum in support of her Motion to Compel Williams to Produce her GAL file. Plaintiff will limit her reply to 7 pages and will file it within one week of this Court's Order allowing her to do so.

### A Few Examples of Williams' Misrepresentation of Facts

1.      In her Opposition, (pg. 6) Williams falsely claims that "no issues or complaints were raised regarding Williams' conduct as GAL or alleged threats." Williams ignores Plaintiff's Complaint allegations (¶¶81-82, 84, 86-89, 102, 105) and numerous juvenile and family court records demonstrating Williams' threats toward Plaintiff designed to intimidate Plaintiff from formally complaining about Williams. For example, (a) "Judge Shock would never recuse me. Your client already lost her custody. If she decides to keep trying to disqualify me, she will lose all visits with her daughters." ¶86-89, ¶120, Exhibit 12.

2.      Williams also threatened and intimidated M.H. Williams told M.H. and S.H. if M.H. disclosed Williams' threats to anyone M.H. and S.H. would be placed in foster care or worse with their sexually abusive father. ¶¶182-184. Examples are: M.H. sent her mother texts after each visit with Williams.

1

Exhibit 44: (a) "GAL said if I testify against Chuck she is going to put me back in foster care, I'm scared;" (b) "I'm TIRED of the GAL threatening me. She told me she was going to put me in a state not home foster care if I testify in Melissa's criminal case against Dad."

3. M.H. disclosed Williams' threats to her sisters M.S.H. and M.L.H., her pediatrician, DFS case manager Theresa Whaley, DFS case worker Roxann Ward, foster parents, and Dr. Marks. ¶¶124-128, Exhibit 22, pg. 17 and ¶¶143-145, Exhibit 27.

4. M.H., Plaintiff, DFS, CASA, foster parents, all involved therapists, and Dr. Jerry Marks reported Williams' misconduct to the juvenile and family courts on numerous occasions. ¶132, ¶139, Exhibits 22-23, Exhibit 26, Exhibits 36-38.

5. On pg. 6 of her Opposition Williams falsely states that she did not advocate for Charles' probation. At the sentencing hearing, Charles' attorney called Williams to testify for Charles "not to send him to prison because of what his role was as a father." Exhibit A. Williams testified right after Charles' attorney made this statement. Williams did not object to Charles' attorney's statement.

### A Few Examples of Williams' Misrepresentation of The Law

6. In her Opposition, on pg. 7 Williams claims that this Court is not "a court of competent jurisdiction" authorized to order Williams to produce her GAL file citing Khan v. Khan, 21 F.3d 859 (8th Cir. 1994) in which the court dismissed a former wife's fraud suit against her former husband seeking damages for the husband's fraud during their divorce proceedings 30 years earlier. Plaintiff is suing Williams for the wrongful death of her daughter as a result of Williams' threats. This Court is a Court of competent jurisdiction authorized to preside over diversity cases including this wrongful death case. Williams does not explain why this Court is any less competent to order the production of Williams' GAL file than federal courts adjudicating civil rights cases and state courts adjudicating personal injury cases.

7. In her Opposition, on pg. 5 and pg. 11, Williams claims that she should not produce her file because of her attorney-client relationship with M.H. As Williams states, the divorce court found

that Williams was M.H.'s lawyer.  In Cobb v. State Security Ins. Co*.,* 576 S.W.2d 726 *(*Mo*. banc* 1979*)* the Missouri Supreme Court held that a parent is a legal and personal representative of a deceased child in a wrongful death suit.  *See* Arnold v. American Family Mut. Ins. Co*.*, 987 S.W.2d 537 (Mo. App. W.D. 1999) (a parent is a personal and legal representative to pursue recovery of damages for a deceased child).  Plaintiff is the duly authorized personal and legal representative of M.H. Therefore, Plaintiff is entitled to receive her deceased daughter's legal files.

8. In her Opposition on pg. 12, Williams misconstrues the holdings of DSS v. Tucker, 413 S.W.3d 646 (Mo. 2013) and State ex rel. DSS v. Dougherty, 563 S.W.3d 153 (Mo. App. E.D. 2018) claiming that "in both cases, the appellate court found that the trial court erred by ordering confidential records to be produced."  In Tucker, the Missouri Supreme Court held that a parent falsely accused of child abuse is entitled to receive hotline and DFS investigative records deemed confidential under RSMo. 210.150, except for the identities of the reporters.  413 S.W.3d at 648.  In Dougherty, the court relied on Tucker, and held the same.  563 S.W.3d at 155-156.

WHEREFORE, Plaintiff moves this Court to grant Plaintiff one week from an order hereon to file a Reply Memorandum in support of her Motion to Compel Discovery limited to 7 pages, and grant such other and further relief as the Court deems just under the circumstances herein.

| | |
|---|---|
| */s/ Laurence D. Mass* | */s/ Evita Tolu* |
| Laurence D. Mass  #30977 | Evita Tolu, #49878 |
| 230 South Bemiston, Suite 1200 | 1 Crabapple Court |
| St. Louis, Missouri  63105 | St. Louis, Missouri 63132 |
| Phn:  (314) 862-3333, Ext. 20 | Phn:  (314) 323-6022 |
| Fax:  (314) 862-0605 | Fax:  (314) 207-0086 |
| laurencedmass@att.net | evitatolu@outlook.com |
| Attorney for Plaintiff | Attorney for Plaintiff |

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing document was filed electronically with the Clerk of the Court to be served to all counsel by operation of the Court's electronic filing system on the 30th day of November 2022.

*/s/ Evita Tolu*
Evita Tolu

3