UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| CYNTHIA K. HAYNES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:21-CV-160-ACL |
| | ) |
| JENNIFER WILLIAMS, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Compel Discovery from Defendant Williams.  (Doc. 99.)  The Motion is fully briefed and ripe for disposition.

### I.      Background

This action stems from the tragic death of M.H., Plaintiff Cynthia K. Haynes' minor child, due to suicide.  Defendant Williams, an attorney licensed in Missouri, was appointed guardian ad litem ("GAL") by the Circuit Court of Ripley County, Missouri, in the divorce case of M.H.'s parents, Cynthia and Charles Haynes ("Divorce Court").  She served as GAL for M.H. from May 6, 2016, through November 24, 2018.  In the Amended Complaint, Plaintiff asserts the following claims against Defendant Williams:  a wrongful death claim based on Williams acting outside the scope of her GAL duties (Count I); a wrongful death claim based on Williams' alleged legal malpractice (Count II);  a wrongful death claim based on Williams' alleged breach of fiduciary duties (Count III); and a personal claim based on Williams' alleged acting outside the scope of her GAL duties (Count IV).

 The Court granted Defendant's Motion to Dismiss as to Counts II, III, and IV, but denied the motion as to Count I.  (Doc. 61.)  The undersigned found that Williams was not entitled to

quasi-judicial immunity as to Plaintiff's allegations that Williams acted outside the scope of her

GAL duties when she threatened M.H. so that M.H. would not testify against her father in a

separate criminal proceeding.

In the instant Motion to Compel, Plaintiff requests that the Court compel Williams and her

counsel to produce documents and information responsive to Plaintiff's First Request for

Production of Documents ("RFP") and answer Plaintiff's First Set of Interrogatories

("Interrogatories"). At the center of Williams' Motion is the issue of whether Williams must

produce her GAL file.

## II. Standard

The scope of discovery for actions filed in federal court is set forth in Federal Rule of Civil

Procedure 26:

> ***Scope in General.*** Unless otherwise limited by court order, the scope of discovery is
> as follows: Parties may obtain discovery regarding any nonprivileged matter that is
> relevant to any party's claim or defense and proportional to the needs of the case,
> considering the importance of the issues at stake in the action, the amount in
> controversy, the parties' relative access to relevant information, the parties'
> resources, the importance of the discovery in resolving the issues, and whether the
> burden or expense of the proposed discovery outweighs its likely benefit.
> Information within this scope of discovery need not be admissible in evidence to be
> discoverable.

Rule 26(b)(1), Fed. R. Civ. P.

"The scope of discovery under Rule 26(b) is extremely broad." *Gowan v. Mid Century Ins.*

*Co.*, 309 F.R.D. 503, 508 (D.S.D. 2015) (citing 8 Charles A. Wright & Arthur R. Miller, *Federal*

*Practice & Procedure* § 2007, 3637 (1970)). "Mutual knowledge of all the relevant facts gathered

by both parties is essential to proper litigation. To that end, either party may compel the other to

disgorge whatever facts he has in his possession." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947).

Relevancy in this context "has been construed broadly to encompass any matter that bears on, or

that reasonably could lead to other matter that could bear on, any issue that is or may be in the

case." *Jo Ann Howard & Assocs., P.C. v. Cassity*, 303 F.R.D. 539, 542 (E.D. Mo. 2014) (citation and quotation omitted).

After the proponent of discovery makes a threshold showing of relevance, the party opposing it has the burden of showing its objections are valid by providing specific explanations or factual support as to how each discovery request is improper. *Id.* (citing *Hofer v. Mack Trucks, Inc*., 981 F.2d 377, 380 (8th Cir. 1993), and *St. Paul Reins. Co. v. Commercial Fin. Corp*., 198 F.R.D. 508, 511-12 (N.D. Iowa 2000)). The opposing party must demonstrate "that the requested documents either do not come within the broad scope of relevance defined pursuant to Rule 26(b)(1) or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Id.* (quoted case omitted). "Rule 26 requires 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Vallejo v. Amgen, Inc*., 903 F.3d 733, 743 (8th Cir. 2018) (quoting *Gen. Dynamics Corp. v. Selb Mfg. Co*., 481 F.2d 1204, 1212 (8th Cir. 1973)).

Rule 26(b)(1) was amended in 2015 to include a "proportionality" requirement for the parties and the court to consider in resolving discovery disputes. Fed. R. Civ. P. 26 advisory committee's notes to 2015 amendment. The amendment does not "alter the basic tenet that Rule 26 is to be liberally construed to permit broad discovery." *Prime Aid Pharmacy Corp. v. Express Scripts, Inc.*, 2017 WL 67526, at *4 (E.D. Mo. Jan. 6, 2017) (quoted case and internal citation omitted). Also, "the existing allocation of burdens to show undue burden or lack of proportionality have not fundamentally changed." *Vallejo*, 903 F.3d at 742 (quoted case omitted). "A party claiming requests are unduly burdensome cannot make conclusory allegations, but must provide some evidence regarding the time or expense required." *Id.* (quoted case omitted).

## Discussion

As previously noted, Plaintiff requests that the Court compel Williams and her counsel to produce documents and information responsive to Plaintiff's discovery requests. Plaintiff states that Williams responded to Plaintiff's discovery requests with the same "boiler plate, generic objections" that Plaintiff's discovery was broad, vague, burdensome, not limited in time and scope, not leading to discovery of admissible evidence, confidential, and constituting Williams' work product. (Doc. 99 at 1, citing Williams' responses to RFP Nos. 2-24, 26-30 and Answers to Interrogatories Nos. 5-20, 23.) Plaintiff argues that Williams' general, unsupported objections are improper. Plaintiff further states that she asked Williams to produce her GAL file for M.H. and M.H.'s sister S.H., but Williams refused to produce her file based on the confidentiality purportedly established by Missouri Supreme Court GAL Standard No. 7 and an order of protection entered by the divorce court, as well as the work product doctrine, attorney-client privilege, and insurer-insured privilege. (Williams' answers to Interrogatories Nos. 21-22 and response to RFP No. 26). Plaintiff argues that this Court has the authority to compel production of the GAL file. Finally, Plaintiff's RFP Numbers 18 and 19 sought information regarding any prior lawsuits by clients or disciplinary complaints filed against Williams. Williams objected that Plaintiff's requests were harassing. Plaintiff claims that these objections are frivolous. The parties met and conferred regarding these disputes on September 22, 2022 and Plaintiff sent Williams' attorney a letter summarizing the parties discussions on October 3, 2022. (Doc. 99-3.) Plaintiff indicates that Williams' attorney had not responded to the letter at the time she filed the instant motion on November 7, 2022.

In her Response, Defendant indicates that the parties have since met and conferred, and have resolved disputes other than the following two issues: the production of Williams' GAL file (RFP 2-16, 20, 21-23, 26-29; Interrogatories Nos. 11-17, 19, 21, 22); and whether Williams must produce

a list of cases where she acted as counsel or as a GAL (RFP 17, Interrogatories Nos. 10, 11, 15).

The undersigned will discuss these issues in turn.

### A.    Williams' GAL File

Plaintiff seeks disclosure of Williams' GAL files that she created while acting as GAL to

M.H. and S.H.  Plaintiff argues that her counsel requires this information so that she can thoroughly

depose Defendants regarding their involvement, circumstances, and contribution to M.H.'s death.

Williams does not dispute the relevancy of the GAL file but, instead argues that the

Missouri Supreme Court prohibits a GAL from disclosing a GAL file to *anyone* without the

Divorce Court's consent.  She states that the Divorce Court has repeatedly denied Plaintiff's

requests to access Williams' GAL files.

Standard 7.0 of the Missouri Supreme Court Standards for Guardians Ad Litem in Missouri

provides as follows, in relevant part:

> The guardian ad litem should maintain a file consistent with the provisions of Rule
> 4-1.15.  The child is not the owner of that file.  Only the court has the authority to
> rule on any request concerning the handling or disposition of the file and order its
> release or early destruction or to rule on any request concerning the handling or
> disposition of the file.  The guardian ad litem should not provide the file to anyone,
> including the child, without the consent of the court.

Missouri Supreme Court, *Standards with Comments for Guardians Ad Litem in Juvenile and*

*Family Court Division Matters*, Standard 7.0, Comment.

Plaintiff Cynthia Haynes filed a Motion for Production of Williams' GAL file with the

Divorce Court on August 19, 2021, and supplemented her motion on September 10, 2021.  (Docs.

105-15, 105-16.)  On September 15, 2021, the Divorce Court denied Plaintiff's Motion, noting that

it would be "entirely inappropriate to violate the attorney-client privilege between the parties."

(Doc. 105-17.)  In October 2021, Plaintiff issued a subpoena to Williams' former law firm for the

production of Williams' GAL records.  (Doc. 105-18.)  The Divorce Court granted the firm's motion to quash the subpoena  (Doc. 105-19.)

In December 2021, the Divorce Court appointed Allyson Brown to serve as GAL to S.H. in the Divorce Case.  (Doc. 105-21.)  Ms. Brown filed a Motion to Compel the production of Williams' GAL file in order to carry out her duties in representing the interests of S.H.  (Doc. 105-20.)  On January 25, 2022, the Divorce Court granted the motion and entered a protective order. (Doc. 105-21.)

The protective order provided that the information provided to Ms. Brown "shall be used *solely for the purpose of this [divorce] action and shall not be disclosed to any other persons for any other purposes*."  *Id.* at p. 3 (emphasis in original).  It stated that none of the information may be "communicated, copies, provided, published, divulged, distributed, or disseminated to any person other than those identified above without a Court Order."  *Id.*  The order "shall continue to be binding after the conclusion of this action," and the termination of the action "shall not relieve any person from his or her personal obligation to maintain the confidentiality of such information." *Id.* at 4.  Additionally, the following provisions are especially relevant to the instant Motion:

> 8.  Any action to enforce this Protective Order may be brought in the Circuit Court of Ripley County, Missouri, which shall retain jurisdiction with respect to this Protective Order for the purpose of enforcing its terms and conditions and to enable any party herein affected to apply for such order and further orders concerning the subject matter of this Protective Order as may necessary or appropriate.

> 9.  Nothing in this Protective Order shall prevent any party from applying to a court of competent jurisdiction for relief from or modification of the provision of this Protective Order, or from applying to such court for further or additional Protective Orders, or from reaching agreement with the other party to amend this Protective Order in writing, subject to the approval of the Court.

*Id.*

Williams argues that Missouri Supreme Court Standard 7 prohibits the disclosure of her GAL file without the Divorce Court's consent, and the Divorce Court has repeatedly denied

Plaintiff access to the file.  Williams contends that the GAL file is therefore both confidential and privileged by orders of the Missouri Supreme Court and the Divorce Court.  She further argues that the Divorce Court's protective order does not give this Court the authority to modify the order, because this Court is not a "court of competent jurisdiction" for the purposes of the order.  Even if this Court did have jurisdiction to modify the order, Williams argues that any such modification would be subject to the approval of the Divorce Court under the terms of the protective order.

Plaintiff argues that this Court has the authority to order Williams to produce her GAL file pursuant to a protective order.  She argues that numerous other Missouri state and federal courts have found that records that are otherwise confidential by statute, court order, or a rule, must be produced in a civil action for damages.

First, none of the cases cited by Plaintiff involve the disclosure of a GAL's file.  *See, e.g. In the Interest of A.C.G.*, 499 S.W.3d 340, 345 (Mo. Ct. App. 2016) (in proceeding regarding termination of Mother's parental rights trial court's refusal to take judicial notice of proceedings in another county court involving Mother's other two children was affirmed); *Smith v. Harold's Supermarket, Inc.*, 685 S.W.2d 859, 865 (Mo. Ct. App. 1984) (state statute regarding juvenile records did not prohibit "use of juvenile court report, records, or any relative evidentiary matters in any claim pursued by a party other than the juvenile, wherein that claim rests in part or in toto upon the pecuniary value of the juvenile, whether the juvenile is alive or deceased"); *Schweppe v. City of Pine Lawn*, Case No. 4:16-cv-00253-JAR, 2018 WL 623595, at * 2 (E.D. Mo. Jan. 30, 2018) (motion to quash disclosure of personnel records protected by Missouri statute in federal civil rights action denied, redaction of sensitive information required by local rule); *Jiang v. Porter*, Case No. 4:15-CV-1008 (CEJ), 2016 WL 3015163 at * 4 (E.D. Mo. May 26, 2016) (this Court, the Honorable Carole E. Jackson, United States District Judge, compelled disclosure of Missouri Department of Social Services report stamped "confidential" in federal civil rights action

"[b]ecause there is no apparent basis under federal law to allow defendant to withhold these reports").

Additionally, some of the cases upon which Plaintiff relies are inapposite.  For example, in *State ex rel. DSS v. Tucker*, 413 S.W.3d 646, 648 (Mo. banc 2013), the Missouri Supreme Court considered whether a state statute requiring confidentiality of the identity of reporters of child abuse prevented a trial court from ordering disclosure of the identity of the reporters to a husband in a divorce proceeding.  The Court answered this question in the affirmative and issued a permanent writ of prohibition preventing the enforcement of the trial court's order that directed the disclosure of the identity of the hotline caller.  *Id.*  Similarly, in *State ex re. Department of Social Services v. Dougherty*, 563 S.W.3d 153, 156 (Mo. Ct. App. 2018), the Missouri Court of Appeals issued a permanent writ of prohibition preventing a trial judge from enforcing an order for the Children's Division to disclose the identity of a hotline reporter in juvenile court proceedings.  Plaintiff also cites cases holding state statutory privileges "must yield to the federal interest in discovering whether public officials and public institutions are violating federal civil rights."  *Ginest v. Bd. of County Com'rs of Carbon County*, 306 F. Supp. 2d 1158, 1160 (D. Wyo. 2004) (Observing that "[c]ourts are virtually unanimous in holding that class counsel in institutional litigation [regarding alleged civil rights violations] has a right to examine client medical records to determine whether a systemic failure exists in the institution's health care system.").  This authority does not, however, aid Plaintiff in the instant Missouri wrongful death action.

In *National Ben. Programs, Inc. v. Express Scripts*, No. 4:10CV907AGF, 2011 WL 6009655, *4  (E.D. Mo Dec. 1, 2011), this Court[1] considered whether a party in a breach of contract action was entitled to documents produced in Ohio divorce proceedings that were held confidential under an Ohio protective order.  The Ohio order, similar to the protective order in the instant case,

---

[1]United States District Judge Audrey G. Fleissig.

provided that the Ohio court "shall retain jurisdiction over the parties for enforcement of the provisions of this Order following final termination of this litigation." *Id.* The Court found that, although the divorce proceedings had concluded, the Ohio protective order was "still in effect and requests for its modification should be directed to the Court that issued it." *Id.* Thus, the Court "decline[ed] to interfere with an extant protective order, issued by and subject to the authority of another court." *Id.* Judge Webber, in *Zurich Am. Ins. Co. v. Fluor Corp.*, 4:16CV00429 ERW, 2019 WL 6829468, at \*4 (E.D. Mo. Dec. 13, 2019), applied this reasoning in considering whether to compel production of deposition transcripts subject to a protective order in a state court action. The Court declined to modify or supersede the protective order, stating "the Court agrees with this Court's conclusion in *National Ben. Programs, Inc. v. Express Scripts*, 2011 WL 6009655 (E.D. Mo 2011), that, as long as a protective order remains in place, the court that entered the order retains the power to modify it, even if the case is dismissed." *Id.*

The undersigned finds these decisions persuasive. Williams' GAL file is protected by orders of the Missouri Supreme Court and the Divorce Court. Some of the authority Plaintiff offered in support of her request for this Court to compel Williams to produce her GAL file involved federal questions. Authority for a federal court to direct the production of records, the confidentiality of which is protected by state law, comes from "the broad discovery and admissibility mandates of federal law and the prioritization of federal privileges doctrine in federal question matters under [Federal Rules of Evidence] 501." *Farley v. Farley*, 952 F.Supp. 1232, 1242 (M.D. Tenn. 1997). This matter is a diversity action in which this Court sits as an alternate local forum requiring the application of local law, thus the state law of privileges controls. *Id*. at 1235-36. The Divorce Court has repeatedly denied Plaintiff's efforts to obtain the GAL file. This Court declines to interfere with the Divorce Court's protective order.

Based on the foregoing analysis, Plaintiff's Motion to Compel production of Williams' GAL file is denied.

## B. Other Issues

The scope of Plaintiff's Motion to Compel is broad, in that it requests not only the production of Williams' GAL file, but numerous other documents and responses to interrogatories. Plaintiff argued that Williams responded to the majority of her discovery requests with the same improper boiler plate objections. Williams stated in her Response that the parties had subsequently resolved the disputes set out in the motion, other than the production of Williams' GAL file and the production of a list of cases where Williams acted as counsel or as a GAL (RFP 17, Interrogatories Nos. 10, 11, 15.) In her Reply, Plaintiff provides additional argument in support of her request for the GAL file but does not directly address the second dispute: whether Williams must produce documents responsive to Request No. 17 and answers to Interrogatories 10, 11, 15. Instead, she continues to take issue with Williams' objections to Plaintiff's discovery requests generally, despite Williams' representation to the Court that the parties had reached agreement on these issues. As such, the Court is unable to address which discovery requests, if any, remain disputed. Plaintiff's Motion to Compel will, therefore, be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Discovery from Defendant Williams (Doc. 99) is **denied.**

Dated this 21st day of February, 2023.

/s/ *Abbie Crites-Leoni*
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE