IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| CYNTHIA K. HAYNES (a/k/a Cynthia K. Randolph), individually and under the Missouri Wrongful Death Statute<br><br>Plaintiff,<br><br>vs.<br><br>JENNIFER WILLIAMS, individually, et al.<br><br>Defendants. | Case No: 1:21-CV-00160-ACL |

## WILLIAMS DEFENDANTS' SUGGESTIONS IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY

Defendants Jennifer Williams and Jennifer Williams, d/b/a Williams Law, (individually and collectively, "Williams") herby submit their Suggestions in Opposition to Plaintiff's Motion for Leave to File Sur-Reply to Williams' Motion For Judgment on the Pleadings ("Motion for Leave to File Sur-Reply") (Doc 122):

Plaintiff's Motion for Leave to File Sur-Reply avers that Williams "made arguments in her Reply Memorandum that Plaintiff believes are not based upon facts plead and/or accurately reflect case law." (Doc 123, ¶1). According to the Motion For Leave to File Sur-Reply, "Plaintiff believes that Williams' arguments concerning duty, negligent infliction of emotional distress, and the way Defendant Williams defines Plaintiff's claims should be addressed to show the fallacies in Williams' characterization of Plaintiff's facts and arguments." (Doc 123, ¶6).

"Sur-replies are largely disfavored in federal court." *Nidec Motor Corp. v. Broad Ocean Motor, LLC*, 4:13-CV-01895-SEP, 2022 WL 4482431, at *6 (E.D. Mo. Sept. 27, 2022)(quoting *Fuller v. Lion Oil Trading & Transp., LLC*, 2020 WL 3057392, at *6 (W.D. Ark. June 9, 2020)(collecting cases). Courts recognize that a sur-reply is unwarranted when the preceding reply

1

does not raise new arguments. *Consultus, LLC v. CPC Commodities*, 4:19-CV-00821-FJG, 2021 WL 274744, at *3 (W.D. Mo. Jan. 27, 2021)(citing *Fleshner v. Tiedt*, 2019 WL 271619, at *2 (N.D. Iowa Jan. 18, 2019)). "Sur-replies are not permitted simply to give a party a chance to rehash a previously-presented point, or to permit a party to present an argument that should have been presented previously." *Combs v. Cordish Companies, Inc.*, 14-0227-CV-W-ODS, 2015 WL 5096174, at *7 (W.D. Mo. Aug. 28, 2015).

Plaintiff's Motion for Leave to File Sur-Reply argues that a sur-reply is necessary because Williams' Reply Memorandum made arguments that are not supported by the facts plead and/or accurately reflect case law. " (Doc 123, ¶1). But Williams' position on the facts and law of this case has nothing to do with Plaintiff's right to file a sur-reply. Rather, the only question is whether Williams' Reply Memorandum made *new arguments* with respect to Williams' motion for judgment on the pleadings. *Consultus, LLC v. CPC Commodities*, 4:19-CV-00821-FJG, 2021 WL 274744, at *3. In fact, the Reply Memorandum made no *new arguments*. *C.f. Martin v. Safe Haven Sec. Services, Inc.*, 2020 WL 13538620, at *2 (W.D. Mo. Apr. 17, 2020) (granting defendant's motion for leave to file sur-reply where plaintiff's reply included new facts and additional document). Rather, Williams' Reply Memorandum directly addressed the arguments and case law that Plaintiff provided in her Response Memorandum. Accordingly, Plaintiff has failed to demonstrate that there are "extraordinary circumstances" that justify the filing of a sur-reply in this case. *Consultus, LLC*, 2021 WL 274744, at *3 (citing *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 659 (D. Kan. 1999) (stating that leave to file a sur-reply is granted only in "extraordinary circumstances").

Nevertheless, Plaintiff  states "believes" that" she "should" file a sur-reply to further address Williams' duty as GAL and her theory of negligent infliction of emotional distress.  (Doc

123, ¶6). But these issues have been extensively briefed by the parties in the Motion for Judgment on the Pleadings, the Response Memorandum, and the Reply Memorandum. (*See* Docs. 114, 115, 118, 122, 123). A sur-reply cannot be used to further rehash Plaintiff's theories of Williams' liability just so Plaintiff has the "last word" on the subject. *Consultus, LLC*, 2021 WL 274744, at *3 (citing *In re Enron Corp. Secs.,* 465 F. Supp. 2d 687,691 n.4 (S.D. Tex. 2006) ("Sur-replies...usually are a strategic effort by the nonmoving party to have the last word on a matter.")).

Accordingly, this Court should deny Plaintiff's Motion for Leave to File Sur-Reply to Williams' Motion For Judgment on the Pleadings.

Respectfully submitted,

ROBERTS PERRYMAN, P.C.

By:    /s/  Susan M. Dimond
      Richard C. Wuestling, #30773MO
      Susan M. Dimond, #57434MO
      Dustin L. Goldberger, #70080MO
      1034 S. Brentwood, Suite 2100
      St. Louis, Missouri 63117
      Phone: (314) 421-1850
      Fax: (314) 421-4346

      sdimond@robertsperryman.com
      dgoldberger@robertsperryman.com
      *__Attorneys for Defendants Jennifer Williams__*
      *__and Jennifer Williams d/b/a Williams Law__*

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2023, the foregoing was electronically filed with the Clerk of the Court using CM/ECF electronic filing system which will send notification of such filing to the following and email to all counsel of record.

Laurence D. Mass laurencedmass@att.net
Evita Tolu evitatolu@outlook.com
*Attorneys for Plaintiff*

John C. Steffens jsteffens@lumbaughlaw.com
*Attorneys for Defendant Bernice Haynes*

Thomas W. Collins, III tcollins@blantonlaw.com mailto:tcollins@blantonlaw.com
*Attorneys for Spain, Miller, Galloway & Lee, LLC*

Cira R. Duffe duffe@hdp-law.com
*Attorney for Defendant Charles Haynes*

                                            */s/ Susan M. Dimond*