IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI - SOUTHERN DIVISION

| | |
|---|---|
| CYNTHIA HAYNES (a/k/a Cynthia Randolph) ) | |
| ) | |
| Plaintiff, ) | |
| v.   ) | Case No: 1:21-CV-00160-ACL |
| ) | |
| JENNIFER WILLIAMS, individually, et al.  ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S REPLY TO DEFENDANT WILLIAMS OPPOSITION TO PLAINTIFF'S MOTION TO FILE A SURREPLY OR ALTERNATIVELY PLAINTIFF'S MOTION TO STRIKE WILLIAMS REPLY IN SUPPORT OF HER MOTION FOR JUDGMENT ON THE PLEADINGS**

COMES NOW Plaintiff and submits her Reply to Defendant Williams' (Williams) Opposition to Plaintiff's Motion for Leave to File Surreply or Alternatively Plaintiff's Motion to Strike Williams' Reply in Support of Williams' Motion for Judgment on the Pleadings. Plaintiff states the following:

This case is not about who has the last word as Williams claims. Rather, it is about the devastating loss of young life and the harm inflicted upon an innocent child. This case is about M.H., who was a brilliant and gifted teenager with aspirations of becoming a pediatric surgeon. It is about a Guardian ad Litem (GAL), whose responsibility was to safeguard M.H. from harm, including sexual assault, battery, and suicide. Tragically, this case is also about GAL who failed to fulfill her duties and placed M.H. in the hands of her sex offender father, who sexually abused M.H. It is about a GAL who forced M.H. to reunite with her abuser, despite the trauma M.H. had already endured, and GAL who demanded from M.H. not to testify against her father in his criminal trial for sexually abusing M.H.'s minor half-sister M.S.H. This case is about the GAL who forced M.H. and her little sister S.H. into foster care or worse with M.H.'s father if M.H. testified that her father abused M.H. as well. This is a case about accountability established by Missouri law aimed at protecting innocent children like M.H. It is about holding Williams responsible for

1

her actions, which went far beyond the scope of her GAL duties, and ultimately led to the death of a vulnerable child victim. Plaintiff offered a plethora of evidence and arguments to hold Williams accountable for Williams' conduct causing M.H.'s death and justice demands nothing less.

On a motion for a judgment on the pleadings, the issue is not whether a plaintiff will ultimately prevail, but rather whether the plaintiff is entitled to offer evidence in support of the plaintiff's claims.  U.S. v. Aceto Agric. Chems. Corp., 872 F.2d 1373, 1376 (8th Cir. 1989). Federal pleadings are construed liberally requiring minimal factual allegations on material elements to do justice between the parties. Reed v. Bd. of Educ. of Parkway Sch. Dist., 460 F.2d 824, 826 (8th Cir. 1972).  If there is disagreement over "material issues of fact the claimant is not entitled to judgment as a matter of law." Freeman v. Astrue, (4:09-CV-47), 2010 U.S. Dist. Lexis 570, *19 (Mo. E.D. Jan. 5, 2010) referencing Faibisch v. Univ. of Minn., 304 F.3d 797, 803 (8th Cir. 2002). This court held that "[i]n order to have the most complete picture of the facts for purposes of summary judgment, the court will permit the filing of Plaintiff's Surreply even though Plaintiff did not seek permission before filing it." Ashley v. McKinney, (4:19-CV-00309) 2021 U.S. Dist. Lexis 60169 *18-19 (Mo. E.D. March 29, 2021).

### A. Plaintiff has a right to correct Williams' factual misstatements

"The ultimate object of every trial, which is to get at the truth," and failure to accurately report information to the parties and the court does not serve the interests of justice. State ex rel. McNutt v. Keet, 432 S.W.2d 597, 602 (Mo. *banc* 1968).  If this candor is absent, the legal system cannot properly function. Hale v. Cottrell, Inc., 456 S.W.3d 481, 489 (Mo. App. W.D. 2014). In her Reply (Doc. 121) and in the Opposition (Doc. 123), Williams misrepresents to the Court that Plaintiff's Response Memorandum does not cite any specific allegations that support Plaintiff's contention that M.H. suffered severe emotional distress. Plaintiff's Amended Complaint (Doc. 6) and Response (Doc. 118). Doc. 6 ¶¶153-154, ¶190-196, ¶86 and ¶113, ¶¶94-96, ¶104, ¶104, ¶¶116-118, ¶¶121-126, ¶¶134-136, ¶¶142-144 and Exhibit 27, ¶¶153-154, ¶157, ¶163, ¶164 and Exhibit

37, ¶¶158-159, ¶151 and Exhibit 31, and Exhibit 45 contain specific allegations that M.H. suffered severe emotional distress caused by Williams. Doc. 118, pages 8 to 11 contain similar facts and allegations.

On page 4 of Doc. 121, Williams again misstates that Plaintiff failed to plead (1) Williams should have realized that her conduct involved an unreasonable risk of causing distress and (2) M.H.'s injury was medically diagnosable. Plaintiff's Doc. 6 Exhibit 4 (De Paul Hospital diagnosis of depression, psychosocial stressors – father molested half-sister), Exhibit 16, pg. 1 (De Paul Hospital diagnosis of depression and self-cutting, M.H.'s wishes "dad in jail"); Exhibit 18, pg. 2 (Twin Rivers Regional Hospital's diagnoses Axis I – major depressive disorder with suicidal behavior, Axis IV – chronic mental health issues and coping skills), Exhibit 24, pg. 1 (Scott Foster, LPC, diagnosis of major depressive disorder), Exhibit 27 (M.H.'s pediatrician Dr. Bost – sexual abuse of child, got depressed, social discord, hccG, urine, STD and HIV rapid screens); Exhibit 28 (asking to stop reunification efforts of M.H. and S.H. with their father due to evidence of father's sexual abuse of some of the daughters); Exhibit 31 (Dr. J. Marks diagnosing M.H. with PTSD, major depressive disorder and generalized anxiety), Exhibit 36 (M.H.'s pediatrician Dr. Bost stating that M.H. has been real stressed due to GAL demanding M.H. to testify against her mother and "GAL put her [M.H.] in harms way having M.H. in dad's care in 2017 where there is suspicion of sexual abuse), Exhibit 37 (Dr. J. Marks notes that GAL comes to school to see MH to put pressure on her about an upcoming criminal trial related to sexual abuse and to put pressure on M.H. that she could be going back into foster care if she testifies against her father), Exhibit 38, pg. 3 (Dr. J. Marks states M.H. is also a victim of her father afraid to disclose sexual abuse) and Exhibit 45 pg. "**the pressure placed on M.H. by the GAL was the major factor leading to her death by suicide. M.H. could have been protected and her life could have been saved but for the actions of the GAL.**" M.H.'s therapist Dr. Jerry Marks concluded that:

3

> The GAL's conduct caused MH anxiety and fear. It compounded MH's trauma. The GAL's conduct added more trauma to the already existing trauma. Williams' actions, in this case, were outside the scope of her GAL duties. They were the GAL's abuses of power and betrayal of MH's trust. Advocating for Haynes, before and after his conviction, intimidating and preventing MH from disclosing Haynes' sexual abuse to law enforcement and through MH's testimony in Haynes' criminal case was neglectful, careless, and reckless. Williams' conduct in this case from its inception until MH's death was the major factor that caused MH severe emotional distress that resulted in MH's suicide. Such a tragedy should have never happened and could have been avoided had Williams acted within the standard of care established for Missouri GALs.

**Exhibit A**, Dr. Marks' Report. Plaintiff's Amended Complaint and its Exhibits show the presence of genuine issues of disputed material facts which prevent the grant of Williams' Motion for Judgment on the Pleadings. For these reasons, Plaintiff asks this Court to strike Williams' Reply containing misleading factual implications (Doc. 121) and her Opposition (Doc. 123) or allow Plaintiff to file a surreply to correct Williams' misleading statements.

**B.    Plaintiff has a right to file a surreply to address new legal arguments and to correct Williams' misstatements of law**

"[W]hen a moving party advances new evidence and reasons in support of its motion for summary judgment <u>in its reply</u>, the district court should either grant the non-moving party an opportunity to respond or not consider or rely on any new evidence, material or arguments propounded by the moving party." <u>Am. Guar. & Liab. Ins. Co. v. U.S. Fid. & Guar. Co</u>. (4:06-CV-655), 2009 U.S. Dist. Lexis 147732, *6 (Mo. E.D. Oct. 20, 2009) (*citing* <u>Beard v. Seagate Tech., Inc.</u>, 145 F.3d 1159, 1164-65 (10th Cir. 1998) holding that when a moving party advances in a reply to new reasons and evidence in support of its motion for summary judgment the nonmoving party should be granted an opportunity to respond). [Emphasis added].

Williams made new legal arguments in her Reply (Doc. 121): (1) a wrongful death cause of action cannot be premised on a claim of negligent emotional distress (pg. 1-2) and (2) M.H. cannot maintain a claim of negligent emotional distress against Williams under Missouri law (pg. 4). Williams' renewed argument that she did not owe any duty of care is at odds with the Missouri

4

law and the January 30, 2017 Court Order appointing Williams to serve as M.H.'s GAL in the Haynes divorce, Plaintiff's Doc. 6, Exhibit 2, which stated:

> The GAL is vested by the Court with all **the powers**, privileges, and responsibilities necessary for **the full and effective performance of her duties and obligations to the minor children [M.H. and S.H.]**, and as such, shall **faithfully discharge those duties**. If she is in doubt at any time as to the scope or limitation of this authority, she may apply to the Court on an emergency basis if necessary for clarification or ratification of the authority and her acts as GAL. [Emphasis added].

Plaintiff's standard of care expert, Ms. Shelly Reece, a Missouri licensed attorney, with 22 years of experience serving as a Missouri GAL stated in her report that:

> Defendant Williams asserts that she owed no duty or obligation to M.H. deceased and S.H., surviving sister and that she only had a duty to the Court. This assertion violates her Order Appointing her to the role of GAL. Under a mandatory appointment due to abuse, it is clear in her Order that she is to represent the interests of the minor children and those interests are in part to protect these children from abuse. Abuse that was sexual in nature and actually happened to their older sister in the same home. **To assert that there is no duty to the girls, M.H. deceased and S.H. surviving sister is a gross misrepresentation of the first duty in which she [Williams] is appointed.** [Emphasis added]. **Exhibit B**, pg. 5, 2nd Paragraph, the Reece Report.

The Reece Report provides a detailed analysis of Williams' conduct concluding that Williams' "actual words and deeds" "failed a reasonable standard of care, failed professional standard of care, and were beyond her role as GAL harmed the children indicating a proximate cause to a child's death." **Exhibit B**, pg. 4, 3d Paragraph. The Reece Report makes Williams' Motion for Judgment on the Pleadings a disputed issue precluding judgment on the pleadings as held in Kivland v. Columbia Orthopedic Grp., LLP, 331 S.W.3d 299 (Mo. *banc* 2011). Williams' argument that Plaintiff needs to show "extraordinary circumstances" (according to Kansas law cited by Williams) to allow a surreply (Doc. 123, pg. 2) is at odds with Am. Guar. & Liab. Ins. Co. *supra* which holds that Plaintiff as a nonmoving party is entitled to surreply or Williams' reply should be stricken.

WHEREFORE, Plaintiff prays that this Honorable Court grants her the right to file a Surreply limited to 7 pages within one week of the date of the Court's approval of Plaintiff's

5

request or in the alternative strike Williams' Reply (Doc. 121) and deny Williams' Opposition (Doc. 123) as moot and order any further relief as the Court deems just under the circumstances herein.

        /s/ *Evita Tolu*
        Evita Tolu, #49878
        1 Crabapple Court
        St. Louis, Missouri 63132
        Tel.   (314) 323-6022
        Fax   (314) 207-0086
        evitatolu@outlook.com
        Attorney for Plaintiff

## CERTIFICATE OF SERVICE

      The undersigned certifies that a copy of the foregoing document was filed electronically with the Clerk of the Court to be served to all counsel by operation of the Court's electronic filing system on April 6, 2023.

        /s/ Evita Tolu
        Evita Tolu