IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI - SOUTHERN DIVISION

| | |
|---|---|
| CYNTHIA K. HAYNES (a/k/a Cynthia K. Randolph), individually and under the Missouri Wrongful Death Statute )<br><br>Plaintiff, )<br><br>vs. )<br><br>JENNIFER WILLIAMS, individually, et al. )<br><br>Defendants. ) | Case No: 1:21-CV-00160-ACL<br><br>**STATUS CONFERENCE REQUESTED** |

**THE PARTIES JOINT MOTION AND MEMORANDUM STAYING CMO DEADLINES AND FOR ENTRY OF A MODIFIED CASE MANAGEMENT ORDER WITH A NEW JURY TRIAL DATE AND REQUEST FOR A STATUS CONFERENCE**

Come Now, Plaintiff Cynthia K. Haynes (a/k/a Cynthia K. Randolph) and Defendants Jennifer Williams, individually, and Jennifer Williams, d/b/a Williams Law (collectively "Williams"), Spain, Miller, Galloway & Lee, LLC ("Spain Miller") and Charles Haynes (collectively the "Parties"), by and through their respective counsel, and pursuant to Federal Rules of Civil Procedure 16(d)(6), move this Court to enter an Order modifying the present Case Management Order (CMO) – Track 2 for a good cause shown. In support, the Parties state as follows:

1. On August 23, 2022, the Court entered its CMO – Track 2: Standard (Doc. 88) and set the case for a seven (7) day jury trial scheduled to begin on April 8, 2024.

2. Since the CMO was entered, the Parties have participated diligently in discovery and gathered voluminous information from various third-party sources pursuant to numerous document subpoenas. These discovery efforts are ongoing.

3. On February 21, 2023, the Court held that Williams could not produce her Guardian ad Litem (GAL) file because "Williams' GAL file is protected by orders of the Missouri Supreme Court and the Divorce Court." (Doc. 113). Plaintiff subsequently requested Williams' deposition.

1

4. Williams' does not object to a deposition. But Williams believes she is prohibited from being deposed, testifying, and disclosing any information about the Haynes' custody and juvenile cases pursuant to the Missouri Supreme Court Orders and without an Order from the Divorce Court authorizing such testimony. Plaintiff disagrees with Williams' position and will seek clarification from this and the Divorce Court.

5. Williams intends to seek the Divorce Court's consent to testify in this case regarding the remaining allegations to which this Court ruled immunity does not apply. However, in light of Williams' pending Motion for Judgment on the Pleadings, the judicial economy favors waiting until the Court rules on the Motion for Judgment for Williams to seek an order from the Divorce Court.

6. On May 15, 2023, this Court ordered this case to proceed to Alternative Dispute Resolution. Plaintiff is not opposed to participating in alternative dispute resolution once (a) there is a decision from this Court and Divorce Court related to the scope of Williams' and Spain Miller's depositions, and (b) Plaintiff deposes Defendants Williams and Spain Miller.

7. The Parties ask the Court to consider the Court's and the Parties' time, significant financial expenditures associated with mediation, and depositions to allow Williams to seek clarification on the scope of her testimony and for Plaintiff's and Defendants' depositions before mediation.

8. The Parties also met and conferred regarding their discovery issues and reached a point where their disagreements cannot be resolved without the Court's intervention. For example, on May 4, 2023, Williams subpoenaed Plaintiff's attorney-client file from the now deceased Jasper Edmundson, seeking Plaintiff's complete file, including but not limited to all communications and documents received, generated, and prepared by the attorneys on Plaintiff's behalf from May 6, 2016, through May 5, 2021 (the timeframe that Williams served as GAL). Jasper Edmundson represented Plaintiff during the Haynes divorce, juvenile matters, and Plaintiff's business matters.

9. Williams believes that Plaintiff has waived her attorney-client privilege by attaching two emails (Doc. 6, Exhibit 11 and 12) to Plaintiff's Amended Complaint (Doc. 6). Plaintiff believes that Plaintiff has not waived her attorney-client and attorney-work product privileges for her file and that Exhibits 11 and 12 did not waive attorney-client confidentiality and work-product privileges based on the law established in this Circuit.

10. Plaintiff has also refused to produce her communications with Edmundson pursuant to Williams' Request for Production. The parties have met and conferred on the matter and have reached an impasse. The parties are preparing cross-motions on the issue of Jasper Edmundson's file, which should be filed before the subpoena appearance date.

11. Additional unforeseen issues have arisen in the investigation of Plaintiff's Amended Complaint. For example, the subpoenas issued have resulted in the production of material that is in an amount far over what the Parties contemplated at the Rule 16 conference. For example, DFS produced 2463 pages of documents, some of which pertain to a different Cynthia Haynes and Charles Warren Haynes, not Charles Mikael Haynes involved in this case. Plaintiff is diligently working on resolving the record discrepancies with the DFS.

12. Further, the Parties have obtained records from the Missouri State Highway Patrol (MSHP) and the Ripley County Sheriff's Department relative to the investigation into M.H.'s death. Upon information and belief, Williams believes that M.H.'s cellular phone may be in law enforcement's custody and control and has yet to be processed by the State of Missouri, which could cause a delay of many months.

13. In response to Williams' subpoena of the Missouri Department of Corrections (MDOC) and Farmington Correctional Facility, where Defendant Charles Haynes is currently serving his sentence, Williams' attorneys received 112,638 files located in 422 folders containing over 15,000 audio recordings with Defendant Haynes' phone calls, paper, and electronic correspondence generated from and to Defendant Haynes from December 2018 until April 2023.

3

Because MDOC's production has been unexpectedly voluminous, the Parties need additional time to sort through this discovery to prepare for trial adequately.

14.  Additionally, in her Fed. R. Civ. P. 26(1)(i) disclosures, Plaintiff identified thirty (37) individuals who have discoverable information in this case. On April 14, 2023, Plaintiff served her Third Supplemental Answers to Williams' First Set of Interrogatories and identified sixty (60) individuals who may have knowledge about the threats that Williams allegedly made to M.H. as described in Plaintiff's Amended Complaint. Williams needs an opportunity to investigate this new information and determine whether to depose those individuals. In light of these responses and disclosures, Defendants will likely need the CMO to be amended to allow for more than ten (10) depositions in light of Plaintiff's answers and disclosures.

15.  Finally, Defendants intend to issue at least eight more record subpoenas to medical providers who treated M.H. due to issues with the medical authorizations. It's anticipated that the records could take more than sixty days to obtain and review.

16.  Federal Rule of Civil Procedure 16(b)(4) authorizes this Court to modify a case management order for "good cause." Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir. 2001). To establish a good cause to modify a scheduling order, the parties must show their diligence in attempting to meet the deadlines in the CMO. Id.

17.  As evidenced above, the Parties have been diligently working through discovery issues but have met with difficulty in not only obtaining files but in their review due to their significant size.

WHEREFORE, given the voluminous discovery material that has been received to date and is to be produced, the Parties respectfully request the Court to find there is good cause to enter a Modified CMO with a new jury trial date in the Spring of 2025 and litigation compliance deadlines. The Parties respectfully request the Court to enter an Order (1) staying the current CMO, depositions, and mediation deadlines until there is a ruling on Williams' Motion for

4

Judgment on the Pleadings, a ruling from this Court and the Divorce Court on the scope of Williams' and Spain Miller's depositions and trial testimony, clarification of the rulings and its effect on Plaintiff's rights in this litigation; (2) setting a scheduling conference to discuss the issues presented herein or allowing the parties to submit a proposed modified CMO in accordance with the above.

*/s/ Evita Tolu*
Evita Tolu, Bar # 49878MO
1 Crabapple Court
Saint Louis, Missouri 63132
Cell: (314) 323-6033
Fax:  (314) 207-0086
E-mail: evitatolu@outlook.com
Attorney for Plaintiff, Cynthia K. Randolph

ROBERTS PERRYMAN, P.C.

*/s/ Cira R. Duffe*
CIRA R. DUFFE, #49506MO
101 E. Columbia Street
Farmington, MO 63640
Telephone: (573) 713-9200
Fax: (573) 755-0585
E-Mail: duffe@hdp-law.com
*Attorney for Defendant*
*Charles Haynes*

By:  */s/  Susan M Dimond*
Richard C. Wuestling, #30773MO
Susan M. Dimond, #57434MO
Dustin L. Goldberger, #70080MO
1034 S. Brentwood, Suite 2100
St. Louis, Missouri 63117
Phone: (314) 421-1850
Fax: (314) 421-4346
rwuestling@robertsperryman.com
sdimond@robertsperryman.com
dgoldberger@robertsperryman.com
*Attorneys for Defendants Jennifer Williams*
*and Jennifer Williams d/b/a Williams Law*


BLANTON, NICKELL, COLLINS,
DOUGLAS & HANSCHEN, L.L.C.
219 South Kingshighway
Post Office Box 805
Sikeston, Missouri   63801
PHONE (573) 471-1000
FAX (573) 471-1012
EMAIL: tcollins@blantonlaw.com

By: /s/ Thomas W. Collins, III
Thomas W. Collins, III 46295MO
*Attorneys for Spain, Miller, Galloway &*
*Lee, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 24, 2023, the foregoing was served through the operation of the Court's electronic system and emailed to all counsel of record:

Evita Tolu evitatolu@outlook.com
*Attorneys for Plaintiff*

Thomas W. Collins, III tcollins@blantonlaw.com
*Attorneys for Spain, Miller, Galloway & Lee, LLC*

Cira R. Duffe duffe@hdp-law.com
*Attorney for Defendant Charles Haynes*

Richard C. Wuestling rwuestling@robertsperryman.com
Susan M. Dimond sdimond@robertsperryman.com
Dustin L. Goldberger dgoldberger@robertsperryman.com
*Attorneys for Defendants Jennifer Williams and Jennifer Williams d/b/a Williams Law*