UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| CYNTHIA K. HAYNES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:21-CV-00160-ACL |
| | ) |
| JENNIFER WILLIAMS, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Motion for Judgment on the Pleadings of Defendants Jennifer Williams, individually, and Jennifer Williams d/b/a William Law (collectively "Williams"). (Doc. 114.) The Motion is fully briefed and ripe for disposition.

**I.      Background**

This action stems from the tragic death of M.H., Plaintiff Cynthia K. Haynes' minor child, due to suicide. Defendant Williams, an attorney licensed in Missouri, was appointed guardian ad litem ("GAL") by the Circuit Court of Ripley County, Missouri, in the divorce case of M.H.'s parents, Cynthia and Charles Haynes ("Divorce Court"). She served as GAL for M.H. from May 6, 2016, through November 24, 2018. In the Amended Complaint, Plaintiff asserts the following claims against Defendant Williams:  a wrongful death claim based on Williams acting outside the scope of her GAL duties (Count I); a wrongful death claim based on Williams' alleged legal malpractice (Count II); a wrongful death claim based on Williams' alleged breach of fiduciary duties (Count III); and a personal claim based on Williams' alleged acting outside the scope of her GAL duties (Count IV).

The Court granted Defendant's Motion to Dismiss as to Counts II, III, and IV, but denied the motion as to Count I.  (Doc. 61.)  The undersigned found that Williams was not entitled to quasi-judicial immunity as to Plaintiff's allegations that Williams acted outside the scope of her GAL duties when she threatened M.H. not to testify against her father in a separate criminal proceeding.

In the instant Motion for Judgment on the Pleadings, Williams argues that she is entitled to judgment as a matter of law as to Count I—the only remaining count—because Plaintiff fails to state a plausible claim for relief against Williams under the Missouri Wrongful Death Act.

**II.    Standard**

Rule 12(c) of the Federal Rules of Civil Procedure provides that after the pleadings are closed, a party may move for judgment on the pleadings.  "Judgment on the pleadings should be granted only if the moving party clearly establishes that there are no material issues of fact and that it is entitled to judgment as a matter of law." *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (citing *Lion Oil Co., Inc. v. Tosco Corp.*, 90 F.3d 268, 270 (8th Cir. 1996)).  A motion under Rule 12(c) is governed by the same standards as a motion under Rule 12(b)(6). *Ginsburg v. InBev NV/SA*, 623 F.3d 1229, 1233 n.3 (8th Cir. 2010).  When the plaintiff moves for judgment on the pleadings, the Court accepts as true "all well-pleaded material allegations of the pleadings of the opposing party[,]" *Nationwide Mut. Ins. Co. v. Harris Med. Assocs., LLC*, 973 F. Supp. 2d 1045, 1050-51 (E.D. Mo. 2013), even if it appears that "actual proof of those facts is improbable," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  But a court's obligation to accept the allegations contained in the non-moving party's pleading does not apply to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although legal conclusions can provide the framework for a pleading, the pleader must support them with factual allegations. *Id.* at 679.  The Court reviews the plausibility of the claim or defense "as a whole, not the plausibility of each

individual allegation." *Zoltek Corp. v. Structural Polymer Grp.*, 592 F.3d 893, 896 n.4 (8th Cir. 2010). "When considering a motion for judgment on the pleadings ... the court generally must ignore materials outside the pleadings, but it may consider some materials that are part of the public record or do not contradict the complaint as well as materials that are necessarily embraced by the pleadings." *Porous Media Corp.*, 186 F.3d at 1079 (internal citations omitted).

### III.  Discussion

Defendant Williams argues that she is entitled to judgment on the pleadings as to Count I because Plaintiff fails to state a plausible claim for relief against Williams under the Missouri Wrongful Death Act. Specifically, she argues that "acting outside the scope of GAL duties" does not exist as an independent cause of action for damages in Missouri. Next, Williams argues that Count I fails to state a plausible claim for relief for negligence under the Missouri Wrongful Death Act.

Plaintiff responds that she has pled facts to support a wrongful death action against Williams, based on a cause of action for negligent infliction of emotional distress.

In her Reply, Williams argues that Count I does not allege a negligent infliction of emotional distress claim. She contends that there is no legal authority supporting the proposition that a negligent infliction of emotional distress claim can form the basis of a cause of action under the Missouri Wrongful Death Act. Finally, Williams argues that Plaintiff's claim fails because Williams had no duty to protect M.H. from harm.

#### A.  Acting Outside the Scope of GAL Duties

Count I of Plaintiff's Amended Complaint is titled "Count I-Wrongful Death-Acting Outside the Scope of GAL Duties." (Doc. 6 at 51.) Williams first argues that Count I fails because "acting outside the scope of GAL duties" is not an independent cause of action for damages in Missouri. As support, Williams cites this Court's Order denying Plaintiff's motion to reconsider

the dismissal of Count IV.  The undersigned stated, "Plaintiff cites no authority for the proposition that a GAL acting outside the scope of her duties gives rise to an independent civil cause of action for damages."  (Doc. 101 at 7.)

Count IV was titled "Personal Claim of Plaintiff-Acting Outside the Scope of GAL Duties." (Doc. 6 at 61.)  It did not allege any other cause of action.  Count I, however, clearly alleges a claim under the Missouri Wrongful Death statute.  Plaintiff's allegation that Williams was acting outside the scope of her GAL duties is superfluous.  Because Plaintiff has alleged a cause of action based upon the Missouri Wrongful Death Act—a means through which to bring a civil action to recover money damages—Williams' claim lacks merit.

### B.  Missouri Wrongful Death Act

The Missouri wrongful death statute provides that, whenever "the death of a person results from any act ... which, if death had not ensued, would have entitled such person to recover damages in respect thereof, the person or party who ... would have been liable if death had not ensued shall be liable in an action for damages, notwithstanding the death of the person injured…Mo. Rev. Stat. § 537.080.  The Eighth Circuit has noted that "[t]he Missouri wrongful death statute ... addresses the survival of injury claims that result in death." *Andrews v. Neer*, 253 F.3d 1052, 1057–58 (citing *Wollen v. DePaul Health Ctr.*, 828 S.W.2d 681, 685 (Mo. 1992)). "The Missouri Supreme Court has declared the wrongful death statute to be the sole source of a cause of action in Missouri where the injuries sustained by the decedent caused the decedent's death." *Andrews*, 253 F.3d at 1058.

To make a submissible case in a wrongful death suit, a plaintiff must show that the negligence of the defendant "directly caused" or "directly contributed to cause" the patient's death. *Kivland v. Columbia Orthopaedic Group, LLP*, 331 S.W.3d 299, 306 (Mo. banc 2011); *Sanders v. Ahmed*, 364 S.W.3d 195, 208 (Mo. 2012).  In wrongful death actions, a plaintiff must establish that "but for" the defendant's actions or inactions, the decedent would not have died.  *Sundermeyer v.*

*SSM Reg'l Health Servs.*, 271 S.W.3d 552, 554 (Mo. 2008); *Sanders*, 364 S.W.3d at 209. "Accordingly, the wrongful death statute does not provide, in and of itself, an independent basis for liability; rather, the wrongful death statute proves a means through which a defined class of persons can recover damages pursuant to a cause of action that, but for the injured person's death, would have provided the injured person a basis for recovery." *Abney v. City of Park Hills, Mo.*, No. 4:06CV1258-DJS, 2007 WL 2955578, at *5 (E.D. Mo. Oct. 5, 2007) (citing *Caldwell v. Lester E. Cox Medical Ctrs.-S., Inc.*, 943 S.W.2d 5, 8 (Mo. Ct. App. 1997) ("[D]eath resulting from any tortious act gives rise to a right of action for wrongful death rather than a personal tort.").

Plaintiff argues that Count I pleads facts to support a wrongful death action based on a cause of action for negligent infliction of emotional distress ("NIED"). Williams responds that the Amended Complaint does not allege a NIED claim. She further argues that there is no legal authority supporting the proposition that a NIED claim can form the basis of a Missouri wrongful death claim.

### 1. Labeling of Claim

Plaintiff acknowledges that she does not label her wrongful death claim as being based on a theory of NIED. She contends that the headings of her pleadings do not determine whether she has pled a plausible claim. Instead, Plaintiff argues that the Court should look at the substance of the pleading.

The Eighth Circuit has held that federal district courts should look to the substance of a complaint rather than the label affixed to a claim when evaluating a motion to dismiss for failure to state a claim, and approves the practice of relabeling claims when appropriate. *See Jackson v. City of Hot Springs*, 751 F.3d 855, 858, n. 1 (8th Cir. 2014) (finding that Plaintiff's "retaliation" claim was more appropriately characterized as one for "discrimination"); *Lovelace v. Washington Univ. Sch. Of Med.*, 931 F.3d 698, 705 (8th Cir. 2019) (same); *Hager v. Ark. Dep't of Health*, 735 F.3d

1009, 1016 (8th Cir. 2013) (re-characterizing Plaintiff's retaliation claim as a "discrimination" claim); *Curtis v. Nucor Corp.*, 713 F. App'x 520, 521 (8th Cir. 2018) (approving the district court's relabeling of plaintiff's claim from "retaliation" to the more accurate "discrimination").

Based on this authority, the Court finds that Plaintiff's failure to properly label Count I is not fatal to her claim. The Court will, therefore, examine the substance of the allegations in Count I to determine whether she states a plausible wrongful death claim based upon NIED.

### 2. NIED Claim

To plead NIED, a plaintiff must, in addition to satisfying the general negligence elements of duty, breach, actual and proximate cause, and injury, show (1) that the defendant realized or should have realized his or her conduct involved an unreasonable risk of causing distress, and (2) plaintiff suffered emotional distress or mental injury that is medically diagnosable and sufficiently severe to be medically significant. *Gillis v. Principia Corp.*, 832 F.3d 865, 875 (8th Cir. 2016) (quoting *Gordon v. City of Kansas City, Mo.*, 241 F.3d 997, 1004 (8th Cir. 2001)); *Thornburg v. Fed. Express Corp.*, 62 S.W.3d 421, 327 (Mo. Ct. App. 2001).

Williams first argues that a NIED claim cannot form the basis of a Missouri wrongful death claim. Plaintiff responds that *Lewis v. Blue Springs Sch. Dist.*, 4:17-CV-00538-NKL, 2017 WL 5011893, at *4–6 (W.D. Mo. Nov. 2, 2017), supports her theory of liability.

In *Lewis*, the plaintiff's son committed suicide due to bullying at his school. The plaintiff alleged that the school district knew that the plaintiff's son and his friends had been victims of bullying in its schools for years, knew of specific incidents of bullying and suicides in its schools, and knew that the consistent response of its employees was to ignore or minimize bullying. The plaintiff's 16-count Complaint included claims of wrongful death, negligence, and NIED against the school district and various administrators, counselors, and teachers. Specifically, the plaintiff alleged that the defendants breached their duties by failing to follow their polices, systematically

and repeatedly failing to discourage or investigate bullying, failing to protect their son from his abusers or to discipline them, failing to monitor classrooms and the school for physical and verbal abuse, failing to follow up on reports by parents and others of bullying problems, and reinforcing to their son the idea that he was to blame for or deserved the abuse.  Plaintiff further alleged that the defendants' breach caused or contributed to cause their son's death and severe mental anguish that he suffered prior to his death.  The Court held that these allegations were sufficient to state claims of negligence.

With regard to the additional elements required to state a claim of NIED, the Court noted that the Complaint did not expressly mention these additional elements, but alleged that the decedent "suffered medically significant and diagnosable emotional distress as a direct and proximate result of the Blue Springs School District's negligent and careless acts and omissions." *Id.* at *5.  The Court held that the Complaint as a whole contained sufficient factual allegations to put the defendants on notice of the claims for NIED.  *Id.*  The Complaint contained sufficient allegations to support the element of unreasonable risk of causing the distress in view of the defendants' alleged actions and inactions, and the element of medically diagnosable and medically significant distress, in light of the decedent's depression, inpatient treatment, and suicide.  *Id.*  Thus the Court denied defendants' motion to dismiss the NIED claim.  *Id.* at 6.

The Court notes that the facts of this case are unique, thereby resulting in a dearth of relevant authority.  At this stage of the litigation, Plaintiff's factual allegations must be accepted as true.  *Lewis* supports that plaintiff may sue for wrongful death under a theory of NIED and Defendant has offered no contrary authority.  This Court finds the analysis and conclusion in *Lewis* to be persuasive; and will next determine whether the allegations in Plaintiff's Complaint are sufficient to state a plausible claim for NIED.

### a. Duty

Williams argues that Plaintiff has failed to establish Williams owed a duty to protect M.H. from harm. Plaintiff responds that Williams' assertion that she owed no duty to M.H. is the antithesis of the extensive body of Missouri law imposing specific duties on GALs.

The undersigned discussed Williams' role and obligations to M.H. as her GAL extensively in its previous order denying Williams' motion to dismiss. (Doc. 61.) The Court noted that the role of the GAL in Missouri "is a hybrid of the traditional and attorney-client roles, although closer to the traditional role than the strict attorney-client or advocate role." *State ex rel. Bird v. Weinstock*, 864 S.W.2d 376, 385 (Mo. App. E. Dist. 1993). Missouri courts "have consistently held that the duty of a guardian ad litem is to protect the best interests of the child." *Id.* Williams was appointed as M.H.'s GAL, rather than her personal attorney, pursuant to Missouri statute, Mo. Rev. Stat. § 452.423. This statute requires the GAL, among other duties, to "[r]equest the juvenile officer to cause a petition to be filed in the juvenile division of the circuit court if the guardian ad litem believes the child alleged to be abused or neglected is in danger." Mo. Rev. Stat. § 452.423.3(3). This provision alone establishes that Williams owed a duty to M.H. to protect her from harm.

Thus, Plaintiff has sufficiently alleged Williams owed a duty to M.H.

### b. Negligence

Williams next argues that Plaintiff fails to state a plausible wrongful death claim because threats—or other intentional acts—cannot form the basis of negligence claims. Williams, relying upon *Harvey v. Great Circle,* 4:19-CV-00902 NAB, 2021 WL 4552135, at *3 (E.D. Mo. Oct. 5, 2021), contends that plaintiff cannot combine theories of negligence and intentional tort into a single count.

Plaintiff argues that Williams acted negligently in violation of the standard of care when she took the following actions: intimidated and threatened M.H. while reunifying M.H. with her abusive father, prevented M.H. from testifying in her father's criminal case about the sexual abuse M.H. had suffered, and advocated and testified for Charles in his criminal trial. She contends that these acts were outside the scope of Williams' GAL duties. Williams argues that *Harvey* is not supportive of Plaintiff's position.

In *Harvey*, the plaintiff brought Missouri state law claims for wrongful death based upon negligence and intentional tort, resulting from the death of Plaintiff's minor child. 2021 WL 4552135, at *1. With regard to the intentional tort claim, the plaintiff alleged that the decedent's death "was intentionally caused by the Defendants and that Decedent's death was a direct and proximate cause of Defendants' intentional dereliction of duties." *Id.* at 3. The defendants argued that these allegations failed to state a claim because Missouri state law does not recognize a cause of action for intentional tort. *Id.*

The Court[1] agreed with the defendants that Missouri law "does not recognize a general cause of action for intentional tort, not does it recognize a wrongful death cause of action under intentional tort." *Id.* The Court next noted that the intentional tort claim allegations mirrored those of a negligence claim, which was already included in the plaintiff's Complaint:

> Under Missouri law, to state a claim for wrongful death by negligence, a plaintiff "must prove the existence of a duty to be performed by the defendant, a breach of that duty, and a resulting injury caused by the breach." *Brown v. Bailey*, 210 S.W.3d 397, 407 (Mo. App. 2006) (citing *Ladish v. Gordon*, 879 S.W.2d 623, 628 (Mo. App. 1994)). Plaintiff's allegations in Count II fall squarely within the ambit of his Count I claim for wrongful death premised on negligence. In fact, Plaintiff's allegations for wrongful death premised on intentional tort largely mirror his allegations for wrongful death premised on negligence. (Doc. 120 ¶¶ 48, 67.) Additionally, "(t)he theories of negligence and intentional tort are contradictory and mutually exclusive. Evidence of an act purposely done negates negligence." *Jones v. Marshall*, 750 S.W.2d 727, 728 (Mo. App. 1988). Plaintiff's conclusory allegations that Defendants intentionally caused the death of Decedent are naked assertions

---

[1] Nannette A. Baker, United States Magistrate Judge.

> devoid of further factual adornment. Plaintiff has failed to state a cause of action for wrongful death premised on intentional tort, and Plaintiff's motion to amend Count II is denied.

*Id.*

Turning to the instant matter, the Court finds that the allegations in Count I are based in negligence, not intentional tort. Plaintiff alleges that Williams violated her duties to M.H. by various acts and omissions as previously discussed, including that Williams acted outside the scope of her duties as a GAL, and that Williams' "acts and/or omissions caused or contributed to cause M.H. to suffer sexual abuse, severe and excruciating emotional pain, loss of dignity, and deterioration of her mental health which resulted in her suicide, her wrongful death." (Doc. 6 at 55.) Although Plaintiff alleges Williams took certain actions *in breaching her duty to M.H.*, Plaintiff does not allege that Williams *intentionally caused M.H.'s death*. Further, unlike the plaintiff in *Harvey*, Plaintiff has not alleged two separate wrongful death claims against Williams with one based in negligence and one in intentional tort. The *Harvey* holding, therefore, does not preclude Plaintiff from bringing her wrongful death action premised on negligence.

The Court further finds that Plaintiff has sufficiently alleged the elements of a negligence claim in Count I. As noted in *Harvey*, to state a claim for wrongful death based on negligence, Plaintiff must prove the existence of a duty to be performed by Williams, a breach of that duty, and a resulting injury caused by the breach. 2021 WL 4552135, at *3. Plaintiff has alleged that Williams owed a duty to M.H., that Williams breached that duty, and that the breach of Williams' duty was the cause of M.H.'s death.

As previously noted, Plaintiff must allege the following additional elements to state a claim of NIED (1) that the defendant realized or should have realized his or her conduct involved an unreasonable risk of causing distress, and (2) plaintiff suffered emotional distress or mental injury

that is medically diagnosable and sufficiently severe to be medically significant.  *Gillis*, 832 F.3d at 875.  Williams argues that Count I does not plead these elements.

Plaintiff responds that she has alleged numerous instances of Williams' negligence in inflicting emotional distress on M.H. of which Williams knew or should have known and which posed an unreasonable risk of distress to M.H.  For example, Plaintiff alleges that, during Williams' tenure, M.H. was hospitalized twice for self-harm, was suicidal, and was diagnosed with major depression, PTSD, and anxiety.  (Doc. 6 at pp. 24, 26-27, 29-30.)  She alleges that Williams was contacted by the hospital upon M.H.'s first hospitalization for self-mutilation, and that Williams came to the hospital.  (Doc. 6 at 24.)  Additionally, Plaintiff attached medical records to the Amended Complaint, which she claims show M.H.'s injuries were diagnosable and severe.  (Docs. 1-4, 1-16, 1-18, 1-24, 1-27, 1-31, 1-45.)

It is true that Plaintiff does not directly allege that Williams "realized or should have realized []her conduct involved an unreasonable risk of causing distress," or that the emotional distress M.H. suffered was "medically diagnosable and sufficiently severe to be medically significant."  The absence of express reference to these elements is not fatal to Plaintiff's claim, as courts must assess the "plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation." *Zoltek Corp*, 592 F.3d at 896 n. 4.  This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.  The Court in *Lewis* applied these principles under similar facts to hold that the Complaint as a whole contained sufficient allegations to support the additional elements of the plaintiff's NIED claim in light of the plaintiff's allegations of the decedent's "depression, inpatient treatment, and suicide."  2017 WL 5011893 at *5.

In sum, Plaintiff has sufficiently alleged that Williams realized or should have realized her conduct involved an unreasonable risk of causing M.H. distress, and that M.H. suffered emotional

distress or mental injury that is medically diagnosable and sufficiently severe to be medically significant.  As such, she has stated a plausible claim for NIED, and Defendant's Motion for Judgment on the Pleadings as to Count I will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Judgment on the Pleadings (Doc. 114) is **denied.**

Dated this 31st day of May, 2023.

> /s/ *Abbie Crites-Leoni*
> ABBIE CRITES-LEONI
> UNITED STATES MAGISTRATE JUDGE