UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| CYNTHIA K. HAYNES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:21-CV-160-ACL ) |
| JENNIFER WILLIAMS, et al., | ) ) |
| Defendants. | ) ) |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court on Defendant Spain, Miller, Galloway, & Lee, LLC's Motion to Reduce the Amount Being Charged by Plaintiff's Expert Jerry Marks, Ph.D., LCSW. (Doc. 218.)

In summary, Defendant Spain, Miller, Galloway, & Lee, LLC (hereinafter Defendant) requests that the Court set a reasonable fee of $1,600 ($200 per hour) for the eight-hour deposition that is scheduled for April 26, 2024, rather than the claimed rate of $6,700 ($837.50 per hour); and a fee of $800 as compensation for the March 8, 2024, deposition that was cancelled with less than 24 hours of notice. Defendant further claims that Plaintiff failed to disclose Dr. Marks' revised fee schedule and that his revised fee of $837.50 per hour for deposition testimony is unreasonable.

Plaintiff responds that (1) Defendant should be ordered to pay Dr. Marks $1,800 for the late cancellation of the March 8, 2024 deposition; (2) the Court limit the rescheduled deposition[1] of Dr. Marks to no more than two hours; (3) Defendant should be ordered to pay Dr. Marks' hourly rate of $837 in advance of the rescheduled deposition; and (4) Defendant should be ordered to pay

---

[1] The parties have agreed that the rescheduled deposition will take place via Zoom on April 26, 2024. (Doc. 225-6.)

Plaintiff's counsel $3,000 for the losses she suffered due to the last-minute cancellation of the March 8, 2024 deposition. As to Plaintiff's counsel's fourth request, if she wishes to seek sanctions against Defendant's counsel, she must do so through the Motion process. Plaintiff's request for compensation will not be considered in evaluating the instant Motion.

## Warning to Counsel of Record

Once again counsel for both sides have engaged in personal attacks on opposing counsel. The Court previously noted that it does not and will not participate in the personal vendettas of counsel. They have previously been encouraged to behave in a civil manner aimed at efficiently and effectively completing discovery so that all parties will be prepared for trial. *See* Doc. 196. Nevertheless, counsel continue to engage in petty behavior and unnecessary remarks about opposing counsel. Those arguments will not be restated or entertained here.

The parties are reminded that the Court will not play umpire to the parties' bickering. In his Reply to Plaintiff's Opposition to the instant Motion, Defendant's counsel crossed a line which requires a warning that future behavior of this type will be sanctioned. He cited details about Plaintiff's counsel's own personal experience in Family Court along with a reference to one of her addresses, going as far as attaching a map for the distance between a Missouri residence and the deposition location. That information will be stricken from the Reply through redaction by the Clerk of Court. **Defendant's counsel is warned that if he does not cease engaging in these sorts of unprofessional and offensive attacks, he will be sanctioned.** The Court will not tolerate such conduct in the future.

## Facts

Plaintiff disclosed Dr. Jerry Marks as an expert witness on *March 17, 2023*. As noted by Defendant, when Dr. Marks completed his expert report, he did not include a fee schedule or other fee information. (Doc. 218 at 1.) Fed.R.Civ.Pro. 26(a)(2)(B)(vi) provides that expert reports must

include "a statement of the compensation to be paid for the study and testimony in the case." Plaintiff's Supplemental Responses to Williams First Set of Interrogatories regarding experts noted that Dr. Marks was one of her experts and his "deposition rate is **$200 per hour** with a minimum required payment of 2 hours.  He also charges for his driving time if [required] to travel to the deposition location." (Doc. 218-1 at 1.)  Plaintiff paid Dr. Marks $5,132 for the expert report he prepared in this case.

On *February 28, 2024*, Plaintiff's counsel notified counsel for all Defendants that she was working on securing a new location for Dr. Marks' March 8, 2024, deposition.  She also advised that she was awaiting an updated expert deposition fee schedule for Dr. Marks and would forward it upon receipt.  (Doc. 225-3.)  Plaintiff secured a room for the deposition from 8:00 a.m. until 5:00 p.m. on March 8, 2024.

On *March 3, 2024*, Plaintiff's counsel sent an email with what was described as a "fee schedule"[2] to counsel for Defendant and Defendant Williams.  (Doc. 225-4 at 1.)  The email stated:

> As requested, please find attached Dr. Marks' deposition fee schedule and W-9. Plaintiff will pay the deposition preparation fee of $700.  Please bring the initial retainer check in the amount of $1,800.00 to the deposition on March 8, 2023.

*Id*.  The "Fee Schedule for Deposition" dated *March 1, 2024*, provided that the initial retainer, including one hour of deposition testimony was $1,800; and subsequent testimony would be billed at a rate of **$350 per 30 minutes**.  It also noted that the "Deposition Preparation" fee was $700. Finally, the "Fee Schedule" noted that "[i]f the deposition is cancelled within less than 5 days the retainer is non-refundable."  *Id*. at 2.

---

[2] The parties submitted comparative "Fee Schedules" for other experts which in fact layout a menu of services and the cost for each service.  *See* Docs. 218-1; 225-11; 225-13 at 9-10; and 225-15. Unlike Dr. Marks' statement which is more akin to an invoice, the comparative fee schedules clearly identify the cost for various services.

The deposition of Plaintiff's Expert was originally scheduled for March 8, 2024.  At approximately 2:16 p.m., the day before, counsel for Defendant notified the parties that the deposition needed to be postponed because he had a fever and tested positive for COVID-19.  (Doc. 219-2 at 2.)   Plaintiff's counsel attempted to notify Dr. Marks that the deposition needed to be rescheduled, however, was unable to reach him before the deposition was scheduled to begin.  *Id*. at 1.  Plaintiff's counsel met with Dr. Marks at the scheduled meeting place and time for the deposition.

On *March 18, 2024*, Dr. Marks submitted a statement to Plaintiff's counsel regarding the costs for his deposition testimony in this matter.  The document provided a description of services for "Expert Deposition" and a section entitled "Deposition Fees & Cancellation Policy."  (Doc. 219-3.)  What will be characterized as the billing portion of the statement provided:

| Description | Total |
| --- | --- |
| March 8, 2024, untimely cancelled deposition resulting in the loss of 8 hours of work time at $225 per hour (therapy rate per 45 min) | $1,800.00 |
| Scheduled April 26, 2024 Deposition for 8 hours | $6,700.00 |
| **Total Amount Due** | **$8,500.00** |

*Id*.  The bottom portion of the statement set out "Expert Fee Schedule for Deposition and Cancellation Policy," as follows:

* **The March 8, 2024 untimely deposition cancellation fee - $1,800.00**
* **Cancellation Policy:**  If the deposition is canceled 7 business days prior to the scheduled date of April 26, 2024, the deposition fee of $4,900.00 will be refunded and $1,800.00 will be retained to pay for the loss of productive work time.
* **Payment in full must be received by April 10, 2024, to retain the scheduled April 26, 2024 deposition date.  If the payment is not received by April 10, 2024, the deposition will be cancelled to avoid loss of productive time and financial resources.**
* Please mail your payment of $8,500 at the address listed above.

*Id*.

Dr. Marks originally quoted a $200 per hour fee for his deposition testimony. One year later and *seven days prior to his scheduled deposition*, he announced a new deposition testimony rate of $350 per 30 minutes, or $700 per hour, which represented a **350% increase** in his hourly rate. After the deposition was cancelled at the eleventh hour, Dr. Marks increased his deposition testimony rate again. Ten days after the deposition was rescheduled, Dr. Marks reported that his deposition testimony rate was now $6,700 for eight hours ($837.50 per hour), representing **an additional 16% increase** over the rate announced on March 1, 2024.

## Discussion

General discovery provisions regarding payment of fees are governed by Rule 26, which provides that "[u]nless manifest injustice would result, the court must require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A)..." Fed.R.Civ.P. 26(b)(4)(E)(i). Thus, "[t]he requirement that the party seeking discovery pay an adverse party's expert for time spent in responding to discovery is now well ensconced." *Hose v. Chicago and North Western Transp. Co.*, 154 F.R.D. 222, 224 (S.D.IA. 1994). The goal of the rule "is to compensate experts for their time in participating in litigation and to prevent one party from unfairly obtaining the benefit of the opposing party's expert work free from cost." *Hurst v. United States*, 123 F.R.D. 319, 321 (D.S.D. 1988). "Ideally, [the rule] seeks to calibrate the fee so that plaintiffs will not be hampered in efforts to hire quality experts, while defendants will not be burdened by unfairly high fees preventing feasible discovery and resulting in windfalls to the expert." *Id*.

After observing there is precious little authority regarding the meaning of "reasonable fee," a District Court[3] identified six factors that should be considered in determining whether an expert fee request is reasonable under Rule 26 in *Goldwater v. Postmaster General of U.S.*, 136 F.R.D. 337,

---

[3] The Honorable Thomas P. Smith, United States Magistrate Judge.

339-40 (D.Conn. 1991).  *Goldwater* noted that the weight to be given each factor would depend on the circumstances before the court, including:  (1) the witness's area of expertise; (2) the education and training that is required to provide the expert insight which is sought; (3) the prevailing rates of other comparable respected available experts; (4) the nature, quality and complexity of the discovery responses provided; (5) the cost of living in the particular geographic area; and (6) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26.  *Id*. at 340.

While the Court could engage in a detailed analysis of the first five factors, the circumstances in this case demand that the Court's examination revolve around factor six in order to balance the interests of the expert and the parties under Rule 26.  The Court does not disagree that Dr. Marks could likely have requested a higher rate of compensation than what was initially disclosed.  That said, this Court cannot condone an attempt to substantially increase the fee that was disclosed for deposition testimony one week before the deposition and a further increase of the rate ten days after the deposition was postponed.

As examined above, one week before the originally scheduled deposition, Dr. Marks attempted to increase his hourly rate for deposition testimony from $200 per hour to $700 per hour.  After the original deposition was cancelled at the eleventh hour and rescheduled, Dr. Marks announced an even higher rate for his deposition testimony, $837.50 per hour.

The Court understands that it was no doubt frustrating for Dr. Marks and Plaintiff's counsel to learn of the postponement of the March 8, 2024, deposition at the last minute.  Previously, Dr. Marks was an advocate for the decedent in this case and made every effort to warn State authorities that the child was in danger.  *See* Doc. 225-1 at 2-8, 15, 17-18, 20, 28, 30-31.  That history of not having his opinion heard in conjunction with the eleventh-hour cancellation of the originally scheduled deposition may have influenced Dr. Marks' decision to bill his time at a higher rate.

Ultimately, the Court finds that the $837.50 per hour rate is unreasonable in consideration of the timing of the excessive rate increase and the fact it represents a quadrupling of the rate disclosed just one year earlier. The Court approves a rate of $200 per hour for a full 8-hour day of testimony and one additional hour to cover the time and costs associated with Dr. Marks travelling to the originally scheduled deposition for a total of $2,000 in compensation for the cancelled deposition. The Court further finds that an hourly rate for the April 26, 2024, deposition testimony must remain at $200 per hour, plus his travel time.

Based on the foregoing, the Court concludes that Dr. Marks must be bound by the original hourly rate he quoted for his testimony.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Spain, Miller, Galloway, & Lee, LLC's Motion to Reduce the Amount Being Charged by Plaintiff's Expert Jerry Marks, Ph.D., LCSW (Doc. 215) is **granted in part and denied in part**, as described above.

**IT IS FURTHER ORDERED** that Spain, Miller, Galloway, & Lee, LLC must **forthwith pay Dr. Marks a total of $2,000 for the cancelled deposition**. Upon conclusion of the April 26, 2024 deposition, Spain, Miller, Galloway, & Lee, LLC must pay Dr. Marks for his time at **a rate of $200 per hour, plus his driving time within ten business days of the conclusion of the deposition**.

**IT IS FURTHER ORDERED** that Plaintiff's request to limit the deposition of Dr. Marks to two hours is **denied**.

**IT IS FURTHER ORDERED** that the **first full paragraph on page 6 of Doc. 226** and **Doc. 226-1 are stricken from the record. The Clerk of Court is instructed to redact the specified paragraph on page 6 and remove Doc. 226-1**.

**IT IS FURTHER ORDERED** that *although not in conformance with Local Rule 13.05*, in the interest of judicial economy, **the Clerk of Court is instructed to file Docs. 225-14 and 225-15**, **plus** an additional document that was submitted electronically by Plaintiff to the Court and opposing counsel now identified as **Doc. 225-16**, **under seal**.

Dated this 19th day of April, 2024.

                                                  s/*Abbie Crites-Leoni*
                                                  ABBIE CRITES-LEONI
                                                  UNITED STATES MAGISTRATE JUDGE